**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Central District of California
_____ (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   SIMBA IL HOLDINGS, LLC, a Delaware limited liability company

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   87 - 2413827

4. **Debtor's address**

   **Principal place of business**

   610 Newport Center Drive, Suite 950
   Number    Street

   Newport Beach, CA 92660
   City                State    ZIP Code

   Orange
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City    State    ZIP Code

5. **Debtor's website** (URL)

   None

| Debtor | SIMBA IL HOLDINGS, LLC, a Delaware limited liability company | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

6. **Type of debtor**
   - ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☑ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5511 12 __ __

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☑ Chapter 11. *Check all that apply*:
     - ☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
     - ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   - ☑ No
   - ☐ Yes.  District _____  When _____  Case number _____
     MM / DD / YYYY
     District _____  When _____  Case number _____
     MM / DD / YYYY

Debtor __SIMBA IL HOLDINGS, LLC, a Delaware limited liability company__    Case number (*if known*)_____
   Name

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☑ No <br> ☐ Yes.  Debtor _____    Relationship _____ <br>         District _____    When _____ <br>                                                                    MM / DD / YYYY <br>         Case number, if known _____ |
| **11.** | **Why is the case filed in *this district*?** | Check all that apply: <br> ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br> ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No <br> ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br><br> **Why does the property need immediate attention?** (*Check all that apply.*) <br> ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>     What is the hazard? _____ <br> ☐ It needs to be physically secured or protected from the weather. <br> ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br> ☐ Other _____ <br><br> **Where is the property?** _____ <br>                                                  Number      Street <br> _____ <br> _____     ___  _____ <br> City                                     State  ZIP Code <br><br> **Is the property insured?** <br> ☐ No <br> ☐ Yes. Insurance agency _____ <br>         Contact name _____ <br>         Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | Check one: <br> ☑ Funds will be available for distribution to unsecured creditors. <br> ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14.** | **Estimated number of creditors** | ☐ 1-49          ☐ 1,000-5,000        ☐ 25,001-50,000 <br> ☑ 50-99         ☐ 5,001-10,000       ☐ 50,001-100,000 <br> ☐ 100-199       ☐ 10,001-25,000      ☐ More than 100,000 <br> ☐ 200-999 |

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page **3**

Debtor   SIMBA IL HOLDINGS, LLC, a Delaware limited liability company    Case number (if known)_____
         Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   9/12/2025
              MM / DD / YYYY

✗ _____        Mordechai H. Ferder
Signature of authorized representative of debtor    Printed name

Title   Manager

**18. Signature of attorney**

✗ /s/ Leonard M. Shulman                  Date   9/12/2025
Signature of attorney for debtor                  MM / DD / YYYY

Leonard M. Shulman
Printed name

Shulman Bastian Friedman Bui & O'Dea LLP
Firm name

100 Spectrum Center Drive, Suite 600
Number    Street

Irvine                                    CA        92618
City                                      State     ZIP Code

949-340-3400                              lshulman@shulmanbastian.com
Contact phone                             Email address

126349                                    CA
Bar number                                State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

## STATEMENT OF NO DOCUMENTS

### OF

### SIMBA IL HOLDINGS, LLC

a Delaware limited liability company

In accordance with 11 U.S.C. § 1116(1)(B), the undersigned, being the Manager of SIMBA IL HOLDINGS, LLC, a Delaware limited liability company (the "Company") hereby states that no balance sheet, statement of operations, or cash-flow statement has been prepared by the Company.

IN WITNESS WHEREOF, the undersigned, being the Manager the Company, declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**MANAGER:**

By: _____

Name: Mordechai H. Ferder

1

ACTION BY WRITTEN CONSENT
OF THE MANAGER AND ALL MEMBERS
OF
**SIMBA IL HOLDINGS, LLC**
a Delaware limited liability company

The undersigned, being the Manager and all of the Members of SIMBA IL HOLDINGS, LLC, a Delaware limited liability company (the "Company"), and pursuant to the laws of the State of Delaware and the Amended and Restated Operating Agreement of the Company dated as of August 1, 2024 (the "Operating Agreement"), do hereby take the following actions by their written consent:

### CHAPTER 11 FILING

WHEREAS, the Manager and the Members have reviewed and considered, among other things, the financial condition of the Company, and determine it to be in the best interests of the Company to (a) prepare, authorize, and direct a process to be commenced by the Company under Title 11 of the U.S. Code (the "Bankruptcy Code"), or any similar or alternative insolvency-related options or regimes (a "Bankruptcy Proceeding"), (b) authorize and direct the Company's retention of professionals, (c) select and authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Proceeding, and (d) approve and authorize decisions impacting the employment or retention of the Company's employees, agents, contractors, and representatives.

NOW, THEREFORE, BE IT RESOLVED, that, after due consideration, taking into account the information available to them at this time, and in the exercise of their reasonable business judgment, the Manager and the Members have determined that it is in the best interests of the Company to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), in the Bankruptcy Court for the Central District of California (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED FURTHER, that the Manager (the "Authorized Person") be, and hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as the Authorized Person may deem necessary, appropriate or advisable);

RESOLVED FURTHER, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf

1

of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution thereof;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by the Authorized Person or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

### RETENTION OF PROFESSIONALS AND SERVICE PROVIDERS

RESOLVED FURTHER, that the Authorized Person be and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain: (i) Shulman Bastian Friedman Bui & O'Dea LLP as general counsel, (ii) Reeves & Weiss LLP as special counsel, and (iii) Richard Marshack, Esq., of Marshack Hays Wood LLP as Chief Restructuring Officer, in each case on such terms as the Authorized Person shall deem necessary, appropriate, or desirable and subject to the required approvals of the Bankruptcy Court;

FURTHER RESOLVED, that Shulman Bastian Friedman Bui & O'Dea LLP, Reeves & Weiss LLP, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by or against it under the Bankruptcy Code; and

FURTHER RESOLVED, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including but not limited to (i) the engagement or retention of such other accountants, counsel, consultants, or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, payments, taxes and other expenses; (v) the procurement of Errors & Omissions insurance; all of the foregoing, as the Authorized Person, in his sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby.

## CRO APPOINTMENT

WHEREAS, Section 5.1 of the Operating Agreement authorizes the Manager to hire persons or entities in the operation and management of the Company's business;

WHEREAS, a proposal has been made to the Manager and the Members to elect and/or appoint a qualified individual or company as the Chief Restructuring Officer ("CRO") for the purposes of providing business advice and consultation to the Company, including, evaluation of its financial position and development of a restructuring plan;

WHEREAS, the Company has reviewed and considered (i) the qualifications of Richard Marshack, Esq., of Marshack Hays Wood LLP, in the provision of fiduciary and consulting services, including CRO services, and (ii) that certain CRO engagement letter from Marshack Hays Wood LLP dated September 11, 2025 (the "CRO Engagement") outlining its scope of CRO business advice services to the Company and the retainer and fees required for those services;

WHEREAS, a proposal has been submitted to the Manager and the Members after review of the CRO Engagement for the Company to enter into and execute the CRO Engagement, to be effective immediately upon filing of the Chapter 11 Case, and to enter into and execute certain instruments and documents as referenced, related and/or ancillary thereto, and any amendments to the foregoing documentation; and

WHEREAS, after due deliberation, these proposals are considered to be in the best interests of the Company and its Members and are thereby approved.

NOW, THEREFORE, BE IT RESOLVED, that Richard Marshack, Esq., of Marshack Hays Wood LLP is hereby elected and appointed CRO of the Company, effective immediately upon filing of the Chapter 11 Case, pursuant to the terms of the CRO Engagement under which it will provide business advice and consultation to the Company, and the Company will pay the retainer and fees referenced in the CRO Engagement;

RESOLVED FURTHER, that the Manager is authorized to (i) execute the CRO Engagement, (ii) reimburse expenses to Marshack Hays Wood LLP required thereunder, (iii) pay the initial retainer and all additional sums due thereunder, and (iv) enter into and execute certain instruments and documents as referenced, related and/or ancillary thereto and to take all such further actions as may be necessary to carry out the purpose and intent of the foregoing resolutions; and

RESOLVED FURTHER, that any act or acts of any person or persons designated and authorized to act by the Manager and the Members of the Company, which acts would have been authorized by the foregoing resolutions, except that such acts were taken prior to the adoption of such resolutions, be, and they hereby are, severally ratified, confirmed, approved and adopted in all respects as acts in the name and on behalf of this Company.

### DELEGATION OF RIGHTS, POWERS, AND DUTIES

WHEREAS, Section 18-407 of the Delaware Limited Liability Company Act provides, in pertinent part, that (i) a manager or a member may delegate to one or more persons or companies any or all of the manager's or member's rights, powers, and duties to manage and control the business and affairs of a limited liability company, and (ii) such delegation shall be irrevocable if so stated;

WHEREAS, in relation to his engagement as CRO of the Company, it is in the best interests of the Company for the Manager and all of the Members to delegate to Richard Marshack, Esq., of Marshack Hays Wood LLP, effective immediately upon filing of the Chapter 11 Case, all of the rights, powers and duties to manage and control the business and affairs of the Company designated to the Manager and the Members under the Operating Agreement or applicable law, including without limitation the power to procure Errors & Omissions insurance coverage if not already placed by the Company; the power to enter into arrangements with creditors of the Company and the power to dissolve and wind down the Company; and

WHEREAS, the delegation herein is intended to irrevocably, completely, and absolutely transfer to the CRO all of the Manager's and each Member's rights, powers, and duties to manage and control the business and affairs of the Company, such that, not withstanding anything to the contrary in the Operating Agreement, the Manager and the Members shall no longer hold or maintain such rights, powers, and duties once the delegation takes effect upon the filing of the Chapter 11 Case.

NOW, THEREFORE, BE IT RESOLVED, that Richard Marshack, Esq., of Marshack Hays Wood LLP, as the newly appointed CRO of the Company, effective upon the filing of the Chapter 11 Case, be authorized to manage and control the business and affairs of the Company and be granted the rights, powers, and duties relating thereto, including without limitation the power to procure Errors & Omissions insurance coverage if not already placed by the Company; the power to enter into arrangements with creditors of the Company and the power to dissolve and wind down the Company; and

RESOLVED FURTHER, that such delegation and transfer shall be irrevocable, complete, and absolute, and notwithstanding anything to the contrary in the Operating Agreement, upon the filing of the Chapter 11 Case, the CRO solely shall have all the rights, powers, and duties to manage and control the business and affairs of the Company, subject only to court order having proper jurisdiction, and

provided, however, that the CRO may subsequently delegate such rights, powers, and duties to professionals, advisers, and other service providers if the CRO determines it to be in the best interests of the Company.

### ADDITIONAL RESOLUTIONS

RESOLVED FURTHER, that Richard Marshack, Esq., of Marshack Hays Wood LLP, in his capacity as CRO, effective upon the filing of the Chapter 11 Case, be authorized, directed and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform, or cause to be negotiated, executed, delivered, and performed, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as he may deem necessary, desirable or appropriate.

IN WITNESS WHEREOF, the undersigned, being the Manager and the Members of the Company, have executed this action and adopted these resolutions by their written consent, evidenced by their signatures herein below, which may be delivered by facsimile, email or other internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism. This action and such resolutions shall become effective as of and on September 14, 2025.

**MANAGER**:

By:_____
Name: Mordechai H. Ferder

**MEMBERS**:

By:_____
Name: Mordechai H. Ferder

By:_____
Name: Edit F. Ferder

The RF 2021 Irrevocable Trust, dated August 30, 2021

By:_____
Name: Edit F. Ferder
Title: Trustee

5

**Fill in this information to identify the case:**

Debtor name  SIMBA IL HOLDINGS, LLC, a Delaware limited liability company

United States Bankruptcy Court for the:  Central    District of  CA
                                                                (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SEE ATTACHED | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

ATTACHMENT TO 20 LARGEST LIST

| Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of Claim | Indicate if claim is contingent, unliquidated or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| Champion Force – c/o Leib M Lerner/Alston & Bird LLP 350 South Grand Ave 51st Floor Los Angeles, CA 90071 | Leib M. Lerner (213) 576-1000 Leib.lerner@alston.com | | Contingent Unliquidated Disputed | $56,393,258.18 |
| Testa, Darren c/o Todd C Theodora Theodora Oringher PC 535 Anton Blvd Ninth Floor Costa Mesa, CA 92626-7109 c/o Mark Eckard Raines Feldman Littrell LLP 824 N. Market Street, Suite 805 Wilmington, DE 19801 c/o Mark Eckard Raines Feldman Littrell LLP 1900 Avenue of the Stars 19th Fl Los Angeles, CA 90067 c/o Michelle Schindler Ferguson Schindler Law Firm 119 South Spring Street Suite 201 Aspen, CO 81611 | Todd Theodora (714) 549-6200 ttheodora@tocounsel.com Mark Eckard (302) 647-1018 meckard@raineslaw.com Michelle Schindler (970) 925-6288 michelle@fsaspenlaw.com | | Contingent Unliquidated Disputed | $6,377,794.84 |
| Belgium New York LLC c/o Patrick Papalia/Archer & Greiner PC 1211 Avenue of the Americas #2750 New York, NY 10036 | Patrick Papalia (212) 682-4940 ppapalia@archerlaw.com | | Contingent Unliquidated Disputed | $1,032,784.43 |
| Aronoff, Barry c/o Lance N Jurich/Loeb & Loeb LLP 10100 Santa Monica Blvd Ste 2200 Los Angeles, CA 90067 | Lance Jurich (310) 282-2000 ljurich@loeb.com | | Contingent Unliquidated Disputed | $18,367,608.00 |
| Wazana, Avi - c/o Darren Enenstein Enenstein Pham Glass & Rabbat 8439 W Sunset Blvd Suite 300 Los Angeles, CA 90069 | Darren Enenstein (310) 899-2070 dse@epgrlawyers.com | | Contingent Unliquidated Disputed | $12,430,000.00 |

ATTACHMENT TO 20 LARGEST LIST

| Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of Claim | Indicate if claim is contingent, unliquidated or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| N.B.S. Diamonds/c/o Joseph M. Kar<br>Law Office of Joseph M. Kar PC<br>15250 Ventura Blvd Suite PH-1220<br>Sherman Oaks, CA 91403 | Joseph Kar<br>(818) 501-6930<br>info@civillegal.com | | Contingent<br>Unliquidated<br>Disputed | $10,500,000.00 |
| Simon, Scott<br>641 St James Road<br>Newport Beach, CA 92663 | Scott Simon<br>(949) 500-3686<br>Wss.sfo@gmail.com | | Contingent<br>Unliquidated<br>Disputed | $9,000,000.00 |
| Winters, Kristopher-c/o S. Katzman<br>Bienert Katzman Littrell Williams LLP<br>903 Calle Amanecer Ste 350<br>San Clemente, CA 92673 | Steven Katzman<br>(949) 369-3700<br>skatzman@bklwlaw.com | | Contingent<br>Unliquidated<br>Disputed | $8,550,000.00 |
| Holzer, Rusty - c/o B Capitummino<br>Woods Oviatt Gilman LLP<br>1900 Bausch & Lomb Place<br>Rochester, NY 14604 | Brian Capitummino<br>(585) 987-2863<br>bcapitummino@woodsoviatt.com | | Contingent<br>Unliquidated<br>Disputed | $8,000,000.00 |
| Gadol, Bryan<br><br>c/o Todd C Theodora<br>Theodora Oringher PC<br>535 Anton Blvd Ninth Floor<br>Costa Mesa, CA 92626-7109<br><br>c/o Mark Eckard<br>Raines Feldman Littrell LLP<br>824 N Market Street Suite 805<br>Wilmington, DE 19801<br><br>c/o Mark Eckard<br>Raines Feldman Littrell LLP<br>1900 Avenue of the Stars 19th Floor<br>Los Angeles, CA 90067<br><br>c/o Michelle Schindler<br>Ferguson Schindler Law Firm<br>119 South Spring Street Suite 201<br>Aspen, CO 81611 | Todd Theodora<br>(714) 549-6200<br>ttheodora@tocounsel.com<br><br><br><br><br>Mark Eckard<br>(302) 647-1018<br>meckard@raineslaw.com<br><br><br><br><br><br><br><br>Michelle Schindler<br>(970) 925-6288<br>michelle@fsaspenlaw.com | | Contingent<br>Unliquidated<br>Disputed | $7,929,072.00 |

ATTACHMENT TO 20 LARGEST LIST

| Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of Claim | Indicate if claim is contingent, unliquidated or disputed | Amount of Unsecured Claim |
|---|---|---|---|---|
| Sydney Holdings Limited<br><br>c/o J Levin<br>Glaser Weil Fink Howard Jordan et al<br>10250 Constellation Blvd 19th Floor<br>Los Angeles, CA 90067<br><br>c/o B. Capitummino - Woods Oviatt<br>1900 Bausch & Lomb Place<br>Rochester, NY 14604 | Jesse Levin<br>(310) 553-3000<br>jlevin@glaserweil.com<br><br><br>Brian Capitummino<br>(585) 987-2863<br>bcapitummino@woodsoviatt.com | | Contingent<br>Unliquidated<br>Disputed | $5,580,000.00 |
| Kelsay, Kaci<br>110 Westminster Road<br>West Palm Beach, FL 33405 | Kaci Kelsay<br>(561) 889-7754<br>Kaci.kelsay@gmail.com | | Contingent<br>Unliquidated<br>Disputed | $5,000,000.00 |
| McMacken, Ron<br>1660 South Ocean Blvd<br>Manalapan, FL 33462-6210 | Ron McMacken<br>(949) 285-9750<br>ron@panpacplumbing.com | | Contingent<br>Unliquidated<br>Disputed | $4,650,000.00 |
| Dacus, Debbie<br>5444 Candlewood Drive<br>Houston, TX 77056 | Debbie Darcus<br>(281) 804-4489<br>debdacus@me.com | | Contingent<br>Unliquidated<br>Disputed | $4,000,000.00 |
| Simon, Ron<br>620 Newport Center Drive<br>Newport Beach, CA 92660 | Ron Simon<br>(949) 887-5430<br>rsimon@rsiequity.com | | Contingent<br>Unliquidated<br>Disputed | $4,000,000.00 |
| Perl, Daniel/c/o Omar J. Yassin<br>Yassin Law APC<br>1010 E. Union Street Suite 201<br>Pasadena, CA 91106 | Omar Yassin<br>(626) 921-4144<br>oyassin@yassinlegal.com | | Contingent<br>Unliquidated<br>Disputed | $3,175,200.00 |
| Brandes, Adrienne<br>919 Gardenia Way<br>Corona Del Mar, CA 92625 | Adrienne Brandes<br>(714) 401-8277<br>abrandes@suterreproperties.com | | Contingent<br>Unliquidated<br>Disputed | $2,500,000.00 |
| Cohen, Raymond<br>c/o Jonathan Hersey/K&L Gates<br>1 Park Plaza Twelfth Floor<br>Irvine, CA 92614 | Jonathan Hersey<br>(949) 253-0900<br>Jonathan.hersey@klgates.com | | Contingent<br>Unliquidated<br>Disputed | $2,200,000.00 |

ATTACHMENT TO 20 LARGEST LIST

| **Name of Creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of Claim** | **Indicate if claim is contingent, unliquidated or disputed** | **Amount of Unsecured Claim** |
|---|---|---|---|---|
| Moens, Lawrence<br>2335 S Ocean Blvd<br>Palm Beach, FL 33480 | Lawrence Moens<br>(561) 797-9711<br>moens@moensrealestate.com | | Contingent<br>Unliquidated<br>Disputed | $2,000,000.00 |
| Shelly, Damon<br>9881 Research Drive<br>Irvine, CA 92618 | Damon Shelly<br>(949) 877-1099<br>damon@shellygroup.com | | Contingent<br>Unliquidated<br>Disputed | $2,000,000.00 |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>SIMBA IL HOLDINGS, LLC, a Delaware limited liability company<br><br><br>Debtor. | Chapter 11<br><br>Case No. _____ |

**LIST OF EQUITY HOLDERS**

| Member | Approximate Percentage Held |
|---|---|
| MORDECHAI H. FERDER & EDIT F. FERDER, as community property | 99% |
| EDIT F. FERDER, Trustee of THE RF 2021 IRREVOCABLE TRUST, dated August 30, 2021 | 1% |

I, Mordechai H. Ferder, declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  September 12, 2025

                                                Mordechai H. Ferder, Manager

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A - None

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A - None

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   N/A

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _____

Date: 9/12/2025

Mordechai H. Ferder - Manager
Signature of Debtor 1

_____
Signature of Debtor 2

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                                Page 1                                F 1015-2.1.STMT.RELATED.CASES