| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Greg P. Campbell (SBN 281732)<br>gcampbell@aldridgepite.com<br>Wendy Locke (SBN 285202)<br>wlocke@aldridgepite.com<br>ALDRIDGE PITE, LLP<br>3333 Camino del Rio South<br>Suite 225<br>San Diego CA 92108<br>Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>SIMBA IL HOLDINGS, LLC,, | CASE NO.: 8:25-bk-12616-MH<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)** |
| | DATE: October 21, 2025<br>TIME: 2:30 PM<br>COURTROOM: 6C |
| Debtor(s). | |

**Movant:** WHITE MOUNTAIN CAPITAL INC.

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012   ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*)_____ and (*time*)_____; and, you may appear at the hearing:

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: September 30, 2025

Aldridge Pite, LLP
Printed name of law firm (if applicable)

Wendy Locke
Printed name of individual Movant or attorney for Movant

/s/ Wendy Locke
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 2    F 4001-1.RFS.RP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY[1]

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address:* 1220 Red Butte Drive
   *Unit/suite number:*
   *City, state, zip code:* Aspen, CO 81611

   b. Legal description or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _3_ ): Pitkin County; Inst. No. 708201

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under Chapter ☐ 7   ☒ 11   ☐ 12   ☐ 13 was filed on (*date*) 9/16/2025_____.

   b. ☐ An order to convert this case to chapter ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on (*date*): _____.

   c. ☐ A plan, if any, was confirmed on (*date*): _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☒ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☒ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                              Page 3                                        **F 4001-1.RFS.RP.MOTION**

      (3) ☐ *(Chapter 12 or 13 cases only)*

          (A) ☐ All payments on account of the Property are being made through the plan.

              ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

          (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

      (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

      (5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

      (6) ☐ For other cause for relief from stay, see attached continuation page.

  b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

  c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

  d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

      (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

      (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion:** *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)*

  a. ☒ The REAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☒ Supplemental declaration(s).

  c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

  d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017        Page 4        **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  September 30, 2025

Aldridge Pite, LLP
Printed name of law firm (*if applicable*)

Wendy Locke
Printed name of individual Movant or attorney for Movant

/s/ Wendy Locke
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 5    F 4001-1.RFS.RP.MOTION

# **ATTACHMENT PAGE**

A. **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2)**

11 U.S.C. 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property which secures their claim where the debtor has no equity and it is unnecessary to the reorganization. *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (emphasis added).

Movant has shown that the the fair market value of the Property is approximately $20,793,100.00. (*See* Exhibit 6.) The costs associated with selling the Property will be approximately $831,000.00, based on a 4% broker fee. The senior lien against the Property is $11,537,500.00 based on Debtor's statement in the record (but likely higher). That leaves a balance of $8,424,600 to satisfy Movant's lien. The current balance of the lien is $7,056,291.07. (*See* Real Property Declaration.) As a result, there is likely no (or minimal) equity in the Property above the 1st and 2nd liens. Therefore, the Property is not necessary to an effective reorganization. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 870 (Bankr. 9th Cir. 2012). Accordingly, relief under 11 U.S.C. § 362(d)(2) is warranted.

B. **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2(B))**

Relief from the automatic stay is warranted under §362(d)(2) as the Property is unnecessary for an effective reorganization. Once a Creditor under 11 U.S.C. § 362(d)(2)(A) establishes that a debtor or estate has no equity in property, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375–76 (1988). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, the property will be needed for it; but also that the property is essential for an effective reorganization that is in prospect. This means that there must be a reasonable possibility of a successful

reorganization within a reasonable amount of time. *Timbers*, 484 U.S. at 375.

Here, Debtor failed to submit any evidence to suggest the Property itself is necessary for an effective reorganization. As the Property produces little to no income, it provides no benefit to the estate; and is therefore unnecessary for the Debtor's effective reorganization. If anything, the Property poses a burden to the estate as there is no equity in the Property and the Debtor lacks the income to pay the loan in full. Thus, Debtor failed to meet its burden under 11 U.S.C. § 362(g)(2).

Further, Debtor failed to provide evidence that a successful reorganization is in prospect within a reasonable time. As stated above, the Debtor must have more than visionary promises and willingness, Debtor must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both operations and obligations under a proposed Chapter 11 Plan. What this requires is not merely a showing that if there is conceivably to be an effective reorganization, the Property will be needed for it; but also that the Property is essential for an effective reorganization that is in prospect. This means that there must be a reasonable possibility of a successful reorganization within a reasonable amount of time. *Timbers*, 484 U.S. at 375.

Here, Debtor has yet to file or confirm a Chapter 11 Plan. As a result, there is no reasonable possibility of a successful reorganization within a reasonable amount of time and Creditor requests relief under 11 U.S.C. § 362(d)(2).

C. **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4)**

To obtain relief under 11 USC § 362(d)(4), Movant must show and the court must affirmatively find the following three elements: (1) the Debtor's bankruptcy filing must have been part of a scheme; (2) the object of the scheme must have been to delay, hinder, or defraud creditors, and (3) the scheme must have involved either the transfer of some interest in the real property without the secured creditor's consent or court approval, or multiple bankruptcy filings affecting the property. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 870 (B.A.P. 9th Cir. 2012). A scheme is an intentional construct - it does not happen by misadventure or negligence. *In re Duncan & Forbes Dev., Inc.*, 368 B.R. 27, 32 (Bankr. C.D. Cal. 2007). A § 362(d)(4)(A) scheme is an "intentional artful plot or plan to delay, hinder or defraud

creditors." *Id.* It is not common to have direct evidence of an artful plot or plan to deceive others; the court must infer the existence and contents of a scheme from circumstantial evidence. *Id.*

In the instant case, *In Rem* relief from the stay is warranted based on the totality of the circumstances. This Motion shows that payments on the Loan are in default in the amount of $202,500.00, and the Property was headed to a foreclosure sale by Movant.

On August 22, 2025, Movant caused a Notice of Election and Demand for Sale by Public Trustee to be recorded in Pitkin County, Colorado, where the Property is located. (*See* Exhibit 4.)

Shortly after, on September 11, 2025, a Special Warranty Deed executed by the Borrowers was recorded in Pitkin County, which purportedly transferred the Borrowers' interest in the Property to the Debtor for no consideration. (*See* Exhibit 5.)

Five days later, Debtor filed the instant case.

Based on the timing of the unauthorized transfer, and the subsequent bankruptcy filing, Movant believes the Debtor is engaged in a scheme to delay, hinder or defraud the Movant in the enforcement of its claim against the Property. Accordingly, relief under 11 U.S.C. § 362(d)(4) is warranted.

# REAL PROPERTY DECLARATION

I, (p*rint name of Declarant*) Daniel L. Perl _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as (*state title and capacity*):  Chairman and CEO

   c. ☐ Other (*specify*): **SEE ATTACHED CONTINUATION SHEET**

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☒ Other (*see attached*): **SEE ATTACHED CONTINUATION SHEET**

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit 1 and 2.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit 3.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify*):

4. a. The address of the Property is:

      Street address:         1220 Red Butte Drive
      Unit/suite no.:
      City, state, zip code:  Aspen, CO, 81611

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is: Pitkin County; Inst. No. 708201

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 6    **F 4001-1.RFS.RP.MOTION**

5. Type of property *(check all applicable boxes)*:
   a. ☐ Debtor's principal residence
   b. ☒ Other residence
   c. ☐ Multi-unit residential
   d. ☐ Commercial
   e. ☐ Industrial
   f. ☐ Vacant land
   g. ☐ Other *(specify)*: _____

6. Nature of Debtor's interest in the Property:
   a. ☐ Sole owner
   b. ☐ Co-owner(s) *(specify)*:
   c. ☐ Lienholder *(specify)*:
   d. ☐ Other *(specify)*:
   e. ☐ Debtor ☐ did  ☐ did not   list the Property in the Debtor's schedules.
      OPT(check if SFDOT/bad faith or grant/quitclaim deed provided)------
   f. ☒ The Debtor acquired the interest in the Property by  ☒ grant deed ☐ quitclaim deed ☐ trust deed.
      The deed was recorded on *(date)* September 11, 2025  See Exhibit 5

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (specify) _____
   that encumbers the Property.
   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 3 .
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 1 and 2 .
   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit____.

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 6,750,000.00 | $ | $ 6,750,000.00 |
| b. | Accrued interest: | $ 281,250.00 | $ | $ 281,250.00 |
| c. | Late charges | $ 10,125.00 | $ | $10,125.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 14,916.07 | $ | $14,916.07 |
| e. | Advances (property taxes, insurance): | $ 0.00 | $ | $0.00 |
| f. | Less suspense account or partial balance paid: | $ [0.00      ] | $ [         ] | $[0.00] |
| g. | TOTAL CLAIM as of *(date)*: 9/22/2025 | $7,056,291.07 | $ | $7,056,291.07 |

   h. ☐ Loan is all due and payable because it matured on ( *date*) _____

9. Status of Movant's foreclosure actions relating to the Property *(fill the date or check the box confirming no such action has occurred)*:
   a. Notice of default recorded on *(date)* 8/22/2025   or ☐ none recorded.
   b. Notice of sale recorded on *(date)*___ or ☒ none recorded.
   c. Foreclosure sale originally scheduled for *(date)* ___ or ☒ none scheduled.
   d. Foreclosure sale currently scheduled for *(date)*___ or ☒ none scheduled.
   e. Foreclosure sale already held on *(date)* ___ or ☒ none held.
   f. Trustee's deed upon sale already recorded on *(date)* ___ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                          Page 7                            F 4001-1.RFS.RP.MOTION

10. Attached *(optional)* as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ *(chapter 7 and 11 cases only)* Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $ 67,500.00    for the month of July_____ 20 25 .

   b. Number of payments that have come due and were not made:  3  . Total amount: $  202,500.00

   c. Future payments due by time of anticipated hearing date *(if applicable)*:

   An additional payment of $ 67,500.00    will come due on *(date)* October 11, 2025, and on the 11th day of each month thereafter. If the payment is not received within 5 days of said due date, a late charge of $ 3,375.00    will be charged to the loan.

   d. The fair market value of the Property is $ 20,793,100.00    , established by:

   (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

   (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

   (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

   (4) ☒ Other *(specify)*: Pitkin County, Colorado Assessor Valuation for 2025. See Exhibit 6. Accessed at https://qpublic.schneidercorp.com/Application.aspx?AppID=1071&LayerID=26013&PageTypeID=4&PageID=10533&Q=697133213&KeyValue=R008449, accessed on September 29, 2025 at 1:50 PM PT.

   e. **Calculation of equity/equity cushion in Property:**

   Based upon ☐ preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

   |  | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
   |---|---|---|---|
   | 1st deed of trust: | Citibank, N.A. | $ | $11,537,500.00 (Docket Entry No. 34) |
   | 2nd deed of trust: | Movant - WMCI | $ | $7,056,291.07 |
   | 3rd deed of trust: |  | $ | $ |
   | Judgment liens: |  | $ | $ |
   | Taxes: |  | $ | $ |
   | Other: |  | $ | $ |
   | **TOTAL DEBT:** | $ |  | $18,593,791.07 |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit   7   and consists of:

   (1) ☒ Preliminary title report.* Movant submits this valuation solely for establishing cause for relief under section 362(d)(2). Movant reserves its right to obtain to updated appraisal to verify the value of the Property at a later date, including upon the Effective Date of the Plan.

   (2) ☐ Relevant portions of the Debtor's schedules.

   (3) ☐ Other *(specify)*: _____

   g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $   2,199,308.93    and is   10   % of the fair market value

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                        Page 8                        F 4001-1.RFS.RP.MOTION

      of the Property.

  h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
     By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ __2,199,308.93__ .

  i. ☒ Estimated costs of sale: $ __831,000.00__ (estimate based upon __4__ % of estimated gross sales price)

  j. ☐ The fair market value of the Property is declining because:
_____
_____

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

  a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) the following date: __------__.
     A plan confirmation hearing currently scheduled for (or concluded on) the following date: __------__.
     A plan was confirmed on the following date (if applicable): __------__.

  b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(See attachment for additional breakdown or information attached as Exhibit ____.)

  c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

  d. Postpetition advances or other charges due but unpaid:        $ ------
     (*For details of type and amount, see Exhibit* ------ .)

  e. Attorneys' fees and costs        $ ------
     (*For details of type and amount, see Exhibit* ------ .)

  f. Less suspense account or partial paid balance        $[0.00]
         TOTAL POSTPETITION DELINQUENCY:        $0.00

  g. Future payments due by time of anticipated hearing date *(if applicable)*: __------__.
     An additional payment of $ __------__ will come due on __------__, and on the __------__ day of each month thereafter. If the payment is not received by the __------__ day of the month, a late charge of $ __------__ will be charged to the loan.

  h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable)
     $_____ received on (date) ____
     $_____ received on (date) ____
     $_____ received on (date) ____

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                      Page 9                      **F 4001-1.RFS.RP.MOTION**

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit_____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name:_____
           Chapter: _____  Case number: _____
           Date dismissed: _____  Date discharged: _____  Date filed:_____
           Relief from stay regarding this Property ☐ was  ☐ was not  granted.

        2. Case name:_____
           Chapter: _____  Case number: _____
           Date dismissed: _____  Date discharged: _____  Date filed:_____
           Relief from stay regarding this Property ☐ was  ☐ was not  granted.

        3. Case name:_____
           Chapter: _____  Case number: _____
           Date dismissed: _____  Date discharged: _____  Date filed:_____
           Relief from stay regarding this Property ☐ was  ☐ was not  granted.

    ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                                    Page 10                                    **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 29, 2025 | Daniel L. Perl | _[signature]_ |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                        Page 11                                   **F 4001-1.RFS.RP.MOTION**

**CONTINUATION SHEET**

I, Daniel L. Perl_____, declare:

1. I am over 18 years of age and am employed as a Chairman & Chief Executive Officer at White Mountain Capital Inc. ("WMCI").  In such capacity, I am authorized to make this declaration regarding the loan described below (the "Loan"). If called to testify in this matter, I would testify under oath as to the following:

2. I have access to and am familiar with WMCI's books and records regarding the Loan, WMCI's servicing records, and copies of the applicable Loan documents.  I am familiar with the manner in which maintains its books and records, including computer records relating to the servicing of the Loan. WMCI's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded.  Such records are obtained, kept and maintained by in the regular course of WMCI's business.  WMCI relies on such records in the ordinary course of its business.

3. WMCI is the servicer of the Loan.

4. According to WMCI's books and records, the Loan is evidenced by a Promissory Note and Loan Agreement and Secured Promissory Note executed by Mordechai H. Ferder and Edit F. Ferder, individually and as Trustees of The Haim Family Trust U/D/T February 24, 2009 ("Borrowers"), and dated March 10, 2025, in the original principal amount of $6,750,000.00 (the "Note").  See Exhibit 1 and 2.

5. The Note is secured by a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Deed of Trust") relating to the real property commonly known as 1220 Red Butte Drive, Aspen, CO, 81611 (the "Property").  The Deed of Trust reflects that it was duly recorded.  See Exhibit 3.

6. Copies of the Note and Deed of Trust which are attached hereto as Exhibits 1, 2, and 3 are true and correct copies of said documents contained in WMCI's business records.

7. On August 22, 2025, Movant caused a Notice of Election and Demand for Sale by Public Trustee to be recorded in Pitkin County, Colorado, due to a default under the terms of the Note and Deed of Trust.  The Notice of Election reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711315.  See Exhibit 4.

8. On September 11, 2025, a Special Warranty Deed executed by the Borrowers purportedly transferred the Borrowers' interest in the Property to the Debtor for no consideration.  The Special Warranty Deed reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711806.  See Exhibit 5.

/./.
/./.
/./.

9. As of September 22, 2025, there are one or more defaults with respect to payments due under the Note. The following chart sets forth those payments due pursuant to the terms of the Note:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|
| 3 | 7/11/2025 | 9/11/2025 | $67,500.00 | $202,500.00 |

10. As of September 22, 2025, the unpaid principal balance of the Note is $6,750,000.00 and the total payoff balance is approximately $7,056,291.07.

11. WMCI has retained counsel to represent it in this matter, and is thereby incurring attorneys' fees and expenses in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this  29th  day of  September , 2025, at  Whitefish ,  Montana .

_____
*Signature of Declarant*

 Daniel L. Perl 
*Print Name of Declarant*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3333 Camino del Rio South, Suite 225, San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 30, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.sa.ecf@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Max Casal
mcasal@shulmanbastian.com

**TRUSTEE:**
John-Patrick McGinnis Fritz
jpftrustee@lnbyg.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On September 30, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Mark D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 325
Riverside, CA 92501

**DEBTOR:**
Simba IL Holdings, LLC,
610 Newport Center Drive
Suite 950
Newport Beach, CA 92660

**SR. LIENHOLDER:**
Citibank, N.A.
1000 Technology Drive
O'Fallon, MO 63368-2240

Citibank, N.A.
Mr. Sunil Garg, Director and CEO
388 Greenwich Street
New York, NY, 10013

**BORROWER:**
Mordechai Ferder and Edit Ferder
1501 Serenade Terrace
Corona del Mar, CA 92625-1753

**AGENT FOR SERVICE OF PROCESS FOR SR. LIENHOLDER:**
Citibank, N.A.
Agent for Service of Process
CT Corporation System
28 Liberty St.
New York, NY 10005

**REQUEST FOR NOTICE RECIPIENTS:**
SQUIRE PATTON BOGGS (US) LLP
Karol K. Denniston
555 California Street, Suite 550
San Francisco, CA 94104

Peter R. Morrison
1000 Key Tower
127 Public Square
Cleveland, OH 44114

Stephen D. Lerner
Kyle F. Arendsen
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202

KELLER BENVENUTTI KIM LLP
Tobias S. Keller
Traci L. Shafroth
Scott J. Friedman
101 Montgomery Street, Suite 1950
San Francisco, California 94104

☐ Service information continued on attached page

/./././

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017     Page 17     F 4001-1.RFS.RP.MOTION

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2025 | Stephanie Flores | /s/ Stephanie Flores |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 18                                    F 4001-1.RFS.RP.MOTION