| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman – Bar No. 126349<br>James C. Bastian, Jr. - Bar No. 175415<br>Alan J. Friedman – Bar No.  132580<br>Max Casal – Bar No. 342716<br>SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone:  (949) 340-3400; Facsimile: (949) 340-3000<br>Email: lshulman@shulmanbastian.com<br> afriedman@shulmanbastian.com<br> mcasal@shulmanbastian.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,<br><br><br><br><br>Debtor(s). | CASE NO.: 8:25-bk-12616-MH<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) <u>SIMBA IL HOLDINGS, LLC, a Delaware limited liability company</u>, filed a motion or application (Motion) entitled <u>Debtor's Application for Order Authorizing Employment of Reeves & Weiss LLP as Special Litigation Counsel Pursuant to 11 U.S.C. § 327(e)</u>.

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

    ☒  The full Motion is attached to this notice; or

    ☐  The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: __10/15/2025__

/s/ Max Casal
_____
Signature of Movant or attorney for Movant

Max Casal
_____
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 2             F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

1  Leonard M. Shulman – Bar No. 126349
   James C. Bastian, Jr. – Bar No. 175415
2  Alan J. Friedman – Bar No. 132580
   Max Casal – Bar No. 342716
3  **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
   100 Spectrum Center Drive, Suite 600
4  Irvine, California 92618
   Telephone:  (949) 340-3400
5  Facsimile:  (949) 340-3000
   Email:        lshulman@shulmanbastian.com
6               jbastian@shulmanbastian.com
               afriedman@shulmanbastian.com
7               mcasal@shulmanbastian.com
8
   Proposed Attorneys for Debtor and Debtor in Possession
9

10            **UNITED STATES BANKRUPTCY COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

12

| In re | Case No. 8:25-bk-12616-MH |
|---|---|
| **SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,** | Chapter 11 |
| Debtor. | **DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF REEVES & WEISS LLP AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. § 327(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY REEVES IN SUPPORT** |
| | [No Hearing Set] |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor"), hereby brings this application (the "Application") for an order authorizing the employment of Reeves & Weiss LLP (the "Firm") as special litigation counsel for the Debtor, effective as of September 16, 2025. In support of the Application, the Debtor respectfully represents as follows:

## I.     APPLICATION

### A.     Case Commencement and Background Information

On September 16, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned case (the "Case"). On October 8, 2025, the Debtor filed an amended petition by which the Debtor revoked its election to proceed under subchapter V of chapter 11 of the Bankruptcy Code [Dkt. No. 53].

The Debtor is a limited liability company organized under the laws of the State of Delaware. The Debtor is a holding company and its main assets are an indirect 40% stake in Lugano Diamonds & Jewelry Inc. ("Lugano Diamonds"), a portfolio of investment accounts, and a valuable home in Aspen, Colorado (the "Real Property").

As of the Petition Date, the managing member of the Debtor, Mordechai Ferder, irrevocably transferred all power to manage the Debtor and liquidate assets to Richard Marshack of Marshack Hays Wood LLP as chief restructuring officer (the "Chief Restructuring Officer"). *See*, Dkt. No. 18.

### B.     Litigation Commenced Against the Debtor

The following actions were commenced against the Debtor prior to the Petition Date (collectively, the "Prepetition Actions"):

*Winters v. Lugano Diamonds & Jewelry, Inc., et al.* – Case No. 8:25-cv-01202, pending in the United States District Court, Central District of California, filed on June 3, 2025.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

_Gadol, et al. v. Ferder, et al_. – Case No. 30-2025-01488102-CU-BC-CJC, pending in Orange County Superior Court, filed on June 6, 2025.

_Gadol, et al. v. Ferder, et al._ – Case No. 2025CV30067, pending in Pitkin County Superior Court, filed on June 18, 2025.

_Gadol, et al. v. Ferder, et al._ – Case No. N25C-07-026 PAW, pending in Delaware Superior Court, filed on July 2, 2025.

_Gadol, et al. v. Simba IL Holdings, LLC_ – Case No. N25J-01759, pending in Delaware Superior Court, filed on July 2, 2025

_Winters v. Simba IL Holdings, LLC_ – Case No. N25J-02463, pending in Delaware Superior Court, filed on September 12, 2025.

**C.**    **Services to be Performed**

Prior to the Petition Date, the Debtor employed the Firm as its counsel in connection with the Prepetition Actions.   During the Case, the Debtor needs to employ the Firm as special litigation counsel to continue to litigate the Prepetition Actions on behalf of the estate by challenging such claims, asserting affirmative claims and defenses on behalf of the Debtor,  and otherwise assisting with any related matters and legal issues which may arise.  In particular, the services that the Firm will be required to render are:

1.    Prepare the documents and pleadings necessary to continue to litigate the Prepetition Actions.

2.    Analyze the possibility for settlement of the Prepetition Actions and participate in settlement negotiations.

3.    Perform any and all other legal services incident and necessary herein to preserve the estate's interests in the claims that are the subject of the Prepetition Actions.

4.    Analyze and respond to proofs of claims asserted by parties whom, instead of the Debtor, may be creditors of Lugano Diamonds, Mordechai Ferder, and/or the Haim Family Trust pursuant to diamond contracts entered into with Lugano Diamonds.

5.    Seek to expunge a lis pendens improperly recorded against the Real Property by Avina LLC and Global Innovations, LLC upon Court authorization to do so.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

6.     Investigate and litigate any and all claims and causes of action which constitute property of the Debtor's estate, including but not limited to, the estate's claims arising under any of Sections 542, 543, 544, 545, 546, 547, 548, 549 and 550 of the Bankruptcy Code, any actions based on applicable non-bankruptcy law that may be incorporated or brought under the foregoing sections of the Bankruptcy Code, or any other similar action or proceeding filed to recover property for or on behalf of the estate or to avoid a lien or transfer ("Litigation Claims").[1]

7.     Perform any and all other legal services incident and necessary herein as the Debtor may require of the Firm as special litigation counsel.

The Debtor has filed applications to employ Shulman Bastian Friedman Bui & O'Dea LLP as the Debtor's general bankruptcy counsel [Dkt. No. 47], Richard Marshack of Marshack Hays Wood LLP as the Debtor's chief restructuring officer [Dkt. No. 18], and Steven Shane of Compass Colorado, LLC as the Debtor's real estate broker [Dkt. No. 34].  None of the services to be performed by the Firm will duplicate the services performed by any other professionals employed or to be employed in the Case.

**D.     Qualifications of the Firm**

The Firm is well-qualified to render the services required by the Debtor as set forth herein.  The Firm was employed as the Debtor's counsel prior to the Petition Date and is already familiar with the facts and law related to the Debtor's business and pending litigation. Therefore, the Firm will be able to expeditiously and efficiently address any legal issues that may arise in the context of the Case.

The Firm is comprised of licensed attorneys that are well experienced in legal matters of the type that may need to be addressed.  Jeffrey Reeves and Daniel Weiss, the founding partners of the Firm, will have primary responsibility for providing services to the Debtor and have significant experience in civil litigation. Biographies for each attorney at the Firm are attached as **Exhibit 1** to the Declaration of Jeffrey Reeves (the "Reeves Declaration").

---

[1]     While the Firm is expected to conduct an investigation of Litigation Claims and other claims for relief that may be asserted by the Debtor under the terms of this Application, the Debtor and the Firm expect that if there are any Litigation Claims or other claims for relief that should be prosecuted, the Debtor and the Firm may agree to and propose alternative fee structures (including flat fee or contingency fee arrangements) subject to a supplement or new application and Court approval.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

The Firm's billing rates for the professionals to be working on this Case are as follows:

| | |
|---|---|
| Jeffrey Reeves | $1,350 |
| Daniel Weiss | $1,050 |
| Dana Martin | $675 |
| Paralegals | $375 |

## E. The Firm Does Not Have an Interest Adverse to the Debtor or the Estate for Matters for Which it is Being Employed

As noted above, the Firm represented the Debtor prior to the Petition Date. During the one year period prior to the Petition Date, the Firm received payment of fees and expenses for work performed for the Debtor in the total amount of approximately $20,000. As of the Petition Date, the Firm was not a creditor of the Debtor.

The Firm does not represent or hold an adverse interest to the Debtor's estate and, based on its intimate knowledge of the Debtor's business and pending litigation, as well as its representation of the Debtor prior to the Petition Date, the Firm is best situated to assist the Debtor on the matters set forth herein.

To the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except that in addition to its representation of the Debtor, the Firm has also represented Mr. Ferder both individually and in his capacity as Trustee of the Haim Family Trust in connection with the Prepetition Actions and other litigation pending against Mr. Ferder and the Haim Family Trust. Specifically, the Firm has represented Mr. Ferder and/or the Haim Family Trust in the following capacities: (i) reaching out to and conferring with counterparties to the diamond contracts with Lugano Diamonds; (ii) analyzing and defending the litigation initiated by Lugano Diamonds in Orange County Superior Court on June 24, 2025 (Case No. 30-2025-01492210-CU-CO-NJC); (iii) mediating the Lugano Diamonds case before JAMS mediator, the Honorable David Thompson (ret.), in September 2025; (iv) reaching out to and conferring with counsel for Compass Diversified, which owns a 60% indirect ownership interest in Lugano Diamonds; (v) interviewing potential witnesses; (vi)

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

1   communicating with third parties who have received subpoenas issued in connection with any of

2   the above-referenced litigation; and (vii) communicating with insurance counsel and other

3   counsel.

4   To the best of the Firm's knowledge, the Firm's representation of Mr. Ferder and the

5   Haim Family Trust in such capacities is not adverse to the Debtor or its bankruptcy estate with

6   respect to the matters for which the Firm is to be employed.

7   To the best of the Firm's knowledge, none of the attorneys comprising or employed by

8   the Firm are related to any judge of the United States Bankruptcy Court for the Central District

9   of California, or to the United States Trustee or any employee of the United States Trustee.

10  Based on these disclosures, the Firm currently holds no interest that is materially adverse

11  to the interests of the estate for matters for which it is being employed.

12  **F.    Compensation Procedures**

13  The Firm has received no retainer for the services to be performed on behalf of the estate.

14  There is no written employment agreement for the Debtor's employment of the Firm other than

15  this Application which provides the terms of employment.

16  The Firm will render services to the Debtor at the Firm's regular hourly rates, which may

17  be subject to adjustment from time to time, plus expenses.  The Firm understands the provisions

18  of sections 327, 330 and 331 of the Bankruptcy Code which provide, among other things, that

19  the Firm's employment and compensation is subject to Court approval. The Firm has agreed to

20  be employed and compensated subject to the provisions of section 330 of the Bankruptcy Code.

21  In conformity with sections 330 and 331 of the Bankruptcy Code, the Firm intends to file

22  applications for allowance of fees and reimbursement of expenses as and when appropriate.

23  Approximately every four (4) months, the Firm will file an application with the Court

24  seeking allowance and payment of its fees and costs incurred.  At the conclusion of the Case, the

25  Firm will file an appropriate application seeking final allowance of all fees and costs, regardless

26  of whether interim compensation has been paid to the Firm.  Upon allowance of such fees and

27  costs, the Debtor will pay to the Firm the difference between the amounts allowed and any

28  interim compensation paid to the Firm. The Firm understands and agrees that, if the aggregate

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

1   interim payments made to the Firm exceed the amount ultimately allowed to the Firm, the Firm

2   will be required to, and will, promptly repay to the Debtor such difference.

3        The Firm has not shared or agreed to share any compensation to be received by it in the

4   Case with any other person, except as among members of the Firm.

5        **WHEREFORE**, the Debtor requests that the Court enter an order as follows:

6        1.    The Debtor be authorized to employ the Firm as its special litigation counsel in

7   this Case with compensation in such amount as the Court may hereafter allow in accordance with

8   law, on the terms set forth herein, pursuant to sections 327(e) and 330 of the Bankruptcy Code

9   and in accordance with Federal Rule of Bankruptcy Procedures 2014(a) and Local Bankruptcy

10  Rule 2014-1(b)(1);

11        2.    The Debtor's employment of the Firm be authorized effective as of the Petition

12  Date;

13        3.    The Court grants the Debtor and the Firm such other and further relief as may be

14  just and proper under the circumstances of the Case.

15

16  Dated:  October 15, 2025          **SIMBA IL HOLDINGS, LLC**

17

18                         Richard A. Marshack
                             Chief Restructuring Officer

19

20

21

22

23

24

25

26

27

28

**SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP**
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

1      II.      **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **A.      The Debtor Should be Authorized to Employ the Firm**

3           Section 327 of the Bankruptcy Code, which governs employment of professional persons,

4   provides, in pertinent part, as follows:

5                   (e)   The trustee, with the court's approval, may employ, for a
                    specified special purpose, other than to represent the trustee in
6                   conducting the case, an attorney that has represented the debtor, if
                    in the best interest of the estate, and if such attorney does not
7                   represent or hold any interest adverse to the debtor or to the estate
                    with respect to the matter on which such attorney is to be
8                   employed.

9   11 U.S.C. § 327(e).

10          Rule 2014 of the Federal Rules of Bankruptcy Procedure mandates that a professional

11  seeking approval of its employment by the bankruptcy estate must disclose   ". . . any proposed

12  arrangement for compensation . . ." and ". . . all of the person's connections with the debtor,

13  creditors, any other party in interest, their respective attorneys and accountants, [and] the United

14  States Trustee . . . ."

15          The disclosure requirements of Rule 2014 are applicable to those professionals eligible

16  for employment under section 327(e) of the Bankruptcy Code which requires that any

17  professional person employed by the trustee be free of interests which are adverse to the estate

18  for the matters upon which the professional is being employed.

19          Although section 327(e) does not require that proposed special counsel be

20  "disinterested," the phrase "does not represent or hold any interest adverse to the debtor or to the

21  estate" requires a factual determination, based on the specific facts of each case, and with

22  attention to circumstances which may impair a professional's ability to offer impartial,

23  disinterested advice to his or her client. *In re West Delta Oil Co*., 432 F.3d 347 (5th Cir. 2005).

24          All facts pertinent to a court's determination of whether the professional holds an interest

25  adverse to the estate must be disclosed.  The professional is required to make a full, candid and

26  complete disclosure in its application for employment.  *See, In re Lotus Properties LP*, 200 B.R.

27  338, 391 (Bankr. C.D. Cal. 1996) [citing *In re Park Helena Corp.*, 63 F.3d 877, 880-82 (9th Cir.

28  1995); *In re Gire*, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989);  Fed. R. Bankr. P. 2014.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

1    Here, the Firm has complied with the disclosure requirements set forth in the Bankruptcy

2   Code and the Bankruptcy Rules.  By the Reeves Declaration, the Firm has provided full and

3   complete disclosure in order to demonstrate that all requirements imposed by the Bankruptcy

4   Code and the Bankruptcy Rules for employment in this Case have been satisfied.

5    The Debtor submits that: (i) the Firm currently holds no interest that is materially adverse

6   to the interests of the estate for the matters for which it is being employed, and (ii) the Firm is

7   best situated to assist the Debtor during the Case based on its intimate knowledge of the Debtor

8   and its representation of the Debtor prior to the Petition Date.

9    Accordingly, the Debtor requests that the Court authorize the employment of the Firm as

10   special litigation counsel pursuant to section 327(e) of the Bankruptcy Code.

11   ### III.    CONCLUSION

12    Based upon the foregoing, the Debtor respectfully submits that good cause exists for this

13   Court to authorize the employment of the Firm in the Case on the terms and conditions set forth

14   herein.

Respectfully submitted,

15

16   Dated:  October 15, 2025    **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

17    */s/ Max Casal*

18   Leonard M. Shulman
James C. Bastian, Jr.
19   Alan J. Friedman
Max Casal
20   Proposed Attorneys for the Debtor and Debtor in
Possession

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

1          <u>**DECLARATION OF JEFFREY REEVES**</u>

2          I, Jeffrey Reeves, declare and state as follows:

3          1.      The matters stated herein are true and correct and within my personal knowledge.

4    If called as a witness, I could and would competently testify thereto.  I am an attorney licensed to

5    practice law in the State of California.

6          2.      I am a founding partner of Reeves & Weiss LLP (the "<u>Firm</u>") and am authorized

7    to and make this declaration on the Firm's behalf.  I am providing this Declaration in support of

8    the Debtor's Application for Order Authorizing Employment of Reeves & Weiss LLP as Special

9    Counsel Pursuant to 11 U.S.C. § 327 (the "<u>Application</u>").  Unless otherwise noted, capitalized

10   terms herein shall have the meaning as set forth in the Application.

11         3.      The following actions were commenced against the Debtor prior to the Petition

12   Date (collectively, the "<u>Prepetition Actions</u>"):

13         *Winters v. Lugano Diamonds & Jewelry, Inc., et al.* – Case No. 8:25-cv-01202,
14         pending in the United States District Court, Central District of California, filed on
           June 3, 2025.

15         *Gadol, et al. v. Ferder, et al.* – Case No. 30-2025-01488102-CU-BC-CJC,
16         pending in Orange County Superior Court, filed on June 6, 2025.

17         *Gadol, et al. v. Ferder, et al.* – Case No. 2025CV30067, pending in Pitkin County
18         Superior Court, filed on June 18, 2025.

19         *Gadol, et al. v. Ferder, et al.* – Case No. N25C-07-026 PAW, pending in
20         Delaware Superior Court, filed on July 2, 2025.

21         *Gadol, et al. v. Simba IL Holdings, LLC* – Case No. N25J-01759, pending in
           Delaware Superior Court, filed on July 2, 2025

22         *Winters v. Simba IL Holdings, LLC* – Case No. N25J-02463, pending in
23         Delaware Superior Court, filed on September 12, 2025.

24         4.      Prior to the Petition Date, the Debtor employed the Firm as its counsel in

25   connection with the Prepetition Actions.  The Firm also represented the Debtor's interests

26   implicated in connection with the *Lugano Diamonds & Jewelry, Inc. v. Ferder, et al.* case

27   (Orange County Superior Court Case No. 30-2025-01492210-CU-CO-NJC).  During the Case,

28   the Debtor needs to continue to employ the Firm to continue to litigate the Prepetition Actions on

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

10

behalf of the estate and assist with any related matters and legal issues which may arise. Moreover, the Firm will challenge certain claims brought against the Debtor arising from loan agreements it guaranteed and assert affirmative claims on behalf of the Debtor.

5.      The Firm is well-qualified to render the services described in the Application. The Firm was employed as the Debtor's litigation counsel prior to the Petition Date and is already familiar with the facts and law related to the Debtor and its litigation and will be able to expeditiously and efficiently address any legal issues that may arise in the context of this Case. Furthermore, the Firm is comprised of licensed attorneys that are well experienced in legal matters of the type that may need to be addressed.

6.      Daniel Weiss and I will have primary responsibility for providing services to the Debtor. We are duly admitted to practice law in all federal and state courts of the State of California and have significant experience in civil litigation. Biographies for each attorney at the Firm are attached hereto as **Exhibit 1.**   The Firm's billing rates for the professionals to be working on this Case are as follows:

| Jeffrey Reeves | $1,350 |
| Daniel Weiss | $1,050 |
| Dana Martin | $675 |
| Paralegals | $375 |

7.      I am advised that none of the services to be performed by the Firm during the Case will duplicate the services performed by other professionals in the Case.

8.      The Firm was employed by the Debtor prior to the Petition Date.  During the one year period prior to the Petition Date, the Firm received payment of fees and expenses for work performed for the Debtor in the total amount of approximately $20,000.  As of the Petition Date, the Firm was not a creditor of the Debtor.

9.      To the best of my knowledge, the Firm does not represent or hold an adverse interest to the estate. Based on the Firm's intimate knowledge of the Debtor's business and pending litigation and its representation of the Debtor prior to the Petition Date, I believe that the Firm is best situated to assist the Debtor on the matters set forth herein.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11

10.    To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except that in addition to its representation of the Debtor, the Firm has also represented Mr. Ferder both individually and in his capacity as Trustee of the Haim Family Trust in connection with the Prepetition Actions and other litigation pending against Mr. Ferder and the Haim Family Trust.

11.    Specifically, the Firm has represented Mr. Ferder and/or the Haim Family Trust in the following capacities: (i) reaching out to and conferring with counterparties to the diamond contracts with Lugano Diamonds; (ii) analyzing and defending the litigation initiated by Lugano Diamonds in Orange County Superior Court on June 24, 2025 (Case No. 30-2025-01492210-CU-CO-NJC); (iii) mediating the Lugano Diamonds case before JAMS mediator, the Honorable David Thompson (ret.), in September 2025; (iv) reaching out to and conferring with counsel for Compass Diversified, which owns a 60% indirect ownership interest in Lugano Diamonds; (v) interviewing potential witnesses; (vi) communicating with third parties who have received subpoenas issued in connection with any of the above-referenced litigation; and (vii) communicating with insurance counsel and other counsel.

12.    To the best of the Firm's knowledge, the Firm's representation of Mr. Ferder and the Haim Family Trust in such capacities is not adverse to the Debtor or its bankruptcy estate with respect to the matters for which the Firm is to be employed.

13.    To the best of the my knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, or to the United States Trustee or any employee of the United States Trustee.

14.    Neither the Firm nor any of the employees employed by the Firm:  (i) is a creditor, equity security holder, or insider of the Debtor, (ii) is a director, officer, or employee of the Debtor, or (iii) holds an interest materially adverse to the interests of the estate or any class of

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, for any reason.

15.    The Firm has received no retainer for the services to be performed on behalf of the estate.

16.    There is no written employment agreement for the Debtor's employment of the Firm other than the Application which provides the terms of employment.

17.    The Firm will render services to the Debtor at the Firm's regular hourly rates, which may be subject to adjustment from time to time, plus expenses.  The Firm understands the provisions of sections 327, 330 and 331 of the Bankruptcy Code which provide, among other things, that the Firm's employment and compensation is subject to Court approval.  The Firm has agreed to be employed and compensated subject to the provisions of section 330 of the Bankruptcy.  In conformity with Sections 330 and 331 of the Bankruptcy Code, the Firm intends to file applications for allowance of fees and reimbursement of expenses advanced as and when appropriate.

18.    Approximately every four months, the Firm will file an application with the Court seeking allowance and payment of its fees and expenses incurred to that date.  At the conclusion of the Case, the Firm will file an appropriate application seeking final allowance of all fees and expenses, regardless of whether interim compensation has been paid to the Firm.  Upon allowance of such fees and expenses, the Debtor will pay to the Firm the difference between the amounts allowed and any interim compensation paid to the Firm.

19.    The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtor such difference.

///
///
///
///
///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

13

1      20.    The Firm has not shared or agreed to share any compensation to be received by it

2  in the Case with any other person, except as among members of the Firm.

3      I declare under penalty of perjury under the laws of the United States of America that the

4  foregoing is true and correct.

5      Executed on October __15__, 2025, at Laguna Niguel,  California.

6

7                                        Jeffrey Reeves

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA
LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

14

# EXHIBIT 1

# Biographies



Jeff handles all types of complex business disputes in any forum. He represents companies and individuals in the technology, entertainment, real estate, life sciences, and other industries in high-profile business and tort cases, including contract, defamation, trade secret, and civil theft cases.

EXHIBIT "1" page 1

Jeff is presently lead trial counsel for a world-renowned neurosurgeon and spine specialist who pioneered minimally invasive lateral spinal surgery techniques and is seeking tens of millions of dollars in unpaid royalties from Nuvasive, Inc. The matter is set for jury trial in San Diego County Superior Court in 2024.

He recently handled a JAMS final arbitration hearing for leading cannabis brand against a former distributor seeking tens of millions in dollars in damages. The matter is pending before the Honorable Stephen Sundvold.

Jeff recently first-chaired two jury trials in Los Angeles. One was for two leading Hollywood film producers who were sued by a foreign distribution company concerning the entitlement to millions of dollars in revenues generated from the distribution of Sin City 2 and a number of other films distributed by the plaintiff in Eastern Europe. That matter ended in a mistrial. The other was a six-week jury trial in Santa Monica for a well-known luxury real estate developer. The jury returned a verdict in the client's favor completely vindicating him in a dispute with neighbors over the development of a residence in Bel Air. The jury found no malice and no fraud, and though the plaintiffs had asked for more than $26 million in compensatory damages, the jury awarded less than $1.9 million (Tycoon Wins Lengthy Court Dispute, Avoids Mansion Malice).

EXHIBIT "1" page 2

Jeff was lead trial counsel for the former CEO and senior management of Microsemi Corporation in a high-profile defamation action they filed against the company that acquired Microsemi in a $10 billion merger, and the senior management of that company, seeking upwards of $100 million in damages. (Microsemi Executives Sue Microchip for Libel, Orange County Business Journal). The matter settled pre-trial on confidential terms (Microchip Technology Incorporated Announces Lawsuit Settlement, PRWeb.com).

He was also lead trial counsel for the defendants in a $45 million breach of fiduciary duty action against the founder, CEO and other senior executives and board members of BioNutritional Research Group, the nutrition company that manufactures the popular PowerCrunch™ bars, that he and his team from Gibson Dunn tried and won in Orange County Superior Court. (Meghann M. Cuniff, Shareholders Lose Suit Against Nutrition Technology Firm, Los Angeles Daily Journal). The matter went up on twin appeals, and oral arguments were held in the California Court of Appeal (view appellate arguments here). Jeff's clients won both appeals. (Appeals panel reverses OC judge in $8.2M attorney fee dispute, Daily Journal).

Jeff enjoys being of service. He is active in local charitable and community organizations, including serving on the Board of Hoag Charity Sports, Inc., the Hoag Irvine Advisory Committee, and recently served as the co-chair of the UCI Law Public Service Awards Dinner Committee. He is a past President of El Niguel Country club and presently serves on the Club's Board of Directors.

Prior to launching Reeves & Weiss, Jeff was a partner at Gibson, Dunn & Crutcher LLP in Irvine, where he spent 26 years as a member of the Litigation Practice Group, including eight-years as Partner-in-Charge of the Orange County office. He was then a Senior Partner at Theodora Oringher PC for six years.

# Representative Matters

*Entertainment and Sports Industry Cases*

Represented Hollywood film production, finance, distribution and sales company Aldamisa Entertainment in various litigation matters.

Represented leading sports apparel company Nike in trade secret misappropriation litigation in Oregon state court against high-profile competitor. Secured a confidential settlement for client after winning a TRO and a preliminary injunction against former employees.

Part of defense team that won summary judgment on behalf of Nike Golf related to an endorsement contract with world ranked top 5 professional golfer. The decision was handed down by the Honorable James V. Selna in the Central District of California.

Represented surf sports apparel company Rip Curl in O.C. Superior Court case filed by surfer-plaintiffs related to the sinking of a surfing expedition vessel in the Indian Ocean. Secured complete dismissal with prejudice of all claims.

Represented iconic rock bands and performers the Grateful Dead, Carlos Santana, Led Zeppelin, The Doors, and the Janis Joplin estate, and record companies, in a case asserting copyright infringement, trademark infringement and violation of rights of publicity related to online streaming of secret recordings of live concerts in the 60s and 70s.

Represented television and motion picture actress Melissa Joan Hart in defense of claims for breach of alleged oral management contract seeking future commission payments related to hit television series Melissa & Joey in Los Angeles Superior Court.

Tried case before AAA arbitrator for golf manufacturer, the holder/licensor of patent, in multi-day arbitration proceeding. Arbitrator found client's termination of exclusive license to be valid and found client to be prevailing party.

*Commercial, Intellectual Property and Class Actions*

Represented CoreLogic in a contract, copyright and trademark action that CoreLogic brought and that is now pending in the Central District (Santa Ana), against a counterparty to collect fees owed under a master services agreement and to pursue successor liability claims against the successor entity.

Defended BioNutritional Research Group in a trademark infringement action in the Central District (Riverside) that resulted in a favorable settlement.

Tried direct and derivative breach of fiduciary duty action in two phases before the Honorable Ronald Bauer in O.C. Superior Court on behalf of defendants and cross-complainants, who were also majority shareholder officers and directors. Plaintiffs' claims sought upwards of $45 million in equity value. Court ordered reformation on clients' cross-claims in Phase 1, and following a seven-day Phase 2 bench trial on the fiduciary duty claims in late 2017, the Court rejected all of Plaintiffs' direct and derivative causes of action and entered judgment in defendants' favor on every issue. On cross-appeals, the Court of Appeal affirmed the trial court's

ruling below on the merits, and reversed the trial court's ruling denying defendants' prevailing party attorneys' fees.

Defended healthcare delivery system and its affiliated hospitals in coordinated class actions filed, and now settled, in O.C. Superior Court, Civil Complex, the Honorable Kim Dunning, presiding, asserting violations of the Confidentiality of Medical Information Act and Consumer Records Act, as well as other state law claims, arising from alleged disclosure of Personal Health Information affecting 31,800 patients.

Represented healthcare system in a separate data breach putative class action in Sonoma County involving over 30,000 patients. Court sustained demurrer to entire complaint without leave to amend.

Part of defense team that obtained dismissal on behalf of mobile advertising and analytics networks in nationwide class action alleging that defendants collected and disclosed data and personal information from mobile devices without users' knowledge and consent, on grounds that plaintiffs lacked Article III standing and failed to state a viable claim.

Defended pharmaceutical company in state court securities fraud litigation brought, and eventually dismissed, by a former shareholder. Represented hospital and health system in defending putative class action alleging duty to warn patients of the potential for independent contractor physicians to engage in practice of balance billing.

Part of defense team that represented mega-energy company and officers in multiple federal securities class actions in Tulsa, Oklahoma seeking upwards of $1 billion in damages. The case ended in a favorable settlement.

Tried federal common law securities fraud case for plaintiff before a jury and the Honorable Alicemarie Stotler in the Central District of California. Jury returned special verdict finding fraud and awarding damages and punitive damages in plaintiff's favor.

*Opioids Litigation*

Jeff served as lead counsel for over 30 counties and cities in Arizona, Missouri, Kansas and Maryland who are suing the opioid manufacturers, pharmacists and distributors for harms that these local governments have suffered due to the opioid epidemic.

*Other Complex Business Litigation*

Represented petroleum company in $11 million dispute with former counsel. Tried nine-day JAMS arbitration final hearing before Arbitrator Richard Chernick that resulted in a Final Award denying all of Claimant's claims in their entirety, awarding nothing, and declaring client to be the prevailing party. Awarded over $5.3 million in prevailing party attorneys' fees. O.C. Superior Court Judge Nathan Scott granted client's Petition to Confirm Arbitration Award and added additional prevailing party attorneys' fees in client's favor to the final judgment. The award was upheld on appeal.

Tried civil contempt case to verdict against former CEO of pharmaceutical company client in Superior Court in San Diego. Court found former CEO guilty on all 58 counts of contempt that were charged. Court imposed the maximum permissible fine under the California statute imposed, and issued an order finding that all attorneys' fees incurred by the company in prosecuting the action were reasonable and requiring the former CEO to pay those fees. The case was the subject of the book, An America I Never Knew.

Represented publicly traded defendant corporation in New York Supreme Court defending allegations of breach brought by former investment banker to the company. The Court granted client's motion to dismiss in its entirety without leave to amend.

Represented plaintiff pharmaceutical company in District Court litigation in San Diego alleging breach of defendant's obligation to provide a proper Phase 2b clinical trial. Court denied Motion to Dismiss, and matter settled before trial.

Represented Microsemi Corporation in $1.6 billion qui tam action filed in District Court in Arizona. Court granted client's motion to dismiss. Relator appealed to the 9th Circuit Court of Appeal, which heard oral argument and affirmed. Petition for certiorari was denied by the U.S. Supreme Court.

Represented computer data storage company in O.C. Superior Court action filed to recover upwards of $18 million worth of hard drives being held by defendant company that had ceased operations. Obtained emergency writ of possession on an ex parte basis and the property was recovered within days.

Defended engineering and construction firm in litigation initiated by subcontractor arising out of U.S. war effort in Afghanistan. Subcontractor sought upwards of $15 million. In a matter the court recognized as presenting questions of first impression, the Honorable Stephen V. Wilson (Central District of California) granted summary judgment in client's favor.

Represented international toy company in state court litigation filed by former executive, and in JAMS arbitration in Orange County. The matter was settled confidentially.

Defended medical device manufacturer in tort and contract action filed in Los Angeles County Superior Court seeking more than $25 million in damages. Demurrer sustained without leave to amend as to all eight causes of action and complaint dismissed. Argued appeal in the Second Appellate District where a unanimous panel affirmed the trial court's decision and concluded that the trial court properly sustained client's demurrer without leave to amend.

Defended O.C. hospital in case seeking millions of dollars in damages involving whistleblower allegations under California statutes, and

allegations of wrongful termination, intentional torts and breach of contract. Following mediation, Plaintiff dismissed the complaint for no consideration.

Defended hospital health system client against claims from tenant seeking to enjoin construction of new multimillion-dollar medical tower in South Orange County designed to house state-of-the-art linear accelerator, and bringing counter-claims for breaches of lease. Represented commercial landlord in post-trial litigation against tenant seeking lease rescission.

Tried case before AAA arbitrator in Minnesota for entertainment company against entities controlling world famous Mall of America in Minnesota. Arbitrator ruled in client's favor, declared it to be the prevailing party and awarded client a multimillion-dollar termination fee, plus attorneys' fees and costs. Argued appeal to the Minnesota Court of Appeal, which upheld the arbitrator's award in full.

Successfully defended the victory before the Minnesota Supreme Court. Part of successful effort to dismiss a highly publicized lawsuit filed by

well-known activist Erin Brockovich against hospital system alleging that they had over-billed Medicare. Central District Judge David Carter granted client's motion to dismiss.

Tried case before arbitrator for insurance company in $30 million AAA arbitration proceeding in New York arising out of disputed put/call provision in contract regarding sale of investment management company. Prevailed outright in Phase I of the arbitration, and the matter settled. before Phase II was tried.



# REEVES & WEISS LLP
### TRUSTED. RESPECTED. DEDICATED.

## 3333 MICHELSON DR.
## SUITE 300
## IRVINE, CA 92612



Home    Who We Are    Our Team    Our Expertise    News



## Daniel L Weiss
### Founding Partner

949-200-7790
DWeiss@reevesandweiss.com
Bio

Daniel represents businesses and individuals in high-stakes, complex litigation. He has represented some of the world's leading companies in connection with some of their most significant matters. Daniel has extensive trial and litigation experience in a wide-array of matters in various industries, with an emphasis in general and business litigation, crisis management, labor and employment, sports law, process safety management, class actions, and white-collar defense and investigations. Daniel has litigated in federal, state and territorial courts throughout the United States, as well as before several arbitration organizations. Based on his deep substantive legal experience, he also provides strategic counsel and advice to clients about risk management, reputational risk, and document retention and e-discovery issues.

EXHIBIT "1" page 15

Daniel is known for his creative, thoughtful and zealous advocacy, and his sound judgment. He provides a functional and practical approach to find real-world solutions for his clients, but is always prepared to litigate matters through trial and appeal to vindicate his clients' interests. Daniel has participated in nearly 20 jury and bench trials, arbitrations and administrative proceedings.

Most recently, Daniel served as lead counsel for a real estate investment fund in a contentious eleven-day JAMS arbitration with its co-owners. Daniel secured a favorable result for the investment fund, successfully ending the co-owners' multi-year attempt to seize control of a trophy property in Newport Beach.

With respect to his sports practice, Daniel has represented elite athletes, teams and sponsors in landmark cases involving sponsorship and anti-doping matters in court and before arbitration panels in both the United States arbitral system for Olympic movement sports and the International Court for Arbitration of Sport (CAS). Daniel has further advised top sports teams and companies in matters related to sponsorship and employment issues, as well as strategic planning.

Daniel co-authored the chapter on the Consumers Legal Remedies Act in California Civil Procedure Before Trial: Claims and Defenses (The Rutter Group). He also co-authored the White Collar Criminal Law chapter in the Chief Executive Legal Guide and the article "Corporate Miranda Warnings: Defining Your Role and Avoiding Pitfalls in Internal Company Investigations," which appeared in the American Bar Association's Litigation Journal. Daniel has also published several articles in the Daily Journal, Law360 and other leading publications.

Before launching Reeves & Weiss, Daniel spent more than 15 years at the Los Angeles Office of the acclaimed litigation powerhouse, Gibson, Dunn & Crutcher LLP, which won The American Lawyer Litigation Department of the Year biennial competition more than four times. He then was a Senior Attorney (partner) at one of Southern California's elite trial attorney boutique law firms, Theodora Oringher PC.

# Representative Matters

## *Trials / Arbitrations / Administrative Hearings*

Successfully represented a real estate investment fund in multi-week JAMS arbitration in a contentious dispute with its co-owners over control of a lucrative property in Newport Beach.

Successfully represented a petroleum refining company in two multi-week administrative hearings before the State of Washington Board of Industrial Insurance Appeals appealing a state-OSHA citation alleging 44 citation items, primarily under the process safety management regulations, and seeking a record-breaking penalty arising from an industrial incident involving multiple fatalities. Obtained a complete victory at the administrative hearing level, except for one set of citation items that were downgraded from willful to serious.

Represented a well-known cannabis company in a multi-week arbitration with a former distributor.

Successfully represented a professional athlete in an arbitration appealing a professional sports league's suspension based on an allegation that he violated the league's anti-doping rules by taking a prohibited substance. In a rare victory for an athlete, the proposed suspension was vacated because the league did not follow its collection and chain of custody protocol.

Obtained a favorable award for a homebuilder following a three-week employment arbitration before the American Arbitration Association. The plaintiff alleged that he was retaliated against because he was a whistleblower and that he had an employment contract that was violated.

EXHIBIT "1" page 18

Achieved a complete victory on all claims on behalf of a synagogue in a multi-day bench trial in Los Angeles Superior Court against former members who fraudulently filed documents with the secretary of state indicating that they were the officers and directors of the synagogue and then converted the synagogue's real property by obtaining a several hundred thousand dollar loan.

Represented an Olympic athlete in his successful appeal before the Court of Arbitration for Sport. The Court of Arbitration for Sport rejected the international federation's request that the athlete receive a lifetime ban, which allowed the athlete to compete and medal at both the 2012 and 2016 Summer Olympic Games.

Obtained a complete dismissal with prejudice of an action against a synagogue following the commencement of a multi-day trial in Los Angeles Superior Court. The synagogue was sued by members challenging an election for the board of directors claiming fraud and other improprieties.

Represented a famed coach in a week-long arbitration before the American Arbitration Association against the United States Anti-Doping Agency and representing him in his appeal before the Court of Arbitration for Sport. The United States Anti-Doping Agency has alleged several non-analytical anti-doping rule violations, including possession of a prohibited substance, administration of a prohibited method, tampering and complicity.

Represented a professional cyclist in week-long arbitrations before the American Arbitration Association and the Court of Arbitration for Sport against the United States Anti-Doping Agency. The United States Anti-Doping Agency alleged that the cyclist used a prohibited substance during a major cycling competition.

Represented an individual in a jury trial in the Central District of California alleging civil rights violations under 42 U.S.C. § 1983.

Represented a developer in a multi-week jury trial in the Superior Court of California in a dispute with its general contractor.

*Commercial Litigation*

Represented an international retailer of luxury products in a highly contentious litigation arising from a corruption scheme to unlawfully award a multimillion dollar duty-free concession agreement. This multi-pronged litigation has involved several civil actions before the Superior Court of Guam against the governmental agency, a civil action in the Superior Court of Guam against a competitor, and an international arbitration before the International Centre for Dispute Resolution. Obtained several victories that achieved unprecedented results.

Obtained summary judgment on behalf of an automotive finance company on claims asserted against it by an automotive dealer in an action pending in the Orange County Superior Court. The dealer alleged claims for constructive fraud, fraud, concealment, false promise, promissory estoppel and a violation of the federal Automobile Dealer Day in Court Act.

Obtained a favorable settlement for a hedge fund in an action in the Orange County Superior Court against a real estate developer. The hedge fund alleged that the developer failed to satisfy his personal guarantee

agreement when his real estate company did not repay a loan.

Successfully quashed a 28 U.S.C. § 1782 deposition subpoena issued to a Russian oligarch. The subpoena, which was issued by the Central District of California, was sought in connection with an international arbitration arising from a business transaction in Russia.

Achieved a favorable pre-dispute resolution on behalf of an international automobile manufacturer in a multiparty contractual dispute arising from the allocation of costs incurred in connection with a product recall. The recall involved automobiles manufactured by a joint venture and the negotiations were between the two joint venture partners and the joint venture.

Representing a petrochemical company in a Louisiana jury trial against contract and other claims by its former co-owner arising from an industrial explosion. The first trial ended in a mistrial after jury tampering during jury selection, and the retrial is scheduled for June 2020.

*Class Actions*

Obtained summary judgment on behalf of a global financial institution in a class action pending in the Western District of Missouri alleging a violation of Missouri's Second Mortgage Loan Act with a potential exposure of over $400 million. Persuaded the district court that the plaintiffs' claims were barred by the statute of limitations. Successfully obtained from the Eighth Circuit Court of Appeals an affirmance of the district court's decision.

Persuaded plaintiffs' counsel to dismiss in its entirety a class action pending in the Los Angeles Superior Court against a multi-national consulting company. The plaintiffs brought negligence claims based on the allegation that they were harmed by the consulting company's implementation of software programs at a large public entity.

Successfully defeated on behalf of a technology company a proposed nationwide class action pending in the Northern District of California alleging consumer fraud and warranty claims. Obtained a favorable settlement following the denial of a nationwide class.

Represented an in-flight catering company in a class action in the Los Angeles Superior Court alleging various wage-and-hour claims on behalf of direct and temporary employees, which settled on favorable terms for the client.

*White Collar / Internal Investigation*

Conducted an investigation on behalf of a Special Committee of a non-profit arts entity into sexual harassment allegations against its well-known General Director.

Conducted an internal investigation on behalf of a homebuilder in connection with potential false statements to a governmental agency.

Conducted an internal investigation on behalf of a gaming and entertainment company in connection with potential false statements in building permits.

Represented an independent insurance adjusting company in various investigations, including by the Department of Justice and the United States Congress related to Hurricane Katrina.

Conducted an internal investigation by an automotive finance company concerning potential violations of company policy in connection with contracts with third-party collection agencies.

Counsel to the Citizens' Commission on Jail Violence, which was created by the LA County Board of Supervisors to investigate the Sheriff's Department use of force against inmates.

*Sports Law*

Represented Angels Baseball in the wrongful death action brought by the family of Tyler Skaggs.

Advised Olympic Committees in connection with numerous issues arising from the organization of Summer and Winter games, the requirements of the International Olympic Committee, the requirements of international and national governing bodies and dispute resolution.

Advised a players association for a professional sports league in connection with the development and negotiation of performance enhancing drug and substance abuse policies, including revising those policies.

Represented Toyota in connection with its historic sponsorship as a TOP Sponsor for the 2017 – 2024 quadrennial games.

Represented and advised a professional cycling team on a wide-range of matters, including anti doping issues, player contracts, sponsorships, crisis management issues, commercial litigation and communications with national and international governing bodies.

Advised an e-sports company on the development of anti-doping policies, including the preparation of those policies.

Represented and advised Olympic committees and athletes in connection with suspensions imposed by the International Olympic Committee and an international governing body for violations of the WADA Code arising from allegations that the athletes used a prohibited substance or method.

Represented Alexandre Vinokourov in connection with his disqualification from the 2007 Tour de France.

Represented the Astana Team in connection with matters arising from its compliance with IOC rules.

Represented Rashid Ramzi and the Bahrain Olympic Committee in connection with matters arising from the Beijing Olympics.

### *Litigation Risk / Crisis Management / Non-Litigation Advice*

Counseled individuals and entities in the development of legal strategies to address dynamic situations, including the evaluation of affirmative lawsuits and public relations campaigns.

Advising a high-level executive on various matters related to the actions of, and allegations made by, his former mistress.

Counseled a public figure concerning an attempted extortion scheme.

Advised a large retailer on restructuring its policies and practices related to the payment of wages upon the termination of a person's employment.

Advised an international automobile company concerning risk allocation arising from products developed as part of joint ventures and negotiated several product responsibility agreements





Home   Who We Are   Our Team   Our Expertise   News



# Dana Martin

### Senior Associate

708-567-4577
DMartin@reevesandweiss.com
Bio

A Senior Associate at Reeves & Weiss LLP, Dana's practice is focused on complex commercial litigation. Dana is a member of the State Bar of Illinois and has significant experience in dispute resolution at the state and federal level.

Prior to joining Reeves & Weiss, Dana was a litigation finance professional, where she worked alongside counsel to resolve business litigation both domestic and international. Before her time in litigation finance, Dana was a litigation associate at Neal Gerber and Eisenberg LLP. In that role, she supervised all aspects of eDiscovery, facilitated settlement agreements in insurance disputes, and drafted complaints, motions for summary judgment, and discovery requests for a variety of commercial disputes including those involving products liability and breach of contract. Previously, Dana began her legal career at Dechert LLP, where she drafted witness preparation materials, mediation statements, and notices of removal in complex commercial class action suits and multidistrict litigation.

Dana graduated from Northwestern University Pritzker School of Law in 2017, where she was a published member of the Northwestern Journal of Law and Social Policy and served on the executive committee of the Women's Leadership Coalition. In 2014, Dana graduated summa cum laude from Saint Xavier University with a degree in Political Science.



REEVES & WEISS LLP

TRUSTED. RESPECTED. DEDICATED.

3333 MICHELSON DR.
SUITE 300
IRVINE, CA 92612

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF REEVES & WEISS LLP AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. § 327(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY REEVES IN SUPPORT (WITH NOTICE OF OPPORTUNITY TO REQUEST HEARING ON MOTION]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 15, 2025  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  October 15,  2025 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/15/2025 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:

- Anthony Bisconti    tbisconti@bklwlaw.com,
  1193516420@filings.docketbird.com,docket@bklwlaw.com

- Greg P Campbell    ch11ecf@aldridgepite.com,
  gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

- Max Casal    mcasal@shulmanbastian.com, avernon@shulmanbastian.com

- Karol K Denniston    karol.denniston@squirepb.com,
  travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-
  9025@ecf.pacerpro.com

- Alan J Friedman    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com

- John-Patrick McGinnis Fritz (TR)    jpftrustee@lnbyg.com, jpf@trustesolutions.net

- George Gerro    george@gerrolaw.com

- Christopher J Harney    charney@tocounsel.com, kmanson@tocounsel.com

- Steven J. Katzman    skatzman@bklwlaw.com,
  1193516420@filings.docketbird.com,docket@bklwlaw.com

- Tobias S Keller    tkeller@kellerbenvenutti.com

- Wendy A Locke    ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com

- Richard A Marshack    rmarshack@marshackhays.com,
  lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com

- Leonard M. Shulman    lshulman@shulmanbastian.com,
  bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com

- Timothy J Silverman    tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com

- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

<u>SERVED BY UNITED STATES MAIL</u>:

**DEBTOR**
SIMBA IL HOLDINGS, LLC
610 NEWPORT CENTER DRIVE, SUITE 950
NEWPORT BEACH, CA 92660-6473

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O TOBIAS S. KELLER - KELLER BENEVENUTTI
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CA 94104

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O TRACI SHAFROTH - KELLER BENEVENUTTI
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CA 94104

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O SCOTT FRIEDMAN - KELLER
BENVENUTTI
101 MONTGOMERY STREET, SUITE
1950
SAN FRANCISCO, CA 94104

**RFN**
COMPASS GROUP DIVERSIFIED
C/O KAROL DENNISTON-SQUARE
PATTON
555 CALIFORNIA STREET, SUITE 550
SAN FRANCISCO, CA 94104

**RFN**
COMPASS GROUP DIVERSIFIED
C/O PETER MORRISON, ESQ.
100 KEY TOWER, 127 PUBLIC
SQUARE
CLEVELAND, OH 44114

**RFN**
COMPASS GROUP DIVERSIFIED
C/O S. LERNER & K. ARENDSEN
201 E. FOURTH ST., SUITE 1900
CINCINATI, OH 45202

**COURT MAILING - UST**
QUEENIE K. NG
411 WEST FOURTH STREET, SUITE
7160
SANTA ANA, CA 92701

**COURT MAILING**
EMPLOYMENT DEVELOPMENT
DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**COURT MAILING**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**COURT MAILING & POC**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**COURT MAILING**
SECURITIES & EXCHANGE
COMMISSION
444 SOUTH FLOWER ST., SUITE 900
LOS ANGELES, CA 90071-2934

**COURT MAILING**
ANTON, DURAID
1 ELK GROVE LN
LAGUNA NIGUEL, CA 92677-1012

**COURT MAILING**
ARONOFF, BARRY
C/O LANCE N JURICH/LOEB & LOEB
LLP
10100 SANTA MONICA BLVD SUITE
2200
LOS ANGELES, CA 90067-4120

**COURT MAILING**
ARVIELO, RICK
C/O GABRIEL G GREEN -
BUCHALTER APC
1000 WILSHIRE BLVD SUITE 1500
LOS ANGELES, CA 90017-1730

AVINA LLC
C/O D. ENENSTEIN-ENENSTEN PHAM
3200 BRISTOL ST SUITE 500
COSTA MESA, CA 92626

**COURT MAILING**
BACLET, CHARLES
1600 S OCEAN BLVD APT 2101
POMPANO BEACH, FL  33062-7710

**COURT MAILING**
BELGIUM NEW YORK LLC C/O
PATRICK PAPALIA/ARCHER &
GREINER PC
1211 AVENUE OF THE AMERICAS
#2750
NEW YORK, NY 10036-8789

**COURT MAILING**
BENSON, JULIANNE
389 SOUTH LAKE DRIVE #4G
PALM BEACH, FL 33480-4540

**COURT MAILING**
BRANDES, ADRIENNE
919 GARDENIA WAY
CORONA DEL MAR, CA 92625-1547

**COURT MAILING**
BUCKSBAUM, GLENN
303 WHITEFISH HILLS LOOP
WHITEFISH, MT 59937-2256

**COURT MAILING**
CAMPF, ANNE AND DARREN
4428 IRISH HEIGHTS DRIVE
SUMMERSVILLE, WV 26651-1971

**PREFERRED ADDRESS**
CAVE, DERYK
1196 E COOPER AVENUE
ASPEN, CO 81611

**COURT MAILING**
CHAMPION FORCE
C/O LEIB M LERNER/ALSTON & BIRD
LLP
350 SOUTH GRAND AVE 51ST FLOOR
LOS ANGELES, CA 90071-3406

**COURT MAILING**
CHANNELS, CEDRIC
402 ESTHER ST
COSTA MESA, CA 92627-2323

CITIBANK, N.A.
1000 TECHNOLOGY DRIVE
O'FALLON, MO 63368-2240

**COURT MAILING**
COHEN, RAYMOND
C/O JONATHAN HERSEY/K&L GATES
1 PARK PLAZA TWELFTH FLOOR
IRVINE, CA 92614-5910

**COURT MAILING**
CONWAY, MARK
1221 W COAST HWY APT 114
NEWPORT BEACH, CA  92663-5051

**COURT MAILING**
COYNE, KAREN
KAREN BEDROSIAN PROPERTY
TRUST
2934  N BEVERLY GLEN CIRCLE #347
LOS ANGELES, CA 90077-1724

**COURT MAILING**
DACUS, DEBBIE
5444 CANDLEWOOD DRIVE
HOUSTON, TX 77056-1603

**COURT MAILING**
DIAMONDS & JEWELRY INC C/O A
KHAN
BROWN, NERI, SMITH & KHAN LLP
11601 WILSHIRE BLVD SUITE 2080
LOS ANGELES, CA 90025-0389

**COURT MAILING**
EMMES, DAVID
655 TOWN CENTER DRIVE
COSTA MESA, CA 92626-1918

**COURT MAILING**
FERDER, MORDECHAI AND EDIT
1501 SERENADE TER
CORONA DEL MAR, CA 92625-1753

**COURT MAILING**
FERRY, ANTHONY
20 PACIFICA STE 1000
IRVINE, CA 92618-7462

**COURT MAILING**
FLANDERS, SCOTT
1425 SANTA BARBARA DRIVE
NEWPORT BEACH, CA  92660-6373

**COURT MAILING**
FLANDERS, SCOTT
PO BOX 7859
AVON, CO  81620-7859

**COURT MAILING**
FREEDMAN, JAMES
11755 WILSHIRE BLVD
LOS ANGELES, CA 90025-1501

**COURT MAILING**
GADOL, BRYAN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
1900 AVENUE OF THE STARS 19TH
FLOOR
LOS ANGELES, CA 90067-4410

**COURT MAILING**
GADOL, BRYAN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
824 N MARKET STREET SUITE 805
WILMINGTON, DE 19801-4918

**COURT MAILING**
GADOL, BRYAN C/O MICHELLE
SCHINDLER
FERGUSON SCHINDLER LAW FIRM
119 SOUTH SPRING STREET SUITE
201
ASPEN, CO 81611-2082

**COURT MAILING**
GADOL, BRYAN-C/O TODD C
THEODORA
THEODORA ORINGHER PC
535 ANTON BLVD NINTH FLOOR
COSTA MESA, CA 92626-7109

**COURT MAILING**
GOLDSTEIN, ALON
22287 MULHOLLAND HWY, UNIT 254
CALABASAS, CA 91302-5157

**PREFERRED ADDRESS**
HAZEN, CASSANDRA AND PAUL
PO BOX 7070
CARMEL, CA 93921

**COURT MAILING**
HOEVEN, DREW
3 CAPE ANDOVER
NEWPORT BEACH, CA 92660-8401

**COURT MAILING**
HOLZER, RUSTY - C/O B
CAPITUMMINO
WOODS OVIATT GILMAN LLP
1900 BAUSCH & LOMB PLACE
ROCHESTER, NY 14604-2714

**COURT MAILING**
KELSEY, KACI
110 WESTMINSTER ROAD
WEST PALM BEACH, FL 33405-1649

**COURT MAILING**
KLEIN, BILL
60 LINDA ISLE
NEWPORT BEACH, CA 92660-7207

**COURT MAILING**
KRAUS, KEN C/O JEFF AUGUSTINI
LAW OFFICE OF JEFF AUGUSTINI
100 BAYVIEW CIRCLE SUITE 210
NEWPORT BEACH, CA 92660-8901

**COURT MAILING**
LEE, ROBERT
BBD 2012 GIFT TRUST
72-2763 ULUWEUWEU AKSUM PLACE
KAILUA KONA, HI 96740

**COURT MAILING**
LEVASQUE, MATT
5893 LAKEVIEW
YORBA LINDA, CA 92886-5367

**COURT MAILING /POC**
LI, PETER
19211 CROYDEN TER
IRVINE, CA 92603-3537

**COURT MAILING**
LOCKSLEY, JOHN
185 WEST END AVENUE UNIT 9A
NEW YORK, NY 10023-5543

**COURT MAILING**
LOOK-MAZZA, MONA
344 WEST REDS ROAD
ASPEN, CO 81611

**COURT MAILING**
LUGANO BUYER, INC.
301 RIVERSIDE AVENUE, SECOND
FLOOR
WESTPORT, CT 06880-4806

**COURT MAILING**
MCCALL, MARIANNE
188 LUDLOW STREET APT 21J
NEW YORK, NY 10002-1690

**COURT MAILING**
MCHENRY, TROY
10917 EARTH HUES
LAS VEGAS, NV 89135-9132

**COURT MAILING**
MCMACKEN, RON
1660 SOUTH OCEAN BLVD
MANALAPAN, FL  33462-6210

**COURT MAILING**
MOENS, LAWRENCE
2335 S OCEAN BLVD
PALM BEACH, FL 33480-5368

**COURT MAILING**
MOLER, BILL
10342 MOHAWK ROAD
LEAWOOD, KS 66206-2587

**COURT MAILING**
N.B.S. DIAMONDS C/O GERALD L.
KROLL
KROLL LAW
970 W. BROADWAY, SUITE E-200
JACKSON, WY 83001-6402

**COURT MAILING**
N.B.S. DIAMONDS C/O JOSEPH M. KAR
LAW OFFICE OF JOSEPH M. KAR PC
15250 VENTURA BLVD SUITE PH-1220
SHERMAN OAKS, CA 91403-3201

**COURT MAILING**
OCONNELL, KEVIN
1714 STARLIGHT CIR
NEWPORT BEACH, CA 92660-4340

**COURT MAILING**
PERL, DANIEL C/O OMAR J. YASSIN
YASSIN LAW APC
1010 E. UNION STREET SUITE 201
PASADENA, CA 91106-1756

**COURT MAILING**
PHILLIPS, ANDY
2900 BRISTOL STREET
COSTA MESA, CA 92626-5981

**COURT MAILING**
PRESUTTI, DANA
424 PARK CIRCLE
ASPEN, CO 81611-3400

RUBERTI, LISA
C/O GOGO & MOORE LLC
505 E HYMAN AVENUE
ASPEN, CO 81611

**COURT MAILING**
RODAN, AMMON
21 ORINDA WAY, SUITE C-381
ORINDA, CA 94563-2530

**COURT MAILING**
ROTHSTEIN, ADAM
17 COVLEE DRIVE
WESTPORT, CT 06880-6407

**COURT MAILING**
SHELLY, DAMON
9881 RESEARCH DRIVE
IRVINE, CA 92618-4304

**COURT MAILING**
SHERLOCK, TINA & RUSS
1416 W MAIN STREET
CARMEL, IN 46032

**COURT MAILING**
SHERWOOD, STEVE
54 GOLDEN EAGLE
IRVINE, CA 92603-0309

**COURT MAILING**
SIMON, RON
620 NEWPORT CENTER DRIVE
NEWPORT BEACH, CA 92660-6420

**COURT MAILING**
SIMON, SCOTT
641 ST JAMES ROAD
NEWPORT BEACH, CA 92663-5854

**COURT MAILING**
SIMON, VONDA & SCOTT
29230 PASEO CARMONA
SAN JUAN CAPISTRANO, CA 92675-3654

**COURT MAILING**
SMITH, MIKE
1585 ATTOKA ROAD
MARSHALL, VA 20115-3505

**COURT MAILING**
SONI, ASHISH
1908 N FREMONT STREET
CHICAGO, IL 60614-5017

**COURT MAILING**
STACK, JEFF
3501 JAMBOREE ROAD, SUITE 6000
NEWPORT BEACH, CA 92660-2960

**COURT MAILING**
STRAWBRIDGE, GEORGE
3801 KENNET PIKE
WILMINGTON, DE 19807-2300

**COURT MAILING**
SUMMERS, JIM
282 LOCHA DRIVE
JUPITER, FL 33458-7733

**PREFERRED ADDRESS**
SUTHERLAND, ANNE & GRANT
151 RANCH CREEK LANE
CARBONDALE, CO 91623

**COURT MAILING**
SYDNEY HOLDINGS LIMITED
C/O B. CAPITUMMINO - WOODS OVIATT
1900 BAUSCH & LOMB PLACE
ROCHESTER, NY 14604-2714

**COURT MAILING**
SYDNEY HOLDINGS LIMITED C/O J LEVIN
GLASER WEIL FINK HOWARD JORDAN ET AL
10250 CONSTELLATION BLVD 19TH FLOOR
LOS ANGELES, CA 90067-6219

**COURT MAILING**
TEDORI, FRED
48 RITZ COVE DRIVE
DANA POINT, CA 92629-4228

**COURT MAILING**
TESTA, DARREN C/O M. SCHINDLER
FERGUSON SCHINDLER LAW FIRM
119 SOUTH SPRING STREET SUITE 201
ASPEN, CO 81611-2082

**COURT MAILING**
TESTA, DARREN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
1900 AVENUE OF THE STARS 19TH FLOOR
LOS ANGELES, CA 90067-4410

**COURT MAILING**
TESTA, DARREN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
824 N. MARKET STREET, SUITE 805
WILMINGTON, DE 19801-4918

**COURT MAILING**
TESTA, DARREN C/O TODD C THEODORA
THEODORA ORINGHER PC
535 ANTON BLVD NINTH FLOOR
COSTA MESA, CA 92626-7109

**PREFERRED ADDRESS**
US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

WANG, ANGI
C/O GOGO & MOORE LLC
505 E HYMAN AVENUE
ASPEN, CO 81611

**COURT MAILING**
WAZANA, AVI C/O DARREN ENENSTEIN
ENENSTEIN PHAM GLASS & RABBAT
8439 W SUNSET BLVD SUITE 300
LOS ANGELES, CA 90069-1925

**COURT MAILING**
WINTERS, KRISTOPHER C/O S. KATZMAN
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 CALLE AMANECER STE 350
SAN CLEMENTE, CA 92673-6253

**COURT MAILING**
WOLFE, BILL
525 S FLAGLER DRIVE PH2 C/D
WEST PALM BEACH, FL 33401-5922

**N/A**
SANTA ANA DIVISION
411 WEST FOURTH STREET, SUITE 2030,
SANTA ANA, CA 92701-4500
**N/A**

**COURT MAILING**
RUBERTI, LISA
**UNDELIVERABLE - INCOMPLETE ADDRESS**

**COURT MAILING**
WANG, ANGI
**UNDELIVERABLE - INCOMPLETE ADDRESS**

**COURT MAILING**
CAVE, DERYK
50 BIG SKY RESORT RD
BIG SKY, MT 59716
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**COURT MAILING**
SUTHERLAND, ANNE & GRANT
61070 MINARET CIRCLE
BEND, OREGON 97702-1903
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**COURT MAILING**
HAZEN, CASSANDRA AND PAUL
C/O JOANNA MARIE MYERS
9465 WILSHIRE BLVD SUITE 300
BEVERLY HILLS, CA 90212-2624
**UPDATED ADDRESS - PER CREDITOR REQUEST**