Gregory P. Campbell (CA SBN 281732)
gcampbell@aldridgepite.com
Todd S. Garan (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino Del Rio South
Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor: White Mountain Capital Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC, *a Delaware limited liability company*,<br><br>Debtor(s). | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF STIPULATION RESOLVING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TREATMENT OF CREDITOR'S CLAIM BY AND BETWEEN WHITE MOUNTAIN CAPITAL, INC. AND DEBTOR, SIMBA IL HOLDINGS, LLC**<br><br>**Hearing:**<br><br>Date: November 18, 2025<br>Time: 2:00 PM<br>Place: Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701 |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES**:

White Mountain Capital Inc. ("WMCI" or "Creditor"), pursuant to Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure, will and hereby submits its Motion ("Motion") for an Order Approving the *Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay and Treatment of Creditor's Claim* (the "Stipulation") attached hereto as **Exhibit A** entered into by and between the above-captioned Debtor, Simba IL Holdings, LLC ("Debtor") and WMCI (collectively,

-1-

the "Parties") with respect to the real property located at 1220 Red Butte Drive, Aspen, CO 81611 ("Property").

## I. STATEMENT OF FACTS

A.  On or about March 10, 2025, Mordechai H. Ferder and Edit F. Ferder, individually and as Trustees of The Haim Family Trust U/D/T February 24, 2009 (collectively the "Borrowers"), delivered or are otherwise obligated with respect to a certain promissory note and loan agreement in the original principal amount of $6,750,000.00 (the "Note"). (*See* Motion for Relief, Ex. 1-2).

B.  Pursuant to that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Borrowers under and with respect to the Note and Deed of Trust are secured by the Property. The Deed of Trust reflects that it was duly recorded. (*See* Motion for Relief, Ex. 3).

C.  On August 22, 2025, WMCI caused a Notice of Election and Demand for Sale by Public Trustee to be recorded in Pitkin County, Colorado, due to a default under the terms of the Note and Deed of Trust. The Notice of Election reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711315. (*See* Motion for Relief, Ex. 4).

D.  On September 11, 2025, a Special Warranty Deed was executed and recorded by the Borrowers purporting to transfer the Borrowers' interest in the Property to the Debtor. The Special Warranty Deed reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711806. (*See* Motion for Relief, Ex. 5).

E.  On September 16, 2025, Debtor commenced the instant Bankruptcy Case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). (*See* Dkt No. 1).

F.  On September 25, 2025, Debtor filed an *Application to Employ Steven Shane of Compass Colorado, LLC as Real Estate Broker* ("Broker Application"). (Dkt No. 34).

G.  On September 30, 2025, Creditor filed a *Motion for Relief from Automatic Stay* ("Motion for Relief"). (Dkt No. 39).

H.  On October 9, 2025, Brian Gadol ("Gadol"), and Darren Testa ("Testa"), filed an

*Objection to the Motion for Relief*. (Dkt. No. 58).

I.  On October 9, 2025, Kristopher Winters ("Winters"), filed a *Joinder in the Objection to the Motion for Relief*. (Dkt No. 59).

J.  On October 9, 2025, WMCI filed a *Response to the Broker Application* ("Broker Response"). (Dkt. No. 57).

K.  Thereafter, WMCI and the Debtor reached an agreement regarding resolution of: (i) the Motion for Relief; (ii) the treatment of WMCI's Claim; and (iii) the Broker Application, with the terms reflected in the attached *Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay and Treatment of Creditor's Claim* (the "Stipulation"). (*See* Exhibit A).

## II. ARGUMENT

### A. THE TERMS OF THE STIPULATION PROVIDE ADEQUATE PROTECTION AND PROMOTE AN EQUITABLE RESOLTION OF THE MOTION FOR RELIEF

**1. Legal Standard.**

Pursuant to Rule 4001(d)(1)(A) of the Federal Rules of Bankruptcy Procedure, a party may file a motion seeking approval of an agreement to provide adequate protection or an agreement, or to condition the use or sale of property, or an agreement to modify or terminate the stay provided for in §362. Fed. R. Bankr. P. 4001(d)(1)(A) A motion brought pursuant to Rule 4001(d) must contain "a concise statement of the relief requested…that lists or summarizes, and sets out the location within the relevant documents of, all material provisions of the agreement." Fed. R. Bankr. P. 4001(d)(1)(B). Rule 4001(d) operates to protect the interest of the creditor who may be adversely affected by an undisclosed agreement by requiring notice to parties who may have an interest in, or be affected by, such an agreement. *In re Manchester Ctr.*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)(citation omitted).

**2. Relief Requested.**

By this Motion, WMCI seeks the Court's approval of the Stipulation.

**Material Provisions With Respect to Adequate Protection, Relief from Stay, and Sale Terms**

- Except as noted below, WMCI's legal, equitable, and contractual rights shall remain

-3-

unchanged with respect to its security interest in the Property. WMCI's Claim shall be allowed in full in any Chapter 11 Plan, and paid pursuant to the terms of the contractual loan documents, subject to a court order approving a sale, if applicable. (*See* Stipulation, ¶1).

- Within ten (10) calendar days from entry of a court order approving this Stipulation, WMCI, agrees to rescind any foreclosure document recorded against the Property. (*See* Stipulation, ¶4).

- WMCI's Claim shall be paid in full within one-hundred twenty (120) calendar days from entry of a court order approving the Stipulation ("Sale Period"). (*See* Stipulation, ¶5).

- WMCI's Claim shall be paid directly thorough an escrow company at the time of closing, based on an updated payoff demand submitted by WMCI. Expired payoff quotes may not be used to close escrow. (*See* Stipulation, ¶6).

- In the event the Debtor accepts an offer to purchase the Property, which is sufficient to pay WMCI's claim in full, Debtor shall file and notice a Motion to Sell the Property pursuant to 11 U.S.C. §363. (*See* Stipulation, ¶7).

- Upon the expiration of the Sale Period, the automatic stay of 11 U.S.C. §362 shall terminate, and WMCI shall be granted *in rem* relief from the automatic stay for a two (2) year period pursuant to 11 U.S.C. §362(d)(4). Upon termination of the automatic stay, WMCI may proceed with default remedies under applicable state law, including foreclosure. However, prior to expiration of the Sale Period, Debtor reserves its right to request an extension of the Sale Period for cause upon the filing and notice of a Motion. WMCI reserves its right to object to any extension of the Sale Period. Notwithstanding, any state or other law to the contrary, the Debtor retains the right to pay off the loan in full at any time up to and including the date of the foreclosure sale. (*See* Stipulation, ¶8).

- WMCI hereby withdraws its Response to the Broker Application filed at Docket Number 57. (*See* Stipulation, ¶16).

- Upon entry of an Order Approving the Stipulation, the Motion for Relief filed at Docket No. 39 shall be deemed withdrawn. (*See* Stipulation, ¶17).

**3.    The Relief Promotes Judicial Economy while Protecting Creditor's Rights**

In short, the Stipulation provides the Debtor with an extended Sale Period to market the Property for sale for up to 120 days from entry of an order approving the Stipulation. The Parties agree that WMCI's Claim will remain secured by the Property, and paid in full from any sale of the Property. The Parties agree that the terms of the Stipulation are sufficient to adequately protect WMCI's interest during the Sale Period. Further, the Parties assert that all creditors will benefit from the terms of the agreement, by allowing the Debtor to market and sell the Property during the Sale Period for the benefit of the Bankruptcy Estate. The Parties agree that entry of the Stipulation will save attorneys' fees, cost, and judicial resources by avoiding litigation associated with WMCI's Motion for Relief.

Except as stated herein, the Stipulation does not contain any of provisions of the type listed in subsection (c)(1)(B) of Rule 4001. As such, the Stipulation should be approved.

### III. CONCLUSION

For the reasons set forth herein, Creditor requests an order approving the Stipulation.

**WHEREFORE:** Creditor respectively requests entry of an Order:

1. Granting the Motion to Approve the Stipulation and Order thereon; and
2. Any other relief the Court deems necessary and appropriate.

**ALDRIDGE PITE, LLP**

Dated: October 17, 2025

*/s/ Gregory Campbell*
Gregory P. Campbell (CA SBN 281732)
Attorneys for Creditor: White Mountain Capital, Inc.