Gregory P. Campbell (CA SBN 281732)
gcampbell@aldridgepite.com
Todd S. Garan (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino Del Rio South
Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor: White Mountain Capital Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC, *a Delaware limited liability company*,<br><br>Debtor(s). | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**STIPULATION RESOLVING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TREATMENT OF CREDITOR'S CLAIM BY AND BETWEEN WHITE MOUNTAIN CAPITAL, INC. AND DEBTOR, SIMBA IL HOLDINGS, LLC** |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES**:

White Mountain Capital Inc. (""WMCI" or "Creditor"), and Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor"), and collectively the ("Parties"), by and through their counsel, enter into this *Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay and Treatment of Creditor's Claim* (the "Stipulation"). The terms of the Stipulation are contingent upon court approval upon entry of an Order Approving the Motion to Approve the Stipulation, filed concurrently herewith.

/././

/././

-1-

Exhibit A

**RECITALS:**

A. On or about March 10, 2025, Mordechai H. Ferder and Edit F. Ferder, individually and as Trustees of The Haim Family Trust U/D/T February 24, 2009 (collectively the "Borrowers"), delivered or are otherwise obligated with respect to a certain promissory note and loan agreement in the original principal amount of $6,750,000.00 (the "Note"). (*See* Motion for Relief, Ex. 1-2).

B. Pursuant to that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Borrowers under and with respect to the Note and Deed of Trust are secured by the real property located at 1220 Red Butte Drive, Aspen, CO 81611 (the "Property"). The Deed of Trust reflects that it was duly recorded. (*See* Motion for Relief, Ex. 3).

C. On August 22, 2025, WMCI caused a Notice of Election and Demand for Sale by Public Trustee to be recorded in Pitkin County, Colorado, due to a default under the terms of the Note and Deed of Trust. The Notice of Election reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711315. (*See* Motion for Relief, Ex. 4).

D. On September 11, 2025, a Special Warranty Deed was executed and recorded by the Borrowers purporting to transfer the Borrowers' interest in the Property to the Debtor herein, Simba IL Holdings, LLC ("Debtor"). The Special Warranty Deed reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711806. (*See* Motion for Relief, Ex. 5).

E. On September 16, 2025, Debtor commenced the instant Bankruptcy Case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). (*See* Dkt No. 1).

F. On September 25, 2025, Debtor filed an *Application to Employ Steven Shane of Compass Colorado, LLC as Real Estate Broker* ("Broker Application"). (Dkt No. 34).

G. On September 30, 2025, Creditor filed a *Motion for Relief from Automatic Stay* ("Motion for Relief"). (Dkt No. 39).

H. On October 9, 2025, Brian Gadol ("Gadol"), and Darren Testa ("Testa"), filed an *Objection to the Motion for Relief.* (Dkt. No. 58).

I. On October 9, 2025, Kristopher Winters ("Winters"), filed a *Joinder in the Objection*

Exhibit A

*to the Motion for Relief.* (Dkt No. 59).

J.	On October 9, 2025, WMCI filed a *Response to the Broker Application* ("Broker Response"). (Dkt. No. 57).

K.	Thereafter, WMCI and the Debtor reached an agreement regarding resolution of: (i) the Motion for Relief; (ii) the treatment of WMCI's Claim; and (iii) the Broker Application.

**THE PARTIES STIPULATE AS FOLLOWS**:

1.	Except as noted below, WMCI's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Property. WMCI's Claim shall be allowed in full in any Chapter 11 Plan, and paid pursuant to the terms of the contractual loan documents, subject to a court order approving a sale, if applicable.

2.	As of October 31, 2025, the approximate amount owed on WMCI's Claim totals $7,185,291.07 (the "Current Payoff"). The amount of the Current Payoff shall continue to accrue interest, advances, and fees until the loan is paid in full as permitted by the terms of the loan documents. Notwithstanding the Debtor's consent to WMCI's allowed Claim, nothing in this Stipulation shall preclude third parties from objecting to the amount or validity of WMCI's claim.

3.	Upon entry of a court order approving this Stipulation, the Current Payoff amount of WMCI's Claim shall be fixed, with interest accruing at 8.99% per annum, plus any fees, costs, or advances incurred thereafter until the earlier of: (i) expiration of the Sale Period, or (ii) payment of the loan in full.

4.	Within ten (10) calendar days from entry of a court order approving this Stipulation, WMCI, agrees to rescind any foreclosure document recorded against the Property.

5.	WMCI's Claim shall be paid in full within one-hundred twenty (120) calendar days from entry of a court order approving the Stipulation ("Sale Period" ).

6.	WMCI's Claim shall be paid directly thorough an escrow company at the time of closing, based on an updated payoff demand submitted by WMCI. Expired payoff quotes may not be used to close escrow.

7.	In the event the Debtor accepts an offer to purchase the Property, which is sufficient to pay WMCI's claim in full, Debtor shall file and notice a Motion to Sell the Property pursuant to

-3-

Exhibit A

11 U.S.C. §363.

8.  Upon the expiration of the Sale Period, the automatic stay of 11 U.S.C. §362 shall terminate, and WMCI shall be granted *in rem* relief from the automatic stay for a two (2) year period pursuant to 11 U.S.C. §362(d)(4). Upon termination of the automatic stay, WMCI may proceed with default remedies under applicable state law, including foreclosure. However, prior to expiration of the Sale Period, Debtor reserves its right to request an extension of the Sale Period for cause upon the filing and notice of a Motion. WMCI reserves its right to object to any extension of the Sale Period. Notwithstanding, any state or other law to the contrary, the Debtor retains the right to pay off the loan in full at any time up to and including the date of the foreclosure sale.

9.  In the event the automatic stay is terminated by expiration of the Sale Period, or by operation of law, or in the event the case is dismissed, WMCI reserves all rights to object the validity of the transfer of interest in the Property to the Debtor, Simba IL Holdings, LLC, and the Debtor's alleged ownership interest in the Property.

10.  Debtor hereby releases and discharges WMCI and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, agents, employees, officers, directors, shareholders, attorneys, investors, beneficiaries and/or owners of the loan, insurance carriers, vendors, and servicers (all of the foregoing being referred to collectively herein as the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) ("Claims") Debtor may have with respect to the Motion, Subject Loan, Note, Mortgage/Deed, Property, Foreclosure Case, or Bankruptcy Case, including any and all claims asserted in the Motion or Bankruptcy Case, arising out of the facts asserted in the Motion or Bankruptcy Case, or which could have been asserted in the Motion or Bankruptcy Cases, Foreclosure Case, or under applicable state law. The Debtor agrees not to assert any Claims in any court or other forum against Releasees for any matter within the scope of this release. This release includes a release of all Claims for the Subject Account described above, including the right to object to the validity or amount of WMCI's Proof of Claim. Debtor agrees not to assert the Claims in any court or other forum against the Releasees for any matter within the scope of the releases contained herein. The Release applies only to Claims, which arose prior to the date of this Stipulation.

Exhibit A

11. Nothing in this Stipulation shall be construed as a release by WMCI of the personal liability of any non-filing party, obligor, or guarantor under the loan documents.

12. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to expiration of the Sale Period, this Stipulation shall be void and WMCI shall retain its lien in the full amount due under the Note with the right to unwind the above terms.

13. Except as otherwise expressly provided herein, all remaining terms of the contractual loan documents shall govern the treatment of WMCI's Claim.

14. The terms of this Stipulation shall govern the treatment of WMCI's Claim in any Chapter 11 Plan. Debtor shall incorporate the terms of this Stipulation into any Chapter 11 Plan, and attach the Stipulation as an exhibit thereto.

15. The terms of this Stipulation are subject to court approval upon the filing of a Motion to Approve the Stipulation and entry of a court order approving the same.

16. WMCI hereby withdraws its Response to the Broker Application filed at Docket Number 57.

17. Upon entry of an Order Approving the Stipulation, the Motion for Relief filed at Docket No. 39 shall be deemed withdrawn.

**IT IS SO STIPULATED AND AGREED:**

**CREDITOR**

_____
Daniel Perl
White Mountain Capital, Inc.

**DEBTOR**

_____
By: Richard Marshack on behalf of
Debtor, Simba IL Holdings, LLC

Exhibit A

11. Nothing in this Stipulation shall be construed as a release by WMCI of the personal liability of any non-filing party, obligor, or guarantor under the loan documents.

12. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to expiration of the Sale Period, this Stipulation shall be void and WMCI shall retain its lien in the full amount due under the Note with the right to unwind the above terms.

13. Except as otherwise expressly provided herein, all remaining terms of the contractual loan documents shall govern the treatment of WMCI's Claim.

14. The terms of this Stipulation shall govern the treatment of WMCI's Claim in any Chapter 11 Plan. Debtor shall incorporate the terms of this Stipulation into any Chapter 11 Plan, and attach the Stipulation as an exhibit thereto.

15. The terms of this Stipulation are subject to court approval upon the filing of a Motion to Approve the Stipulation and entry of a court order approving the same.

16. WMCI hereby withdraws its Response to the Broker Application filed at Docket Number 57.

17. Upon entry of an Order Approving the Stipulation, the Motion for Relief filed at Docket No. 39 shall be deemed withdrawn.

**IT IS SO STIPULATED AND AGREED:**

**CREDITOR**

_____
Daniel Perl
White Mountain Capital, Inc.

**DEBTOR**

_____
By: Richard Marshack on behalf of
Debtor, Simba IL Holdings, LLC

-5-

Exhibit A

Chief Restructuring Officer (Application Pending)
**MARSHACK HAYS WOOD LLP**

**APPROVED AS TO FORM:**

Dated: October 17, 2025

**ALDRIDGE PITE, LLP**

_____
Gregory P. Campbell (CA SBN 281732)
Attorneys for Creditor: White Mountain Capital, Inc.

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

By: /_____

Leonard M. Shulman – Bar No. 126349
James C. Bastian, Jr. – Bar No. 175415
Alan J. Friedman – Bar No. 132580
Max Casal – Bar No. 342716

Exhibit A