**SQUIRE PATTON BOGGS (US) LLP**

Karol K. Denniston, CA Bar #141667
555 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
karol.denniston@squirepb.com

Peter R. Morrison (admitted pro hac vice)
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
peter.morrison@squirepb.com

*Attorneys for: Compass Diversified Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>**SIMBA IL HOLDINGS, LLC.**<br><br><br><br><br><br><br><br><br>Debtor. | Case No.: 8:25-bk-12616-MH<br>Chapter: 11<br><br>**NOTICE OF CODI'S OPPOSITION AND REQUEST FOR A HEARING ON DEBTOR'S APPLICATION TO RETAIN REEVES & WEISS LLP AS SPECIAL LITIGATION COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE** |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

NOTICE IS HEREBY GIVEN that Compass Diversified Holdings LLC ("CODI") hereby opposes the application of Simba IL Holdings LLC to employ Reeves and Weiss LLP as Special Litigation Counsel [Dkt. No. 73] ("Application"). CODI also requests a hearing pursuant to Local Bankruptcy Rule 9013-1(o)(4) with respect to the Application. As discussed in the Opposition, CODI opposes the Application and retention of Reeves & Weiss LLP on the grounds

that retention is prohibited under sections 327(a) and 327(e) of Title 11 of the United States Code.

The Opposition is based upon 11 U.S.C. § 327, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, pleadings filed in this case, and such other evidence or argument as may be presented at any hearing on the Application.

Attached hereto are the following documents in support of this opposition, which are admissible under the Federal Rules of Evidence:

- Memorandum of Points and Authorities
- Exhibit A: Complaint filed in the case *Lugano Diamonds & Jewelry Inc. v. Mordechai Ferder*, Case No. 30-2025-01492210-CU-CO-CJC (Sup. C. Cal. June 24, 2025).
- Exhibit B: Complaint filed in the case *Kristoffer Winters v. Lugano Diamonds & Jewelry Inc., et al.*, Case No. 25-01202-DOC (C.D. Cal. 2025).
- Exhibit C: Order filed in the case *Kristoffer Winters v. Lugano Diamonds & Jewelry Inc., et al.*, Case No. 25-01202-DOC, Dkt. No. 75 (C.D. Cal. 2025).

Total number of attached pages of supporting documentation: 51

Any reply to this opposition must be filed with the court and served on this opposing party not later than 7 days prior to the hearing on the motion.

WHEREFORE, the undersigned prays that this court deny the subject request and set this matter for a hearing.

Date: October 29, 2025

    Respectfully Submitted,
    **SQUIRE PATTON BOGGS LLP**
    /s/ Karol Denniston
    Karol Denniston
    *Attorney for Compass Diversified Holdings LLC*

SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104

**TABLE OF CONTENTS**

I. Preliminary Statement ........................................................................................................ 5

II. Statement of Facts ............................................................................................................. 6

   A. Case Commencement and Background ...................................................................... 6

   B. Lugano's Pending Fraud Suit Against Mr. Ferder .......................................................... 7

   C. Active Litigation Commenced Against the Debtor ....................................................... 8

III. Argument .......................................................................................................................... 8

   A. Retention of R&W is Impermissible Under Section 327(a). ........................................ 9

   B. Retention of R&W Under Section 327(e) is Improper. ............................................... 12

IV. Conclusion ...................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289 (9th Cir. 1996) .................................. 7

*Holder v. Holder*, 305 F.3d 854 (9th Cir. 2002) ........................................................................ 7

*In re 3DFX Interactive, Inc.*, No. BAP NC-07-1240-KJUMK, 2008 WL 8448326 (B.A.P. 9th Cir. Feb. 6, 2008) .................................................................................................................. 10

*In re AFI Holding, Inc.*, 355 B.R. 139 (B.A.P. 9th Cir. 2006), *aff'd and adopted*, 530 F.3d 832 (9th Cir. 2008) ....................................................................................................................... 11

*In re Big Mac Marine*, 326 B.R. 150 (B.A.P. 8th Cir. 2005) ...................................................... 9

*In re Goldstein*, 383 B.R. 496 (Bankr. C.D. Cal. 2007) ........................................................... 13

*In re Imperial Corp. of Amer.*, 181 B.R. 501 (Bankr. S.D. Cal. 1995) ..................................... 13

*In re Lincoln Hosp. Med. Ctr., Inc.*, 234 F. App'x 426 (9th Cir. 2007) ................................. 9, 10

*In re Running Horse, L.L.C.*, 371 B.R. 446 (Bankr. E.D. Cal. 2007) .............................. 9, 12, 13

*In re Sonya D. Int'l, Inc.*, 484 B.R. 773 (Bankr. C.D. Cal. 2012) .............................................. 13

*In re Star Ready Mix, Inc.*, 2008 WL 5338746 (Bankr. E.D. Cal. 2008) .................................. 10

*In re Thrush Aircraft, Inc.*, No. 19-10976-AEC, 2020 WL 1650323 (Bankr. M.D. Ga. Mar. 31, 2020) ..................................................................................................................................... 12

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741 (9th Cir. 2006) ................................. 7

**Statutes**

11 U.S.C. § 101(14)(C) ............................................................................................................ 11

11 U.S.C. § 327 ............................................................................................................. 9, 12, 13

SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Preliminary Statement

Simba IL Holdings LLC ("Simba" or "Debtor") seeks to retain Reeves and Weiss LLP ("R&W") to perform wide-ranging litigation services that are neither limited in scope nor free from conflicting interests. Simba has submitted the Application to employ R&W to provide broad professional services to the Debtor, including representing it in six prepetition litigation suits pending in various courts (the "Prepetition Actions"), but also to investigate proofs of claims by parties who "instead of the Debtor may be creditors of Lugano Diamonds, Mordechai Ferder, and/or the Haim Family Trust pursuant to diamond contracts entered into with Lugano Diamonds" and to "[i]nvestigate and litigate *any and all* claims and causes of action which constitute property of the Debtor's estate . . . ." Dkt. No. 73, at 3–4 (emphasis added).  However, R&W already represents parties with material and adverse interests to the Debtor: Mordachai Ferder and the Haim Family Trust for which Mr. Ferder is the trustee.

Mr. Ferder and the Haim Family Trust hold interests materially adverse to the Debtor and are key potential litigation targets for the Debtor.  The Debtor owns a 40% interest in Lugano Diamonds and Jewelry Inc. ("Lugano").  Prior to May of 2025, Mr. Ferder was Lugano's CEO, and until or around the petition date, he was a managing member of the Debtor.  Between June 3, 2025 and September 12, 2025, the Debtor has been named in at least six suits arising from its dealings with Lugano while Lugano was under the control of Mr. Ferder.[1]  Mr. Ferder and the

---

[1] Debtor's Application confirms that Debtor is a defendant in the following cases:
   "*Winters v. Lugano Diamonds & Jewelry Inc.*, et al. – Case No. 25-01202, pending in the United States District Court, Central District of California, filed on June 2, 2025.
   *Gadol, et al. v. Ferder, et al.*, Case No. 30-2025-01488102-CU-BC-CJC, pending in Orange County Superior Court, filed on June 6, 2025.
   *Gadol, et al. v. Ferder, et al.* – Case No. 2025CV30067, pending in Pitkin County Superior Court, filed on June 18, 2025.
   *Gadol, et al. v. Ferder, et al*. – Case No. N25C-07-026 PAW, pending in Delaware Superior Court, filed on July 2, 2025.
   *Gadol, et al. v. Simba IL Holdings, LLC* – Case No. N25J-01759, pending in Delaware Superior Court, filed on July 2, 2025
   *Winters v. Simba IL Holdings, LLC* – Case No. N25J-02463, pending in Delaware Superior Court, filed on September 12, 2025."
Dkt. No. 73, at P. 4–5.

Haim Family Trust are defendants in many of those suits, which credibly allege pervasive fraud by Mr. Ferder. The Application itself discloses that R&W has "represented Mr. Ferder both individually and in his capacity as Trustee of the Haim Family Trust in connection with the Prepetition Actions and other litigation pending against Mr. Ferder and the Haim Family Trust." *Id.* at 5. As discussed below, that includes a suit with detailed allegations of Mr. Ferder's fraudulent activities while serving as Lugano's CEO and managing director of the Debtor.

Despite R&W's prior and ongoing representation of Mr. Ferder and the Haim Family Trust, the Debtor now proposes to retain R&W as professional counsel, including in matters where its other clients are parties and in connection with the evaluation of claims against the Debtor implicating the interests of Mr. Ferder and the Haim Family Trust. This is fundamentally improper. Professionals of the estate must be disinterested. R&W's significant prepetition and ongoing relationships with Mr. Ferder and the Haim Family Trust create direct and material conflicts that prevent R&W from being disinterested. In addition, R&W represents interests adverse to the Debtor's estate, and the retention is not in the estate's best interests. As a result, the Debtor cannot meet its burden under sections 327(a) and 327(e) of the Bankruptcy Code. Thus, for the reasons set forth herein, the Application should be denied.

## II. Statement of Facts

### A. Case Commencement and Background

On September 15, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is a Delaware limited liability company that acts as a holding company. *See* Dkt. No. 73, at 2. The Debtor's primary assets appear to be an indirect 40% stake in Lugano, a portfolio of investment accounts, and a valuable home in Aspen, Colorado. *Id.* CODI owns the remaining 60% equity

interest in Lugano Diamonds. Until his resignation in May of 2025, Mr. Ferder served as CEO of Lugano.

Prior to the Petition Date, Mr. Ferder was a managing member of the Debtor. *See* Dkt. No. 73 at 2. Prior to or on the Petition Date, Mr. Ferder allegedly transferred authority to manage the Debtor's operations and to conduct a liquidation of its assets to Richard Marshack of Marshak, Hays, Wood LLP, as the Debtor's Chief Restructuring Officer. *Id.*

### B. Lugano's Pending Fraud Suit Against Mr. Ferder

Lugano is a high-end retailer that sells diamonds and jewelry to clients all over the world. On June 24, 2025, within one month of Mr. Ferder's resignation as CEO, Lugano sued Mr. Ferder individually and in his capacity as trustee of the Haim Family Trust. *See* Exhibit A - Complaint, *Lugano Diamonds & Jewelry Inc. v. Mordechai Ferder*, Case No. 30-2025-01492210-CU-CO-CJC, Docket No. 1, ¶ 1 (Sup. C. Cal. June 24, 2025) (the "Lugano Complaint").[2] Lugano alleges that Mr. Ferder engaged in fraudulent schemes that exposed Lugano to over $100 million in potential liabilities and reputational harm. *Id.* at ¶ 2. The Lugano Complaint details Mr. Ferder's fraudulent actions, including: (1) concealing and misrepresenting the nature of numerous financing transactions he entered into with third-party, high net worth individuals by creating potential liabilities for Lugano and disguising them as direct sales, (2) forging invoices and sale documents, (3) sending empty box shipments to mimic legitimate product deliveries, (4) falsely recording the money from the third-party individuals as revenue for Lugano, and (5) concealing the repayment obligations from Lugano's books. *Id.* at ¶ 2. An investigation into Lugano's accounts and the extent of Mr. Ferder's scheme is ongoing. *Id.* at ¶ 31.

---

[2] CODI requests that the Court take judicial notice of exhibits that are filings in other cases pursuant to Federal Rule of Evidence 201(b), (d). *See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record"); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of court records in prior, related state court proceeding); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 (9th Cir. 1996) (noting the district court was allowed to take judicial notice of facts drawn from "prior court orders and judgments").

### C. Active Litigation Commenced Against the Debtor

Between June 3, 2025 and September 12, 2025, at least six other lawsuits were filed against the Debtor. *See* Dkt. No. 73 at 2–3. These lawsuits stem from allegations surrounding Lugano's dealings while it was under Mr. Ferder's management. All name Lugano or Mr. Ferder as co-defendants. Debtor has confirmed that it employed R&W as its counsel for these actions. *Id.* at 3.

The earliest action was commenced on June 3, 2025 when Kristoffer Winters filed a complaint in the United States District Court for the Central District of California against Lugano, Mr. Ferder in his individual capacity, Mr. Ferder as trustee of the Haim Family Trust, and Simba. *See* Exhibit B – Complaint, *Winters v. Lugano Diamonds & Jewelry, Inc., et. al*., Case No. 8:25-cv-01202, Docket No. 1 (C.D. Cal.) (the <u>Winters Complaint</u>"). Mr. Winters seeks recovery from the defendants for breach of an agreement—purportedly made by Lugano through Mr. Ferder—stemming from Mr. Winters's investment of $3,075,000 in three diamonds held by Lugano and guaranteed by Mr. Ferder, the Haim Family Trust, and the Debtor. *Id.* After Plaintiff Winters made "diligent efforts" to locate Mr. Ferder in Tel Aviv, Israel (where he removed himself after resigning from Lugano), the District Court granted a motion permitting service on Mr. Ferder through R&W. *See* Exhibit C - Dkt. No. 75, Sep. 10, 2025 Order, *Winters v. Lugano Diamonds & Jewelry, Inc., et. al*., Case No. 8:25-cv-01202, (the "<u>Winters Order</u>"). In the Winters Order, the District Court found that R&W "regularly communicates with [Mordechai Ferder and the Haim Family Trust] about this litigation, takes positions, and has a way of contacting Ferder." *Id.* at 2.

### III. <u>Argument</u>

In all bankruptcy proceedings, it is essential that professionals employed by a trustee or debtor-in-possession meet the eligibility standards set forth in section 327 of the Bankruptcy Code. 11 U.S.C. § 327. These safeguards ensure that professionals serving the estate act with undivided

loyalty and without conflicts of interest that could compromise the integrity of the reorganization process. The debtor bears the burden of showing that its proposed retention satisfies section 327 in all respects. *See, e.g.*, *In re Running Horse, L.L.C.*, 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007); *In re Big Mac Marine*, 326 B.R. 150, 154 (B.A.P. 8th Cir. 2005). The Debtor has failed to meet that burden here. Indeed, the Application to employ R&W affirmatively demonstrates that the burden can never be satisfied because of R&W's conflicting interests and obligations to Mr. Ferder and the Haim Family Trust.

### A.    Retention of R&W is Impermissible Under Section 327(a).

Section 327(a) of the Bankruptcy Code governs a debtor's retention of professionals by authorizing a debtor to employ attorneys and other professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ." 11 U.S.C. § 327(a). The Ninth Circuit requires that (1) the attorney must not hold or represent an interest adverse to the estate, and (2) the attorney must be a disinterested person. *See In re Lincoln Hosp. Med. Ctr., Inc.*, 234 F. App'x 426, 428 (9th Cir. 2007). These dual requirements are not mere formalities; they are essential to the integrity of the bankruptcy process. The Applications fails the requirements because R&W represents interests adverse to the Debtor's estate and is not conflict free.

#### 1.    R&W Represents Interests Adverse to the Estate.

While the Bankruptcy Code does not define an "adverse interest," the Ninth Circuit recognizes that adverse interest is generally defined to include "possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant." *In re 3DFX Interactive, Inc.*, No. BAP NC-07-1240-KJUMK, 2008 WL 8448326, at *5 (B.A.P. 9th Cir. Feb. 6, 2008) (considering adverse interest as part of its assessment of a potential conflict held by a committee member). A professional's potential to oppose the estate in

litigation is a recognized violation of section 327(a) of the Bankruptcy Code. *See, e.g., In re Lincoln Hosp. Med. Ctr., Inc.*, 234 F. App'x 426, 428 (9th Cir. 2007); *In re Star Ready Mix, Inc.*, 2008 WL 5338746, at *1–2 (Bankr. E.D. Cal. 2008). In *Lincoln Hosp.*, the Ninth Circuit affirmed a bankruptcy court's denial of a debtor's application to retain a law firm as its counsel because the firm was retained to litigate a fraud suit brought by another debtor. *Lincoln Hosp.,* 234 F. App'x at 428. The Ninth Circuit affirmed the district court's reasoning that retention would have placed the firm "in the impossible position of working cooperatively with [Debtors] in [one] matter, while taking a position adverse to them in [another] matter." *Id*. Therefore, when a firm could represent a party with an interest adverse to a debtor's estate, courts in the Ninth Circuit bar retention of that firm under Section 327(a).

The same result obtains here. The Application's proposed retention of R&W to pursue "any and all" claims on behalf of the estate does and should include claims against Mr. Ferder and Haim Family Trust, including presumably based on the fraud credibly alleged in the Complaint by Lugano – the entity in which the Debtor holds an economic interest and for which Mr. Ferder served as CEO before resigning and leaving the country. R&W would be tasked with investigating and pursuing claims against its own clients, Mr. Ferder and the Haim Family Trust. This would include claims based on Mr. Ferder's alleged fraud as CEO, impairing the Debtor's interest in Lugano. Additionally, the Application itself states that R&W would be employed to "analyze and respond to proofs of claims" by persons who "instead of the Debtor, may be creditors of Lugano Diamonds, Mordechai Ferder, and/or the Haim Family Trust pursuant to diamond contracts entered into with Lugano Diamonds." Dkt. No. 73, at 3. According to the Application, R&W would be responsible for assessing the conduct of its own client, Mr. Ferder, and making determinations regarding whether claims should be pursued against him or R&W's additional

client the Haim Family Trust "instead of" against the Debtor.  Just as in *Lincoln Hosp.*, R&W represents interests adverse to the Debtor's estate, and its retention should not be approved.

### 2. R&W is Not Disinterested.

Moreover, R&W is not disinterested.  The Bankruptcy Code's definition of a "disinterested person" includes "not hav[ing] an interest *materially adverse* to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, *or for any other reason*."  11 U.S.C. § 101(14)(C) (emphasis added).  This definition is intentionally broad and designed to prevent even the appearance of divided loyalty.  *See In re AFI Holding, Inc.*, 355 B.R. 139, 153 (B.A.P. 9th Cir. 2006), *aff'd and adopted*, 530 F.3d 832 (9th Cir. 2008) ("The Code's definition of disinterestedness covers not only actual impropriety, but the appearance of impropriety as well.).

R&W can never meet this standard. It represents Mr. Ferder and the Haim Family Trust, including in litigation presenting detailed allegations of Mr. Ferder's fraud while acting as the managing director of Debtor and the CEO of Lugano.  The Application itself acknowledges this representation, albeit without providing pertinent detail.  Dkt. No. 73, at 5 (referring only to "litigation initiated by Lugano Diamonds" in claiming an absence of conflicts).  In the Winters Order entered last month, the U.S. District Court for the Central District of California recognized R&W's ongoing professional relationship with Mr. Ferder and the Haim Family Trust.  *See* Exhibit C, Winters Order, at 2.  R&W's representation creates a material adverse connection.  Accordingly, R&W cannot be considered a "disinterested person" within the meaning of the section 327(a) of the Bankruptcy Code.  Accordingly, the Application should be denied.

**B.    Retention of R&W Under Section 327(e) is Improper.**

Section 327(e) of the Bankruptcy Code provides a narrow and carefully limited exception to Section 327(a) that allows a debtor to employ prior counsel only "for a specified special purpose, other than to represent the trustee in conducting the case." 11 U.S.C. § 327(e). It permits the employment of prior counsel only if three conditions are met: (1) the employment is for an explicitly defined, limited purpose unrelated to the debtor's reorganization; (2) the proposed special counsel does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which it is retained; and (3) Debtor's employment of special counsel for a specified purpose is in the best interest of the estate. *See id; see also In re Running Horse, L.L.C.*, 371 B.R. 446, 451 (Bankr. ED Cal. 2007); *In re Thrush Aircraft, Inc.*, No. 19-10976-AEC, 2020 WL 1650323, at *2 (Bankr. M.D. Ga. Mar. 31, 2020).

Here, the Application fails to satisfy these requirements because (1) the requested scope of work is far broader than a permissible special purpose (*i.e.*, representing the estate as general litigation counsel), (2) as discussed above, R&W represents parties with interests adverse to the estate, and (3) R&W's retention would not serve the best interests of the estate's reorganization because R&W cannot adequately represent the estate against its others clients – Mr. Ferder and the Haim Family Trust. Each of these deficiencies independently precludes approval of the Application under section 327(e) of the Bankruptcy Code.

Further, courts consistently hold that special counsel permitted under section 327(e) of the Bankruptcy Code must be retained for a discrete, well-defined purpose that is unrelated to the administration of the bankruptcy case. *See In re Goldstein*, 383 B.R. 496, 501–02 (Bankr. C.D. Cal. 2007) (approving retention of family law counsel solely for divorce-related matters); *In re Sonya D. Int'l, Inc.*, 484 B.R. 773, 778–81 (Bankr. C.D. Cal. 2012) (approving debtor's retention

of special counsel to litigate a constructive trust matter).  Courts routinely deny retention requests where the scope of proposed special counsel's representation exceeds the narrow purpose contemplated by section 327(e) of the Bankruptcy Code.  *See In re Running Horse, LLC.*, 371 B.R. 446 (Bankr. E.D. Cal. 2007) (denying application where counsel's proposed role in real estate and business transaction matters was "far too expansive" to be appropriate for under Section 327(e))*; In re Imperial Corp. of Amer.*, 181 B.R. 501, 506–07 (Bankr. S.D. Cal. 1995) (rejecting application where counsel's proposed work was so general that it would overlap substantially with that of general counsel).

As discussed in this objection, the Debtor seeks to retain R&W for a broad range of litigation matters related to the administration of this case, including: determining proofs of claim as between the Debtor, Mr. Ferder, and the Haim Family Trust; pursuing claims on behalf of the estate, which do and should include claims against Mr. Ferder; and "challenging claims, asserting affirmative claims and defenses on behalf of the Debtor, and otherwise assisting with any related matters and legal issues which may arise."  *See* Dkt. No. 73, at 3–4.  The broad scope of R&W's proposed representation covers a wide array of litigation tasks fundamental to maintaining the estate and are too broad to constitute a "special purpose" under section 327(e). Thus, the Application should be denied.

Furthermore, even if the Application were construed as seeking approval for a limited purpose, it would still fail because, as discussed above, R&W represents parties whose interests are adverse to the Debtor on matters for which the Debtor seeks to employ R&W, which is a violation of section 327(e) of the Bankruptcy Code.  *See* 11 U.S.C. § 327(e) (prohibiting the retention of an attorney who "represents or holds any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.").

Finally, the Debtor cannot establish that R&W's retention would serve the best interests of the estate. R&W's representation of insiders who are potential litigation targets undermines its ability to advocate zealously for the estate. Any attempt by R&W to pursue claims or defend against actions involving those insiders would be compromised by divided loyalties. The resulting conflicts would not only impair the estate's litigation strategy but also expose the Debtor to procedural challenges and unnecessary motion practice, thereby increasing administrative costs and delaying the progress of bankruptcy proceedings. Finally, aside from the substantive problems they present, the proposed retention of R&W presents the profound appearance of impropriety, particularly given the nature of the significant fraud allegations against Mr. Ferder.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Application fails to satisfy the statutory requirements of section 327 of the Bankruptcy Code and should be denied.

WHEREFORE, CODI respectfully requests that the Court enter an order denying the Application and granting such other and further relief as this Court deems just and appropriate.

Date: October 29, 2025

          Respectfully Submitted,
          **SQUIRE PATTON BOGGS LLP**
          /s/ Karol Denniston
          Karol Denniston
          *Attorney for Compass Diversified Holdings LLC*