**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
TRACI L. SHAFROTH (Cal. Bar No. 251673)
(tshafroth@kbkllp.com)
JAY R. MINGA (Cal. Bar No. 293744)
(jminga@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Lugano Diamonds & Jewelry Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC,<br><br>   Debtor and Debtor in Possession. | Case No. 8:25-bk-12616-MH<br>Chapter 11<br><br>Assigned to Hon. Mark D. Houle<br><br>**LIMITED OPPOSITION OF LUGANO DIAMONDS & JEWELRY INC. TO SUPPLEMENT AND AMENDED STIPULATION TO MOTION FOR APPROVAL OF STIPULATION RESOLVING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY AND BETWEEN WHITE MOUNTAIN CAPITAL, INC. AND DEBTOR, SIMBA IL HOLDINGS, LLC [DKT. 150]; JOINDER TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY WHITE MOUNTAIN CAPITAL INC. [DKT. 151]**<br><br><u>**Hearing Date:**</u><br>Date: December 9, 2025<br>Time: 2:30 p.m.<br>Place: 6C<br>   411 West Fourth Street<br>   Santa Ana, CA 92701 |

**LIMITED OPPOSITION TO AMENDED STIPULATION; JOINDER TO OPPOSITION**

1

Lugano Diamonds & Jewelry Inc. ("Lugano"), by and through its undersigned counsel of record, hereby files this limited opposition (the "Limited Opposition") to the Supplement (the "Supplement") and Amended Stipulation (the "Amended Stipulation") to the Motion for Approval of Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay (the "Motion") By and Between White Mountain Capital, Inc. ("WMCI") and Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor") [Dkt. No. 86], filed by WMCI on December 1, 2025, at Docket Number 150, with respect to the real property located at 1220 Red Butte Drive, Aspen, CO 81611 (the "Aspen House").

Lugano further hereby joins in Debtor's Opposition to Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) Filed By White Mountain Capital Inc.; Declarations of Richard A. Marshack and Steven Shane in Support Thereof, also filed by Debtor on December 1, 2025, at Docket Number 151 (respectively, the "Joinder," and the "Opposition"), in opposition to WMCI's state-court foreclosure action against the Aspen House.

In support of Lugano's Opposition and Joinder, Lugano respectfully states as follows.

## I.  CLARIFICATIONS TO THE AMENDED STIPULATION

1.  Lugano does not challenge the core terms of the compromise reached between the Debtor and WMCI in the Supplement and Amended Stipulation. Lugano has concerns regarding ambiguities in the Amended Stipulation and wishes to ensure that certain rights are preserved, as Lugano understands was intended by the parties.[1]

2.  <u>The Amended Stipulation Must Preserve Estate Rights.</u>  The Amended Stipulation removed a broad release that appeared in paragraph 10 of the prior version of the Stipulation. *See* Mot. for Approval of Stip., Ex. A [Dkt. No. 76-1].[2] New paragraph 10 now states that "[n]othing in this Stipulation shall be construed as a release by any party of WMCI and/or the Subject Loan."

---

[1] The undersigned communicated with the Debtor's counsel, who was amenable to the clarifications described herein. Counsel for WMCI was unable to meet and confer before the filing of this Limited Opposition.

[2] This Court was critical of that release. *See also* Nov. 28, 2025 Hr'g Tr. 6:16-22 ("I agree with the objecting creditors as to the flaws in the stipulation … [including] things being approved here that are really more appropriately the subject of a 9019 motion, specifically, essentially, allowing White Mountain's claim, and then, as well, in addition to all of the releases, the fairly extensive releases.").

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Yet the Amended Stipulation retains language in its paragraph two about only third parties' rights, stating that "Nothing in this Stipulation shall preclude *third parties* from objecting to the amount or validity of the Subject Loan." (Emphasis added.) Because the Amended Stipulation is silent in this respect as to the Debtor, Lugano is concerned that WMCI might later argue that the Debtor did not retain any such rights as a matter of contractual interpretation, *i.e.*, the principle that the expression of one thing is the exclusion of the others. *See, e.g.*, *Huverserian v. Catalina Scuba Luv, Inc.*, 184 Cal. App. 4th 1462 (Cal. App. 2nd Dist. 2010) (applying the doctrine of *expressio unius est exclusion alterus* in interpreting contracts under California law.)  The sentence in paragraph two should read, simply, "Nothing in this Stipulation shall preclude *any party* from objecting to the amount or validity of the Subject Loan."

3. <u>The Amended Stipulation Should Preserve Third Parties' Rights to Object to WMCI's Claim</u>.  The amendments in the Amended Stipulation may not fully preserve objections that may be raised against WMCI.  *Compare* Stipulation ¶ 2 [Dkt. No. 76] ("[N]othing in this Stipulation shall preclude third parties from objecting to the amount or validity of *WMCI's claim*."), *with* Amended Stipulation ¶ 2 [Dkt. No. 150] ("Nothing in this Stipulation shall preclude third parties from objecting to the amount or validity of *the Subject Loan*.") (emphases added).  The reserved rights in the Amended Stipulation, in this context, potentially exclude objections relating to WMCI itself, independent of the Subject Loan.[3]

## II. JOINDER TO DEBTOR'S OPPOSITION TO WMCI'S MOTION FOR RELIEF FROM AUTOMATIC STAY

4. Lugano hereby joins in Debtor's Opposition to WMCI's motion for relief from the automatic stay to pursue a state-court foreclosure action on the Aspen House to the extent that parties should preserve the right to present evidence that an equity cushion exists if foreclosure is otherwise imminent.

/ / /

---

[3] This is not an idle concern.  WMCI and/or an affiliate appears to have profited from the "investment contracts" that are central to the Ferder fraud alleged by Lugano.  No discovery has commenced with respect to WMCI's role and it is therefore important objections that might arise from conduct outside of the making of the Subject Loan remain available.

WHEREFORE, for the reasons set forth in the Opposition, Lugano (I) respectfully requests that the Court require the parties to resolve the ambiguities set forth above and (II) joins the Opposition to the extent that the Amended Stipulation is without prejudice to a later motion to stay a foreclosure sale based on evidence of an equity cushion, and for such other relief as is appropriate under the circumstances.

DATED: December 6, 2025              KELLER BENVENUTTI KIM LLP

By: /s/ Jay R. Minga
Jay R. Minga
*Attorneys for Lugano Diamonds & Jewelry Inc.*