**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
TRACI L. SHAFROTH (Cal. Bar No. 251673)
(tshafroth@kbkllp.com)
JAY R. MINGA (Cal. Bar No. 293744)
(jminga@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Lugano Diamonds & Jewelry Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC,<br><br>　　　Debtor and Debtor in Possession. | Case No. 8:25-bk-12616-MH<br>Chapter 11<br><br>Assigned to Hon. Mark D. Houle<br><br>**RESPONSE OF LUGANO DIAMONDS & JEWELRY INC. TO DEBTOR'S MOTION FOR ORDER: (I) APPROVING PROCEDURES IN CONNECTION WITH THE SALE OF REAL PROPERTY; (II) APPROVING FORMS OF NOTICES; AND (III) GRANTING RELATED RELIEF; DECLARATIONS OF RICHARD A. MARSHACK AND STEVEN SHANE IN SUPPORT THEREOF**<br><br>**Hearing Date:**<br>Date:　December 16, 2025<br>Time:　2:30 p.m.<br>Place:　6C<br>　　　　411 West Fourth Street<br>　　　　Santa Ana, CA 92701 |

Lugano Diamonds & Jewelry Inc. ("Lugano"), by and through its undersigned counsel of record, hereby files this response (the "Response") to the *Debtor's Motion for Order:*

1

*(I) Approving Procedures in Connection with the Sale of Real Property; (II) Approving Forms of Notices; and (III) Granting Related Relief; Declarations of Richard A. Marshack and Steven Shane in Support Thereof* [Dkt. No. 144] (the "Motion" or "Sale Procedures Motion")[1] filed by Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor"). In support of the Objection, Lugano respectfully states as follows.

1. Lugano and the Debtor Have Reached an Agreement Concerning the Sale Procedures Motion. Following the Debtor's filing of the Motion, counsel for Lugano and counsel for the Debtor engaged in productive discussions regarding Lugano's concerns with the Sale Procedures Motion, the declaration of Richard A. Marshack, and the proposed form of notice attached to the Motion (the "Stalking Horse Notice"). Counsel for Lugano and the Debtor have agreed to certain changes to the Sale Procedures Motion and the Stalking Horse Notice which are detailed below.

2. Changes to the Language of the Sale Procedures Motion. Lugano and the Debtor have negotiated and agreed to the following changes to the Motion:

   a. Section II.B. The Real Property.

With respect to Section II, Subsection B. The Real Property, the following phrase is changed to include the word "allegedly" within "The Real Property is encumbered," as indicated here:

- "The Real Property is allegedly encumbered as follows (in order of priority): . . ."

   b. Section II.D.1.b. Stalking Horse Notice.

Subsection D. Proposed Sale Procedures, 1. Stalking Horse Procedures, b. Stalking Horse Notice is deleted in its entirety and replaced with the following:

Section II.D.1.b. Stalking Horse Notice and Bid Deadline Notice.

Upon entering into a Stalking Horse Agreement with a Stalking Horse Bidder, the Debtor will file a notice on the Court's docket (the "Stalking Horse Notice") advising all parties-in-interest of the designation of the Stalking Horse

---

[1] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

2

Bidder and Pre-Auction Backup Bidder (if any), attaching the proposed Stalking Horse Agreement for other interested parties to review and submit competing bids against, and setting the deadline to submit any objection to the designation of the Stalking Horse Bidder or Pre-Auction Backup Bidder (if any) (each, a "Designation Objection") as seven (7) days after the filing of the Stalking Horse Notice (the "Designation Objection Deadline"). The Stalking Horse Notice shall be amended in accordance with the Response of Lugano to this Motion.

If no Designation Objection is timely filed, the Debtor shall be authorized, without further order of the Court, to proceed with the Stalking Horse Bidder and/or Pre-Auction Backup Bidder as designated. The Debtor shall then file and serve a subsequent notice (the "Bid Deadline Notice") which shall: (i) confirm the designation of the Stalking Horse Bidder and/or Pre-Auction Backup Bidder (if any), (ii) set the deadline to submit competing bids on the Real Property (the "Bid Deadline") as three days after the filing of the Bid Deadline Notice, and (iii) provide notice of the Auction.

If a Designation Objection is timely filed, the Debtor shall promptly schedule such objection for hearing and otherwise confer with the objecting party to resolve the Designation Objection consensually. The Debtor shall file and serve the Bid Deadline Notice only upon: (i) the Court's entry of an order overruling or otherwise resolving all Designation Objections, or (ii) upon consensual resolution of all Designation Objections.

In the event that the Court sustains a Designation Objection or the Debtor is unable to consensually resolve a Designation Objection, the Debtor shall have the right to designate a new Stalking Horse Bidder or Pre-Auction Backup Bidder pursuant to the procedures set forth herein and/or modify the terms of any Stalking Horse Agreement.

c. <u>Section II.D.1.c. Break-Up Fee.</u>

With respect to Subsection D. Proposed Sale Procedures, 1. Stalking Horse Procedures, c. Break-Up Fee, the following sentence is deleted: "The Break-Up Fee will be paid after satisfaction of the obligations secured by the First Deed of Trust and Second Deed of Trust, and before satisfaction of the obligations secured by the Gadol and Testa Liens."

d. <u>Section II.D.2.b. Bid Deadline.</u>

Section II, Subsection D. Proposed Sale Procedures, 2. Qualified Bids, b. Bid Deadline is deleted in its entirety and replaced with the following:

The Bid Deadline will be set forth on the Bid Deadline Notice and shall be three days after the filing of the Bid Deadline Notice.

3. <u>Changes to the Stalking Horse Notice</u>. Consistent with the changes to the Motion outlined above, Lugano and the Debtor have negotiated and agreed to changes to the Stalking Horse Notice and the Debtor will file an amended Stalking Horse Notice with the Court that is in accordance with the foregoing.

WHEREFORE, Lugano respectfully requests that the Motion be granted as modified by the changes provided under the agreement by and between the Debtor and Lugano, as will be reflected in the amended Stalking Horse Notice to be filed by the Debtor, and for such other relief as is appropriate under the circumstances.

DATED: December 8, 2025    KELLER BENVENUTTI KIM LLP

By: _____
Jay R. Minga
*Attorneys for Lugano Diamonds & Jewelry Inc.*