Leonard M. Shulman – Bar No. 126349
James C. Bastian, Jr. – Bar No. 175415
Alan J. Friedman – Bar No. 132580
Max Casal – Bar No. 342716
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: lshulman@shulmanbastian.com
jbastian@shulmanbastian.com
afriedman@shulmanbastian.com
mcasal@shulmanbastian.com

General Counsel for Debtor and Debtor in Possession

**FILED & ENTERED**

**DEC 16 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY jle         DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br>**SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,**<br>                    Debtor. | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**ORDER GRANTING AMENDED MOTION FOR APPROVAL OF AMENDED STIPULATION RESOLVING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY AND BETWEEN WHITE MOUNTAIN CAPITAL, INC. AND DEBTOR, SIMBA IL HOLDINGS, LLC**<br><br>[Relates to Dkt. 77, 86 150] |

On November 18, 2025, a hearing was held on the Amended Motion for Approval of Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay and Treatment of Creditor's Claim By and Between White Mountain Capital, Inc. and Debtor, Simba IL Holdings, LLC (the "Motion") [Dkt. No. 86] filed by White Mountain Capital, Inc. ("WMCI"), the Honorable Mark D. Houle presiding. Appearances are reflected on the Court's record.

The Court having read and considered the Motion, the Supplement and Amended Stipulation (the "Amended Stipulation") to Motion for Approval of Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay and Treatment of Creditor's Claim By and Between White Mountain Capital, Inc. and Debtor, Simba IL Holdings, LLC [Dkt. No. 150], and the oppositions and reply filed in response to the Motion, and having considered the arguments of counsel at the hearing, and for good cause appearing and for the reasons stated on the record at the hearing,

**IT IS HEREBY ORDERED:**

1. The Motion is granted and the Amended Stipulation is approved with the following modifications:

    a. Paragraph 4 is stricken in its entirety and replaced with the following: "The Subject Loan shall be paid in full pursuant to an updated payoff demand within one-hundred forty (140) calendar days from entry of a court order approving the Stipulation ("Sale Period"), via a sale, refinance, or cash payment."

    b. Paragraph 7 is stricken in its entirety and replaced with the following: "Upon the expiration of the Sale Period, if the Subject Loan has yet to be paid in full, the automatic stay of 11 U.S.C. §362 shall terminate, and WMCI shall be granted in rem relief from the automatic stay for a two (2) year period pursuant to 11 U.S.C. §362(d)(4). Notwithstanding any state or other law to the contrary, the Debtor retains the right to pay off the loan in full at any time up to and including the date of the foreclosure sale."

    c. Paragraph 14 is stricken in its entirety and replaced with the following: "The hearing on the Motion for Relief from the Automatic Stay is continued to April 28, 2026 at 2:30 p.m."

2. The approved Amended Stipulation with the modifications set forth herein is attached hereto as **Exhibit A**.

3. All objections to the Motion are overruled.

### # # #

Date: December 16, 2025

Mark Houle
United States Bankruptcy Judge

# EXHIBIT "A"

Gregory P. Campbell (CA SBN 281732)
gcampbell@aldridgepite.com
Todd S. Garan (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino Del Rio South
Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor: White Mountain Capital Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC, *a Delaware limited liability company*,<br><br>Debtor(s). | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**AMENDED STIPULATION RESOLVING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY AND BETWEEN WHITE MOUNTAIN CAPITAL, INC. AND DEBTOR, SIMBA IL HOLDINGS, LLC** |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES**:

White Mountain Capital Inc. ("_WMCI_" or "_Creditor_"), and Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "_Debtor_"), and collectively the ("_Parties_"), by and through their counsel, enter into this *Amended Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay* (the "_Stipulation_"). The terms of the Stipulation are contingent upon court approval upon entry of an Order Approving the Motion to Approve the Stipulation, filed concurrently herewith.

/./.

/./.

-1-

**RECITALS:**

A.  On or about March 10, 2025, Mordechai H. Ferder and Edit F. Ferder, individually and as Trustees of The Haim Family Trust U/D/T February 24, 2009 (collectively the "Borrowers"), delivered or are otherwise obligated with respect to a certain promissory note and loan agreement in the original principal amount of $6,750,000.00 (the "Note"). (*See* Motion for Relief, Ex. 1-2).

B.  On or about March 10, 2025, the Borrowers executed a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), which provided a security interest in the real property located at 1220 Red Butte Drive, Aspen, CO 81611 (the "Property"). The Deed of Trust reflects that it was duly recorded. The Note and Deed of Trust are collectively referred to as the "Subject Loan"). (*See* Motion for Relief, Ex. 3).

C.  On August 22, 2025, WMCI caused a Notice of Election and Demand for Sale by Public Trustee to be recorded in Pitkin County, Colorado, due to a default under the terms of the Subject Loan. The Notice of Election reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711315. (*See* Motion for Relief, Ex. 4).

D.  On September 11, 2025, a Special Warranty Deed was executed and recorded by the Borrowers purporting to transfer the Borrowers' interest in the Property to the Debtor herein, Simba IL Holdings, LLC ("Debtor"). The Special Warranty Deed reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711806. (*See* Motion for Relief, Ex. 5).

E.  On September 16, 2025, Debtor commenced the instant Bankruptcy Case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). (*See* Dkt No. 1).

F.  On September 25, 2025, Debtor filed an *Application to Employ Steven Shane of Compass Colorado, LLC as Real Estate Broker* ("Broker Application"). (Dkt No. 34).

G.  On September 30, 2025, Creditor filed a *Motion for Relief from Automatic Stay* ("Motion for Relief"). (Dkt No. 39).

H.  On October 9, 2025, Brian Gadol ("Gadol"), and Darren Testa ("Testa"), filed an *Objection to the Motion for Relief*. (Dkt. No. 58).

I.  On October 9, 2025, Kristopher Winters ("Winters"), filed a *Joinder in the Objection*

*to the Motion for Relief.* (Dkt No. 59).

J. On October 9, 2025, WMCI filed a *Response to the Broker Application* ("Broker Response"). (Dkt. No. 57).

K. Thereafter, WMCI and the Debtor reached an agreement regarding resolution of: (i) the Motion for Relief; and (ii) the Broker Application.

**THE PARTIES STIPULATE AS FOLLOWS**:

1. Except as noted below, WMCI's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Property. The terms of this Stipulation shall not be construed as modification of the terms of the Subject Loan.

2. WMCI represents that as of October 31, 2025, the approximate amount owed under the terms of the Subject Loan totals $7,185,291.07 (the "Current Payoff"). The amount of the Current Payoff shall continue to accrue interest, advances, and fees until the Subject Loan is paid in full pursuant to the terms of the Subject Loan documents.[1] WMCI reserves its right to collect all amounts owed under the terms of the Subject Loan documents, including interest, escrow advances, fees, and costs. Nothing in this Stipulation shall preclude third parties from objecting to the amount or validity of the Subject Loan.

3. Within ten (10) calendar days from entry of a court order approving this Stipulation, WMCI, agrees to rescind any foreclosure document recorded against the Property.

4. The Subject Loan shall be paid in full pursuant to an updated payoff demand within one-hundred forty (140) calendar days from entry of a court order approving the Stipulation ("Sale Period"), via a sale, refinance, or cash payment.

5. If the Property is sold, the Subject Loan shall be paid directly thorough an escrow company at the time of closing, based on an updated payoff demand submitted by WMCI pursuant to the terms of the Subject Loan. Expired payoff quotes may not be used to close escrow.

6. In the event the Debtor accepts an offer to purchase the Property, which is sufficient to pay WMCI's claim in full, Debtor shall file and notice a Motion to Sell the Property pursuant to

---

[1] Interest on the Subject Loan shall continue to accrue at $2,250.00 per diem until the Subject Loan is paid in full, and default interest in the Subject Loan shall continue to accrue at $562.50 per diem until the Subject Loan is paid in full at the current outstanding balance.

11 U.S.C. §363

7. Upon the expiration of the Sale Period, if the Subject Loan has yet to be paid in full, the automatic stay of 11 U.S.C. §362 shall terminate, and WMCI shall be granted *in rem* relief from the automatic stay for a two (2) year period pursuant to 11 U.S.C. §362(d)(4). Notwithstanding any state or other law to the contrary, the Debtor retains the right to pay off the loan in full at any time up to and including the date of the foreclosure sale.

8. In the event the automatic stay is terminated by expiration of the Sale Period, or by operation of law, or in the event the case is dismissed, WMCI reserves all rights to object the validity of the transfer of interest in the Property to the Debtor, Simba IL Holdings, LLC, and the Debtor's alleged ownership interest in the Property.

9. Nothing in this Stipulation shall be construed as a release by WMCI of the personal liability of any non-filing party, obligor, or guarantor under the Subject Loan documents.

10. Nothing in this Stipulation shall be construed as a release by any party of WMCI and/or the Subject Loan.

11. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to expiration of the Sale Period, this Stipulation shall be void and WMCI shall retain its lien in the full amount due under the Subject Loan with the right to unwind the above terms.

12. The terms of this Stipulation are subject to court approval upon the filing of a Motion to Approve the Stipulation and entry of a court order approving the same.

13. WMCI hereby withdraws its Response to the Broker Application filed at Docket Number 57.

14. The hearing on the Motion for Relief from the Automatic Stay is continued to April 28, 2026 at 2:30 p.m..

**IT IS SO STIPULATED AND AGREED:**

**CREDITOR**

_____
Daniel Perl
White Mountain Capital, Inc.

**DEBTOR**

_____
By: Richard Marshack on behalf of
Debtor, Simba IL Holdings, LLC
Chief Restructuring Officer (Application Pending)
**MARSHACK HAYS WOOD LLP**

**APPROVED AS TO FORM:**

**ALDRIDGE PITE, LLP**

Dated:

Gregory P. Campbell (CA SBN 281732)
Attorneys for Creditor: White Mountain Capital, Inc.

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

By:

Leonard M. Shulman – Bar No. 126349
James C. Bastian, Jr. – Bar No. 175415
Alan J. Friedman – Bar No. 132580
Max Casal – Bar No. 342716
Proposed Attorneys for Debtor and Debtor in Possession

-5-