Leonard M. Shulman – Bar No. 126349
James C. Bastian, Jr. – Bar No. 175415
Alan J. Friedman – Bar No. 132580
Max Casal – Bar No. 342716
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email:    lshulman@shulmanbastian.com
          jbastian@shulmanbastian.com
          afriedman@shulmanbastian.com
          mcasal@shulmanbastian.com

General Counsel for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>**SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,**<br><br>Debtor. | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**MOTION TO CONTINUE DEADLINES RELATED TO PLAN CONFIRMATION**<br><br>[Order Submitted Concurrently] |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor"), hereby submits this motion (the "Motion") to continue certain dates and deadlines set by the Court related to plan confirmation and respectfully represents as follows:

# I. RELEVANT FACTUAL BACKGROUND

## A. The Case

On September 16, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing this chapter 11 case (the "Case").

As of the Petition Date, the managing member of the Debtor, Mordechai Ferder, irrevocably transferred all power to manage the Debtor and this Case to Richard Marshack of Marshack Hays Wood LLP as chief restructuring officer of the Debtor.

The Debtor is the owner of a portfolio of investment accounts (the "Alternative Investments") and a valuable property located in Aspen, Colorado (the "Real Property"). The Debtor is actively marketing the Real Property and seeking the liquidate the Alternative Investments for the benefit of creditors.

## B. The Scheduling Order

On November 20, 2025, the Court entered a Scheduling Order [Dkt. No. 141] (the "Scheduling Order") which, among other things, set the following deadlines and hearing dates with respect to plan confirmation: (a) February 13, 2026 as the deadline for the Debtor to file its chapter 11 plan and disclosure statement; (b) March 31, 2026 at 2:30 p.m. as the hearing on a motion for approval of the adequacy of the Debtor's disclosure statement; and (c) May 26, 2026 at 2:30 p.m. as the hearing on confirmation of the Debtor's chapter 11 plan (collectively, the "Dates and Deadlines").

# II. ARGUMENT

## A. Cause Exists to Continue the Hearing

Federal Rule of Bankruptcy Procedure 9006(b) provides, in relevant part, that "when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period… the court may – at any time and for cause – extend the time to act…" Fed. R. Bankr. Proc. 9006(b)(1).

The Debtor submits that cause exists to continue the Dates and Deadlines.

1   First, the Real Property represents a substantial asset of the estate. The Debtor is actively marketing and pursuing the sale of the Real Property, and additional time is necessary to complete marketing efforts, evaluate offers, and seek Court approval of a sale in the ordinary course of the Debtor's chapter 11 process. Moreover, the Debtor is continuing its investigation of the Alternative Investments for purposes of liquidation. The timing and proceeds of the sale of the Real Property and liquidation of the Alternative Investments will inform, and be considered in connection with, the formulation of any chapter 11 plan and may materially impact its terms.

Finally, the Debtor needs additional time to resolve outstanding disputes with creditors which may affect the allowance, priority, and amount of their claims. Specifically, the Debtor is working towards a revised settlement agreement with Bryan Gadol and Darren Testa which, if entered into and approved, would affect the terms of any chapter 11 plan to be filed by the Debtor.

Based on the foregoing, the Debtor requests that the Court continue the Dates and Deadlines by approximately 120 days.

**B.    Compliance with Local Rule 9013-1(m)**

Pursuant to Local Rule 9013-1(m)(1)(A), a motion for continuance of a hearing "must set forth in detail the reasons for the continuance, state whether any prior continuance has been granted, and be supported by the declaration of a competent witness attesting to the necessity for the continuance." Accordingly, the Debtor submits: (1) there is cause to continue the Dates and Deadlines for the reasons set forth herein; (2) no prior continuance has been granted; and (3) the Declaration of Richard Marshack attesting to the necessity for the continuance.

### III.    CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court grant the Motion and enter an order continuing the Dates and Deadlines as follows: (a) June 14, 2026 as the deadline for the Debtor to file its chapter 11 plan and disclosure statement; (b) July 28, 2026 at 2:30 p.m. as the

///

///

///

hearing on a motion for approval of the adequacy of the Debtor's disclosure statement; and (c) September 22, 2026 at 2:30 p.m. as the hearing on confirmation of the Debtor's chapter 11 plan.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: February 5, 2026 | **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP** |
|   | /s/ Max Casal |
|   | Leonard M. Shulman |
|   | James C. Bastian, Jr. |
|   | Alan J. Friedman |
|   | Max Casal |
|   | General Counsel for the Debtor |

# DECLARATION OF RICHARD A. MARSHACK

I, Richard A. Marshack, declare and state as follows:

1. The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto. I am the chief restructuring officer of the Debtor, an attorney and the managing partner of Marshack Hays Wood LLP. I make this declaration in support of the Debtor's Motion to Continue Deadlines Related to Plan Confirmation (the "Motion"). Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

2. As of the Petition Date, the managing member of the Debtor, Mordechai Ferder, irrevocably transferred all power to manage the Debtor and this Case to me as chief restructuring officer of the Debtor.

3. The Debtor is the owner of a portfolio of investment accounts (the "Alternative Investments") and a valuable property located in Aspen, Colorado (the "Real Property"). The Debtor is actively marketing the Real Property and seeking the liquidate the Alternative Investments for the benefit of creditors.

4. On November 20, 2025, the Court entered the Scheduling Order which, among other things, set the following Dates and Deadlines with respect to plan confirmation: (a) February 13, 2026 as the deadline for the Debtor to file its chapter 11 plan and disclosure statement; (b) March 31, 2026 at 2:30 p.m. as the hearing on a motion for approval of the adequacy of the Debtor's disclosure statement; and (c) May 26, 2026 at 2:30 p.m. as the hearing on confirmation of the Debtor's chapter 11 plan.

5. I believe that cause exists to continue the Dates and Deadlines to sell the Real Property, liquidate the Alternative Investments, and resolve outstanding disputes with creditors.

6. The Real Property represents a substantial asset of the Debtor's estate and the Debtor is actively marketing and pursuing a sale of the Real Property. Additional time is necessary to complete marketing efforts, evaluate offers, and seek Court approval of a sale in the ordinary course of the Debtor's chapter 11 process.

7. Moreover, the Debtor is continuing its investigation of the Alternative Investments for purposes of liquidation and the timing and proceeds of these liquidations will inform, and will be considered in connection with, the formulation of a chapter 11 plan.

8. Finally, I believe the Debtor needs additional time to resolve outstanding disputes with creditors which may affect the allowance, priority, and amount of their claims. Specifically, the Debtor is working towards a revised settlement agreement with Bryan Gadol and Darren Testa which, if entered into and approved, would affect the terms of any chapter 11 plan to be filed by the Debtor.

9. I request that the Court continue the Dates and Deadlines by approximately 120 days to allow the Debtor to accomplish the foregoing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2026.

_____
Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled **MOTION TO CONTINUE DEADLINES RELATED TO PLAN CONFIRMATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 5, 2026 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 5, 2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Mark M. Houle
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593

**Queenie K Ng**
411 West Fourth St.
Suite 7160
Santa Ana, CA 92701

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 5, 2026 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Anthony Bisconti**  tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Max Casal**  mcasal@shulmanbastian.com, avernon@shulmanbastian.com
- **John B Connor**  jack@johnbconnor.com
- **Matthew Tyler Davis**  tdavis@kbkllp.com
- **Karol K Denniston**  karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Don Fisher**  dfisher@ptwww.com, tblack@ptwww.com
- **Alan J Friedman**  afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **George Gerro**  george@gerrolaw.com
- **Michael D Good**  mgood@southbaylawfirm.com
- **Christopher J Harney**  charney@tocounsel.com, kmanson@tocounsel.com
- **Steven J. Katzman**  skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Tobias S Keller**  tkeller@kellerbenvenutti.com
- **Jordan A Kroop**  jkroop@pszjlaw.com, rleibowitz@perkinscoie.com
- **Mette H Kurth**  mette.kurth@pierferd.com, mette-kurth-7580@ecf.pacerpro.com
- **Wendy A Locke**  ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- **Richard A Marshack**  rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Ali M. Mojdehi**  ali.mojdehi@mgr-legal.com
- **John Morris**  jmorris@pszjlaw.com
- **Dakota Pearce**  dpearce@buchalter.com, pjolley@buchalter.com;smartin@buchalter.com;docket@buchalter.com
- **Matthew D Pham**  mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Allison M. Rego**  allison.rego@mgr-legal.com
- **Stacy H Rubin**  shr@h2law.com, kmcgee@howardandhoward.com
- **Traci L Shafroth**  tshafroth@kbkllp.com, jminga@kbkllp.com
- **Leonard M. Shulman**  lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
- **Timothy J Silverman**  tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**