Leonard M. Shulman – Bar No. 126349
James C. Bastian, Jr. – Bar No. 175415
Alan J. Friedman – Bar No. 132580
Max Casal – Bar No. 342716
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email:   lshulman@shulmanbastian.com
         jbastian@shulmanbastian.com
         afriedman@shulmanbastian.com
         mcasal@shulmanbastian.com

General Counsel for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,**<br>                              Debtor. | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**MOTION TO APPROVE ADEQUACY OF THE DEBTOR'S DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 PLAN OF LIQUIDATION**<br><br>**<u>Hearing on Approval of the Disclosure Statement:</u>**<br>Date:   March 31, 2026<br>Time:  2:30 p.m.<br>Place:  Courtroom 6C<br>           411 West Fourth Street<br>           Santa Ana, CA 92701<br><br>**<u>Hearing on Confirmation of the Plan:</u>**<br>Date:   May 26, 2026<br>Time:  2:30 p.m.<br>Place:  Courtroom 6C<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

## I. INTRODUCTION

Simba IL Holdings, LLC (the "Debtor") hereby files this motion (the "Motion") to request approval of the Disclosure Statement in Support of Chapter 11 Plan of Liquidation [Dkt. No. 228] (the "Disclosure Statement").

The Debtor submits that the Disclosure Statement contains "adequate information" pursuant to section 1125 of the Bankruptcy Code as the Disclosure Statement contains information that is reasonably practicable under the circumstances to enable creditors to make an informed judgment about the Debtor's proposed Chapter 11 Plan of Liquidation [Dkt. No. 229] (the "Plan"). The Disclosure Statement describes and contains detailed information regarding the Debtor's assets and liabilities and the funding and implementation of the Plan. Moreover, approval of the Disclosure Statement and the procedures described below for soliciting votes on the Plan and notifying parties in interest of dates relevant to confirmation will ensure that the Debtor can efficiently and expeditiously emerge from this chapter 11 case (the "Case"). The Debtor intends to immediately commence solicitation of votes on the Plan after the entry of the order approving this Motion.

## II. RELEVANT FACTUAL BACKGROUND

### A. The Plan

On February 13, 2026, the Debtor filed the Plan. The Plan is a liquidating plan which provides for: (i) the establishment of a liquidating trust (the "Trust") as of the effective date of the Plan (the "Effective Date"); (ii) the transfer of all remaining assets of the Debtor as of the Effective Date to the Trust (the "Trust Assets"); and (iii) the liquidation of Trust Assets to fund distributions under the Plan.

The Plan sets forth the following classes of claims and interests: Classes 1A – 1E: Secured Claims; Class 2: Priority Non-Tax Claims (None); Class 3: General Unsecured Claims; and Class 4: Equity Interests. The Plan proposes the following treatment for Allowed Claims:[1]

///

---

[1] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan and Disclosure Statement.

(i)      Allowed Administrative Claims will be paid in full on the later of: (a) the Effective Date, or (b) five (5) business days after such Claim becomes Allowed, unless the Holder of such Administrative Claim agrees to different terms.

(ii)     Allowed Priority Tax Claims, if any, will be paid on account of such Claim regular installments: (a) of a total value, as of the Effective Date, equal to the Allowed amount of such Claim; (b) over a period ending not later than five (5) years after the Petition Date; and (c) in a manner not less favorable than the most favored nonpriority General Unsecured Claim provided for by the Plan (other than Cash payments made to a class of creditors under section 1122(b) of the Bankruptcy Code).

(iii)    Allowed Secured Claims shall be paid upon the liquidation of the collateral securing each such Claim.

(iv)    Allowed Priority Non-Tax Claims, if any, shall be paid in a manner consistent with section 1129(a)(9) of the Bankruptcy Code.

(v)      Allowed General Unsecured Claims shall be paid from the proceeds of the liquidation of any Assets after payment of applicable Allowed Secured Claims, Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, and Trust Expenses.

(vi)    Equity Interests shall be cancelled upon the Effective Date.

**B.**     **Relief Requested**

By this Motion, the Debtor seeks entry of an order: (a) approving the Disclosure Statement, (b) establishing the voting deadline and other confirmation-related dates, (c) approving the ballots and procedures for soliciting and receiving votes on the Plan, and (d) granting related relief.

Pursuant to the Scheduling Order entered by this Court on November 20, 2025 [Dkt. No. 141], a hearing on this Motion shall be held on March 31, 2026 and a hearing on confirmation of the Plan shall be held on May 26, 2026.

///

///

In accordance with these dates set by the Court, the Debtor proposes the following dates and procedures related to confirmation of the Plan:

1. **April 7, 2026** as the deadline for the Debtor to serve all parties in interest with (a) the Disclosure Statement and the Plan, (b) a notice setting forth the confirmation hearing and related deadlines (the "Confirmation Hearing Notice"); (c) a ballot (if applicable) in substantially in the form attached hereto as **Exhibit 1** (each, a "Ballot"), and (d) the order approving the Disclosure Statement (the "Voting Package").

2. **April 28, 2026 at 5:00 p.m. (prevailing Pacific Standard Time)** as the deadline for Ballots to be **received** by counsel for the Debtor (the "Voting Deadline").

3. **May 5, 2026** as the deadline for the Debtor to: (i) file and serve on all parties in interest a motion/brief in support of confirmation of the Plan (the "Confirmation Brief"), (ii) file a Ballot summary (the "Ballot Summary"), and (iii) file a proof of service of the Voting Package.

4. **May 12, 2026** as the deadline for interested parties to file and serve a written response to the Confirmation Brief.

5. **May 19, 2026** as the deadline for the Debtor to serve and file a reply to any responses to the Confirmation Brief.

The Debtor proposes that service of the Voting Package, Confirmation Brief, and any replies in support of the Confirmation Brief may be made by personal delivery, email, or U.S. Mail. The Debtor further proposes that Ballots and responses to the Confirmation Brief may be served on the Debtor by email at mcasal@shulmanbastian.com and lgauthier@shulmanbastian.com; or by U.S. Mail or personal delivery at the following address: Shulman Bastian Friedman Bui & O'Dea LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618 (Attn: Max Casal).

///

///

///

## III. ARGUMENT

### A. The Disclosure Statement Contains Adequate Information Pursuant to Section 1125 of the Bankruptcy Code and Should be Approved

Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent may not solicit the acceptance or rejection of a plan unless the holders of the relevant claims or interests, as applicable, are provided, at or before the time of such solicitation, with a disclosure statement approved by a bankruptcy court that contains "adequate information" regarding the debtor's plan. Under section 1125(a)(1) of the Bankruptcy Code, "adequate information" is defined, in relevant part, to mean:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. § 1125(a)(1).

Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan of reorganization. *See, In re Momentum Mfg. Corp.,* 25 F.3d 1132, 1136 (2d Cir. 1994*); see also, In re Ionosphere Clubs, Inc.,* 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (stating that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties"). This particular point, especially in light of its underlying notions of practicality and flexibility, also is underscored in the legislative history of section 1125 of the Bankruptcy Code:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation. . . . In chapter 11 cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

*See* H.R. Rep. 595, at 408-09 (1977).

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Courts are vested with wide discretion to determine whether a disclosure statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code. *See, Kirk v. Texaco, Inc.,* 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under §1125(a)…"); *see also, In re Oxford Homes,* 204 B.R. 264, 267 (Bankr. D. Me. 1977) (noting Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts can exercise discretion to tailor them to each case's particular circumstances). This grant of discretion is intended to permit courts to tailor the disclosures made in connection with the solicitation of votes on a plan to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. *See,* H.R. Rep. 595, at 409; *see also, Texaco,* 82 B.R. at 682 (stating bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations"). Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See, In re Phoenix Petroleum Co.,* 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

Here, the Disclosure Statement contains "adequate information" because the Disclosure Statement contains ample and adequate information under the circumstances of the Case (to the extent available to the Debtor) to allow parties in interest to make informed judgments about the Plan.

As set forth above, the Plan proposes to establish the Trust which will liquidate the Trust Assets to fund distributions to holders of Allowed Claims. In support of such Plan, the Disclosure Statement includes detailed information regarding, among other things: (i) the classification and treatment of creditors under the Plan (Disclosure Statement, § III); (ii) the Debtor's assets and liabilities (Disclosure Statement, §§ IV(B) and (C)); (iii) information concerning the administration of the Trust (Disclosure Statement, § V); (iv) risk factors to be considered prior to voting on the Plan (Disclosure Statement, § VI(A)(5); and (v) an analysis of confirmation requirements (Disclosure Statement, § VI).

///

Accordingly, the Debtor respectfully submits that the Disclosure Statement provides creditors with sufficient information to make informed decisions about the Plan, and therefore should be approved.

**B.    The Procedures and Deadlines Related to Voting and Confirmation and Notice Thereof**

The Debtor submits that the dates and procedures related to confirmation of the Plan set forth in Section II.C. herein are appropriate and should be approved.

    1.    **The Voting Package**

Bankruptcy Rule 3017(d) requires that the proponent of a plan of reorganization send to all creditors and the United States Trustee: "(1) the plan or court-approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and rejections of the plan may be filed; and (4) any other information as the court may direct…" Fed. R. Bankr. Proc. 3017(d). Moreover, Bankruptcy Rule 3017(d) requires that "notice of the time fixed for filing objections and the hearing on confirmation" and "a form of ballot" be mailed to all creditors entitled to vote on the Plan. *Id*.

As set forth above, the Debtor proposes to serve the Voting Package which contains: (a) the Disclosure Statement and the Plan, (b) the Confirmation Hearing Notice which includes all relevant dates and deadlines relating to Plan confirmation; (c) the applicable Ballots, and (d) the order approving the Disclosure Statement.

The Voting Package shall be served on: (1) all known creditors that: (i) have filed a proof of claim in the Case; (ii) are listed on the Debtor's schedules of assets and liabilities; or (iii) are otherwise included in the Plan; (2) the United States Trustee and any applicable governmental entities set forth in Bankruptcy Rule 2002(j); and (3) all parties who have requested notice in the Case.

Therefore, the proposed Voting Package and service thereof comply with Bankruptcy Rule 3017.

///

///

///

### 2. **The Ballot**

Bankruptcy Rule 3017(d) requires that the "form of ballot" conform with the "appropriate Official Form." Here, the proposed form of Ballot conforms materially with Official Bankruptcy Form 314. Accordingly, the Debtor requests that the Court approve the Ballot.

By no later than May 5, 2026, the Debtor shall file the Ballot Summary which is in substantially the same form as Local Form 3018-2. The Ballot Summary shall include all Ballots received from parties entitled to vote on the Plan and the amount of each claim for purposes of ballot tabulation.

### 3. **The Proposed Dates and Schedule**

Bankruptcy Rule 3017(c) states that on "or before approval of the disclosure statement, the court shall fix a time within which the holders of claims or interests may accept or reject the plan and may fix a date for the hearing on confirmation." Similarly, Bankruptcy Rule 3020(b)(1) states that an "objection to confirmation of the plan shall be filed and served… within a time fixed by the court." Finally, Bankruptcy Rule 3020(b)(2) states that "the court shall rule on confirmation of the plan after notice and hearing as provided in Rule 2002" and Bankruptcy Rule 2002(b) requires twenty-eight days' notice of the time fixed for "filing objections and the hearing to consider confirmation of a… chapter 11 plan."

The Debtor submits that the dates and deadlines proposed in Section II.C herein conform with the requirements of the Bankruptcy Rules and should be approved. Specifically, the Debtor proposes to serve the Voting Package by no later than April 7, 2026, which is one week after the hearing on the Motion. Upon receipt of the Voting Package, creditors entitled to vote on the Plan will have sufficient time to review, assess, and vote on the Plan as they will have no less than twenty-one (21) days to review the Voting Package prior to the Voting Deadline of April 28, 2026.

///

///

///

Furthermore, the Confirmation Hearing Notice within the Voting Package shall set forth the date of the confirmation hearing and the briefing deadlines related to confirmation of the Plan. By serving the Confirmation Hearing Notice by no later than April 7, 2026, parties in interest will have no less than thirty-five (35) days notice of their deadline to object to the Plan through a response to the Confirmation Brief and forty-nine (49) days notice of the hearing on confirmation of the Plan which far exceeds the twenty-eight (28) days required by Bankruptcy Rule 2002.

### IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court grant the Motion and enter an order: (a) approving the Disclosure Statement, (b) establishing the Voting Deadline and other confirmation-related dates, (c) approving the form of Ballot and Voting Package, and (d) granting related relief.

Respectfully submitted,

Dated: February 17, 2026     **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

/s/ Max Casal
Leonard M. Shulman
James C. Bastian, Jr.
Alan J. Friedman
Max Casal
General Counsel for the Debtor

# EXHIBIT 1

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Leonard M. Shulman – Bar No. 126349<br>James C. Bastian, Jr. – Bar No. 175415<br>Alan J. Friedman – Bar No.  132580<br>Max Casal – Bar No. 342716<br>**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone:  (949) 340-3400<br>Facsimile:  (949) 340-3000<br>Email:         lshulman@shulmanbastian.com<br>                   jbastian@shulmanbastian.com<br>                   afriedman@shulmanbastian.com<br>                   mcasal@shulmanbastian.com<br><br>General Counsel for Debtor and Debtor in Possession | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,**<br><br>                              Debtor. | CASE NO.: 8:25-bk-12616-MH<br><br>CHAPTER: 11<br><br>**[PROPOSED] BALLOT FOR ACCEPTING OR REJECTING     DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION** |

**CLASS (  )**

Simba IL Holdings, LLC (the "Debtor") has filed its Disclosure Statement [Dkt. No. 228] ("Disclosure Statement") and Chapter 11 Plan of Liquidation [Dkt. No. 229] (the "Plan").  By this ballot you will vote to accept or reject the Plan. Copies of the Disclosure Statement and the Plan have been served concurrently herewith.

The Court has approved the Disclosure Statement with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class (  ) under the Plan.  If you hold claims or equity interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**IF YOUR BALLOT IS NOT RECEIVED BY THE DEBTOR'S ATTORNEYS BY 5:00 P.M. (Pacific Standard Time) ON APRIL 28, 2026, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

EXHIBIT 1

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of the Class (_) claim against the Debtor in the unpaid amount of $_____, *[check one box only]*

☐ **ACCEPTS (votes FOR) THE PLAN**        ☐ **REJECTS (votes AGAINST) THE PLAN**

Dated: _____

Name *[Print or type]*: _____

Signature: _____

Title: _____

Address: _____

_____

Telephone No.: _____

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1. Insert the amount of your claim in the blank space provided for such purpose.

2. Cast your vote either to accept or to reject the Plan by checking the proper box. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.

3. Sign and date your ballot. Your signature is required in order for your vote to be counted. If the claim voted with this ballot is held by a partnership, the ballot should be executed in the name of the partnership by a general partner. If the claim voted with this ballot is held by a corporation, the ballot must be executed by an authorized officer of such corporation.

4. If you believe that you have received the wrong ballot, please immediately contact the Debtor's counsel at (949) 340-3400 or at mcasal@shulmanbastian.com.

5. If you are completing this ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing.

**RETURN THIS BALLOT:**

**If by mail:**
Shulman Bastian Friedman Bui & O'Dea LLP
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
(Attn: Max Casal)

**If by email:**
mcasal@shulmanbastian.com
lgauthier@shulmanbastian.com

**IN ORDER FOR YOUR BALLOT TO COUNT, IT MUST BE EITHER SENT TO THE ADDRESS OR EMAIL ADDRESS LISTED ABOVE AND <u>MUST BE ACTUALLY RECEIVED BY 5:00 P.M. (PST) ON APRIL 28, 2026</u>.**

Page 2

EXHIBIT 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO APPROVE ADEQUACY OF THE DEBTOR'S DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 PLAN OF LIQUIDATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 17, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 17, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Mark M. Houle
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2026 | Anne Marie Vernon | /s/ Anne Marie Vernon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

## NEF SERVICE LIST

**INTERESTED PARTY:** Anthony Bisconti    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
**COUNSEL FOR CLAIMANT MOUNTAIN CAPITAL INC.:** Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**COUNSEL FOR THE DEBTOR:** Max Casal    mcasal@shulmanbastian.com, avernon@shulmanbastian.com
**INTERESTED PARTY:** John B Connor    jack@johnbconnor.com
**INTERESTED PARTY:** Matthew Tyler Davis    tdavis@kbkllp.com
**INTERESTED PARTY:** Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
**INTERESTED PARTY:** Don Fisher    dfisher@ptwww.com, tblack@ptwww.com
**COUNSEL FOR THE DEBTOR:** Alan J Friedman    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
**INTERESTED PARTY:** George Gerro    george@gerrolaw.com
**INTERESTED PARTY:** Michael D Good    mgood@southbaylawfirm.com
**INTERESTED PARTY:**
**RFSN – COUNSEL FOR GADOL & TESTA:** Paul Jasper    pjasper@perkinscoie.com, david.kline@rimonlaw.com
**INTERESTED PARTY:** Katzman    skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
**COUNSEL FOR LUGANO DIAMONDS & JEWELRY:** Tobias S Keller    tkeller@kellerbenvenutti.com
**COUNSEL FOR CREDITOR COMMITTEE:** Jordan A Kroop    jkroop@pszjlaw.com, rleibowitz@perkinscoie.com
**INTERESTED PARTY:** Mette H Kurth    mette.kurth@pierferd.com, mette-kurth-7580@ecf.pacerpro.com
**INTERESTED PARTY:** Wendy A Locke    ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
**CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR:** Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
**INTERESTED PARTY:** Ali M. Mojdehi    ali.mojdehi@mgr-legal.com
**COUNSEL FOR CREDITOR COMMITTEE:** John Morris    jmorris@pszjlaw.com
**INTERESTED PARTY:** Dakota Pearce    dpearce@buchalter.com, pjolley@buchalter.com;smartin@buchalter.com;docket@buchalter.com
**INTERESTED PARTY:** Matthew D Pham    mpham@allenmatkins.com, mdiaz@allenmatkins.com
**COUNSEL FOR CREDITOR COMMITTEE:** Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
**INTERESTED PARTY:** Allison M. Rego    allison.rego@mgr-legal.com
**INTERESTED PARTY:** Stacy H Rubin    rubins@ballardspahr.com, kmcgee@howardandhoward.com
**COUNSEL FOR LUGANO DIAMONDS & JEWELRY:** Traci L Shafroth    tshafroth@kbkllp.com, jminga@kbkllp.com
**COUNSEL FOR THE DEBTOR:** Leonard M. Shulman    lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
**COUNSEL FOR CLAIMANTS DREW HOEVEN ET AL:** Timothy J Silverman    tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com
**INTERESTED PARTY:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

## U.S. MAIL SERVICE LIST

**DEBTOR**
SIMBA IL HOLDINGS, LLC
ATTN: RICHARD MARSHACK, CRO
870 ROOSEVELT
IRVINE, CA 92618

**DEBTOR**
SIMBA IL HOLDINGS, LLC
610 NEWPORT CENTER DR., STE. 950
NEWPORT BEACH, CA 92660-6473

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O JAY R. MINGA - KELLER BENVENUTTI
101 MONTGOMERY STREET
SUITE 1950
SAN FRANCISCO, CA 94104

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O SCOTT FRIEDMAN - KELLER BENVENUTTI
101 MONTGOMERY STREET
SUITE 1950
SAN FRANCISCO, CA 94104

**RFN**
COMPASS GROUP DIVERSIFIED
C/O KAROL DENNISTON-SQUARE PATTON
555 CALIFORNIA STREET, SUITE 550
SAN FRANCISCO, CA 94104

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

**RFN**
ATTY FOR GADOL & TESTA
C/O PAUL S. JASPER, ESQ.
PERKINS COIE
505 HOWARD STREET, SUITE 1000
SAN FRANCISCO, CA 94105-3204

**RFN**
ATTY FOR GADOL & TESTA
C/O REBECA J. MARSTON, ESQ.-
PERKINS COIE
110 NORTH WACKER DR., SUITE 3400
CHICAGO, ILLINOIS 60606

**RFN**
ATTY FOR GADOL & TESTA
C/O HAMID RAFATJOO-RAINES
FELDMAN
4675 MACARTHUR COURT
SUITE 1550
NEWPORT BEACH, CA 92660

**RFN**
COMPASS GROUP DIVERSIFIED
C/O PETER MORRISON, ESQ.
100 KEY TOWER, 127 PUBLIC SQUARE
CLEVELAND, OH 44114

**RFN & POC**
COMPASS GROUP DIVERSIFIED
C/O S. LERNER & K. ARENDSEN
201 E. FOURTH ST., SUITE 1900
CINCINATI, OH 45202

**RFN - COMMITTEE COUNSEL**
J. POMERANTZ/J. KROOP
PACHULSKI STANG ZIEHL & JONES LLP
10100 SANTA MONICA BLVD.
13TH FLOOR
LOS ANGELES, CA 90067

**RFN - COMMITTEE COUNSEL**
JOHN A. MORRIS
PACHULSKI STANG ZIEHL & JONES LLP
1700 BROADWAY, 36TH FLOOR
NEW YORK, NY 10019

**NOTICE PARTY - UST**
QUEENIE K. NG
411 WEST FOURTH STREET
SUITE 7160
SANTA ANA, CA 92701

**NOTICE PARTY**
EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**NOTICE PARTY**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**NOTICE PARTY & POC**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**NOTICE PARTY**
SECURITIES & EXCHANGE COMMISSION
ATTN: NISHCHAY MASKAY, SR. COUNSEL
100 F STREET, NE
WASHINGTON, DC 20549

**NOTICE PARTY**
SECURITIES & EXCHANGE COMMISSION
444 SOUTH FLOWER ST., SUITE 900
LOS ANGELES, CA 90071-2934

**NOTICE PARTY**
ANTON, DURAID
1 ELK GROVE LN
LAGUNA NIGUEL, CA 92677-1012

**NOTICE PARTY**
ARONOFF, BARRY
C/O LANCE N JURICH
LOEB & LOEB LLP
10100 SANTA MONICA BLVD
SUITE 2200
LOS ANGELES, CA 90067-4120

**NOTICE PARTY**
ARVIELO, RICK
C/O GABRIEL G GREEN - BUCHALTER APC
1000 WILSHIRE BLVD SUITE 1500
LOS ANGELES, CA 90017-1730

**POC**
ARVIELO FAMILY TRUST, THE
C/O DAKOTA PIERCE
1420 5TH AVENUE, SUITE 3100
SEATTLE, WA 98101

**POC**
AVINA LLC & GLOBAL INNOVATIONS
C/O DAVID B. ZOLKIN
11766 WILSHIRE BLVD, SUITE 730
LOS ANGELES, CA 90025

**NOTICE PARTY**
AVINA LLC
C/O D. ENENSTEIN-ENENSTEN PHAM
3200 BRISTOL ST SUITE 500
COSTA MESA, CA 92626

**NOTICE PARTY**
BACLET, CHARLES
1600 S OCEAN BLVD APT 2101
POMPANO BEACH, FL 33062-7710

**NOTICE PARTY & POC**
CHARLES J. BACLET, III
C/O ERIC A. BROWNDORF, ESQ.
COOPER LEVENSON, P.A.
1125 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08402

**NOTICE PARTY**
BELGIUM NEW YORK LLC C/O PATRICK PAPALIA/ARCHER & GREINER PC
1211 AVENUE OF THE AMERICAS #2750
NEW YORK, NY 10036-8789

**NOTICE PARTY**
BENSON, JULIANNE
389 SOUTH LAKE DRIVE #4G
PALM BEACH, FL 33480-4540

**NOTICE PARTY & POC**
BRANDES, ADRIENNE
C/O FISHBACK LAW CORP
4590 MACARTHUR BLVD, STE 500
NEWPORT BEACH, CA 92660

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| **NOTICE PARTY**<br>BRANDES, ADRIENNE<br>919 GARDENIA WAY<br>CORONA DEL MAR, CA 92625-1547 | **NOTICE PARTY**<br>BUCKSBAUM, GLENN<br>303 WHITEFISH HILLS LOOP<br>WHITEFISH, MT 59937-2256 | **NOTICE PARTY**<br>CAMPF, ANNE AND DARREN<br>4428 IRISH HEIGHTS DRIVE<br>SUMMERSVILLE, WV 26651-1971 |
| **PREFERRED ADDRESS**<br>CAVE, DERYK<br>1195 E COOPER AVENUE<br>ASPEN, CO 81611 | **NOTICE PARTY**<br>CHAMPION FORCE<br>C/O LEIB M LERNER<br>ALSTON & BIRD LLP<br>350 SOUTH GRAND AVE 51ST FLOOR<br>LOS ANGELES, CA 90071-3406 | **NOTICE PARTY**<br>CHANNELS, CEDRIC<br>402 ESTHER ST<br>COSTA MESA, CA 92627-2323 |
| **NOTICE PARTY**<br>CITIBANK, N.A.<br>1000 TECHNOLOGY DRIVE<br>O'FALLON, MO 63368-2240 | **NOTICE PARTY & POC**<br>COHEN, RAYMOND<br>C/O JONATHAN HERSEY<br>K&L GATES<br>1 PARK PLAZA TWELFTH FLOOR<br>IRVINE, CA 92614-5910 | **NOTICE PARTY**<br>CONWAY, MARK<br>1221 W COAST HWY APT 114<br>NEWPORT BEACH, CA 92663-5051 |
| **NOTICE PARTY & POC**<br>COYNE, KAREN<br>KAREN BEDROSIAN PROPERTY TRUST<br>2934 N BEVERLY GLEN CIRCLE<br>UNIT 347<br>LOS ANGELES, CA 90077-1724 | **NOTICE PARTY**<br>DACUS, DEBBIE<br>5444 CANDLEWOOD DRIVE<br>HOUSTON, TX 77056-1603 | **NOTICE PARTY**<br>DIAMONDS & JEWELRY INC<br>C/O A KHAN<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 WILSHIRE BLVD SUITE 2080<br>LOS ANGELES, CA 90025-0389 |
| **NOTICE PARTY**<br>EMMES, DAVID<br>655 TOWN CENTER DRIVE<br>COSTA MESA, CA 92626-1918 | **NOTICE PARTY**<br>FERDER, MORDECHAI AND EDIT<br>1501 SERENADE TER<br>CORONA DEL MAR, CA 92625-1753 | **NOTICE PARTY**<br>FERRY, ANTHONY<br>20 PACIFICA STE 1000<br>IRVINE, CA 92618-7462 |
| **POC**<br>FIRST CIRCLE LLC<br>C/O RANDALL COFFEE HUMPHREY LLP<br>3200 PARK CENTER DR., SUITE 950<br>COSTA MESA, CA 92626 | **NOTICE PARTY**<br>FLANDERS, SCOTT<br>1425 SANTA BARBARA DRIVE<br>NEWPORT BEACH, CA 92660-6373 | **NOTICE PARTY**<br>FLANDERS, SCOTT<br>PO BOX 7859<br>AVON, CO 81620-7859 |
| **NOTICE PARTY**<br>FREEDMAN, JAMES<br>11755 WILSHIRE BLVD<br>LOS ANGELES, CA 90025-1501 | **NOTICE PARTY**<br>GADOL, BRYAN C/O MARK ECKARD<br>RAINES FELDMAN LITTRELL LLP<br>1900 AVENUE OF THE STARS<br>19TH FLOOR<br>LOS ANGELES, CA 90067-4410 | **NOTICE PARTY**<br>GADOL, BRYAN C/O MARK ECKARD<br>RAINES FELDMAN LITTRELL LLP<br>824 N MARKET STREET SUITE 805<br>WILMINGTON, DE 19801-4918 |
| **NOTICE PARTY**<br>GADOL, BRYAN<br>C/O MICHELLE SCHINDLER<br>FERGUSON SCHINDLER LAW FIRM<br>119 SOUTH SPRING ST, SUITE 201<br>ASPEN, CO 81611-2082 | **NOTICE PARTY**<br>GADOL, BRYAN<br>C/O TODD C THEODORA<br>THEODORA ORINGHER PC<br>535 ANTON BLVD NINTH FLOOR<br>COSTA MESA, CA 92626-7109 | **POC**<br>GADOL, BRYAN<br>C/O PAUL JASPER, PERKINS COIE LLP<br>505 HOWARD STREET, SUITE 1000<br>SAN FRANCISCO, CA 94105 |
| **NOTICE PARTY**<br>GOLDSTEIN, ALON<br>22287 MULHOLLAND HWY, UNIT 254<br>CALABASAS, CA 91302-5157 | **PREFERRED ADDRESS**<br>HAZEN, CASSANDRA AND PAUL<br>PO BOX 7070<br>CARMEL, CA 93921 | **NOTICE PARTY & POC**<br>HOEVEN, DREW<br>660 NEWPORT CENTTER DRIVE<br>SUITE 1450<br>NEWPORT BEACH, CA 92660 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **NOTICE PARTY**<br>HOEVEN, DREW<br>3 CAPE ANDOVER<br>NEWPORT BEACH, CA 92660-8401 | **NOTICE PARTY**<br>HOLZER, RUSTY - C/O B CAPITUMMINO<br>WOODS OVIATT GILMAN LLP<br>1900 BAUSCH & LOMB PLACE<br>ROCHESTER, NY 14604-2714 | **POC**<br>KAREN BEDROSIAN<br>2934 N BEVERLY GLEN CIRCLE, UNIT 347<br>LOS ANGLES, CA 90077 |
| **NOTICE PARTY**<br>KELSEY, KACI<br>110 WESTMINSTER ROAD<br>WEST PALM BEACH, FL 33405-1649 | **NOTICE PARTY**<br>KLEIN, BILL<br>60 LINDA ISLE<br>NEWPORT BEACH, CA 92660-7207 | **POC**<br>KRAUS, KEN, MD<br>C/O MICHAEL D. GOOD<br>3655 TORRANCE BLVD., STE 300<br>TORANCE, CA 90503 |
| **NOTICE PARTY**<br>KRAUS, KEN C/O JEFF AUGUSTINI<br>LAW OFFICE OF JEFF AUGUSTINI<br>100 BAYVIEW CIRCLE SUITE 210<br>NEWPORT BEACH, CA 92660-8901 | **NOTICE PARTY**<br>LEE, ROBERT<br>BBD 2012 GIFT TRUST<br>72-2763 ULUWEUWEU AKSUM PLACE<br>KAILUA KONA, HI 96740 | **NOTICE PARTY**<br>LEVASQUE, MATT<br>5893 LAKEVIEW<br>YORBA LINDA, CA 92886-5367 |
| **POC**<br>LEVESQUE, MATTHEW<br>C/O RANDALL COFFEE HUMPHREY LLP<br>3200 PARK CENTER DR., SUITE 9000<br>COSTA MESA, CA 92626 | **NOTICE PARTY & POC**<br>LI, PETER<br>19211 CROYDEN TER<br>IRVINE, CA 92603-3537 | **NOTICE PARTY & POC**<br>LOCKSLEY, JOHN<br>185 WEST END AVENUE UNIT 9A<br>NEW YORK, NY 10023-5543 |
| **NOTICE PARTY**<br>LOOK-MAZZA, MONA<br>344 WEST REDS ROAD<br>ASPEN, CO 81611 | **POC**<br>LUGANO DIAMONDS & JEWELRY<br>C/O CHRISTOPH PACHLER<br>620 NEWPORT CENTER DRIVE SUITE 100<br>NEWPORT BEACH, CA 92660 | **POC**<br>LUGANO BUYER, INC.<br>C/O CHRISTOPH PACHLER<br>620 NEWPORT CENTER DRIVE SUITE 100<br>NEWPORT BEACH, CA 92660 |
| **NOTICE PARTY**<br>LUGANO BUYER, INC.<br>301 RIVERSIDE AVE, SECOND FLOOR<br>WESTPORT, CT 06880-4806 | **NOTICE PARTY**<br>MCCALL, MARIANNE<br>188 LUDLOW STREET APT 21J<br>NEW YORK, NY 10002-1690 | **NOTICE PARTY & POC**<br>MCHENRY, TROY<br>10917 EARTH HUES<br>LAS VEGAS, NV 89135-9132 |
| **NOTICE PARTY**<br>MCMACKEN, RON<br>1660 SOUTH OCEAN BLVD<br>MANALAPAN, FL 33462-6210 | **NOTICE PARTY**<br>MOENS, LAWRENCE<br>2335 S OCEAN BLVD<br>PALM BEACH, FL 33480-5368 | **NOTICE PARTY**<br>MOLER, BILL<br>10342 MOHAWK ROAD<br>LEAWOOD, KS 66206-2587 |
| **NOTICE PARTY**<br>N.B.S. DIAMONDS<br>C/O GERALD L. KROLL<br>KROLL LAW<br>970 W. BROADWAY, SUITE E-200<br>JACKSON, WY 83001-6402 | **NOTICE PARTY**<br>N.B.S. DIAMONDS<br>C/O JOSEPH M. KAR<br>LAW OFFICE OF JOSEPH M. KAR PC<br>15250 VENTURA BLVD<br>SUITE PH-1220<br>SHERMAN OAKS, CA 91403-3201 | **POC**<br>N.B.S. DIAMONDS<br>C/O SHARON WEISS<br>BRYAN CAVE ET AL<br>120 BROADWAY, SUITE 300<br>SANTA MONICA, CA 90401 |
| **NOTICE PARTY**<br>OCONNELL, KEVIN<br>1714 STARLIGHT CIR<br>NEWPORT BEACH, CA 92660-4340 | **NOTICE PARTY**<br>PERL, DANIEL<br>C/O OMAR J. YASSIN<br>YASSIN LAW APC<br>1010 E. UNION STREET SUITE 201<br>PASADENA, CA 91106-1756 | **NOTICE PARTY**<br>PHILLIPS, ANDY<br>2900 BRISTOL STREET<br>COSTA MESA, CA 92626-5981 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| **NOTICE PARTY**<br>PRESUTTI, DANA<br>424 PARK CIRCLE<br>ASPEN, CO 81611-3400 | **NOTICE PARTY**<br>RUBERTI, LISA<br>C/O GOGO & MOORE LLC<br>505 E HYMAN AVENUE<br>ASPEN, CO 81611 | **NOTICE PARTY**<br>RODAN, AMMON<br>21 ORINDA WAY, SUITE C-381<br>ORINDA, CA 94563-2530 |
| **NOTICE PARTY**<br>ROTHSTEIN, ADAM<br>17 COVLEE DRIVE<br>WESTPORT, CT 06880-6407 | **POC**<br>ROYAL T. DIAMONDS GROUP LTD<br>C/O ALI MOJDEHI, MOJDEHI GALVIN<br>2550 FIFTH AVENUE, SUITE 910<br>SAN DIEGO, CA 92103 | **NOTICE PARTY**<br>SHELLY, DAMON<br>9881 RESEARCH DRIVE<br>IRVINE, CA 92618-4304 |
| **NOTICE PARTY**<br>SHERWOOD, STEVE<br>54 GOLDEN EAGLE<br>IRVINE, CA 92603-0309 | **NOTICE PARTY**<br>SIMON, RON<br>620 NEWPORT CENTER DRIVE<br>NEWPORT BEACH, CA 92660-6420 | **NOTICE PARTY**<br>SIMON, SCOTT<br>641 ST JAMES ROAD<br>NEWPORT BEACH, CA 92663-5854 |
| **NOTICE PARTY**<br>SIMON, VONDA & SCOTT<br>29230 PASEO CARMONA<br>SAN JUAN CAPISTRANO, CA<br>92675-3654 | **NOTICE PARTY & POC**<br>SMITH, MIKE<br>1585 ATTOKA ROAD<br>MARSHALL, VA 20115-3505 | **NOTICE PARTY**<br>SONI, ASHISH<br>1908 N FREMONT STREET<br>CHICAGO, IL 60614-5017 |
| **POC**<br>STACK, GEOFFREY & NANCY<br>C/O MATTHEW D. PHAM-ALLEN<br>MATKINS<br>865 S. FIGUEROA STREET, SUITE 2800<br>LOS ANGELES, CA 90017 | **NOTICE PARTY**<br>STACK, JEFF<br>3501 JAMBOREE ROAD, SUITE 6000<br>NEWPORT BEACH, CA 92660-2960 | **NOTICE PARTY**<br>STRAWBRIDGE, GEORGE<br>3801 KENNET PIKE<br>WILMINGTON, DE 19807-2300 |
| **NOTICE PARTY**<br>SUMMERS, JIM<br>282 LOCHA DRIVE<br>JUPITER, FL 33458-7733 | **PREFERRED ADDRESS**<br>SUTHERLAND, ANNE & GRANT<br>151 RANCH CREEK LANE<br>CARBONDALE, CO 91623 | **NOTICE PARTY**<br>SYDNEY HOLDINGS LIMITED<br>C/O B. CAPITUMMINO - WOODS OVIATT<br>1900 BAUSCH & LOMB PLACE<br>ROCHESTER, NY 14604-2714 |
| **NOTICE PARTY**<br>SYDNEY HOLDINGS LIMITED<br>C/O J LEVIN<br>GLASER WEIL FINK HOWARD JORDAN ET AL<br>10250 CONSTELLATION BLVD<br>19TH FLOOR<br>LOS ANGELES, CA 90067-6219 | **NOTICE PARTY & POC**<br>TEDORI, FRED<br>48 RITZ COVE DRIVE<br>DANA POINT, CA 92629-4228 | **NOTICE PARTY**<br>TESTA, DARREN C/O M. SCHINDLER<br>FERGUSON SCHINDLER LAW FIRM<br>119 SOUTH SPRING STREET<br>SUITE 201<br>ASPEN, CO 81611-2082 |
| **NOTICE PARTY**<br>TESTA, DARREN<br>C/O MARK ECKARD<br>RAINES FELDMAN LITTRELL LLP<br>1900 AVENUE OF THE STARS<br>19TH FLOOR<br>LOS ANGELES, CA 90067-4410 | **NOTICE PARTY**<br>TESTA, DARREN<br>C/O MARK ECKARD<br>RAINES FELDMAN LITTRELL LLP<br>824 N. MARKET STREET, SUITE 805<br>WILMINGTON, DE 19801-4918 | **NOTICE PARTY**<br>TESTA, DARREN<br>C/O TODD C THEODORA &<br>C. HARNEY<br>THEODORA ORINGHER PC<br>535 ANTON BLVD NINTH FLOOR<br>COSTA MESA, CA 92626-7109 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                  F 9013-3.1.PROOF.SERVICE

**POC**
TESTA, DARREN
C/O PAUL JASPER
PERKINS COIE LLP
505 HOWARD STREET, SUITE 1000
SAN FRANCISCO, CA 94105

**PREFERRED ADDRESS**
US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

**NOTICE PARTY**
WANG, ANGI
C/O GOGO & MOORE LLC
505 E HYMAN AVENUE
ASPEN, CO 81611

**NOTICE PARTY**
WAZANA, AVI C/O DARREN ENENSTEIN
ENENSTEIN PHAM GLASS & RABBAT
8439 W SUNSET BLVD SUITE 300
LOS ANGELES, CA 90069-1925

**POC**
WHITE MOUNTAIN CAPITAL
3447 HIGH RIDGE ROAD
BOYNTON BEACH, FL 33426

**NOTICE PARTY**
WINTERS, KRISTOPHER C/O S. KATZMAN
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 CALLE AMANECER STE 350
SAN CLEMENTE, CA 92673-6253

**POC**
WINTERS, KRISTOFFER
C/O STEVEN KATZMAN
903 CALLE AMANECER STE 350
SAN CLEMENTE, CA 92673

**NOTICE PARTY**
WOLFE, BILL
525 S FLAGLER DRIVE PH2 C/D
WEST PALM BEACH, FL 33401-5922

RETURN MAIL

**N/A**
SANTA ANA DIVISION
411 WEST FOURTH STREET, SUITE 2030,
SANTA ANA, CA 92701-4500
**N/A**

**NOTICE PARTY**
RUBERTI, LISA
**UNDELIVERABLE - INCOMPLETE ADDRESS**

**NOTICE PARTY**
WANG, ANGI
**UNDELIVERABLE - INCOMPLETE ADDRESS**

**NOTICE PARTY**
CAVE, DERYK
50 BIG SKY RESORT RD
BIG SKY, MT 59716
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**NOTICE PARTY**
SUTHERLAND, ANNE & GRANT
61070 MINARET CIRCLE
BEND, OREGON 97702-1903
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**NOTICE PARTY**
HAZEN, CASSANDRA AND PAUL
C/O JOANNA MARIE MYERS
9465 WILSHIRE BLVD SUITE 300
BEVERLY HILLS, CA 90212-2624
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**NOTICE PARTY**
SHERLOCK, TINA & RUSS
1416 W MAIN STREET
CARMEL, IN 46032
**UNDELIVERABLE**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**