1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   jpomerantz@pszjlaw.com
2  Jordan A. Kroop *(Pro Hac Vice)*
   jkroop@pszjlaw.com
3  PACHULSKI STANG ZIEHL & JONES LLP
4  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067
5  Telephone: 310-277-6910

6  *Attorneys for Official Committee of Creditors of
7  Lugano Diamonds & Jewelry Inc.*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:25-bk-12616-MH |
| Simba IL Holdings, LLC, | Chapter 11 |
| Debtor. | **JOINDER IN OBJECTION OF LUGANO DIAMONDS & JEWELRY INC. TO MOTION FOR ORDER APPROVING SETTLEMENT** |
| | Date:   March 17, 2026<br>Time:   2:30 p.m.<br>Crtrm.:  6C |
| | Judge:  Hon. Mark D. Houle |

The Official Committee of Unsecured Creditors (the "**Committee**") of Lugano Diamonds & Jewelry Inc. (as debtor-in-possession in Chapter 11 proceedings pending in the Bankruptcy Court for the District of Delaware, "**Lugano**") joins and adopts all arguments Lugano makes in its *Objection* [Doc 247][1] opposing the relief sought in the Debtor's *Motion for Order Approving Settlement* (the "**Motion**").

Not enough has been said about the larger context of this case. Mordechai Ferder defrauded dozens of individuals. Most of Ferder's victims are not before this Court in this case. But they are

---

[1] Capitalized terms used but not defined in this Joinder are used as defined in the Lugano Objection.

4898-9720-0532.2 53772.00002

all creditors in the Lugano cases and they *all* have an equal claim to Ferder's assets as redress for the fraud of which they were victims. This case only exists because Ferder transferred the Aspen House into Simba for no consideration less than a week before this case began. That transfer is likely a fraudulent transfer, but it also permitted a small handful of creditors (including Gadol, Ferder's long-time lawyer) with alleged claims against both Lugano and Simba to obtain equity in the Aspen House at the expense of dozens of similarly-situated creditors in the Lugano cases. That's the sort of lucky break the Bankruptcy Code prevents aggressive creditors from exploiting. Any equity in the Aspen House and even the Alternate Investments (if they are ultimately shown to have been fraudulently transferred to Simba) should be available to *all* creditors victimized by the fraud.

The proposed settlement—between the Debtor, who appears to have done no investigation of the merits of Gadol's and Testa's claims or the validity and enforceability of their putative Liens, and two individuals who appear to have acted on advance knowledge other creditors lacked to win a footrace to the courthouse to obtain avoidable Liens and who assert claims at least potentially susceptible to equitable subordination—cannot possibly be regarded as fair and equitable. The Debtor has:

- failed to mention the suspicious circumstances under which Gadol and Testa have obtained their prepetition Liens;
- failed to substantiate any coherent rationale for what appears to be a wholesale surrender of a position the Debtor took against the Gadol and Testa claims and Liens in a status report filed in this case (in which the Debtor informed this Court that it believed those Liens were avoidable and stated that it was "confident" that Gadol's and Testa's claims "can be substantially reduced or disallowed in their entirety";[2]
- failed to identify any persuasive reason to grant Gadol and Testa allowed secured claims without ever requiring those would-be creditors to provide even a modest defense of the merits of those claims;

---

[2] *Debtor's Status Report & Statement of Intentions* [Doc 17] at 5.

- failed to offer creditors of this estate or this Court a justification for why it is appropriate to deem the Lien against the Aspen House unavoidable without so much as a perfunctory investigation by a fiduciary of this estate;

- failed to include in the Settlement Agreement a common-sense provision that would give the Lugano estate a dollar-for-dollar credit against Gadol's and Testa's claims against Lugano for any recoveries they receive on account of identical claims in this case;

- suggested that "litigation of these issues would be fact-intensive, legally complex, and would likely require significant time and expense" as a justification for a highly inequitable settlement when (a) all the facts and operative documents are already known and obtained, (b) wrestling with complexity is why this Debtor has engaged high-priced counsel, and (c) investigating the largest disputed claims and highly suspect liens against this estate—claims that could easily deprive unsecured creditors of this estate any recovery—is the *sine qua non* of this type of Chapter 11 case; and

- in the face of possible administrative insolvency, waved the white flag of surrender without having investigated the subject matter of this proposed settlement.

Nothing about this is fair to the creditors of this estate, to say nothing of many, many more such creditors in the Lugano cases. It is a destructive giveaway that would deprive creditors of value and, by rewarding Gadol and Testa's inequitable prepetition zeal, betray this Debtor's purpose in filing this case: "to halt a chaotic creditor race and ensure a fair outcome for everyone."[3] In fact, it appears that every significant creditor has filed objections to the Motion except Citibank, whose senior, over-secured position entitles it to all but ignore the goings-on in this case. It is no wonder. The proposed settlement offends even basic notions of fairness, bestows an unwarranted gift to a duo of purported creditors led by Ferder's long-time counsel, and epitomizes the type of cynical administrative shortcut that causes Chapter 11 cases to disserve unsecured creditors.

---

[3] *Id.* at 2.

1  The Committee joins Lugano's request that the Motion be denied.

2  Dated: March 3, 2026                    PACHULSKI STANG ZIEHL & JONES LLP

3                                          By  */s/ Jeffrey N. Pomerantz*
4                                              Jeffrey N. Pomerantz
                                                Jordan A. Kroop
5
                                            Attorneys for Official Committee of Creditors of
6                                           Lugano Diamonds & Jewelry Inc.

4898-9720-0532.2 53772.00002                    4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):   served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 3, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2026 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4921-8689-9604.1 53772.00002

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  **Case 8:25-bk-12616-MH**

- **Anthony Bisconti**  tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Max Casal**  mcasal@shulmanbastian.com, avernon@shulmanbastian.com
- **John B Connor**  jack@johnbconnor.com
- **Matthew Tyler Davis**  tdavis@kbkllp.com
- **Karol K Denniston**  karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Don Fisher**  dfisher@ptwww.com, tblack@ptwww.com
- **Alan J Friedman**  afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **George Gerro**  george@gerrolaw.com
- **Michael D Good**  mgood@southbaylawfirm.com
- **Christopher J Harney**  charney@tocounsel.com, kmanson@tocounsel.com
- **Paul Jasper**  pjasper@perkinscoie.com, david.kline@rimonlaw.com
- **Steven J. Katzman**  skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Tobias S Keller**  tkeller@kellerbenvenutti.com
- **Jordan A Kroop**  jkroop@pszjlaw.com, rleibowitz@perkinscoie.com
- **Mette H Kurth**  mette.kurth@pierferd.com, mette-kurth-7580@ecf.pacerpro.com
- **Wendy A Locke**  ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- **Richard A Marshack**  rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Ali M. Mojdehi**  ali.mojdehi@mgr-legal.com
- **John Morris**  jmorris@pszjlaw.com
- **Dakota Pearce**  dpearce@buchalter.com, pjolley@buchalter.com;smartin@buchalter.com;docket@buchalter.com
- **Matthew D Pham**  mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Allison M. Rego**  allison.rego@mgr-legal.com
- **Stacy H Rubin**  rubins@ballardspahr.com, kmcgee@howardandhoward.com
- **Traci L Shafroth**  tshafroth@kbkllp.com, jminga@kbkllp.com
- **Leonard M. Shulman**  lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
- **Timothy J Silverman**  tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
LA:4921-8689-9604.1 53772.00002

F 9013-3.1.PROOF.SERVICE