**Exhibit A**

# **ATTACHMENT A**

## **DEFINITIONS**

For the purposes of these Requests, the following Definitions shall apply:

1. "Aspen House" means the real estate property commonly known as 1220 Red Butte Drive, Aspen Colorado 81611, which is the subject of the Special Warranty Deed recorded in Pitkin County on September 11, 2025, Reception No. 711806.

2. The "Aspen House Transfer" means the transfer of the Aspen House to Simba as "an *inter vivos* gift for no consideration" under the Special Warranty Deed recorded in Pitkin County on September 11, 2025, Reception No. 711806.

3. "Bankruptcy Code" means title 11 of the United States Code, as amended.

4. "Citi Deed of Trust" refers to the lien associated with the first deed of trust on the Aspen House held by Citibank N.A., as indicated at Docket No. 34 and in White Mountain Capital Inc.'s Motion for Relief from Stay at 8, Docket No. 39.

5. "CODI" means Compass Group Diversified Holdings LLC.

6. "Communications" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, email, text messages, WhatsApp, interviews, consultations, agreements, and other understandings.

7. "Concerning," shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

8. "Daniel L. Perl" refers to the principal of White Mountain Capital Inc. as indicated in White Mountain Capital Inc.'s Motion for Relief from Stay, Docket No. 39.

9. "Debtor" or "Simba" means Simba IL Holdings, that filed a voluntary chapter 11 petition under the Bankruptcy Code commencing the Chapter 11 Case, and all of its predecessor, or successor entities; and all of its current or former directors, officers, employees, attorneys, advisors, and representatives.

10. The "Diamond" means that diamond referenced in the Loan Agreement and Secured Promissory Note.

11. "Documents" means any designated documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form consistent with the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure or meeting the definition of "writing" or "recording" set forth in Rule 1001 of the Federal Rules of Evidence.

12. "Idit" refers Idit F. Ferder, also at times referred to as Edit F. Ferder, the spouse of Moti.

13. "Haim Family Trust" refers to the Haim Family Trust, dated February 24, 2009, for which Moti and Idit have served as Trustees.

14. "Loan Agreement and Secured Promissory Note" refers to the document of the same title, dated March 10, 2025, attached as an exhibit to White Mountain Capital Inc.'s Motion for Relief from Stay, Docket No. 39-1.

15. "Moti" refers to Mordechai Haim 'Moti' Ferder.

16. "Notice of Election" refers to that certain Notice of Election and Demand for Sale by Public Trustee dated August 15, 2025 and filed in Pitkin County, Colorado.

17. "Person" or "Entity" means any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

18. "Promissory Note (Interest Only)" refers to the document of the same title, dated March 10, 2025, attached as an exhibit to White Mountain Capital Inc.'s Motion for Relief from Stay, Docket No. 39-1.

19. "Sandra Perl" refers to the spouse of Daniel L. Perl, the principal of White Mountain Capital Inc.

20. "Transfer" has the meaning ascribed to that term in 11 U.S.C. §101(54).

21. "WMCI Deed of Trust" refers to the second deed of trust on the Aspen House held by White Mountain Capital Inc., dated March 10, 2025, as indicated in White Mountain Capital Inc.'s Motion for Relief from Stay at 8, Docket No. 39, and attached as an exhibit thereto, Docket No. 39-1.

22. "You" and "Your" means Creditor White Mountain Capital, Daniel L. Perl, and/or Sandra Perl, individually or in any combination.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1. The Requests seek Documents and Communications created, sent, or received from September 16, 2021, through the present.

2. In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable,

the Requests shall be deemed to include any document now or at any time in Your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any Your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entitles and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf. A document is deemed to be in Your possession, custody, or control it if is in Your physical custody, or if it is in the physical custody of any other person or entity and You: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such document when You sought to do so, or (iv) as a practical matter, have been able to use, inspect, examine or copy such document on any terms. If any requested document was, but no longer is, in Your control, state the disposition of each such document.

3. As the term " possession" pertains to emails, the term includes, but is not limited to, emails contained in Your electronic email directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" emails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" emails, including all subdirectories irrespective of the title of such subdirectories.

4. The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Request.

5. In responding to each Request, You are to review and search all relevant files of

appropriate entities and persons.

6. All Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

7. You are to produce the original and all non-identical copies, including all drafts of each document requested. If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts. Any document that cannot be produced in full shall be produced to the fullest extent possible.

8. In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Request. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth. All documents requested herein shall be produced electronically as tagged image file format ("TIFF") or portable document format ("PDF") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in a fully functional native form (i.e., in a linked format).

9. If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

    a. A description of the document, including the date, a summary of its contents and the identity of its author and the persons(s) to whom it was sent or shown;

    b. The last known custodian;

    c. Whether the document is missing or lost or was destroyed, discarded, or otherwise

        disposed;

    d. The date of loss, destruction, discarding, or other disposition;

    e. The reason(s) for destruction, discarding, or other disposition;

    f. The person(s) authorizing or carrying out such destruction, discarding, or other deposition; and

    g. The efforts made to locate lost or misplaced documents.

10. In the event You seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, You shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, You are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed

document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

11. Each Definition, Instruction, and Request herein shall be construed independently and not with reference to any other Definition, Instruction, or Request, for the purposes of limitation.

12. If any meaning of any term in any Request herein is unclear to You, without waiver of the right to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

13. In accordance with Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Requests shall be stated in full and with specificity. In the event You object to a Request, You must produce the documents to which objection is not made.

14. Each Request shall be deemed continuing. If, after responding, You obtain or become aware of any additional documents or information responsive to these Requests, production of such additional documents or information shall be made forthwith.

15. "Including" shall not be construed to limit the scope of any Request.

16. Whenever necessary to bring within the scope of a Request documents or information that might otherwise be construed to be outside its scope:

   a. The use of a verb in any tense shall be construed as the use of that verb in all other

tenses;

b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

17. Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1. All Communications Concerning the Aspen House Transfer exchanged among You, or exchanged between You and any third party (including but not limited to, Moti; Idit; any individual on behalf of the Haim Family Trust, individually, jointly, and/or as trustees of the Haim Family Trust; the Haim Family Trust; Tom Ferder; Simba; and/or any of their representatives or agents).

2. All Documents Concerning the Promissory Note (Interest Only), the Loan Agreement and Secured Promissory Note, the WMCI Deed of Trust, or the Notice of Election, including but not limited to, drafts of those documents, Communications regarding the negotiation of those documents, or Communications regarding the documents or their actual or contemplated terms.

3. All Documents and Communications Concerning the knowledge of Lugano or CODI or any of their representatives Concerning the existence or terms of the Aspen House Transfer, the Promissory Note (Interest Only), the Loan Agreement and Secured Promissory Note,

the WMCI Deed of Trust, or the Notice of Election.

    4.    All Documents and Communications Concerning the Aspen House.

    5.    All Documents and Communications Concerning the Diamond.

    6.    All Documents and Communications Concerning the Citi Deed of Trust, including but not limited to, Documents and Communications Concerning the priority of the Citi Deed of Trust as against any actual or contemplated transaction between You and Moti or Simba.

    7.    All Documents and Communications Concerning the use by Moti or Simba of funds from the Promissory Note (Interest Only) or the Loan Agreement and Secured Promissory Note, including but not limited to, Documents and Communications Concerning the actual or intended use of funds and/or the reason for seeking credit from You.

    8.    All Documents and Communications Concerning Moti's financial condition.

    9.    All Documents and Communications Concerning the Haim Family Trust's financial condition.

    10.    All Documents and Communications Concerning Moti's intention to leave the United States for travel or any other reason.

    11.    All Documents and Communications Concerning any financial dealings or agreements between You and the Haim Family Trust, Moti, Idit, and/or Tom Ferder (other than the Promissory Note (Interest Only), the Loan Agreement and Secured Promissory Note, or the WMCI Deed of Trust), including but not limited to, any and all loans, Transfers, financial payments, purchase deposits, wire transfers, credit agreements, investment contracts, bill-and-hold arrangements, barter arrangements, or consignment transactions.