**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
TRACI L. SHAFROTH (Cal. Bar No. 251673)
(tshafroth@kbkllp.com)
JAY R. MINGA (Cal. Bar No. 293744)
(jminga@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Lugano Diamonds & Jewelry Inc.*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC,<br><br>        Debtor and Debtor in Possession. | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>Assigned to Hon. Mark D. Houle<br><br>**NOTICE OF MOTION AND MOTION FOR PRODUCTION OF DOCUMENTS BY CREDITOR WHITE MOUNTAIN CAPITAL, INC., DANIEL L. PERL, AND SANDRA PERL, UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL BANKRUPTCY RULE 2004-1; MEMORANDUM OF POINTS & AUTHORITIES; AND DECLARATION OF JAY R. MINGA IN SUPPORT**<br><br>[No Hearing Required Except If There Is a Response and Request for Hearing Under LBR 9013-1(p)] |

NOTICE OF MOTION AND MOTION OF CREDITOR LUGANO DIAMONDS & JEWELRY INC. FOR AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS BY WMCI AND THE PERLS UNDER RULE 2004

1

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ITS COUNSEL OF RECORD AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Creditor Lugano Diamonds & Jewelry Inc. ("Lugano"), by and through undersigned counsel, hereby notices and moves the Court under Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1 for an order to compel Creditor White Mountain Capital, Inc. ("WMCI"), Daniel L. Perl, and Sandra Perl (Mr. and Ms. Perl, the "Perls") (WMCI and the Perls, collectively, the "WMCI Parties") to produce to undersigned counsel for Lugano the documents specified on **Attachment A** attached hereto on the dates mutually accepted by the parties but no later than twenty-one days after the entry of the order granting this motion (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that this Motion is brought under Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1 on the grounds that no adversary proceeding or contested matter is pending in which the information could be sought under Federal Rule of Bankruptcy Procedure 7030 or 9014 and the requested documents are necessary for Lugano to investigate WMCI's claims and whether any actions associated with the following were undertaken to delay the recovery of creditors of Mordechai Ferder ("Ferder"):

- the real estate property commonly known as 1220 Red Butte Drive, Aspen, Colorado 81611 (the "Aspen House"), which was the subject of "an *inter vivos* gift for no consideration" under the Special Warranty Deed recorded in Pitkin County on September 11, 2025, Reception No. 711806 (the "Aspen House Transfer");

- the nature of the second deed of trust on the Aspen House held by White Mountain Capital Inc., dated March 10, 2025, as indicated in White Mountain Capital Inc.'s Motion for Relief from Stay at 8, Docket No. 39, and attached as an exhibit thereto, Docket No. 39-1 (the "WMCI Deed of Trust");

- the Loan Agreement and Secured Promissory Note, dated March 10, 2025, attached as an exhibit to White Mountain Capital Inc.'s Motion for Relief from Stay, Docket No. 39-1 (the "Loan Agreement and Secured Promissory Note"); and

- the Promissory Note (Interest Only), dated March 10, 2025, attached as an exhibit to White Mountain Capital Inc.'s Motion for Relief from Stay, Docket No. 39-1 (the "<u>Promissory Note (Interest Only)</u>"); and

- the Notice of Election and Demand for Sale by Public Trustee, dated August 15, 2025, and filed in Pitkin County, Colorado (the "<u>Notice of Election</u>").

Given the Motion's limited scope, Lugano anticipates additional document production may be needed.

**PLEASE TAKE FURTHER NOTICE** that this Motion is supported by the attached memorandum of points and authorities, supporting declaration, and exhibits.

**PLEASE TAKE FURTHER NOTICE** that, unless the Court orders otherwise, this Motion will be ruled on without a hearing under Local Bankruptcy Rule 9013-1(p).

**PLEASE TAKE FURTHER NOTICE** that because WMCI Parties are not the Debtor, Lugano will issue a subpoena to each of them under Federal Rule of Bankruptcy Procedure 9016, Federal Rule of Civil Procedure 45, and Local Bankruptcy Rule 2004-1(e), which Lugano will serve after the Court issues an order granting the Motion.

**PLEASE TAKE FURTHER NOTICE** that, under Local Bankruptcy Rule 2004-1(f), the party from whom examination is sought may file a motion for protective order if grounds exist under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(c). A motion for protective order must be filed and served not less than fourteen days before the date of examination, and set for hearing not less than two days before the scheduled examination, unless an order setting hearing on shortened notice is granted by the Court under Local Bankruptcy Rule 9075-1. The parties may stipulate, or the Court may order, that the examination be postponed for hearing the motion for protective order on regular notice under Local Bankruptcy Rule 9013-1(d).

**PLEASE TAKE FURTHER NOTICE** that, under Local Bankruptcy Rule 2004-1(g), the parties are required to seek to resolve any dispute arising under this rule in accordance with Local Bankruptcy Rule 7026-1(c).

NOTICE OF MOTION AND MOTION OF CREDITOR LUGANO DIAMONDS & JEWELRY INC. FOR AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS BY WMCI AND THE PERLS UNDER RULE 2004

3

**WHEREFORE**, Lugano respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Authorizing subpoenas to be issued for Rule 2004 Examinations of (a) White Mountain Capital, Inc., (b) Daniel L. Perl, and (c) Sandra Perl, which compel production of the documents listed in Attachment A attached to each subpoena.

3. Retaining jurisdiction to consider any additional request for information and documents and examinations on appropriate notice and imposition of sanctions for failure to appear on appropriate notice; and

4. Granting such other and further relief as this Court deems just and proper under the circumstances.

DATED: March 6, 2026

KELLER BENVENUTTI KIM LLP

By: _____
Jay R. Minga
*Attorneys for Lugano Diamonds & Jewelry Inc.*

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION OF CREDITOR LUGANO DIAMONDS & JEWELRY INC. FOR AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS BY WMCI AND THE PERLS UNDER RULE 2004

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Lugano provides this Memorandum of Points and Authorities in support of its motion (the "Motion") for an order under Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1 to compel production by Creditor White Mountain Capital, Inc. ("WMCI"), Daniel L. Perl, and Sandra Perl (Mr. and Ms. Perl, the "Perls") (WMCI and the Perls, collectively, the "WMCI Parties") of the documents specified in Attachment A to the subpoenas, attached hereto as **Exhibit A**, along with an affidavit or declaration under penalty of perjury attesting to compliance with the subpoena.

Further, to obtain information concerning the Debtor's assets and the claims at issue in this Chapter 11 case, Lugano seeks documents concerning the Debtor's purported assets—including the real estate property commonly known as 1220 Red Butte Drive, Aspen, Colorado 81611 (the "Aspen House")—and the second deed of trust on the Aspen House obtained by WMCI, dated March 10, 2025, as indicated in WMCI's Motion for Relief from Stay at 8, Docket No. 39, and attached as an exhibit thereto, Docket No. 39-1 (the "WMCI Deed of Trust").

The Loan Agreement and Secured Promissory Note, dated March 10, 2025, attached as an exhibit to White Mountain Capital Inc.'s Motion for Relief from Stay, Docket No. 39-1 (the "Loan Agreement and Secured Promissory Note"), especially raises red flags concerning Ferder's conduct and web of illicit diamond investment contracts. The document states that "[t]he purpose of the loan to be funded by WMCI and received by the Borrowers [was] to provide financing to the Borrowers to purchase a Diamond, described herein, and to thereafter incorporate and mount the Diamond within a suitable jewelry setting which shall then be sold to a customer." *Id.* at 7 of 48. "The Loan [was to] be collateralized and secured by the Diamond and with the additional collateral of Borrowers' residence located 1220 Red Butte Drive, Aspen, County of Pitkin, Colorado, 81611, . . . [to] be encumbered with a Second Mortgage and Deed in the total amount of the loan, (i.e., $6,750,000)." *Id.* at 8 of 48. Borrowers were to be "solely responsible for safekeep, protection, storage and insurance of the Diamond." *Id.* at 9–10 of 48.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRODUCTION OF DOCUMENTS BY WMCI AND THE PERLS UNDER FRBP 2004 AND L.B.R. 2004-1

1

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Lugano respectfully requests that the Court grant this Motion so that Lugano may obtain information about the Aspen House and the circumstances surrounding its second deed of trust.

## II. THE COURT SHOULD ORDER PRODUCTION OF THE REQUESTED DOCUMENTS FROM THE WMCI PARTIES.

Federal Rule of Bankruptcy Procedure 2004(a) provides that this Court may order the examination of "any entity" based on the motion of any party in interest. Rule 2004 further provides for requiring the production of documents under the examination. Fed. R. Bank. P. 2004(c). The examination of any entity encompasses "the acts, conduct, or property" or the "liabilities and financial condition" of the debtor, "any matter that may affect the administration of the debtor's estate," or "the debtor's right to a discharge," as well as matters concerning "the operation of any business," "the source of any money acquired or property the Debtor acquired," and "any other matter relevant to the case or to formulating a plan." *See* Fed. R. Bank. P. 2004(b). The examination is intended to probe the condition and the expanse of the estate. *Keene Corp. v. Johns-Manville Corp. (In re IV. Johns-Manville)*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984).

Courts regularly authorize wide-ranging rule 2004 inquiries. *See In re Drexel Burnham Lambert Grp, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (observing that Rule 2004 examination sweeps far more broadly than discovery in federal civil litigation); *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (courts unanimously recognize the wide-ranging scope of Rule 2004 examination). Courts have consistently emphasized that Rule 2004 authorizes expansive investigation and "cut[s] a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass. 1981) (analyzing prior Rule 205). Anyone who was "connected with the debtor in his business arrangements, or who even participated in them, will most likely be exposed to the most extensive inquiry." *Id. See also Johns-Manville*, 42 B.R. at 364 (Rule 2004 examination may "cut a broad swath through the debtor's affairs"). Accordingly, under the comprehensive sweep of Rule 2004 examination, "any entity" with relevant information is brought well within the field of inquiry. Any question is authorized that seeks facts concerning the debtor's conduct, property, and financial affairs. Fed. R. Bank. P. 2004(b); *Johns-Manville*, 42 B.R. at 364.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRODUCTION OF DOCUMENTS BY WMCI AND THE PERLS UNDER FRBP 2004 AND L.B.R. 2004-1

2

1    Lugano seeks documents and communications from the WMCI Parties that directly pertain
2  and are highly relevant to the Debtor's assets and the claims in its Chapter 11. Lugano's Rule 2004
3  requests seek documents and communications from WMCI, Mr. Perl, and Ms. Perl concerning the
4  circumstances around the "*inter vivos* gift for no consideration" under the Special Warranty Deed
5  recorded in Pitkin County on September 11, 2025, Reception No. 711806 (the "Aspen House
6  Transfer"), including communications between the WMCI Parties and Ferder, Ferder family
7  members, the Haim Family Trust, and representatives. *See* Ex. A at 10–11, Request 1.

8    Lugano also seeks from the WMCI Parties documents concerning the WMCI Deed of
9  Trust, the Loan Agreement and Secured Promissory Note, and the Promissory Note (Interest
10 Only), dated March 10, 2025 (the "Promissory Note (Interest Only)"), each as cited in and attached
11 as exhibits to WMCI's Motion for Relief from Stay, Docket No. 39 and Docket No. 39-1, as well
12 as the Notice of Election and Demand for Sale by Public Trustee, dated August 15, 2025, and filed
13 in Pitkin County, Colorado (the "Notice of Election"). *See* Ex. A at 10–11, Request 2.

14   Lugano's requests further seek documents and communications regarding: the knowledge
15 of Ferder and/or Compass Group Diversified Holdings LLC ("CODI") as to the Aspen House
16 Transfer, the Promissory Note (Interest Only), the Loan Agreement and Secured Promissory Note,
17 the WMCI Deed of Trust, and/or the Notice of Election; documents and communications that
18 concern the use of funds from such arrangements (whether by Ferder or the Debtor) and reasons
19 for seeking credit from WMCI, Mr. Perl, and Ms. Perl; the Aspen House; the diamond at issue in
20 the Loan Agreement and Secured Promissory Note; and the first deed of trust on the Aspen House
21 held by Citibank and its priority. *See* Ex. A at 10–11, Requests 2–7.

22   Lugano additionally seeks documents and communications concerning Ferder's financial
23 condition, that of the Haim Family Trust, Ferder's intent to leave the United States, and any
24 financial dealings or agreements between WMCI, Mr. Perl, and/or Ms. Perl, on the one hand, and
25 the Haim Family Trust, Ferder, Idit Ferder (aka Edit Ferder), and/or Tom Ferder (the "Ferder
26 Parties"), on the other, besides the Promissory Note (Interest Only), the Loan Agreement and
27 Secured Promissory Note, and the WMCI Deed of Trust. *See* Ex. A at 11, Requests 8–11.
28

Keller Benvenutti Kim LLP
101 Montgomery Street, Suite 1950
San Francisco, California 94104

Memorandum of Points and Authorities in Support of Motion for Production of Documents by WMCI
and the Perls Under FRBP 2004 and L.B.R. 2004-1
3

There are serious questions regarding the relationships between WMCI, Daniel L. Perl, Sandra Perl, and the Ferder Parties, including how the parties understood the nature of the diamond investment in the Loan Agreement and Secured Promissory Note, the length and nature of the history of their relationships reportedly dating back to 2018. Declaration of Jay R. Minga ("Minga Decl.") ¶ 5.

For instance, in March 2025, in the days leading up to the Loan Agreement and Secured Promissory Note, the Promissory Note (Interest Only), and the WMCI Deed of Trust, Ferder apparently exchanged a series of email correspondence with Mr. Perl and at least one other associate of WMCI under the subject line "HAIM FAMILY TRUST BUSINESS AGREEMENT." Minga Decl. ¶ 4. Mr. Perl was aware of Ferder's role at Lugano. *Id.* The subject line of the emails raises serious questions whether Mr. Perl, the principal of WMCI in his own right, was aware that Ferder could be breaching his duties as a corporate officer and fiduciary of Lugano and causing a loss of business opportunity for Lugano by undertaking an apparently personal "Haim Family Trust Business Agreement" based on a diamond investment side-deal. *Id.*

Counsel for WMCI and the Perls also represented during the meet-and-confer that the Perls and Ferder had been socially involved. *Id.* ¶ 16. Counsel appeared to state that the Perls and Ferder had social interactions dating back to 2018. *Id.* Further, in addition to a history of correspondence between WMCI and Mr. Perl and Ferder, undersigned counsel informed counsel for WMCI and the Perls that Lugano has in its possession email correspondence sent to Ferder from what appear to be multiple email accounts belonging to Ms. Perl and dating back to at least 2021. *Id.*

Both counsel for WMCI and for WMCI and the Perls also acknowledged that WMCI already had produced documents responsive to the Rule 2004 requests in Lugano's Attachment A in response to Rule 2004 requests brought by Creditors Bryan Gadol and Darren Testa in *In re Serenade Newport, LLC*, Case No. 8:25-bk-11898-MH. *Id.* ¶ 17.

### III.    MEET AND CONFER

In accordance with Local Bankruptcy Rule 2004-1(a), before filing the Motion, Lugano, through its undersigned counsel, Jay R. Minga, conferred by email and telephonically both with counsel for WMCI, Greg P. Campbell, and counsel for the Perls, Omar Yassin (who is also co-

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

counsel for WMCI).[1] Minga Decl. ¶¶ 6–17. WMCI has agreed to produce some documents by March 23, 2026, and the Perls have agreed to produce some documents by March 26, 2026, but the parties were unable to reach complete agreement on the scope of Lugano's Rule 2004 discovery and neither has agreed to produce all documents specifically requested on Attachment A (the "Requested Documents"). Id. ¶ 6. Because neither WMCI nor the Perls have agreed to produce all the Requested Documents, Lugano accordingly moves the Court hereby for an order compelling the WMCI Parties to produce them.

Counsel for Lugano submits that the efforts to meet and confer with counsel for the WMCI Parties on timing and scope of the Rule 2004 requests satisfy Local Bankruptcy Rule 2004-1(a).

## IV. CONCLUSION

The requested documents are central to the nature of the Debtor's estate and its principal asset, the Aspen House. They relate to the circumstances surrounding the Promissory Note (Interest Only), the Loan Agreement and Secured Promissory Note, and the WMCI Deed of Trust). Lugano therefore respectfully moves the Court to order Creditor White Mountain Capital Inc., Daniel L. Perl, and Sandra Perl to produce documents responsive to the requests in Exhibit A on the dates to which they have agreed, March 23, 2026 and March 26, 2026, respectively, and no later than within twenty-one days after entry of the Court order requested in this Motion.

Due to the limited scope of this Motion, Lugano anticipates that further document production(s) as well as examination(s) could be necessary and Lugano, therefore, reserves the right to serve additional document requests as well as to conduct examinations.

DATED: March 6, 2026

**KELLER BENVENUTTI KIM LLP**

By: /s/ Jay R. Minga

Jay R. Minga

*Attorneys for Lugano Diamonds & Jewelry Inc.*

---

[1] Copies of undersigned counsel's correspondence with both counsel for Creditor WMCI and the Perls are attached to the concurrently filed Minga Declaration.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRODUCTION OF DOCUMENTS BY WMCI AND THE PERLS UNDER FRBP 2004 AND L.B.R. 2004-1

5