| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman – Bar No. 126349<br>James C. Bastian, Jr. – Bar No. 175415<br>Alan J. Friedman – Bar No.  132580<br>Max Casal – Bar No. 342716<br>SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone:  (949) 340-3400 -Facsimile:   (949) 340-3000<br>Email: lshulman@shulmanbastian.com<br> jbastian@shulmanbastian.com<br>afriedman@shulmanbastian.com<br>mcasal@shulmanbastian.com<br><br>☐  *Individual appearing without attorney*<br>☒  *Attorney for:*  Debtor and Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:25-bk-12616-MH |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF MOTION FOR:**<br><br>ORDER GRANTING RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(1), OR, IN THE ALTERNATIVE, EXTENDING THE  DEADLINES IN THE AMENDED SCHEDULING ORDER<br><br><br>**(*Specify name of Motion*)** |
| | DATE: 05/26/2026<br>TIME:  1:30 pm<br>COURTROOM: 6C<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |

1.   TO (*specify name*):  the Honorable Mark D. Houle, Office of the United States Trustee and Interested Parties

2.   NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.   **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  05/05/2026

Shulman Bastian Friedman Bui & O'Dea LLP
Printed name of law firm

/s/ Max Casal
Signature

Max Casal
Printed name of attorney

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Leonard M. Shulman – Bar No. 126349
James C. Bastian, Jr. – Bar No. 175415
Alan J. Friedman – Bar No. 132580
Max Casal – Bar No. 342716
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
Email:        lshulman@shulmanbastian.com
                jbastian@shulmanbastian.com
                afriedman@shulmanbastian.com
                mcasal@shulmanbastian.com

General Counsel for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| In re<br><br>**SIMBA IL HOLDINGS, LLC., a Delaware limited liability company,**<br><br>Debtor. | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ORDER GRANTING RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(1), OR, IN THE ALTERNATIVE, EXTENDING THE DEADLINES IN THE AMENDED SCHEDULING ORDER; DECLARATIONS OF MAX CASAL AND RICHARD A. MARSHACK IN SUPPORT**<br><br><u>**Hearing Date**</u>:<br>Date:   May 26, 2026<br>Time:  1:30 p.m.<br>Place:  6C<br>          411 West Fourth Street<br>          Santa Ana, CA 92701 |

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................2

II.   RELEVANT FACTUAL BACKGROUND ......................................................................2

    A.    The Case ...............................................................................................................2

    B.    Procedural History Giving Rise to the Motion......................................................3

        1.    Counsel Inadvertently Lodged an Order that Recharacterized Deadlines as Hearing Dates But Was Entered by the Court ........................3

        2.    The Debtor Files a Motion to Continue the Dates and Deadlines Related to Plan Confirmation Which is Denied by the Court ......................4

        3.    The Debtor Files the Plan and Disclosure Statement and Notices the Hearing on Adequacy of the Disclosure Statement in Compliance with the Original Scheduling Order ..........................................................5

        4.    The Debtor Files Two Stipulations to Continue the Disclosure Statement Hearing Which are Granted by the Court....................................5

        5.    The Court Enters an Order to Show Cause Based, in Part, Upon the Mistake Leading to the  Original Scheduling Order .....................................6

        6.    Pending Approval of the Disclosure Statement and Confirmation of the Plan, the Debtor Takes Other Actions to Resolve the Case ...................7

III.  ARGUMENT .....................................................................................................................9

    A.    Relief is Warranted Under Federal Rule of Civil Procedure 60(b) Because the Procedural Posture Giving Rise to the Amended Scheduling Order and OSC Results From Excusable Neglect.............................................................................9

        1.    No Danger of Prejudice............................................................................9

        2.    Length of Delay and Impact on Proceedings ..........................................10

        3.    Reason for the Delay ...............................................................................10

        4.    Good Faith................................................................................................11

    B.    Alternatively, Cause Exists to Continue the Deadlines Set forth in the Amended Scheduling Order ................................................................................12

IV.   CONCLUSION ................................................................................................................13

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

i

## TABLE OF AUTHORITIES

Cases                                                                                    Page

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
  624 F.3d 1253, 1259 (9th Cir. 2010)...................................................................... 9
*Bateman v. United States Postal Serv.*,
  231 F.3d 1220, 1223-24 (9th Cir. 2000) .................................................................. 9
*Bateman*,
  231 F.3d at 1223-24 ............................................................................................... 11
*Flores v. Safadi (In re Safadi)*,
  431 B.R. 478, 483 (Bankr. D. Ariz. 2010)............................................................... 9
*Kemp v. United States*,
  596 U.S. 528, 530-31 (2022)................................................................................... 9
*Lemoge v. United States*,
  587 F.3d 1188, 1196 (9th Cir. 2009)....................................................................... 9
*Lemoge*,
  587 F.3d at 1198...................................................................................................... 10
*Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*,
  507 U.S. 380, 395 (1993) ........................................................................................ 9
*Pioneer*,
  507 U.S. at 394 ........................................................................................................ 9
*Pioneer*,
  507 U.S. at 398 ........................................................................................................ 11
*TCI Group Life Ins. Plan v. Knoebber*,
  244 F.3d 691, 701 (9th Cir. 2001)........................................................................... 9
*United States v. Davenport*,
  668 F.3d 1316, 1324 (11th Cir. 2012)..................................................................... 11

**Rules**
Fed. R. Bankr. P. 9006(b)(1) ....................................................................................... 12
Fed. R. Civ. P. 60(b)(1) ................................................................................................ 9
Federal Rule of Bankruptcy Procedure 9006(b) .......................................................... 12
Federal Rule of Bankruptcy Procedure 9024 ............................................................... 9
Federal Rule of Civil Procedure 60(b)(1) .................................................................... 2, 9
Rule 60(b)(1) ................................................................................................................. 12

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor"), hereby submits this motion (the "Motion") for an order granting relief from and amending the oral ruling memorialized in the Amended Scheduling Order (defined below), or, in the alternative, extending the deadlines therein. In support of the Motion, the Debtor respectfully represents as follows:

**I.    INTRODUCTION**

At all times, the Debtor has acted in good faith and with the reasonable belief that it was proceeding in accordance with the Court's directives and with the Court's approval. However, as a result of a cascading series of events stemming from counsel's misunderstanding of the Court's oral ruling at the Case Management Conference, the Debtor has now learned that it is currently in default of certain deadlines relating to approval of the Debtor's disclosure statement and confirmation of its plan.

By this Motion, the Debtor does not seek to disregard the Court's deadlines or oral ruling. Rather, the Debtor seeks relief from the consequences that developed from counsel's good-faith error in translating the Court's ruling into a written scheduling order and to ensure that the Case continues toward a value-maximizing resolution.

In the event that the Court declines to grant relief under Federal Rule of Civil Procedure 60(b)(1), the Debtor respectfully submits that cause independently exists to extend the relevant deadlines so that the Debtor may proceed with the currently scheduled Disclosure Statement Hearing on July 7, 2026.

**II.    RELEVANT FACTUAL BACKGROUND**

**A.    The Case**

On September 16, 2025, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "Case").

The Debtor is a limited liability company organized under the laws of the State of Delaware. The Debtor is a holding company and its main assets are a portfolio of investments (the "Alternative

Investments") and real property located at 1220 Red Butte Dr, Aspen, Colorado 81611 (the "Real Property"). The Debtor also owns an approximate 35% stake in an entity that owns the entirety of Lugano Diamonds & Jewelry Inc. ("Lugano").

**B.     Procedural History Giving Rise to the Motion**

      1.     **Counsel Inadvertently Lodged an Order that Recharacterized Deadlines as Hearing Dates But Was Entered by the Court**

On November 18, 2025, a case management conference was held before the Court (the "Case Management Conference"). A true and correct copy of a transcript of the Case Management Conference (the "CMC Transcript") is attached to the Declaration of Max Casal (the "Casal Declaration") as **Exhibit A**.

At the Case Management Conference, the Court: (i) stated that the parties would discuss the claims bar date to be set in the Case "as well as plan and disclosure statement, filing dates, and approval dates" (CMC Transcript, 19:8-14) and (ii) asked Debtor's counsel for "a scheduling order…by the end of [the] week with all of [the] dates that we're going to agree on right now" (CMC Transcript, 21:15-17).

Thereafter, the Court made the following oral ruling regarding dates related to plan confirmation: "…the plan and disclosure statement are to be filed by February 13th, '26. I'll set a deadline of disclosure statement approval of February 13th. Let's go to March 31st. And a plan confirmation deadline of, let's go to May 26th." CMC Transcript, 23:16-21.

When asked if he had "all of those dates," counsel for the Debtor responded: "I'll reconfirm them right now, Your Honor. So  the deadline to file a plan is February 13th. The claims bar date will be December 19th. The deadline to file a disclosure statement is March 31st. And the deadline for plan confirmation is May 26th." CMC Transcript, 23:23-24:2. In response, the Court said "Right… The scheduling order has to be lodged by this Friday." CMC Transcript, 24:3-8.

As reflected by the CMC Transcript, Debtor's counsel misunderstood the manner in which the dates were to be reflected in the written order. Indeed, in translating the oral exchange from the Case Management Conference into a proposed scheduling order, Debtor's counsel mistakenly characterized the deadlines as hearing dates. Notwithstanding the foregoing, the proposed

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

scheduling order was subsequently entered by the Court without any modifications [Dkt. No. 141] (the "Original Scheduling Order").

In relevant part, the Original Scheduling Order provides the following dates and deadlines related to plan confirmation:

"The Court hereby sets the following deadlines and hearing dates with respect to plan confirmation:

a. The deadline to file its chapter 11 plan and disclosure statement is February 13, 2026;

b. A hearing on a motion for approval of adequacy of the Debtor's disclosure statement shall be held on March 31, 2026 at 2:30 p.m.

c. A hearing on confirmation of the Debtor's chapter 11 plan shall be held on May 26, 2026 at 2:30 p.m."

Original Scheduling Order, 2:5-13

2. **The Debtor Files a Motion to Continue the Dates and Deadlines Related to Plan Confirmation Which is Denied by the Court**

Following entry of the Original Scheduling Order, on February 5, 2026, the Debtor filed a Motion to Continue Deadlines Related to Plan Confirmation [Dkt. No. 222] (the "Motion to Continue"). The Motion to Continue was premised upon the Debtor's reliance on the Original Scheduling Order, restated the hearing dates related to approval of the adequacy of the Debtor's disclosure statement and confirmation of the Debtor's chapter 11 plan set forth therein (Motion to Continue, 2:14-20), and requested that the Court continue such dates "by approximately 120 days" (Motion to Continue, 3:12-13).

On February 9, 2026, the Court entered an order denying the Motion to Continue without prejudice [Dkt. No. 223] ("Order Denying Motion to Continue") on the grounds that "the Court [found] the evidentiary support for the request to extend deadlines vague and conclusory… specifically as to reasons why plan and disclosure deadlines should be extended." Order Denying Motion to Continue, 1:24-2:1. The Order Denying Motion to Continue did not identify any issues with the characterization of the dates in the Original Scheduling Order.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

3.     **The Debtor Files the Plan and Disclosure Statement and Notices the Hearing on Adequacy of the Disclosure Statement in Compliance with the Original Scheduling Order**

After entry of the Order Denying Motion to Continue and in accordance with the Original Scheduling Order, the Debtor filed its Chapter 11 Plan of Liquidation [Dkt. No. 229] (the "Plan") and its Disclosure Statement in Support of Chapter 11 Plan of Liquidation [Dkt. No. 228] (the "Disclosure Statement") on February 13, 2026.

Thereafter, on February 17, 2026, the Debtor filed its Motion to Approve Adequacy of the Debtor's Disclosure Statement in Support of Chapter 11 Plan of Liquidation [Dkt. No. 230]  and noticed the hearing on approval of the Disclosure Statement (the "Disclosure Statement Hearing") for March 31, 2026 [Dkt. No. 231]. Based thereon, the Debtor not only complied with the Original Scheduling Order as entered but also within the timelines contemplated by the Court at the Case Management Conference.

4.     **The Debtor Files Two Stipulations to Continue the Disclosure Statement Hearing Which are Granted by the Court**

Prior to the Disclosure Statement Hearing, the Debtor received informal comments to the Disclosure Statement from certain parties, including Lugano, Compass Group Diversified Holdings LLC ("CODI"), and the Official Committee of Creditors of Lugano Diamonds & Jewelry Inc. (the "Lugano Committee").

In response to those comments, the Debtor agreed with the foregoing parties to continue the Disclosure Statement Hearing to allow the parties to attempt to reach a consensual resolution and filed the Stipulation for Order Continuing (1) the Hearing on the Motion to Approve Adequacy of the Debtor's Disclosure Statement in Support of Chapter 11 Plan of Liquidation and (2) Related Deadlines [Dkt. No. 270] (the "First Stipulation") on March 18, 2026.  Given the existence of the Original Scheduling Order, Debtor's counsel had no reason to listen to or review the transcript of the Case Management Conference.

On that same day, the Court entered an order approving the First Stipulation [Dkt. No. 272] (the "First Stipulation Order") which continued the Disclosure Statement Hearing to "April 28, 2026 at 2:30 p.m." First Stipulation Order, ¶ 2.

After entry of the First Stipulation Order, the Debtor exchanged comments and drafts of a revised Disclosure Statement with the relevant parties, received further comments, and CitiMortgage Inc. filed an objection to approval of the Disclosure Statement [Dkt. No. 277]. Based on the foregoing, the Debtor filed a second Stipulation for Order Continuing (1) the Hearing on the Motion to Approve Adequacy of the Debtor's Disclosure Statement in Support of Chapter 11 Plan of Liquidation and (2) Related Deadlines [Dkt. No. 281] (the "Second Stipulation" and collectively with the First Stipulation, the "Stipulations to Continue") on April 24, 2026 to permit the Debtor to consensually resolve all of the issues raised by the objecting parties. Again, because of the existence of the Original Scheduling Order and now, the First Stipulation Order, Debtor's counsel never reviewed the transcript of the Case Management Conference.

On April 24, 2026, the Court entered an order approving the Second Stipulation [Dkt. No. 283] (the "Second Stipulation Order" and collectively with the First Order, the "Orders Approving the Stipulations") which continued the Disclosure Statement Hearing to "July 7, 2026 at 1:30 p.m." Second Stipulation Order, ¶ 2.

In sum, the Debtor's current noncompliance with the deadlines imposed by the Court's oral ruling arose only as a result of the Stipulations to Continue and the Orders Approving the Stipulations. Absent these continuances, the Debtor would have remained in a position to comply with the deadlines imposed by the Court's oral ruling, notwithstanding counsel's mistake.

5.    **The Court Enters an Order to Show Cause Based, in Part, Upon the Mistake Leading to the  Original Scheduling Order**

On April 27, 2026, the Court entered an Order Setting Hearing Re: Issuance of Scheduling Order [Dkt. No. 287] (the "Order Setting Hearing") and the hearing was held the following day (the "Scheduling Hearing").

At the Scheduling Hearing, the Court advised Debtor's counsel that the deadlines set at the Case Management Conference had been recharacterized in the Original Scheduling Order and that

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

the Debtor was in default of those deadlines. The Order Setting Hearing and the Scheduling Hearing marked the first time that the Debtor and its counsel became aware that the Original Scheduling Order did not accurately reflect the Court's oral ruling.

On April 30, 2026, the Court entered the Scheduling Order Correcting Omitted Deadlines [Dkt. No. 296] (the "Amended Scheduling Order") which "formalized" the Court's oral ruling at the Case Management Conference by setting: (1) March 31, 2026 as the "deadline to approve a disclosure statement," and (2) May 26, 2026 as the "deadline to confirm a Chapter 11 plan." Amended Scheduling Order: 2:7-11.

In entering the Amended Scheduling Order, the Court noted that "Debtor's counsel lodged a proposed scheduling order that re-characterized the deadlines given at the case management conference as simply the dates of the hearings on approval of a disclosure statement and confirmation of a plan" and as "a result, there was no order on the docket that reflected the deadlines to approve a disclosure statement and confirm a plan, despite the Court having set such deadlines." Amended Scheduling Order, 1:26-2:2.

On April 30, 2026, the Court entered the Order to Show Cause Why Case Should Not be Dismissed or Converted [Dkt. No. 299] (the "OSC") based, at least in part, upon the Debtor's failure to comply with the deadlines memorialized in the Amended Scheduling Order. In the OSC, the Court stated that it "inadvertently entered" the Original Scheduling Order. OSC, 2:22.

The OSC is set for hearing on May 26, 2026 and the Debtor's deadline to respond to the OSC is May 12, 2026. For the avoidance of doubt, this Motion is not intended to be the Debtor's response to the OSC and the Debtor shall file a separate response by the deadline.

6.      **Pending Approval of the Disclosure Statement and Confirmation of the Plan, the Debtor Takes Other Actions to Resolve the Case**

The Plan is a liquidating plan which provides for the establishment of a liquidating trust as of the effective date of the Plan, the transfer of all remaining assets of the Debtor as of such date to the trust, and the liquidation of such assets to fund distributions under the Plan.

Pending approval of the Disclosure Statement and confirmation of the Plan, the Debtor filed a Motion for Order Approving Settlement [Dkt. No. 240] (the "9019 Motion") which seeks approval

of a settlement agreement with Bryan Gadol and Darren Testa which substantially impacts the Plan and the Debtor's ability to effectuate the terms thereof. Specifically, the contemplated agreement resolves the complex issues pending between the Debtor and two of its largest creditors, provides for a substantial reduction of their asserted claims, creates sources of funds to support distributions to creditors of the Debtor's estate upon liquidation of the Real Property and Alternative Investments, and eliminates the risks, costs, and delays associated with litigation.

After the filing of the 9019 Motion, the Debtor received objections from CODI [Dkt. No. 252], Lugano [Dkt. No. 247], the Lugano Committee [Dkt. No. 250], White Mountain Capital Inc. [Dkt. No. 246], and Royal T. Diamonds Group Ltd. [Dkt. No. 251]. The Debtor has since filed two stipulations with the objecting parties [Dkt. Nos. 262, 278] to continue the hearing on the 9019 Motion to allow the parties to engage in targeted discovery and settlement negotiations which were subsequently approved by the Court [Dkt. Nos. 265, 279]. In accordance with such stipulations, the parties have engaged in substantive discovery, deposition practice, and negotiations in connection with the 9019 Motion. The hearing on the 9019 Motion is currently scheduled to go forward on July 7, 2026.

Importantly, the issues relevant to the 9019 Motion are also relevant to the Debtor's Plan and Disclosure Statement and involve many of the same parties. For example, the contemplated settlement affects the feasibility and structure of the Debtor's Plan, including the Debtor's ability to liquidate the Real Property and Alternative Investments and the manner in which the proceeds from such assets may be distributed to creditors. Therefore, the terms of any approved settlement agreement should be reflected in the Debtor's Disclosure Statement and Plan and the Debtor's efforts to resolve the disputes raised in connection with the 9019 Motion are closely tied to approval of the adequacy of the Disclosure Statement and confirmation of the Plan. Candidly, if the 9019 Motion is not ultimately approved (whether it be for the existing settlement agreement or for a revised version which provides greater benefits for the estate), the Debtor believes it would be more difficult to confirm the Plan. However, assuming approval of the 9019 Motion, the Debtor believes it will be able to expeditiously move towards Plan confirmation.

## III. ARGUMENT

**A. Relief is Warranted Under Federal Rule of Civil Procedure 60(b) Because the Procedural Posture Giving Rise to the Amended Scheduling Order and OSC Results From Excusable Neglect**

Federal Rule of Civil Procedure 60(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 9024, provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b) is remedial in nature and should be applied liberally." *Flores v. Safadi (In re Safadi)*, 431 B.R. 478, 483 (Bankr. D. Ariz. 2010); *see also*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (holding that all Federal Rules of Civil Procedure are to be "liberally construed"). A motion under Rule 60(b)(1) may be brought to correct mistakes and is timely so long as "filed within a reasonable time, and, at most, one year after the entry of the order under review." *Kemp v. United States,* 596 U.S. 528, 530-31 (2022).

The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). While not exclusive, the Ninth Circuit considers the following factors to evaluate excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 394).

These factors strongly weigh in favor of granting relief here.

### 1. No Danger of Prejudice

First, there is no danger of prejudice to any party. *See, TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (holding that a finding of prejudice requires a "tangible harm"). No party has been prejudiced by Debtor's counsel's inadvertent mistake, nor would any party be prejudiced by the Court granting the Debtor relief from the consequences arising from the Amended Scheduling Order. *See, Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) ("Prejudice requires greater harm than simply that relief would delay resolution of the case").

The Debtor filed the Plan and Disclosure Statement and noticed the Disclosure Statement Hearing in compliance with the Original Scheduling Order and within the timeframes contemplated by the Court's oral ruling at the Case Management Conference. Thereafter, the Debtor engaged with parties-in-interest, addressed comments, and entered into the Stipulations to Continue which were approved by the Court.

Accordingly, all parties-in-interest that have participated in this Case were aware of and consented to the continuance of the Disclosure Statement Hearing and the timeline for approval of the Disclosure Statement. Therefore, granting relief to the Debtor would not impair any party's rights, and would instead align the procedural posture of the Case with the expectations of parties-in-interest.

### 2.    Length of Delay and Impact on Proceedings

Second, the length of the delay and its impact on the proceedings weigh in favor of relief. The Debtor filed the instant Motion within one week of learning of counsel's mistake. *See, Lemoge*, 587 F.3d at 1198 (considering the timing of a Rule 60(b) motion in evaluating delay).

Moreover, as set forth herein, the Debtor timely filed the Plan and Disclosure Statement and initially noticed the Disclosure Statement Hearing within the timeframes contemplated by the Court and the Original Scheduling Order. The Debtor only deviated from this timeline upon entering into the Stipulations to Continue which were approved by the Court, allowed the Debtor to attempt to consensually resolve all comments and objections to the Disclosure Statement, and coordinated the Disclosure Statement Hearing with the hearing on the 9019 Motion, which materially impacts the Plan and Disclosure Statement.

Thus, the relevant delay was not the product of inaction but instead the result of Court-approved continuances designed to advance the Case in a coordinated manner. Under these circumstances, the continuance of the Disclosure Statement Hearing has not been unreasonable nor delayed administration of the Case.

### 3.    Reason for the Delay

Third, the mistake leading to the current procedural posture of the Case is the type of inadvertent mistake that warrants relief under Rule 60(b)(1). *See, United States v. Davenport*, 668

F.3d 1316, 1324 (11th Cir. 2012) (holding that "a mistake of fact, such as a miscommunication or a clerical error" may constitute excusable neglect); *Bateman*, 231 F.3d at 1223-24 (Excusable neglect covers "negligence, carelessness, and inadvertent mistake" on "the part of counsel"); *Pioneer*, 507 U.S. at 398 (finding that a mistake based upon an "ambiguity" required a finding of excusable neglect in the absence of prejudice and bad faith).

At the Case Management Conference, the Court set certain dates and deadlines. However, the oral exchange reflected some confusion as to those dates and how they were to be reflected in the proposed scheduling order. That confusion carried into the proposed Original Scheduling Order which was subsequently entered without modification, as certain deadlines were inadvertently described as hearing dates. Thereafter, all actions taken by the Debtor relating to the Plan and Disclosure Statement were premised upon the Original Scheduling Order, including the filing of the Plan and Disclosure Statement, the Motion to Continue, and the Stipulations to Continue. Indeed, neither the Debtor nor its counsel were aware that any mistake occurred until the issuance of the Order Setting Hearing and the Scheduling Hearing.

These circumstances reflect a good-faith mistake followed by reasonable reliance on the Original Scheduling Order, rather than any intentional noncompliance with the Court's directives.

### 4.    **Good Faith**

Finally, the Debtor and its counsel acted in good faith at all times. While the Original Scheduling Order did not accurately reflect the Court's oral ruling at the Case Management Conference, Debtor's counsel did not intentionally alter or misstate the deadlines set by the Court in an attempt to circumvent the Court's ruling and proposed the Original Scheduling Order in good faith.

Importantly, and notwithstanding counsel's mistake, the Debtor filed its Plan and Disclosure Statement and noticed the Disclosure Statement Hearing prior to the deadlines and dates imposed by both the Original Scheduling Order and the Court's oral ruling. Only after the filing of the Stipulations to Continue and entry of the Orders Approving the Stipulations did the Debtor unknowingly violate the deadlines provided at the Case Management Conference. At that time, the Debtor reasonably believed that it was proceeding in accordance with the Court's scheduling and

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11

deadlines in light of the Orders Approving the Stipulations. As such, the Debtor made consistent efforts to comply with the Court's orders on the docket and there is no evidence here of bad faith, gamesmanship, or intentional delay.

In sum, all four factors weigh in favor of relief. The mistake at issue was inadvertent, the Debtor acted in good faith, and no party has been prejudiced by the delay. Under these circumstances, relief under Rule 60(b)(1) is warranted.

**B.    Alternatively, Cause Exists to Continue the Deadlines Set forth in the Amended Scheduling Order**

In the event that the Court declines to grant relief under Rule 60(b)(1), the Debtor requests that the Court extend the deadlines for approval of the adequacy of the Disclosure Statement and confirmation of the Plan.

Federal Rule of Bankruptcy Procedure 9006(b) provides, in relevant part, that "when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period… the court may – at any time and for cause – extend the time to act…" Fed. R. Bankr. P. 9006(b)(1). If the specified period has expired, the court may "extend the time to act if… the failure to act within that period resulted from excusable neglect." *Id.*

Here, the Debtor submits that cause exists to extend the relevant deadlines. First, the Debtor's failure to comply with the deadlines set by the Court resulted from excusable neglect for the reasons set forth at length above.

Second, cause exists to continue the deadlines in accordance with the current Disclosure Statement Hearing date of July 7, 2026. Upon timely filing its Plan and Disclosure Statement, the Debtor has engaged with multiple parties-in-interest to address comments in an attempt to consensually resolve any objections. The requested continuance will allow such negotiations to continue and conclude.

Third, extending the deadlines will facilitate a value-maximizing resolution of the Case. The Debtor is actively pursuing a settlement with its largest creditors that directly impacts the Plan and resolution of the Case. Specifically, such settlement will, *inter alia*, impact the amount of proceeds from the Real Property and Alternative Investments available for the benefit of creditors, resolve

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12

the claims of the Debtor's two largest creditors, and provide a clear path toward resolution of the Case. In furtherance of such settlement, the parties have engaged in substantive discovery, deposition practice, and negotiations in connection with the 9019 Motion. And as previously stated, the fate of the Plan is possibly tied to the approval of the 9019 Motion.  As such, because the issues underlying the 9019 Motion are intertwined with the Plan and Disclosure Statement, extending the deadlines will allow those matters to be resolved in a coordinated manner.

Finally, extending the deadlines will not prejudice any party. Relevant parties are actively participating in the Case, have been involved in the Stipulations to Continue, and are aware of the current Case posture. Extending the deadlines will allow the Debtor to resolve all outstanding issues in a coordinated and efficient manner, without impairing any party's rights.

## IV.    CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court grant the Motion and enter an order: (i) granting relief under Rule 60(b)(1); or, in the alternative (ii) extending the deadlines related to approval of the Disclosure Statement and confirmation of the Plan.

Respectfully submitted,

Dated:  May 5, 2026          **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

_____/s/____Max Casal_____
Leonard M. Shulman
James C. Bastian, Jr.
Alan J. Friedman
Max Casal
General Counsel for the Debtor

## DECLARATION OF MAX CASAL

I, Max Casal, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Shulman Bastian Friedman Bui & O'Dea LLP, general counsel for the Debtor. I am familiar with the Debtor's bankruptcy proceeding to date, have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of the *Debtor's Motion for Order Granting Relief Pursuant to Federal Rule of Civil Procedure 60(b)(1), or, in the Alternative, Extending the Deadlines in the Amended Scheduling Order* (the "Motion"). All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

2. On November 18, 2025, I appeared on behalf of the Debtor at the Case Management Conference before the Court. Attached hereto as **Exhibit A** is a true and correct copy of the CMC Transcript.

3. During the Case Management Conference, the Court set certain dates relating to the filing of the Debtor's disclosure statement and plan, approval of the disclosure statement, and confirmation of the plan. The discussion of those dates occurred in the context of an oral exchange during the Case Management Conference, and the Court directed me to lodge a proposed scheduling order reflecting the dates discussed.

4. Following the Case Management Conference, I asked a paralegal from my office to prepare a proposed scheduling order based on my notes from the Case Management Conference. A true and correct copy of my email providing the relevant dates to the paralegal is attached hereto as **Exhibit B.**

5. As set forth in such email, I mistakenly believed that the March 31 and May 26 dates provided by the Court relating to disclosure statement approval and plan confirmation were hearing dates, rather than deadlines.

6. Thereafter, I reviewed and approved the proposed scheduling order which was subsequently lodged on behalf of the Debtor and entered by the Court without modification [Dkt. No. 141].

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7. After entry of the Original Scheduling Order, the Debtor and I proceeded in reliance on that order as entered:

    a. The Debtor filed the Motion to Continue which was premised upon and described the dates and deadlines set forth in the Original Scheduling Order.

    b. Upon denial of the Motion to Continue, the Debtor timely filed its Plan and Disclosure Statement and noticed the Disclosure Statement Hearing in accordance with the Original Scheduling Order and within the timeframes discussed at the Case Management Conference.

    c. After filing the Plan and Disclosure Statement, the Debtor filed the Stipulations to Continue the Disclosure Statement Hearing.

8. Based upon: (i) the Court entering the Original Scheduling Order without modification; (ii) the fact that the Order Denying Motion to Continue did not identify any issues with the characterization of the dates in the Original Scheduling Order; and (iii) entry of the Orders Approving the Stipulations, I was not aware that I made a mistake in converting the Court's oral ruling into the proposed Original Scheduling Order.

9. I first became aware that the Original Scheduling Order did not accurately reflect the Court's oral ruling at the Case Management Conference when the Court issued the Order Setting Hearing and conducted the Scheduling Hearing. Therefore, I did not request or review the transcript of the Case Management Conference until after the Scheduling Hearing.

10. Based on the Court's comments at the Scheduling Hearing, I respectfully acknowledge that I misunderstood the Court's ruling and that the proposed scheduling order did not accurately reflect the Court's oral ruling.

11. In reviewing the CMC Transcript, I understand that I misunderstood certain of the dates and deadlines set by the Court (*see,* CMC Transcript, 23:14-24:6) and recognize that I should have confirmed the manner in which the dates and deadlines were to be reflected in the proposed scheduling order.

12. At the time the proposed scheduling order was lodged, I believed in good faith that it accurately reflected the Court's ruling. However, it is now apparent that I misunderstood how the

dates outlined by the Court at the Case Management Conference were to be memorialized in the scheduling order. As a result, I inadvertently described the Court's deadlines as hearing dates.

13. I take responsibility for this mistake and submit that it was inadvertent. I did not intend to alter or misstate the Court's ruling, and any discrepancy between the Court's ruling and the proposed scheduling order was the result of my misunderstanding and mistake.

14. At all times during this Case, I have acted in good faith and with the intention of complying with the Court's orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 5, 2026, at Irvine, CA.

/s/ *Max Casal*_____

Max Casal

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF SANTA ANA

-oOo-

| | |
|---|---|
| In Re: | ) Case No. 8:25-bk-12616 |
| | ) Chapter 11 |
| SIMBA IL HOLDINGS, LLC, A | ) |
| DELAWARE LIMITED LIABILITY | ) Santa Ana, California |
| COMPANY | ) Tuesday, November 18, 2025 |
| | ) 2:30 PM |
| Debtor. | ) |
| _____ | ) #8.00 MOTION FOR APPROVAL OF |

#8.00 MOTION FOR APPROVAL OF STIPULATION RESOLVING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TREATMENT OF CREDITOR'S CLAIM BY AND BETWEEN WHITE MOUNTAIN CAPITAL, INC. AND DEBTOR, SIMBA IL HOLDINGS, LLC

#9.00 MOTION FOR ORDER APPROVING SETTLEMENT

#10.00 CONT. APPLICATION TO EMPLOY RICHARD MARSHACK/MARSHACK HAYS WOOD LLP AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE

#11.00 CONT. ORDER (1) SETTING SCHEDULING HEARING AND CASE MANAGEMENT CONFERENCE AND (2) REQUIRING STATUS REPORT

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARK D. HOULE
UNITED STATES BANKRUPTCY JUDGE



EXHIBIT "A' - PAGE 1

APPEARANCES:

| | |
|---|---|
| For the Debtor: | MAX CASAL, ESQ.<br>Shulman Bastian Friedman Bui & O'Dea LLP<br>100 Spectrum Center Drive<br>Suite 600<br>Irvine, CA 92618<br>949-340-3400 |
| For the Office of the United States Trustee: | QUEENIE K. NG, ESQ.<br>Office of the United States Trustee<br>411 West Fourth Street<br>Suite 7160<br>Santa Ana, CA 92701<br>714-338-3403 |
| For Mr. Winters: | STEVE KATZMAN, ESQ.<br>Bienert Katzman Littrell Williams<br>903 Calle Amanecer<br>Suite 350<br>San Clemente, CA 92673<br>949-369-3700 |
| For White Mountain Capital: | GREG CAMPBELL, ESQ.<br>Aldridge Pite, LLP<br>3333 Camino del Rio South<br>Suite 225<br>San Diego, CA 92108<br>858-750-7600 |
| For Westport properties, Drew Hogan: | TIMOTHY J. SILVERMAN, ESQ.<br>Scheer Law Group, LLP<br>85 Argonaut<br>Suite 202<br>Aliso Viejo, CA 92656<br>949-263-8757 |
| For Darren Testa and Bryan Gadol : | CHRISTOPHER HARNEY, ESQ.<br>Theodora Oringher<br>535 Anton Boulevard<br>Ninth Floor<br>Costa Mesa, CA 92626<br>714-549-6200 |



EXHIBIT "A" - PAGE 2

For Rusty Holser:                              TIM LYSTER, ESQ.
                                               Woods Oviatt Gilman LLP
                                               1900 Bausch & Lomb Place
                                               Rochester, NY 14604
                                               585-987-2894

Court Recorder:                                JAMES LE
                                               United States Bankruptcy Court
                                               411 W 4th Street
                                               Santa Ana, CA 92701

Transcriber:                                   HANA COPPERMAN, CET 487
                                               eScribers, LLC
                                               7227 N. 16th Street
                                               Suite #207
                                               Phoenix, AZ 85020
                                               (800) 257-0885

Proceedings recorded by electronic sound recording;
transcript provided by transcription service.

eScribers

EXHIBIT "A' - PAGE 3

Simba IL Holdings, LLC, a Delaware limited liability company

SANTA ANA, CALIFORNIA, TUESDAY, NOVEMBER 18, 2025 03:13 PM

-oOo-

(Call to order of the Court.)

THE COURT:  So let's call all the Simba, and I want to say II, but it's really Simba IL Holdings.  We have matter 8.  That's the motion for approval of the relief from stay stipulation.  We have matter 9.  That's vacated.  That's the order approving another settlement.  That's continued to December 9.  10 is the application to employ Richard Marshack and Marshack Hays.  And 11 is the case management conference.  If I could get appearances on all of them.  Let's start off in court first.

MS. NG:  Good afternoon, Your Honor.  Queenie Ng for the U.S. Trustee in matter number 10 and 11.

THE COURT:  All right.  Thank you, ma'am.  And then I'll go down my list here.  Do we have Mr. Katzman on the line?

UNIDENTIFIED SPEAKER:  Yes.

MR. CASAL:  Good morning, Your Honor.  Good afternoon, Your Honor.  It's Max Casal.

THE COURT:  I'm sorry.  What was the name, sir, again?

MR. CASAL:  I didn't hear.  I didn't hear if you said my name or if this is somebody else's name.  But this is Max Casal for the debtor.

THE COURT:  Yeah.  No, I did not say your name.  I was asking if Mr. Katzman was there.  All right.

EXHIBIT "A' - PAGE 4

Simba IL Holdings, LLC, a Delaware limited liability company

MR. KATZMAN: Yes, Your Honor. Good afternoon, Your Honor. Steve Katzman, Bienert Katzman Littrell Williams, on behalf of Mr. Winters.

THE COURT: All right. Thank you, sir.

You're a little faint, Mr. Katzman. So when you talk later, if you could please speak up just a teeny bit louder.

Do we have Mr. Campbell on the line?

MR. CAMPBELL: Good afternoon, Your Honor. Greg Campbell on behalf of White Mountain Capital.

THE COURT: Good afternoon. Mr. Silverman.

MR. SILVERMAN: Yes, Your Honor. Tim Silverman appearing on behalf of the Westport properties, Drew Hogan (phonetic), creditors.

THE COURT: All right. Mr. Harney.

MR. HARNEY: Good afternoon, Your Honor. Chris Harney from Theodora Oringher on behalf of creditors Darren Testa and Bryan Gadol.

THE COURT: Good afternoon. And now, Mr. Casal, I think.

MR. CASAL: Yes. Apologies, Your Honor. Max Casal, Shulman Bastian Friedman Bui & O'Dea, for the debtor.

THE COURT: All right. Good afternoon. And then we have different appearances for each matter. Let me make sure I'm wrapping up everyone. Is there a Mr. Lyster? Lyster? Timothy Lyster?

eScribers

EXHIBIT "A' - PAGE 5

Simba IL Holdings, LLC, a Delaware limited liability company

MR. LYSTER:  Yes, Your Honor.  Good afternoon.  Tim Lyster, Woods Oviatt Gilman, for Rusty Holser (phonetic).

THE COURT:  All right.  Thank you.  Mr. Cimini. Anthony Cimini.  No?

MR. CIMINI:  Good afternoon.  Good afternoon, Your Honor.  Anthony Cimini from Taft Stettinius & Hollister on behalf of Casey Kelsey (phonetic).  I'm just listening in, Your Honor.  Don't need to make a formal appearance, so thank you.

THE COURT:  All right.  Thank you.  I have everyone here on my list.  Is there anyone else appearing on these Simba IL matters that hasn't appeared?

Okay.  Let's start with matter 8.  That's the motion to approve the stipulation regarding the real property and relief from stay.  All right.  So and this is interesting.  I agree.

So Mr. Katzman, I agree with the objecting creditors as to the flaws in the stipulation, the issues with the stipulation.  There's things being approved here that are really more appropriately the subject of a 9019 motion, specifically, essentially, allowing White Mountain's claim, and then, as well, in addition to all of the releases, the fairly extensive releases, I understand why White Mountain would want it.  But again, in terms of a stipulation for relief from stay, I really have no idea what the estate is releasing, and there's no ANC properties analysis.  So we can have some more

Simba IL Holdings, LLC, a Delaware limited liability company

discussion, but I can't see how I'm going to approve the

stipulation on those grounds.

Now, let me add on to my introductory comments.  I

understand the objecting creditors.  They want this sale

process, in the big picture, as lengthy as possible, to receive

the highest value.  And so there's a victory, in essence, in

defeating this relief from stay stipulation in that the sale

will not happen, what I'll call in the midterm, because the

stipulation provides for about a four-month period for it to be

sold.  The problem is, though, then we default back to the

relief from stay hearing.  I think that's set sometime in early

December.  And that is not before me.  I have not extensively

reviewed those documents.  I don't know if there's still filing

to be done on that, a reply or potentially, even the

opposition.  But just from these papers, it looks like there

was an unauthorized transfer of interest in that property.

So given that relief from stay has a different

standard, it's just that there be a colorable claim, I might be

granting relief from stay under (d)(4), (d)(1) and (d)(4), in

December.  So that's, sort of, the -- this stipulation failing

may be somewhat of a Pyrrhic victory for the objecting

creditors, but that's just big picture thoughts.  Again, I have

not reviewed the relief from stay pleadings in detail, so I'm

not opining on those at all.  Those are just my comments.

So first I'll ask Mr. Katzman.  Did I miss anything in



EXHIBIT "A" - PAGE 7

Simba IL Holdings, LLC, a Delaware limited liability company

terms of the problems with the stipulation that you'd like to add for the record?

MR. KATZMAN:  Can you hear me okay now, Your Honor?

THE COURT:  Yeah, a little bit.  Yes.

MR. KATZMAN:  Okay.  No, you hit the point, and I think you also hit the big picture.  And it's not that -- and I also will say that Mr. Campbell's reply was very well done.  I don't think, it's not like we don't want to see a stipulation, and we don't want to see an agreement.  I mean, the two main factors for us is to ensure that we have enough time.  And I think, on retrospect, if the foreclosure notice is being removed, and we have the four months, I would hope that we would have enough time, and even if we were not at that point, that it would be reasonableness with respect to that.

The bigger concern I have is that, and maybe this can be fixed in the sense that the stipulation is a bit inconsistent in the sense that it is providing relief beyond just relief from stay.  And it's not to say that we are, per se, opposed to that.  It's just they say in one breath that we reserve the right to object to the claim, but in the other breath, there's a release by the debtor and an agreement as to the claim.  And we may be stuck, and particularly when they send the reply papers, that we don't have standing to pursue an objection or an adversary proceeding against the claim.  We may be stuck in a quandary, where later on we may have colorable

Simba IL Holdings, LLC, a Delaware limited liability company

issues as to their claim ,but then we don't have the ability to contest it, because the debtor has waived it.  So we just don't want to be stuck in that position where there's being this release on a motion to approve a stipulation for relief from stay, and nobody's really done the, at least from our viewpoint, the analysis that's necessary to conclude that that's in the best interest of the estate.

THE COURT:  All right.  Thank you, sir.  And I do understand both parties' perspectives.  I understand why White Mountain would want to have certainty as to its claim amount.  But hopefully, for the reasons I've stated, it's understandable what the problems are with the stipulation.

Let me turn to -- I think it's Mr. Campbell, as movant's counsel.

MR. CAMPBELL:  Yes, Your Honor.  This is Greg Campbell on behalf of White Mountain Capital.  Your Honor, we understand your point.  And this property, as you stated, was transferred to this debtor on the eve of the bankruptcy filing, which is what prompted the motion for relief being filed.  We thought we reached what was a fair agreement with the debtor, which would give them 120 days from the date the Court approved the stipulation.  The property has already been listed for approximately sixty days.  That would give the debtor a full six months to sell this property.  We think, by setting a deadline, it actually motivates debtor to sell the property.

Simba IL Holdings, LLC, a Delaware limited liability company

It would require our client to rescind the foreclosure documents.  It would reduce the interest rate, which would benefit these pre-judgment junior lien holders.

With respect to the releases, our client may be amenable to removing that provision from the stipulation if we can move forward with it.  We didn't file under 9019.  We've gotten some feedback from other courts that creditors lack standing to file a motion under 9019 because I believe the rule says the debtor or trustee must file it under 9019, which is why we filed it under this Code provision.

THE COURT:  Well, the problem, and I apologize for interrupting, the problem is not the relief from stay part.  It's the release.  I can't recall seeing in this type of situation that type of release language.  And another thing to consider is even though you may prevail in getting a relief under (d)(1), (d)(4) in December, I can also condition that so that there's no foreclosure for a period of time, to allow the debtor to try and market and sell it in the interim.

So what I'm trying to say is I'm not trying to put too much pressure on either one of the parties.  I think an agreement makes the most sense, but I am sensitive to a property of this value being sold in a fire sale in a distressed asset type situation.  I don't have some of the same problems I would have in a typical Chapter 7 individual case, where there's (d)(4) grounds.  So I mean, there may well be a

Simba IL Holdings, LLC, a Delaware limited liability company basis for (d)(4) relief, but I'm not particularly worried that the owner is going to be doing anything else.

And so now the question is in the big picture, if I were to grant your motion for relief in December, do I make that immediate, or do I condition the stay so that there's a period of time for the debtor to try to sell it? Just something to keep in mind as the parties are hopefully working together to try to reach some agreement. That seems to make the most sense.

MR. CAMPBELL: Thank you, Your Honor. This is Greg Campbell again. You know, our client has made it clear that this was a deal that was contingent upon Court approval, and they intend to proceed with their motion for relief in December if the Court declines to approve this agreement today. So we reserve our right to pursue that motion. And perhaps, as part of the relief being granted, there would be a period of time before that relief is effective, like Your Honor just proffered. But if the creditors do not want this motion approved today, the stipulation is going to be void, and our client's going to proceed with the motion in December.

THE COURT: All right. Thank you, sir. So my intention right now is to deny the motion for the reasons stated on on the record as well as in the objecting creditor's pleadings. Anyone else wish to be heard?

MR. KATZMAN: Your Honor, if I may respond? Steve



EXHIBIT "A" - PAGE 11

Simba IL Holdings, LLC, a Delaware limited liability company

Katzman again.  I thought I heard Mr. Campbell say that the

release language may be something that they would consider

withdrawing, and if that's the case, I think that that would

address the gravamen of our concerns on the stipulation.

THE COURT:  What about the allowance of the claim?

MR. KATZMAN:  Well, the release and the ability for us

to review the claims.

THE COURT:  Right.  So taking out the part of the

stipulation that allows the claim.

MR. KATZMAN:  Or making clear that we have the right

to contest the claim, should we so choose.  But again, there's

an ambiguity there.

THE COURT:  Right.  Right.  It's the two things.  It's

the one, the provision that allows the claim, and two, it's the

global release.

Now, Mr. Katzman, are you raising that to see if

movant's counsel is willing to amend that on the record, or are

you just floating that for purposes of further discussions

between the parties?

MR. KATZMAN:  I'm proposing -- if moving counsel is

proposing to amend that on the record, then that's something

that we would be amenable to.  Mr. Harney and his client had

filed a joinder, so I don't know their position, but that would

be our position.

THE COURT:  Let me ask Mr. Campbell.



Simba IL Holdings, LLC, a Delaware limited liability company

Mr. Campbell, is that something you're willing to agree to on the record, to have that stipulation approved without those two parts.  One, the part that allows your claim, and two, allows it for -- I believe it's for -- I don't want to say voting and treatment, but I believe it's treatment under a plan.  And secondly, the global release, or is that something you'd need to go back and talk to your client?

MR. CAMPBELL:  Yeah.  I'd have to get permission from our client, Your Honor.

THE COURT:  Okay.  And so and Mr. Katzman, so I am going to, again, deny the motion for the reasons stated in the record and in the objecting creditor's papers.  But certainly, to the extent Mr. Campbell speaks with his client, I think they know where you stand.

Mr. Harney, are you in alignment with Mr. Katzman as to what would be amenable?

MR. HARNEY:  I am, Your Honor.

THE COURT:  All right.  So really, this could proceed in two ways that I can envision.  Well, three.  One, there's an amended stipulation agreed to, and it's filed with the Court. Two, the parties have reached an agreement in principle, and we can just discuss that at the time of the hearing on the relief from stay motion.  Or three, there's no agreement between the parties, and Mr. Campbell goes forward with his request for relief from stay, and the objecting creditors can oppose,

Simba IL Holdings, LLC, a Delaware limited liability company indicating either it should be flat out denied or the stay should be conditioned to delay implementation of the order to allow for a more fulsome sale process.

Anyone have -- so again, that's just my thinking of how this will unfold.  But for purposes of this hearing, again, it's denied.

Mr. Katzman, I'd ask that you lodge that order, please, sir.

MR. MARSHACK:  I know I'm listen only, but this is Richard Marshack, CRO.  What if the Court, instead, continued this hearing to the same date as the motion for relief from stay, so if Mr. Katzman -- my attorneys and the landlord and the secured creditor, if we all got on the same page, we could present it at the next hearing.  So instead of denying it today, can we just continue it to the hearing on the relief from stay?

THE COURT:  I believe that's December.  I believe it's December 9.  Can anyone confirm that for me?

MR. CASAL:  Your Honor, this is Max Casal for the debtor.  That's correct.

THE COURT:  Okay.  Mr. Katzman, do you have any problem if I continue it?

MR. KATZMAN:  No.  I think Mr. Marshack has tendered a very good suggestion.

THE COURT:  All right.  I'll go ahead and --

Simba IL Holdings, LLC, a Delaware limited liability company

MR. MARSHACK:  Your Honor, I apologize for having interrupted.  I know I'm a listen only status, and I've been texting this to my lawyers, at which point my son texted back and said you're texting the wrong person.  So I was giving you suggestions to my lawyers, I thought, but it turns out I was giving it to my son.  So I apologize for interrupting the Court.

THE COURT:  All right.  Not a problem.

I will advise Mr. Campbell, even if the parties agree to the stipulation as it is, I'm not going to approve it without a 9019 basis.  So if you're going to -- that's as to the releases, and probably the same thing as to the allowance of the claim.  So without some supplement, just keep in mind that that stipulation is still not going to get approved on December 9th.  But I'm happy to continue it, and on the record on December 9th, someone, Mr. Campbell, you, for example, could say yes, my client will back off on those two provisions, and then with that modification noted on the record, I could approve it, but otherwise, I would still deny it.  So just so everyone is clear.

All right.  So I'll continue that matter 8 to December 9th, 12/9/25, at 2:30.  Does anyone not waive notice of that continuance?  All right.  Hearing nothing, notice is deemed waived.

Matter 9.  Again, that motion is vacated.

Simba IL Holdings, LLC, a Delaware limited liability company

10.  This is the application to employ Mr. Marshack and Marshack Hays Wood as the firm.  Let me just quickly get that file.  All right.  So I have two -- there were no objections, I believe, to this filed, correct?  If anyone filed an objection, could you state so?  I didn't believe it.

Okay.  So there were two problems.  One is probably it's not that critical, but the service list for this motion, and this motion does need to be served on at least the twenty largest, the service list lists most of the service parties with the heading court mailing.  So for example, on the proof of service, you have the service by U.S. Mail, service information continued on attached pages.  And then there's one, two, three, four, five, six pages of addresses, and most of them have at the top, in bold caps, Court mailing.  I don't know what that means, but it seems to indicate that somehow the Court is mailing it, which is incorrect.  Does anyone want to clarify that for me?

MR. CASAL:  Your Honor, this is Max Casal for the debtor.  It's not correct.  I know that my office served the application.  I'm not sure why it's labeled that way.  But I do know that we did serve it.  We weren't directing the Court to serve it.

THE COURT:  Okay.  So I would ask, Mr. Casal, not to ever do this again in any proof of service that you file with this court, unless somehow the court is doing the service, in

Simba IL Holdings, LLC, a Delaware limited liability company which case it should be on a different box on the proof of service.  It's just confusing.  I assumed what you were saying, that your office did serve it, but it shouldn't say court mailing.  The Court isn't mailing anything.

MR. CASAL:  Understood, Your Honor.

THE COURT:  All right.  The other thing is, I'm unwilling to grant the one percent compensation for the sale.  I'm not, I mean, if somebody wants to make an argument on that, but I don't see any basis for it.  There's no authority for it.  I'll note, in the big picture, there would be no need for a CRO but for the fact that the debtor's principals believe they are perceived as being in bad faith.  I'll be honest.  I'm not a hundred percent comfortable with the CRO concept as it is, but I'll set that aside and just say there's no grounds for a one percent compensation.

Now, that being said, certainly, I'll entertain any request for a success fee in connection with a final fee app or something like that.  I don't need to say that.  Any counsel is always free to move for a success fee.  I'm not opining on the chance of getting that, but I just, as a general rule, would never approve this kind of a kicker to any compensation application.

All right.  Other than that, I'm fine with approving the application.

MR. MARSHACK:  Your Honor, Richard Marshack.  We

escribers

EXHIBIT "A' - PAGE 17

Simba IL Holdings, LLC, a Delaware limited liability company formally withdraw the request for the one percent.

THE COURT:  All right.  Thank you, sir.  And with Mr. Casal's clarification on the service, I believe that answers all my questions.

Ms. Ng, anything?

MS. NG:  Your Honor, the debtor filed a supplemental declaration of Richard Marshack in response to the U.S. Trustee informal inquiry to this motion.  I don't know if when the Court -- if the Court approves this motion, will -- the modification would also be approved as well?

THE COURT:  Okay.  Forgive me, Ms. Ng.  I'm looking at the supplemental declaration.  What was the modification specifically you were alluding to?

MS. NG:  I think they talk about the -- it would be paragraph 3, where they talk about the drawdown, and also if -- they're agreeing to provide supporting documentation to other creditors upon request of their fee statements.  I think that's one of them.

THE COURT:  Well, I took those modifications to be effective immediately.

MS. NG:  Okay.

THE COURT:  Correct, Mr. Casal?

MR. CASAL:  Yes, Your Honor.  We agreed to those modifications with the U.S. Trustee.

THE COURT:  Okay.  All right.



Simba IL Holdings, LLC, a Delaware limited liability company

MS. NG:  Thank you, Your Honor.

THE COURT:  So I'll go ahead and approve that as modified on the record and per supplemental dec.

So if I could get an order on that, Mr. Casal, please.

And then last matter 11.  That's the case management conference.  Okay.  So this one's a little unusual, because it was originally a sub V, but the election was revoked.

I'm somewhat apologetic for this, but I'm going to want a new claims bar date.  I'm not comfortable with the form sub V claims bar date notice that is issued.  I would want a separate claims bar date to go out.  We can discuss that as well as plan and disclosure statement, filing dates, and approval dates.  Anyone have anything they wanted to add before we go into the detail on that?

MR. KATZMAN:  Your Honor, Steve Katzman here.

THE COURT:  Yes, sir.

MR. KATZMAN:  I'm just informing the Court.  I just spent the better part of the day attending first day hearing in the Lugano Diamonds bankruptcy that was filed on Sunday in front of Judge Shannon.  And you probably, it was public record, but it was mentioned a couple of times, the fact that this case was filed here first, and Judge Shannon did indicate on the record that he was going to reach out to you and discuss that.

THE COURT:  You said that those -- were those IDIs or



Simba IL Holdings, LLC, a Delaware limited liability company

341?  What was those meetings?

MR. KATZMAN:  They were first day hearings, Your Honor.

THE COURT:  Oh, first day hearings.  I'm sorry.  I have not heard.  Well, they were today, so but I have not heard anything.  I assume, and I apologize, Mr. Katzman.  Where were those cases filed?

MR. KATZMAN:  The cases were filed in the District of of Delaware before Judge Brendan Shannon.  And the Court may or may not recall that this debtor owns forty percent of the stock of Lugano.

THE COURT:  Was the discussion on the record a contemplation of switching venue?

MR. KATZMAN:  There was some discussion about the related nature, and the U.S. Trustee did raise the prospect of that possibility under I believe it's 1014.

THE COURT:  Well, I mean, all I can say is certainly there's a patent efficiency in having the cases together.  Other than that, somebody needs to put a request before someone, probably Judge Shannon, with my consent.  But thank you.  I was unaware.  I was unaware Lugano's had filed.

MR. KATZMAN:  Yeah.  No, Your Honor, I'm not taking a position on that today.  I'm just informing the Court of the development, since there is a relationship, and I thought it was a significant matter that the Court would want to know.

Simba IL Holdings, LLC, a Delaware limited liability company

THE COURT: No. Yeah. Thank you. Thank you.

Okay. So we'll keep that where it is.

Anyone else have any comments on the case management before we get into setting dates?

All right. Mr. Casal, when can you get a bar date notice out, sir?

MR. CASAL: So currently, the bar date is 11/25. We want to move it. Not we. The Court would like to change it. We could get a bar date notice out by the end of this week.

THE COURT: All right.

MR. CASAL: Which would mean that we could do a bar date in December.

THE COURT: Yes, sir. Okay. So let's set a -- if I can get the bar date notice out by 11/21 with a bar date of December 19th? And as an aside, Mr. Casal, if I can get a scheduling order also by the end of this week with all of these dates that we're going to agree on right now?

MR. CASAL: Understood, Your Honor. Will do.

THE COURT: Okay. When can you get a plan and disclosure statement on file? I mean, you'll still have your, I mean, hopefully, there would be no change to any of the proofs of claims. That would mean that the sub V notice was sufficient. Again, I think the revocation of the election may create some confusion in that it happened before the the claims bar date under the sub V, so there may be people who saw it,

Simba IL Holdings, LLC, a Delaware limited liability company

but then when it was revoked, I don't know.  Probably not, but you never know.  So all right.  Let me -- I'm getting ahead of myself.

With a bar date of December 12th, when do you feel that you can get a plan and disclosure statement on file?

MR. MARSHACK:  If I may interrupt?  Your Honor, you remember Judge Wilson.

THE COURT:  Who's speaking?

MR. MARSHACK:  I'm sorry.  Richard Marshack.

THE COURT:  Okay.  Go ahead, sir.

MR. MARSHACK:  If you don't mind.  In the words of Judge John Wilson, I remember often appearing in front of him, and he would often say sometimes the case has to marinate a little bit.  Your Honor, we may have relief from stay denied. We may have --

THE COURT:  And Mr. Marshack, I understand where you're going.  I apologize for interrupting.  There's always the tension, right?  Sometimes you need the case to marinate. Other times, you give too much of a leash, and things will just linger.  And I hadn't imposed a deadline.  It was really, and I'll ask you the same question as I was asking Mr. Casal. Under these circumstances, what would you propose as a realistic deadline to file your plan and disclosure statement?

MR. MARSHACK:  Your Honor, my answer to that is I think by December 19th we'll be in a -- one month.  We'll be in

Simba IL Holdings, LLC, a Delaware limited liability company

a better position to answer that question.  So I would say, on December 19th, if we could set all these dates, we're going to be in a much better position to understand what's left or what's in our case.  I have three assets.

THE COURT:  Yeah.  I mean, let's see.  This case has already been pending for two months.  It's not an overly complicated case.  There's just a house in Colorado, and there's a few other things.  So I'm going to set dates today. I'll be flexible, and we can always move them for cause. That's always the case.

MR. MARSHACK:  I'd advocate for mid-February, Your Honor.

THE COURT:  I don't have a particular problem with that.  Let's see.  Instead of the 14th, we could have a February 13th deadline to file plan and disclosure statement. Anyone have a problem with that?  All right.  Hearing none, the plan and disclosure statement are to be filed by February 13th, '26.

I'll set a deadline of disclosure statement approval of February 13th.  Let's go to March 31st.  And a plan confirmation deadline of, let's go to May 26th.

Do you have all those dates, Mr. Casal?

MR. CASAL:  I'll reconfirm them right now, Your Honor. So the deadline to file a plan is February 13th.  The claims bar date will be December 19th.  The deadline to file a

Simba IL Holdings, LLC, a Delaware limited liability company disclosure statement is March 31st.  And the deadline for plan confirmation is May 26th.

THE COURT:  Right.  And the only other dates are that the scheduling order and the bar date notice have to go out by this Friday.  Or technically, the scheduling --

MR. CASAL:  Understood.

THE COURT:  The scheduling order has to be lodged by this Friday.  The bar date notice has to be filed and served by this Friday.

MR. CASAL:  Understood, Your Honor.  Did we want to move the governmental claims bar data, or can we leave it as March 16th, 2026?

THE COURT:  Oh.  Let's move that.  Let's move that out.  Let's move that to -- well, that's, I mean, that's set by statute.  So I would say whatever it is, whatever it needs to be, based on the date of the bar date notice.

MR. CASAL:  Okay.

THE COURT:  I think it's 180 days.  Am I wrong?  It's a great question, Mr. Casal.  Forgive me.  I haven't had it asked.

MR. CASAL:  Your Honor,  I thought it was 180 days from the filing of the case, not from the notice of the bar date.

THE COURT:  And it may be.

MR. CASAL:  Right.  I think it would stay the same.

Simba IL Holdings, LLC, a Delaware limited liability company

THE COURT:  And it may be, sir.  And if it stays the same, you can include it in your bar date notice, but then it wouldn't change.

MR. CASAL:  Okay.

THE COURT:  But I leave that to you to confirm.

MR. CASAL:  Understood.  And will do, Your Honor.

THE COURT:  Okay.  And if there's a problem, Mr. Casal, with the mechanics of it, you can call chambers, and we can do a quick conference call.

MR. CASAL:  Okay.

THE COURT:  Go through my clerk first.  All right.  So with that schedule, let me see.  Today is November 18th.  Let's set a continued as -- well, let's continue this out to December 9 to coincide with the relief from stay.  No status report is due, because everybody will probably be here.  We'll go to December 9, '25 at 2:30.  And no notice of this continuance is required.

All right.  Does anyone have any questions on the Simba IL Holdings case or this case management conference or anything else?

All right.  Hearing nothing, thank you all for your time.  I think we'll see you all again on December 9th.  Thank you, everyone.

(Whereupon these proceedings were concluded at 3:51 PM)



EXHIBIT "A' - PAGE 25

I N D E X

RULINGS:                                                      PAGE LINE

Application To Employ Marshack Hays Wood is          19    2

Approved



C E R T I F I C A T I O N

I, Hana Copperman, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Hana Copperman*

_____

/s/ HANA COPPERMAN, CET-487

eScribers

7227 N. 16th Street, Suite #207

Phoenix, AZ 85020

Date: December 5, 2025

eScribers

EXHIBIT "A' - PAGE 27

**I**

12Th (1): 22:5

13Th (4): 23:16, 23:18, 23:21, 23:25

14Th (1): 23:15

16Th (3): 3:12, 24:13, 27:6

18Th (1): 25:13

19Th (4): 21:16, 22:26, 23:3, 23:26

**2**

26Th (2): 23:22, 24:3

**3**

31St (2): 23:21, 24:2

**4**

4Th (1): 3:8

**9**

9Th (4): 15:16, 15:17, 15:23, 25:23

**A**

ANA (1): 4:2

ANC (1): 6:26

APPEARANCES (1): 2:1

AZ (2): 3:14, 27:7

Ability (2): 9:2, 12:7

Accurate (1): 27:3

Actually (1): 9:26

Add (3): 7:4, 8:3, 19:14

Addition (1): 6:22

Address (1): 12:5

Addresses (1): 16:14

Adversary (1): 8:25

Advise (1): 15:10

Advocate (1): 23:12

Afternoon (11): 4:14, 4:19, 5:2, 5:9, 5:11, 5:16, 5:19, 5:23, 6:2, 6:6, 6:6

Again (13): 4:21, 6:24, 7:23, 11:12, 12:2, 12:12, 13:12, 14:5, 14:6, 15:26, 16:25, 21:24, 25:23

Against (1): 8:25

Agree (5): 6:16, 6:17, 13:3, 15:10, 21:18

Agreed (2): 13:21, 18:24

Agreeing (1): 18:17

Agreement (8): 8:10, 8:22, 9:21, 10:22, 11:9, 11:15, 13:22, 13:24

Ahead (4): 14:26, 19:3, 22:3, 22:11

Aldridge (1): 2:24

Alignment (1): 13:16

Aliso (1): 2:33

Allow (2): 10:18, 14:4

Allowance (2): 12:6, 15:13

Allowing (1): 6:21

Allows (4): 12:10, 12:15, 13:4, 13:5

Alluding (1): 18:14

Always (4): 17:20, 22:18, 23:10, 23:11

Amanecer (1): 2:19

Ambiguity (1): 12:13

Amenable (3): 10:6, 12:23, 13:17

Amend (2): 12:18, 12:22

Amended (1): 13:21

Amount (1): 9:11

Ana (2): 2:14, 3:9

Analysis (2): 6:26, 9:7

Anthony (2): 6:5, 6:7

Anton (1): 2:37

Apologetic (1): 19:9

Apologies (1): 5:21

Apologize (5): 10:12, 15:2, 15:7, 20:7, 22:18

App (1): 17:18

Appearance (1): 6:9

Appearances (2): 4:12, 5:24

Appeared (1): 6:12

Appearing (3): 5:13, 6:11, 22:13

Application (6): 4:10, 16:2, 16:21, 17:23, 17:25, 26:3

Appropriately (1): 6:20

Approval (4): 4:7, 11:13, 19:14, 23:20

Approve (8): 6:14, 7:2, 9:5, 11:15, 15:11, 15:20, 17:22,

19:3

Approved (7): 6:19, 9:22, 11:20, 13:3, 15:15, 18:11, 26:4

Approves (1): 18:10

Approving (2): 4:9, 17:24

Approximately (1): 9:24

Argonaut (1): 2:31

Argument (1): 17:9

As (31): 6:18, 6:22, 7:6, 7:6, 8:22, 9:2, 9:11, 9:14, 9:18, 11:8, 11:16, 11:24, 11:24, 13:16, 14:12, 15:11, 15:12, 15:13, 16:3, 17:13, 17:14, 17:21, 18:11, 19:3, 19:12, 19:13, 21:16, 22:22, 22:23, 24:12, 25:14

Aside (2): 17:15, 21:16

Asset (1): 10:24

Assets (1): 23:5

Assume (1): 20:7

Assumed (1): 17:3

Attached (1): 16:13

Attending (1): 19:19

Attorneys (1): 14:13

Authority (1): 17:10

**B**

Back (4): 7:11, 13:8, 15:4, 15:18

Bad (1): 17:13

Bankruptcy (3): 3:7,

9:19, 19:20

Bar (18): 19:10, 19:11, 19:12, 21:6, 21:8, 21:10, 21:12, 21:15, 21:15, 21:26, 22:5, 23:26, 24:5, 24:9, 24:12, 24:17, 24:23, 25:3

Based (1): 24:17

Basis (3): 11:2, 15:12, 17:10

Bastian (2): 2:3, 5:22

Bausch (1): 3:3

Behalf (6): 5:4, 5:10, 5:13, 5:17, 6:8, 9:17

Benefit (1): 10:4

Best (1): 9:8

Better (3): 19:19, 23:2, 23:4

Beyond (1): 8:18

Bienert (2): 2:17, 5:3

Big (5): 7:6, 7:23, 8:7, 11:4, 17:11

Bigger (1): 8:16

Bit (4): 5:7, 8:5, 8:17, 22:15

Bold (1): 16:15

Both (1): 9:10

Boulevard (1): 2:37

Box (1): 17:2

Breath (2): 8:20, 8:22

Brendan (1): 20:10

Bryan (2): 2:35, 5:18

Bui (2): 2:3, 5:22

C

CA (7): 2:7, 2:14, 2:21, 2:27, 2:33, 2:39, 3:9

CALIFORNIA (1): 4:2

CAMPBELL (5): 2:23, 5:9, 9:16, 11:11, 13:9

CASAL (20): 2:2, 4:19, 4:22, 5:21, 14:20, 16:19, 17:6, 18:24, 21:8, 21:12, 21:19, 23:24, 24:7, 24:11, 24:18, 24:22, 24:26, 25:5, 25:7, 25:11

CET (1): 3:10

CHRISTOPHER (1): 2:35

CIMINI (1): 6:6

COPPERMAN (2): 3:10, 27:4

COURT (56): 4:5, 4:16, 4:21, 4:25, 5:5, 5:11, 5:15, 5:19, 5:23, 6:4, 6:10, 8:5, 9:9, 10:12, 11:22, 12:6, 12:9, 12:14, 12:26, 13:11, 13:19, 14:18, 14:22, 14:26, 15:9, 16:24, 17:7, 18:3, 18:12, 18:20, 18:23, 18:26, 19:3, 19:17, 19:26, 20:5, 20:13, 20:18, 21:2, 21:11, 21:14, 21:20, 22:9, 22:11, 22:17, 23:6, 23:14, 24:4, 24:8, 24:14, 24:19, 24:25, 25:2, 25:6, 25:8, 25:12

CRO (3): 14:11, 17:11, 17:14

Call (5): 4:4, 4:5, 7:9, 25:9, 25:10

Calle (1): 2:19

Camino (1): 2:25

Campbell (12): 5:8, 5:10, 9:14, 9:16, 11:12, 12:2, 12:26, 13:2, 13:14, 13:25, 15:10, 15:17

Campbells (1): 8:8

Can (22): 6:26, 8:4, 8:16, 10:7, 10:17, 13:20, 13:23, 13:26, 14:16, 14:19, 19:12, 20:18, 21:6, 21:15, 21:16, 21:20, 22:6, 23:10, 24:12, 25:3, 25:9, 25:10

Cant (2): 7:2, 10:14

Capital (2): 5:10, 9:17

Capitalgreg (1): 2:23

Caps (1): 16:15

Casal (15): 4:20, 4:24, 5:19, 5:21, 14:20, 16:19, 16:24, 18:23, 19:5, 21:6, 21:16, 22:22, 23:23, 24:20, 25:9

Casals (1): 18:4

Case (16): 4:11, 10:25, 12:4, 17:2, 19:6, 19:23, 21:4, 22:14, 22:19, 23:5, 23:6, 23:8, 23:11, 24:23, 25:20, 25:20

Cases (3): 20:8, 20:9, 20:19

Casey (1): 6:8

Cause (1): 23:10

Center (1): 2:5

Certainly (3): 13:13, 17:17, 20:18

Certainty (1): 9:11

Certify (1): 27:2

Chambers (1): 25:9

Chance (1): 17:21

Change (3): 21:9, 21:22, 25:4

Chapter (1): 10:25

Choose (1): 12:12

Chris (1): 5:16

Cimini (3): 6:4, 6:5, 6:7

Circumstances (1): 22:23

Claim (13): 6:21, 7:19, 8:21, 8:23, 8:25, 9:2, 9:11, 12:6, 12:10, 12:12, 12:15, 13:4, 15:14

Claims (8): 12:8, 19:10, 19:11, 19:12, 21:23, 21:25, 23:25, 24:12

Clarification (1): 18:4

Clarify (1): 16:18

Clear (3): 11:12, 12:11, 15:21

Clemente (1): 2:21

Clerk (1): 25:12

Client (8): 10:2, 10:5, 11:12, 12:23, 13:8, 13:10, 13:14, 15:18

Clients (1): 11:21

Code (1): 10:11

Coincide (1): 25:15

Colorable (2): 7:19, 8:26

Colorado (1): 23:8

Comfortable (2): 17:14, 19:10

Comments (3): 7:4, 7:25, 21:4

Company (22): 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1

Compensation (3): 17:8, 17:16, 17:22

Complicated (1): 23:8

Concept (1): 17:14

Concern (1): 8:16

Concerns (1): 12:5

Conclude (1): 9:7

Concluded (1): 25:25

Condition (2): 10:17, 11:6

Conditioned (1): 14:3

Conference (4): 4:11, 19:7, 25:10, 25:20

Confirm (2): 14:19, 25:6

Confirmation (2): 23:22, 24:3

Confusing (1): 17:3

Confusion (1): 21:25

Connection (1): 17:18

Consent (1): 20:21

Consider (2): 10:16, 12:3

Contemplation (1): 20:14

Contest (2): 9:3, 12:12

Contingent (1): 11:13

Continuance (2): 15:24, 25:17

Continue (5): 14:16, 14:23, 15:16, 15:22, 25:14

Continued (4): 4:9, 14:11, 16:13, 25:14

Copperman (1): 27:2

Costa (1): 2:39

Counsel (4): 9:15, 12:18, 12:21, 17:19

Couple (1): 19:22

Court (25): 3:6, 3:7, 4:4, 4:13, 9:22, 11:13, 11:15, 13:21, 14:11, 15:8, 16:11, 16:15, 16:17, 16:22, 16:26, 16:26, 17:4, 17:5, 18:10, 18:10,

19:18, 20:10, 20:24, 20:26, 21:9

Courts (1): 10:8

Create (1): 21:25

Creditor (1): 14:14

Creditors (11): 5:14, 5:17, 6:17, 7:5, 7:23, 10:8, 11:19, 11:24, 13:13, 13:26, 18:18

Critical (1): 16:8

Currently (1): 21:8

**D**

Darren (2): 2:35, 5:17

Data (1): 24:12

Date (21): 9:22, 14:12, 19:10, 19:11, 19:12, 21:6, 21:8, 21:10, 21:13, 21:15, 21:15, 21:26, 22:5, 23:26, 24:5, 24:9, 24:17, 24:17, 24:24, 25:3, 27:8

Dates (8): 19:13, 19:14, 21:5, 21:18, 23:3, 23:9, 23:23, 24:4

Day (4): 19:19, 19:19, 20:3, 20:5

Days (4): 9:22, 9:24, 24:19, 24:22

Deadline (9): 9:26, 22:21, 22:24, 23:16, 23:20, 23:22, 23:25, 23:26, 24:2

Deal (1): 11:13

Debtor (16): 2:2,

4:24, 5:22, 8:22, 9:3, 9:19, 9:21, 9:24, 9:26, 10:10, 10:19, 11:7, 14:21, 16:20, 18:7, 20:11

Debtors (1): 17:12

Dec (1): 19:4

December (22): 4:10, 7:13, 7:21, 10:17, 11:5, 11:14, 11:21, 14:18, 14:19, 15:16, 15:17, 15:22, 21:13, 21:16, 22:5, 22:26, 23:3, 23:26, 25:14, 25:17, 25:23, 27:8

Declaration (2): 18:8, 18:13

Declines (1): 11:15

Deemed (1): 15:24

Default (1): 7:11

Defeating (1): 7:8

Del (1): 2:25

Delaware (23): 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 20:10, 21:1, 22:1, 23:1, 24:1, 25:1

Delay (1): 14:3

Denied (3): 14:2, 14:7, 22:15

Deny (3): 11:23, 13:12, 15:20

Denying (1): 14:15

Detail (2): 7:24, 19:15

Development (1): 20:25

Diamonds (1): 19:20

Didnt (4): 4:22, 4:22, 10:7, 16:6

Diego (1): 2:27

Different (3): 5:24, 7:18, 17:2

Directing (1): 16:22

Disclosure (8): 19:13, 21:21, 22:6, 22:24, 23:16, 23:18, 23:20, 24:2

Discuss (3): 13:23, 19:12, 19:24

Discussion (3): 7:2, 20:13, 20:15

Discussions (1): 12:19

Distressed (1): 10:24

District (1): 20:9

Documentation (1): 18:17

Documents (2): 7:14, 10:3

Done (3): 7:15, 8:8, 9:6

Dont (18): 6:9, 7:14, 8:9, 8:9, 8:10, 8:24, 9:2, 9:3, 10:24, 12:24, 13:5, 16:15, 17:10, 17:19, 18:9, 22:2, 22:12, 23:14

Down (1): 4:17

Drawdown (1): 18:16

Drew (2): 2:30, 5:13

Drive (1): 2:5

Due (1): 25:16

**E**

ESQ (7): 2:2, 2:9, 2:16, 2:23, 2:29, 2:35, 3:1

Early (1): 7:12

Effective (2): 11:18, 18:21

Efficiency (1): 20:19

Either (2): 10:21, 14:2

Election (2): 19:8, 21:24

Electronic (1): 3:16

Else (5): 6:11, 11:3, 11:25, 21:4, 25:21

Elses (1): 4:23

Employ (3): 4:10, 16:2, 26:3

End (2): 21:10, 21:17

Enough (2): 8:11, 8:14

Ensure (1): 8:11

Entertain (1): 17:17

Envision (1): 13:20

Escribers (2): 3:11, 27:5

Essence (1): 7:7

Essentially (1): 6:21

Estate (2): 6:25, 9:8

Eve (1): 9:19

Even (4): 7:15, 8:14, 10:16, 15:10

Everybody (1): 25:16

Everyone (4): 5:25, 6:10, 15:21, 25:24

Example (2): 15:17, 16:11

Extensive (1): 6:23

Extensively (1): 7:13

Extent (1): 13:14

**F**

Fact (2): 17:12, 19:22

Factors (1): 8:11

Failing (1): 7:21

Faint (1): 5:6

Fair (1): 9:21

Fairly (1): 6:22

Faith (1): 17:13

February (4): 23:16, 23:18, 23:21, 23:25

Fee (4): 17:18, 17:18, 17:20, 18:18

Feedback (1): 10:8

Feel (1): 22:5

Few (1): 23:9

File (11): 10:7, 10:9, 10:10, 16:4, 16:25, 21:21, 22:6, 22:24, 23:16, 23:25, 23:26

Filed (14): 9:20, 10:11, 12:24, 13:21, 16:5, 16:5, 18:7, 19:20, 19:23, 20:8, 20:9, 20:22, 23:18, 24:9

Filing (4): 7:14, 9:19, 19:13, 24:23

Final (1): 17:18

Fine (1): 17:24

Fire (1): 10:23
Firm (1): 16:3
First (7): 4:13, 7:26, 19:19, 19:23, 20:3, 20:5, 25:12
Five (1): 16:14
Fixed (1): 8:17
Flat (1): 14:2
Flaws (1): 6:18
Flexible (1): 23:10
Floating (1): 12:19
Floor (1): 2:38
Foreclosure (3): 8:12, 10:2, 10:18
Foregoing (1): 27:2
Forgive (2): 18:12, 24:20
Form (1): 19:10
Formal (1): 6:9
Formally (1): 18:2
Forty (1): 20:11
Forward (2): 10:7, 13:25
Four (2): 8:13, 16:14
Fourth (1): 2:12
Free (1): 17:20
Friday (3): 24:6, 24:9, 24:10
Friedman (2): 2:3, 5:22
Front (2): 19:21, 22:13
Full (1): 9:24
Fulsome (1): 14:4
Further (1): 12:19

G

Gadol (2): 2:35, 5:18
General (1): 17:21
Gilman (2): 3:2, 6:3
Given (1): 7:18
Giving (2): 15:5, 15:7
Global (2): 12:16, 13:7
Goes (1): 13:25
Good (13): 4:14, 4:19, 4:19, 5:2, 5:9, 5:11, 5:16, 5:19, 5:23, 6:2, 6:6, 6:6, 14:25
Governmental (1): 24:12
Grant (2): 11:5, 17:8
Granted (1): 11:17
Granting (1): 7:20
Gravamen (1): 12:5
Great (1): 24:20
Greg (3): 5:9, 9:16, 11:11
Grounds (3): 7:3, 10:26, 17:15
Group (1): 2:30

H

HANA (2): 3:10, 27:4
HARNEY (3): 2:35, 5:16, 13:18
Hadnt (1): 22:21
Hana (1): 27:2
Happen (1): 7:9
Happened (1): 21:25

Happy (1): 15:16
Harney (4): 5:15, 5:16, 12:23, 13:16
Hasnt (1): 6:12
Havent (1): 24:20
Hays (3): 4:11, 16:3, 26:3
Heading (1): 16:11
Hear (3): 4:22, 4:22, 8:4
Heard (4): 11:25, 12:2, 20:6, 20:6
Hearing (10): 7:12, 13:23, 14:6, 14:12, 14:15, 14:16, 15:24, 19:19, 23:17, 25:22
Hearings (2): 20:3, 20:5
Highest (1): 7:7
Hit (2): 8:6, 8:7
Hogan (1): 5:13
Hoganscheer (1): 2:30
Holders (1): 10:4
Holdings (24): 4:1, 4:6, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 25:20
Hollister (1): 6:7
Holser (1): 6:3
Holsertim (1): 3:1
Honest (1): 17:13
Honor (40): 4:14, 4:19, 4:20, 5:2, 5:3, 5:9, 5:12, 5:16,

5:21, 6:2, 6:7, 6:9, 8:4, 9:16, 9:17, 11:11, 11:18, 11:26, 13:10, 13:18, 14:20, 15:2, 16:19, 17:6, 17:26, 18:7, 18:24, 19:2, 19:16, 20:4, 20:23, 21:19, 22:7, 22:15, 22:25, 23:13, 23:24, 24:11, 24:22, 25:7
Hope (1): 8:13
Hopefully (3): 9:12, 11:8, 21:22
House (1): 23:8
Hundred (1): 17:14

I

II (1): 4:6
IL (25): 4:1, 4:6, 5:1, 6:1, 6:12, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 25:20
Id (3): 13:9, 14:8, 23:12
Idea (1): 6:25
Idis (1): 19:26
Ill (14): 4:17, 7:9, 7:26, 14:26, 15:22, 17:11, 17:13, 17:15, 17:17, 19:3, 22:22, 23:10, 23:20, 23:24
Im (30): 4:21, 5:25, 6:8, 7:2, 7:24, 10:20, 10:20, 11:2,

12:21, 14:10, 15:3, 15:11, 15:16, 16:21, 17:7, 17:9, 17:13, 17:20, 17:24, 18:12, 19:9, 19:9, 19:10, 19:18, 20:5, 20:23, 20:24, 22:3, 22:10, 23:9
Immediate (1): 11:6
Immediately (1): 18:21
Implementation (1): 14:3
Imposed (1): 22:21
Include (1): 25:3
Inconsistent (1): 8:18
Incorrect (1): 16:17
Indicate (2): 16:16, 19:23
Indicating (1): 14:2
Individual (1): 10:25
Informal (1): 18:9
Information (1): 16:13
Informing (2): 19:18, 20:24
Inquiry (1): 18:9
Instead (3): 14:11, 14:15, 23:15
Intend (1): 11:14
Intention (1): 11:23
Interest (3): 7:17, 9:8, 10:3
Interesting (1): 6:15
Interim (1): 10:19
Interrupt (1): 22:7
Interrupted (1):

15:3

**Interrupting (3):** 10:13, 15:7, 22:18

**Into (2):** 19:15, 21:5

**Introductory (1):** 7:4

**Irvine (1):** 2:7

**Is (62):** 4:10, 4:11, 4:23, 4:23, 5:25, 6:11, 6:15, 6:25, 7:11, 7:13, 8:11, 8:12, 8:16, 8:17, 8:18, 9:16, 9:19, 10:10, 10:13, 10:16, 10:20, 11:3, 11:4, 11:11, 11:18, 11:20, 11:23, 12:18, 12:21, 13:2, 13:7, 14:10, 14:20, 15:11, 15:15, 15:21, 15:24, 15:26, 16:2, 16:7, 16:17, 16:17, 16:19, 16:26, 17:7, 17:14, 17:19, 19:11, 20:18, 20:25, 21:3, 21:8, 22:25, 23:25, 24:2, 24:3, 24:16, 25:13, 25:15, 25:17, 26:3, 27:2

**Isnt (1):** 17:5

**Issued (1):** 19:11

**Issues (2):** 6:18, 9:2

**Ive (2):** 9:12, 15:3

**J**

**JAMES (1):** 3:6

**John (1):** 22:13

**Joinder (1):** 12:24

**Judge (6):** 19:21, 19:23, 20:10, 20:21,

22:8, 22:13

**Junior (1):** 10:4

**K**

**KATZMAN (15):** 2:16, 5:2, 8:4, 8:6, 11:26, 12:7, 12:11, 12:21, 14:24, 19:16, 19:18, 20:3, 20:9, 20:15, 20:23

**Katzman (17):** 2:17, 4:17, 4:26, 5:3, 5:3, 5:6, 6:17, 7:26, 12:2, 12:17, 13:11, 13:16, 14:8, 14:13, 14:22, 19:16, 20:7

**Keep (3):** 11:8, 15:14, 21:3

**Kelsey (1):** 6:8

**Kicker (1):** 17:22

**Kind (1):** 17:22

**L**

**LE (1):** 3:6

**LLC (23):** 3:11, 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1

**LLP (4):** 2:4, 2:24, 2:30, 3:2

**LYSTER (2):** 3:1, 6:2

**Labeled (1):** 16:21

**Lack (1):** 10:8

**Landlord (1):** 14:13

**Language (2):** 10:15, 12:3

**Largest (1):** 16:10

**Last (1):** 19:6

**Later (2):** 5:7, 8:26

**Law (1):** 2:30

**Lawyers (2):** 15:4, 15:6

**Leash (1):** 22:20

**Least (2):** 9:6, 16:9

**Leave (2):** 24:12, 25:6

**Left (1):** 23:4

**Lengthy (1):** 7:6

**Lets (13):** 4:5, 4:12, 6:13, 21:14, 23:6, 23:15, 23:21, 23:22, 24:14, 24:14, 24:15, 25:13, 25:14

**Liability (22):** 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1

**Lien (1):** 10:4

**Limited (22):** 4:1, 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1

**Line (2):** 4:17, 5:8

**Linger (1):** 22:21

**List (4):** 4:17, 6:11,

16:8, 16:10

**Listed (1):** 9:23

**Listen (2):** 14:10, 15:3

**Listening (1):** 6:8

**Lists (1):** 16:10

**Little (4):** 5:6, 8:5, 19:7, 22:15

**Littrell (2):** 2:17, 5:3

**Lodge (1):** 14:8

**Lodged (1):** 24:8

**Lomb (1):** 3:3

**Looking (1):** 18:12

**Looks (1):** 7:16

**Louder (1):** 5:7

**Lugano (2):** 19:20, 20:12

**Luganos (1):** 20:22

**Lyster (4):** 5:25, 5:25, 5:26, 6:3

**M**

**MARSHACK (8):** 14:10, 15:2, 17:26, 22:7, 22:10, 22:12, 22:25, 23:12

**MAX (1):** 2:2

**Maam (1):** 4:16

**Mail (1):** 16:12

**Mailing (5):** 16:11, 16:15, 16:17, 17:5, 17:5

**Main (1):** 8:10

**Makes (1):** 10:22

**Making (1):** 12:11

**Management (4):** 4:11, 19:6, 21:4, 25:20

**March (3):** 23:21,

24:2, 24:13

**Marinate (2):** 22:14, 22:19

**Market (1):** 10:19

**Marshack (11):** 4:10, 4:11, 14:11, 14:24, 16:2, 16:3, 17:26, 18:8, 22:10, 22:17, 26:3

**Matter (9):** 4:6, 4:8, 4:15, 5:24, 6:13, 15:22, 15:26, 19:6, 20:26

**Matters (1):** 6:12

**Max (5):** 4:20, 4:23, 5:21, 14:20, 16:19

**May (20):** 7:22, 8:23, 8:25, 8:26, 10:5, 10:16, 10:26, 11:26, 12:3, 20:10, 20:11, 21:24, 21:26, 22:7, 22:15, 22:16, 23:22, 24:3, 24:25, 25:2

**Maybe (1):** 8:16

**Mean (10):** 8:10, 10:26, 17:9, 20:18, 21:12, 21:21, 21:22, 21:23, 23:6, 24:15

**Means (1):** 16:16

**Mechanics (1):** 25:9

**Meetings (1):** 20:2

**Mentioned (1):** 19:22

**Mesa (1):** 2:39

**Midfebruary (1):** 23:12

**Midterm (1):** 7:9

**Might (1):** 7:19

Mind (3): 11:8, 15:14, 22:12

Miss (1): 7:26

Modification (3): 15:19, 18:11, 18:13

Modifications (2): 18:20, 18:25

Modified (1): 19:4

Month (1): 22:26

Months (3): 8:13, 9:25, 23:7

More (3): 6:20, 6:26, 14:4

Morning (1): 4:19

Most (4): 10:22, 11:10, 16:10, 16:14

Motion (20): 4:7, 6:13, 6:20, 9:5, 9:20, 10:9, 11:5, 11:14, 11:16, 11:19, 11:21, 11:23, 13:12, 13:24, 14:12, 15:26, 16:8, 16:9, 18:9, 18:10

Motivates (1): 9:26

Mountain (5): 2:23, 5:10, 6:23, 9:11, 9:17

Mountains (1): 6:21

Movants (2): 9:15, 12:18

Move (8): 10:7, 17:20, 21:9, 23:10, 24:12, 24:14, 24:14, 24:15

Moving (1): 12:21

Much (3): 10:21, 22:20, 23:4

Must (1): 10:10

Myself (1): 22:4

**N**

NG (6): 2:9, 4:14, 18:7, 18:15, 18:22, 19:2

NOVEMBER (1): 4:2

NY (1): 3:4

Name (4): 4:21, 4:23, 4:23, 4:25

Nature (1): 20:16

Necessary (1): 9:7

Need (6): 6:9, 13:8, 16:9, 17:11, 17:19, 22:19

Needs (2): 20:20, 24:16

New (1): 19:10

Next (1): 14:15

Ng (3): 4:14, 18:6, 18:12

Ninth (1): 2:38

Nobodys (1): 9:6

None (1): 23:17

Note (1): 17:11

Noted (1): 15:19

Notice (14): 8:12, 15:23, 15:24, 19:11, 21:7, 21:10, 21:15, 21:23, 24:5, 24:9, 24:17, 24:23, 25:3, 25:17

November (1): 25:13

Number (1): 4:15

**O**

Object (1): 8:21

Objecting (6): 6:17, 7:5, 7:22, 11:24, 13:13, 13:26

Objection (2): 8:25, 16:6

Objections (1): 16:5

Odea (2): 2:4, 5:22

Off (2): 4:12, 15:18

Office (3): 2:9, 16:20, 17:4

Often (2): 22:13, 22:14

One (12): 8:20, 10:21, 12:15, 13:4, 13:20, 16:7, 16:13, 17:8, 17:15, 18:2, 18:19, 22:26

Ones (1): 19:7

Only (3): 14:10, 15:3, 24:4

Ooo (1): 4:3

Opining (2): 7:25, 17:20

Oppose (1): 13:26

Opposed (1): 8:20

Opposition (1): 7:16

Order (8): 4:4, 4:9, 14:3, 14:8, 19:5, 21:17, 24:5, 24:8

Originally (1): 19:8

Oringher (2): 2:36, 5:17

Otherwise (1): 15:20

Out (11): 12:9, 14:2, 15:6, 19:12, 19:24, 21:7, 21:10, 21:15, 24:5, 24:15,

25:14

Overly (1): 23:7

Oviatt (2): 3:2, 6:3

Owner (1): 11:3

Owns (1): 20:11

**P**

PM (2): 4:2, 25:26

Page (1): 14:14

Pages (2): 16:13, 16:14

Papers (3): 7:16, 8:24, 13:13

Paragraph (1): 18:16

Part (5): 10:13, 11:16, 12:9, 13:4, 19:19

Particular (1): 23:14

Particularly (2): 8:23, 11:2

Parties (8): 9:10, 10:21, 11:8, 12:20, 13:22, 13:25, 15:10, 16:10

Parts (1): 13:4

Patent (1): 20:19

Pending (1): 23:7

People (1): 21:26

Per (2): 8:19, 19:4

Perceived (1): 17:13

Percent (5): 17:8, 17:14, 17:16, 18:2, 20:11

Perhaps (1): 11:16

Period (4): 7:10, 10:18, 11:7, 11:17

Permission (1): 13:9

Person (1): 15:5

Perspectives (1): 9:10

Phoenix (2): 3:14, 27:7

Phonetic (3): 5:14, 6:3, 6:8

Picture (5): 7:6, 7:23, 8:7, 11:4, 17:11

Pite (1): 2:24

Place (1): 3:3

Plan (10): 13:7, 19:13, 21:20, 22:6, 22:24, 23:16, 23:18, 23:21, 23:25, 24:2

Pleadings (2): 7:24, 11:25

Please (3): 5:7, 14:9, 19:5

Point (4): 8:6, 8:14, 9:18, 15:4

Position (6): 9:4, 12:24, 12:25, 20:24, 23:2, 23:4

Possibility (1): 20:17

Possible (1): 7:6

Potentially (1): 7:15

Present (1): 14:15

Pressure (1): 10:21

Prevail (1): 10:16

Principals (1): 17:12

Principle (1): 13:22

Probably (6): 15:13, 16:7, 19:21, 20:21, 22:2, 25:16

Problem (8): 7:11, 10:12, 10:13, 14:23, 15:9, 23:14, 23:17,

25:8

Problems (4): 8:2, 9:13, 10:25, 16:7

Proceed (3): 11:14, 11:21, 13:19

Proceeding (1): 8:25

Proceedings (3): 3:16, 25:25, 27:3

Process (2): 7:6, 14:4

Proffered (1): 11:19

Prompted (1): 9:20

Proof (3): 16:11, 16:25, 17:2

Proofs (1): 21:23

Properties (3): 2:29, 5:13, 6:26

Property (7): 6:14, 7:17, 9:18, 9:23, 9:25, 9:26, 10:23

Propose (1): 22:23

Proposing (2): 12:21, 12:22

Prospect (1): 20:16

Provide (1): 18:17

Provided (1): 3:17

Provides (1): 7:10

Providing (1): 8:18

Provision (3): 10:6, 10:11, 12:15

Provisions (1): 15:18

Public (1): 19:21

Purposes (2): 12:19, 14:6

Pursue (2): 8:24, 11:16

Put (2): 10:20, 20:20

Pyrrhic (1): 7:22

**Q**

QUEENIE (1): 2:9

Quandary (1): 8:26

Queenie (1): 4:14

Quick (1): 25:10

Quickly (1): 16:3

**R**

RULINGSPAGELINE (1): 26:2

Raise (1): 20:16

Raising (1): 12:17

Rate (1): 10:3

Reach (2): 11:9, 19:24

Reached (2): 9:21, 13:22

Real (1): 6:14

Realistic (1): 22:24

Really (6): 4:6, 6:20, 6:25, 9:6, 13:19, 22:21

Reasonableness (1): 8:15

Reasons (3): 9:12, 11:23, 13:12

Recall (2): 10:14, 20:11

Receive (1): 7:6

Reconfirm (1): 23:24

Record (13): 8:3, 11:24, 12:18, 12:22, 13:3, 13:13, 15:16, 15:19, 19:4, 19:22, 19:24, 20:13, 27:3

Recorded (1): 3:16

Recorder (1): 3:6

Recording (1): 3:16

Reduce (1): 10:3

Regarding (1): 6:14

Related (1): 20:16

Relationship (1): 20:25

Release (8): 8:22, 9:5, 10:14, 10:15, 12:3, 12:7, 12:16, 13:7

Releases (4): 6:22, 6:23, 10:5, 15:13

Releasing (1): 6:25

Relief (25): 4:7, 6:15, 6:24, 7:8, 7:12, 7:18, 7:20, 7:24, 8:18, 8:19, 9:5, 9:20, 10:13, 10:16, 11:2, 11:5, 11:14, 11:17, 11:18, 13:23, 13:26, 14:12, 14:16, 22:15, 25:15

Remember (2): 22:8, 22:13

Removed (1): 8:13

Removing (1): 10:6

Reply (3): 7:15, 8:8, 8:24

Report (1): 25:15

Request (5): 13:25, 17:18, 18:2, 18:18, 20:20

Require (1): 10:2

Required (1): 25:18

Rescind (1): 10:2

Reserve (2): 8:21, 11:16

Respect (2): 8:15,

10:5

Respond (1): 11:26

Response (1): 18:8

Retrospect (1): 8:12

Review (1): 12:8

Reviewed (2): 7:14, 7:24

Revocation (1): 21:24

Revoked (2): 19:8, 22:2

Richard (5): 4:10, 14:11, 17:26, 18:8, 22:10

Right (39): 4:16, 4:26, 5:5, 5:15, 5:23, 6:4, 6:10, 6:15, 8:21, 9:9, 11:16, 11:22, 11:23, 12:9, 12:11, 12:14, 12:14, 13:19, 14:26, 15:9, 15:22, 15:24, 16:4, 17:7, 17:24, 18:3, 18:26, 21:6, 21:11, 21:18, 22:3, 22:19, 23:17, 23:24, 24:4, 24:26, 25:12, 25:19, 25:22

Rio (1): 2:25

Rochester (1): 3:4

Rule (2): 10:9, 17:21

Rusty (2): 3:1, 6:3

**S**

SANTA (1): 4:2

SILVERMAN (2): 2:29, 5:12

SPEAKER (1): 4:18

Sale (5): 7:5, 7:8, 10:23, 14:4, 17:8

Same (7): 10:24, 14:12, 14:14, 15:13, 22:22, 24:26, 25:3

San (2): 2:21, 2:27

Santa (2): 2:14, 3:9

Saw (1): 21:26

Saying (1): 17:3

Schedule (1): 25:13

Scheduling (4): 21:17, 24:5, 24:6, 24:8

Se (1): 8:20

Secondly (1): 13:7

Secured (1): 14:14

Seeing (1): 10:14

Seems (2): 11:9, 16:16

Sell (4): 9:25, 9:26, 10:19, 11:7

Send (1): 8:24

Sense (4): 8:17, 8:18, 10:22, 11:10

Sensitive (1): 10:22

Separate (1): 19:12

Serve (3): 16:22, 16:23, 17:4

Served (3): 16:9, 16:20, 24:9

Service (11): 3:17, 16:8, 16:10, 16:10, 16:12, 16:12, 16:12, 16:25, 16:26, 17:3, 18:4

Set (8): 7:12, 17:15, 21:14, 23:3, 23:9, 23:20, 24:15, 25:14

Setting (2): 9:25,

21:5

Settlement (1): 4:9

Shannon (4): 19:21, 19:23, 20:10, 20:21

Shouldnt (1): 17:4

Shulman (2): 2:3, 5:22

Significant (1): 20:26

Silverman (2): 5:11, 5:12

Simba (26): 4:1, 4:5, 4:6, 5:1, 6:1, 6:11, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 25:20

Situation (2): 10:15, 10:24

Six (2): 9:25, 16:14

Sixty (1): 9:24

Sold (2): 7:11, 10:23

Somebody (3): 4:23, 17:9, 20:20

Somehow (2): 16:16, 16:26

Someone (2): 15:17, 20:21

Sometime (1): 7:12

Sometimes (2): 22:14, 22:19

Somewhat (2): 7:22, 19:9

Son (2): 15:4, 15:7

Sorry (3): 4:21, 20:5, 22:10

Sort (1): 7:21

Sound (1): 3:16

South (1): 2:25

Speak (1): 5:7

Speaking (1): 22:9

Speaks (1): 13:14

Specifically (2): 6:21, 18:14

Spectrum (1): 2:5

Spent (1): 19:19

Stand (1): 13:15

Standard (1): 7:19

Standing (2): 8:24, 10:9

Start (2): 4:12, 6:13

State (1): 16:6

Stated (4): 9:12, 9:18, 11:24, 13:12

Statement (8): 19:13, 21:21, 22:6, 22:24, 23:16, 23:18, 23:20, 24:2

Statements (1): 18:18

States (3): 2:10, 2:10, 3:7

Status (2): 15:3, 25:15

Statute (1): 24:16

Stay (20): 4:7, 6:15, 6:24, 7:8, 7:12, 7:18, 7:20, 7:24, 8:19, 9:6, 10:13, 11:6, 13:24, 13:26, 14:2, 14:13, 14:17, 22:15, 24:26, 25:15

Stays (1): 25:2

Stettinius (1): 6:7

Steve (3): 5:3,

11:26, 19:16

Still (4): 7:14, 15:15, 15:20, 21:21

Stipulation (23): 4:8, 6:14, 6:18, 6:19, 6:24, 7:3, 7:8, 7:10, 7:21, 8:2, 8:9, 8:17, 9:5, 9:13, 9:23, 10:6, 11:20, 12:5, 12:10, 13:3, 13:21, 15:11, 15:15

Stock (1): 20:11

Street (4): 2:12, 3:8, 3:12, 27:6

Stuck (3): 8:23, 8:26, 9:4

Sub (4): 19:8, 19:11, 21:23, 21:26

Subject (1): 6:20

Success (2): 17:18, 17:20

Sufficient (1): 21:24

Suggestion (1): 14:25

Suggestions (1): 15:6

Suite (7): 2:6, 2:13, 2:20, 2:26, 2:32, 3:13, 27:6

Sunday (1): 19:20

Supplement (1): 15:14

Supplemental (3): 18:7, 18:13, 19:4

Supporting (1): 18:17

Sure (2): 5:24, 16:21

Switching (1):

20:14

**T**

TIMOTHY (1): 2:29

TUESDAY (1): 4:2

Taft (1): 6:7

Talk (4): 5:6, 13:8, 18:15, 18:16

Technically (1): 24:6

Teeny (1): 5:7

Tendered (1): 14:24

Tension (1): 22:19

Terms (2): 6:24, 8:2

Testa (2): 2:35, 5:17

Texted (1): 15:4

Texting (2): 15:4, 15:5

Thats (21): 4:7, 4:8, 4:8, 4:9, 6:13, 7:12, 7:21, 7:23, 9:7, 9:8, 12:4, 12:22, 14:5, 14:18, 14:21, 15:12, 18:18, 19:6, 23:11, 24:15, 24:15

Theodora (2): 2:36, 5:17

Theres (20): 6:19, 6:25, 7:7, 7:14, 8:22, 9:4, 10:18, 10:26, 11:6, 12:12, 13:20, 13:24, 16:13, 17:10, 17:15, 20:19, 22:18, 23:8, 23:9, 25:8

Theyre (1): 18:17

Thinking (1): 14:5

Though (2): 7:11,

10:16

Thought (5): 9:20, 12:2, 15:6, 20:25, 24:22

Thoughts (1): 7:23

Three (4): 13:20, 13:24, 16:14, 23:5

Tim (2): 5:12, 6:2

Times (2): 19:22, 22:20

Timothy (1): 5:26

Today (7): 11:15, 11:20, 14:16, 20:6, 20:24, 23:9, 25:13

Together (2): 11:9, 20:19

Took (1): 18:20

Top (1): 16:15

Transcriber (1): 3:10

Transcript (2): 3:17, 27:2

Transcription (1): 3:17

Transfer (1): 7:17

Transferred (1): 9:18

Treatment (2): 13:6, 13:6

True (1): 27:3

Trustee (6): 2:11, 4:15, 10:10, 18:8, 18:25, 20:16

Trusteeoffice (1): 2:10

Try (3): 10:19, 11:7, 11:9

Trying (2): 10:20, 10:20

Turn (1): 9:14
Turns (1): 15:6
Twenty (1): 16:9
Two (12): 8:10, 12:14, 12:15, 13:4, 13:5, 13:20, 13:22, 15:18, 16:4, 16:7, 16:14, 23:7
Type (3): 10:14, 10:15, 10:24
Typical (1): 10:25

**U**

UNIDENTIFIED (1): 4:18
Unauthorized (1): 7:17
Unaware (2): 20:22, 20:22
Under (10): 7:20, 10:7, 10:9, 10:10, 10:11, 10:17, 13:6, 20:17, 21:26, 22:23
Understandable (1): 9:12
Understood (5): 17:6, 21:19, 24:7, 24:11, 25:7
Unfold (1): 14:6
United (3): 2:9, 2:10, 3:7
Unless (1): 16:26
Unusual (1): 19:7
Unwilling (1): 17:8
Up (2): 5:7, 5:25
Upon (2): 11:13, 18:18

**V**

Vacated (2): 4:8, 15:26
Value (2): 7:7, 10:23
Venue (1): 20:14
Victory (2): 7:7, 7:22
Viejo (1): 2:33
Viewpoint (1): 9:7
Void (1): 11:20
Voting (1): 13:6

**W**

Waive (1): 15:23
Waived (2): 9:3, 15:25
Wants (1): 17:9
Way (1): 16:21
Ways (1): 13:20
Week (2): 21:10, 21:17
Werent (1): 16:22
West (1): 2:12
Westport (2): 2:29, 5:13
Weve (1): 10:7
Whats (2): 23:4, 23:5
Whereupon (1): 25:25
White (6): 2:23, 5:10, 6:21, 6:23, 9:10, 9:17
Whos (1): 22:9
Williams (2): 2:18, 5:3
Willing (2): 12:18, 13:2
Wilson (2): 22:8,

22:13
Winters (1): 5:4
Winterssteve (1): 2:16
Wish (1): 11:25
Withdraw (1): 18:2
Withdrawing (1): 12:4
Without (3): 13:4, 15:12, 15:14
Wood (2): 16:3, 26:3
Woods (2): 3:2, 6:3
Words (1): 22:12
Working (1): 11:8
Worried (1): 11:2
Wouldnt (1): 25:4
Wrapping (1): 5:25
Wrong (2): 15:5, 24:19

**Y**

Youd (2): 8:2, 13:8
Youll (1): 21:21
Youre (5): 5:6, 13:2, 15:5, 15:12, 22:18

EXHIBIT "A' - PAGE 36

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Max Casal |
| **To:** | Lori Gauthier |
| **Cc:** | Leonard M. Shulman; Alan J. Friedman; Anne Marie Vernon |
| **Subject:** | Simba - Scheduling Order and Claims Bar Date Notice |
| **Date:** | Tuesday, November 18, 2025 4:09:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Status conference just ended. By this Friday, we need to serve: (i) a new claims bar date notice and (ii) lodge a scheduling order based on the below dates:

Claims Bar Date → December 19, 2025

Deadline to file plan and disclosure statement → February 13, 2025

Hearing on adequacy of disclosure statement → March 31, 2025

Hearing on plan confirmation → May 26, 2025

Continued status conference → December 9, 2025 at 2:30

Max Casal
*Associate*
mcasal@shulmanbastian.com
http://www.shulmanbastian.com



**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400  Fax: 949-340-3000
**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300  Fax: 951-275-9303



**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

EXHIBIT "B" - PAGE 1

## DECLARATION OF RICHARD A. MARSHACK

I, Richard A. Marshack, declare and state as follows:

1.    I am the chief restructuring officer of the Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor"), an attorney and the managing partner of Marshack Hays Wood LLP. I make this declaration in support of the *Debtor's Motion for Order Granting Relief Pursuant to Federal Rule of Civil Procedure 60(b)(1), or, in the Alternative, Extending the Deadlines in the Amended Scheduling Order* (the "Motion"). All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

2.    I am familiar with the Debtor's bankruptcy proceeding to date and have personal knowledge of the facts set forth herein. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

3.    On September 16, 2025, the Debtor filed its voluntary petition for relief under the Bankruptcy Code, commencing this Case. As of such date, I was appointed as the Debtor's chief restructuring officer and was irrevocably delegated all power and authority to manage the Debtor's business and this Case.

4.    The Debtor is a limited liability company organized under the laws of the State of Delaware. The Debtor is a holding company and its main assets are the Alternative Investments and the Real Property. The Debtor also owns an approximate 35% stake in an entity that owns the entirety of Lugano Diamonds & Jewelry Inc.

5.    At all times during the Case, the Debtor has acted in good faith and in furtherance of advancing the Case toward a value-maximizing resolution by, *inter alia*:

   a.    timely filing its Plan and Disclosure Statement on February 13, 2026;

   b.    originally noticing the Disclosure Statement Hearing for March 31, 2026;

   c.    seeking Court approval of the continuance of the Disclosure Statement Hearing pursuant to the Stipulations to Continue;

   d.    filing the 9019 Motion which seeks approval of a settlement agreement which I believe resolves the complex issues pending between the Debtor and two of its largest creditors, provides for a substantial reduction of their asserted claims,

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

creates sources of funds to support distributions to creditors of the Debtor's estate upon liquidation of the Real Property and Alternative Investments, and eliminates the risks, costs, and delays associated with litigation; and

e. actively engaging with multiple parties-in-interest to consensually resolve issues related to the Disclosure Statement and 9019 Motion, including by exchanging comments and drafts of the Disclosure Statement with relevant parties and by engaging in substantive discovery, deposition practice, and negotiations in connection with the 9019 Motion.

6. I believe that the Debtor's efforts to resolve the disputes raised in connection with the 9019 Motion are closely tied to approval of the adequacy of the Disclosure Statement and confirmation of the Plan. For example, the contemplated settlement with Bryan Gadol and Darren Testa affects the feasibility and structure of the Debtor's Plan, including the Debtor's ability to liquidate the Real Property and Alternative Investments and the manner in which the proceeds from such assets may be distributed to creditors. Absent approval of the 9019 Motion (whether it be for the existing settlement agreement or for a revised version which provides greater benefits for the estate), I believe it would be more difficult to confirm a Plan.

7. I believe that the Debtor's failure to comply with the deadlines set by the Court at the Case Management Conference was the result of a counsel's inadvertent misprocessing of the Court's oral ruling.

///

///

///

///

///

///

///

///

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

8. If the Court is not inclined to grant relief under Rule 60(b)(1), I believe that cause exists to extend the relevant deadlines in the Amended Scheduling Order in accordance with the current Disclosure Statement Hearing date of July 7, 2026. Such a continuance will allow the Debtor to conclude its negotiations with parties-in-interest with respect to the Disclosure Statement and the settlement agreement that is the subject of the 9019 Motion. I believe that extending the deadlines will allow the Debtor to resolve all outstanding issues in a coordinated and efficient manner, without impairing any party's rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2026.

_____
Richard A. Marshack

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S MOTION FOR ORDER GRANTING RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(1), OR, IN THE ALTERNATIVE, EXTENDING THE  DEADLINES IN THE AMENDED SCHEDULING ORDER; DECLARATIONS OF MAX CASAL AND RICHARD A. MARSHACK IN SUPPORT (with Notice of Hearing)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  May 5, 2026  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

&#x2612; Service information continued on attached page.

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*)  May 5, 2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Mark M. Houle
U.S. Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593

&#x2612; Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

&#x2610; Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 5, 2026 | Lori Gauthier | */s/ Lori Gauthier* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                            **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Anthony Bisconti**   tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Max Casal**   mcasal@shulmanbastian.com, avernon@shulmanbastian.com
- **John B Connor**   jack@johnbconnor.com
- **Matthew Tyler Davis**   tdavis@kbkllp.com
- **Karol K Denniston**   karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Don Fisher**   dfisher@ptwww.com, tblack@ptwww.com
- **Alan J Friedman**   afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **George Gerro**   george@gerrolaw.com
- **Michael D Good**   mgood@southbaylawfirm.com
- **Christopher J Harney**   charney@tocounsel.com, kmanson@tocounsel.com
- **Paul Jasper**   pjasper@perkinscoie.com, david.kline@rimonlaw.com
- **Steven J. Katzman**   skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Tobias S Keller**   tkeller@kellerbenvenutti.com
- **Jordan A Kroop**   jkroop@pszjlaw.com, rleibowitz@perkinscoie.com
- **Mette H Kurth**   mette.kurth@pierferd.com, mette-kurth-7580@ecf.pacerpro.com
- **Wendy A Locke**   ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- **Richard A Marshack**   rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Ali M. Mojdehi**   ali.mojdehi@mgr-legal.com
- **John Morris**   jmorris@pszjlaw.com
- **Marisol A Nagata**   CDCAECF@BDFGROUP.COM
- **Dakota Pearce**   dpearce@buchalter.com, pjolley@buchalter.com;docket@buchalter.com
- **Matthew D Pham**   mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Allison M. Rego**   allison.rego@mgr-legal.com
- **Stacy H Rubin**   rubins@ballardspahr.com, DocketClerk_LasVegas@ballardspahr.com;LitDocket_West@ballardspahr.com
- **Traci L Shafroth**   tshafroth@kbkllp.com, jminga@kbkllp.com
- **Leonard M. Shulman**   lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
- **Timothy J Silverman**   tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com
- **Edward A Treder**   cdcaecf@bdfgroup.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY U.S. MAIL**

**DEBTOR**
SIMBA IL HOLDINGS, LLC
ATTN: RICHARD MARSHACK, CRO
870 ROOSEVELT
IRVINE, CA 92618

**DEBTOR**
SIMBA IL HOLDINGS, LLC
610 NEWPORT CENTER DR., STE. 950
NEWPORT BEACH, CA 92660-6473

**COUNSEL FOR CLAIMANT WHITE MOUNTAIN CAPITAL INC.**
GREG P. CAMPBEL
ALDRIDGE PITE, LLP
3333 CAMINO DEL RIO SOUTH, STE. 225
SAN DIEGO, CA 92108

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   **F 9013-3.1.PROOF.SERVICE**

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O TOBIAS S. KELLER - KELLER
BENEVENUTTI
101 MONTGOMERY STREET, SUITE
1950
SAN FRANCISCO, CA 94104

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O TRACI SHAFROTH - KELLER
BENEVENUTTI
101 MONTGOMERY STREET, SUITE
1950
SAN FRANCISCO, CA 94104

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O JAY R. MINGA - KELLER
BENVENUTTI
101 MONTGOMERY STREET, SUITE
1950
SAN FRANCISCO, CA 94104

**RFN**
LUGANO DIAMONDS & JEWELRY
C/O SCOTT FRIEDMAN - KELLER
BENVENUTTI
101 MONTGOMERY STREET, SUITE
1950
SAN FRANCISCO, CA 94104

**RFN**
COMPASS GROUP DIVERSIFIED
C/O KAROL DENNISTON-SQUARE
PATTON
555 CALIFORNIA STREET, SUITE 550
SAN FRANCISCO, CA 94104

**RFN**
ATTY FOR GADOL & TESTA
C/O PAUL S. JASPER, ESQ.-PERKINS
COIE
505 HOWARD STREET, SUITE 1000
SAN FRANCISCO, CA 94105-3204

**RFN**
ATTY FOR GADOL & TESTA
C/O REBECA J. MARSTON, ESQ.-
PERKINS COIE
110 NORTH WACKER DR., SUITE 3400
CHICAGO, ILLINOIS 60606

**RFN**
ATTY FOR GADOL & TESTA
C/O HAMID RAFATJOO-RAINES
FELDMAN
4675 MACARTHUR COURT, SUITE
1550
NEWPORT BEACH, CA 92660

**RFN**
COMPASS GROUP DIVERSIFIED
C/O PETER MORRISON, ESQ.
100 KEY TOWER, 127 PUBLIC
SQUARE
CLEVELAND, OH 44114

**RFN & POC**
COMPASS GROUP DIVERSIFIED
C/O S. LERNER & K. ARENDSEN
201 E. FOURTH ST., SUITE 1900
CINCINATI, OH 45202

**RFN - COMMITTEE COUNSEL**
J. POMERANTZ/J. KROOP
PACHULSKI STANG ZIEHL & JONES
LLP
10100 SANTA MONICA BLVD, 13TH
FL
LOS ANGELES, CA 90067

**RFN - COMMITTEE COUNSEL**
JOHN A. MORRIS
PACHULSKI STANG ZIEHL & JONES
LLP
1700 BROADWAY, 36TH FLOOR
NEW YORK, NY 10019

**NOTICE PARTY - UST**
QUEENIE K. NG
411 WEST FOURTH STREET, SUITE
7160
SANTA ANA, CA 92701

**NOTICE PARTY**
EMPLOYMENT DEVELOPMENT
DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**NOTICE PARTY**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**NOTICE PARTY & POC**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**NOTICE PARTY**
SECURITIES & EXCHANGE
COMMISSION
ATTN: NISHCHAY MASKAY, SR.
COUNSEL
100 F STREET, NE
WASHINGTON, DC 20549

**NOTICE PARTY**
SECURITIES & EXCHANGE
COMMISSION
444 SOUTH FLOWER ST., SUITE 900
LOS ANGELES, CA 90071-2934

**NOTICE PARTY**
ANTON, DURAID
1 ELK GROVE LN
LAGUNA NIGUEL, CA 92677-1012

**NOTICE PARTY**
ARONOFF, BARRY
C/O LANCE N JURICH/LOEB & LOEB
LLP
10100 SANTA MONICA BLVD SUITE
2200
LOS ANGELES, CA 90067-4120

**NOTICE PARTY**
ARVIELO, RICK
C/O GABRIEL G GREEN -
BUCHALTER APC
1000 WILSHIRE BLVD SUITE 1500
LOS ANGELES, CA 90017-1730

**POC**
ARVIELO FAMILY TRUST, THE
C/O DAKOTA PIERCE
1420 5TH AVENUE, SUITE 3100
SEATTLE, WA 98101

**POC**
AVINA  LLC & GLOBAL
INNOVATIONS
C/O DAVID B. ZOLKIN
11766 WILSHIRE BLVD, SUITE 730
LOS ANGELES, CA 90025

**NOTICE PARTY**
AVINA LLC
C/O D. ENENSTEIN-ENENSTEN PHAM
3200 BRISTOL ST SUITE 500
COSTA MESA, CA 92626

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**NOTICE PARTY**
BACLET, CHARLES
1600 S OCEAN BLVD APT 2101
POMPANO BEACH, FL 33062-7710

**NOTICE PARTY & POC**
CHARLES J. BACLET, III
C/O ERIC A. BROWNDORF, ESQ.
COOPER LEVENSON, P.A.
1125 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08402

**NOTICE PARTY**
BELGIUM NEW YORK LLC C/O
PATRICK PAPALIA/ARCHER &
GREINER PC
1211 AVENUE OF THE AMERICAS
#2750
NEW YORK, NY 10036-8789

**NOTICE PARTY**
BENSON, JULIANNE
389 SOUTH LAKE DRIVE #4G
PALM BEACH, FL 33480-4540

**NOTICE PARTY & POC**
BRANDES, ADRIENNE
C/O FISHBACK LAW CORP
4590 MACARTHUR BLVD, STE 500
NEWPORT BEACH, CA 92660

**NOTICE PARTY**
BRANDES, ADRIENNE
919 GARDENIA WAY
CORONA DEL MAR, CA 92625-1547

**NOTICE PARTY**
BUCKSBAUM, GLENN
303 WHITEFISH HILLS LOOP
WHITEFISH, MT 59937-2256

**NOTICE PARTY**
CAMPF, ANNE AND DARREN
4428 IRISH HEIGHTS DRIVE
SUMMERSVILLE, WV 26651-1971

**PREFERRED ADDRESS**
CAVE, DERYK
1195 E COOPER AVENUE
ASPEN, CO 81611

**NOTICE PARTY**
CHAMPION FORCE
C/O LEIB M LERNER/ALSTON & BIRD
LLP
350 SOUTH GRAND AVE 51ST FLOOR
LOS ANGELES, CA 90071-3406

**NOTICE PARTY**
CHANNELS, CEDRIC
402 ESTHER ST
COSTA MESA, CA 92627-2323

**NOTICE PARTY**
CITIBANK, N.A.
1000 TECHNOLOGY DRIVE
O'FALLON, MO 63368-2240

**NOTICE PARTY & POC**
COHEN, RAYMOND
C/O JONATHAN HERSEY/K&L GATES
1 PARK PLAZA TWELFTH FLOOR
IRVINE, CA 92614-5910

**NOTICE PARTY**
CONWAY, MARK
1221 W COAST HWY APT 114
NEWPORT BEACH, CA 92663-5051

**NOTICE PARTY & POC**
COYNE, KAREN
KAREN BEDROSIAN PROPERTY
TRUST
2934 N BEVERLY GLEN CIRCLE,
UNIT 347
LOS ANGELES, CA 90077-1724

**NOTICE PARTY**
DACUS, DEBBIE
5444 CANDLEWOOD DRIVE
HOUSTON, TX 77056-1603

**NOTICE PARTY**
DIAMONDS & JEWELRY INC C/O A
KHAN
BROWN, NERI, SMITH & KHAN LLP
11601 WILSHIRE BLVD SUITE 2080
LOS ANGELES, CA 90025-0389

**NOTICE PARTY**
EMMES, DAVID
655 TOWN CENTER DRIVE
COSTA MESA, CA 92626-1918

**NOTICE PARTY**
FERDER, MORDECHAI AND EDIT
1501 SERENADE TER
CORONA DEL MAR, CA 92625-1753

**NOTICE PARTY**
FERRY, ANTHONY
20 PACIFICA STE 1000
IRVINE, CA 92618-7462

**POC**
FIRST CIRCLE LLC
C/O RANDALL COFFEE HUMPHREY
LLP
3200 PARK CENTER DR., SUITE 950
COSTA MESA, CA 92626

**NOTICE PARTY**
FLANDERS, SCOTT
1425 SANTA BARBARA DRIVE
NEWPORT BEACH, CA 92660-6373

**NOTICE PARTY**
FLANDERS, SCOTT
PO BOX 7859
AVON, CO 81620-7859

**NOTICE PARTY**
FREEDMAN, JAMES
11755 WILSHIRE BLVD
LOS ANGELES, CA 90025-1501

**NOTICE PARTY**
GADOL, BRYAN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
1900 AVENUE OF THE STARS 19TH
FLOOR
LOS ANGELES, CA 90067-4410

**NOTICE PARTY**
GADOL, BRYAN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
824 N MARKET STREET SUITE 805
WILMINGTON, DE 19801-4918

**NOTICE PARTY**
GADOL, BRYAN C/O MICHELLE
SCHINDLER
FERGUSON SCHINDLER LAW FIRM
119 SOUTH SPRING STREET SUITE
201
ASPEN, CO 81611-2082

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**NOTICE PARTY**
GADOL, BRYAN-C/O TODD C
THEODORA
THEODORA ORINGHER PC
535 ANTON BLVD NINTH FLOOR
COSTA MESA, CA 92626-7109

**POC**
GADOL, BRYAN
C/O PAUL JASPER, PERKINS COIE
LLP
505 HOWARD STREET, SUITE 1000
SAN FRANCISCO, CA 94105

**NOTICE PARTY**
GOLDSTEIN, ALON
22287 MULHOLLAND HWY, UNIT 254
CALABASAS, CA 91302-5157

**PREFERRED ADDRESS**
HAZEN, CASSANDRA AND PAUL
PO BOX 7070
CARMEL, CA 93921

**NOTICE PARTY & POC**
HOEVEN, DREW
660 NEWPORT CENTTER DRIVE, STE
1450
NEWPORT BEACH, CA 92660

**NOTICE PARTY**
HOEVEN, DREW
3 CAPE ANDOVER
NEWPORT BEACH, CA 92660-8401

**NOTICE PARTY**
HOLZER, RUSTY - C/O B
CAPITUMMINO
WOODS OVIATT GILMAN LLP
1900 BAUSCH & LOMB PLACE
ROCHESTER, NY 14604-2714

**POC**
KAREN BEDROSIAN
2934 N BEVERLY GLEN CIRCLE,
UNIT 347
LOS ANGLES, CA 90077

**NOTICE PARTY**
KELSEY, KACI
110 WESTMINSTER ROAD
WEST PALM BEACH, FL 33405-1649

**NOTICE PARTY**
KLEIN, BILL
60 LINDA ISLE
NEWPORT BEACH, CA 92660-7207

**POC**
KRAUS, KEN, MD
C/O MICHAEL D. GOOD
3655 TORRANCE BLVD., STE 300
TORANCE, CA 90503

**NOTICE PARTY**
KRAUS, KEN C/O JEFF AUGUSTINI
LAW OFFICE OF JEFF AUGUSTINI
100 BAYVIEW CIRCLE SUITE 210
NEWPORT BEACH, CA 92660-8901

**NOTICE PARTY**
LEE, ROBERT
BBD 2012 GIFT TRUST
72-2763 ULUWEUWEU AKSUM
PLACE
KAILUA KONA, HI 96740

**NOTICE PARTY**
LEVASQUE, MATT
5893 LAKEVIEW
YORBA LINDA, CA 92886-5367

**POC**
LEVESQUE, MATTHEW
C/O RANDALL COFFEE HUMPHREY
LLP
3200 PARK CENTER DR., SUITE 9000
COSTA MESA, CA 92626

**NOTICE PARTY & POC**
LI, PETER
19211 CROYDEN TER
IRVINE, CA 92603-3537

**NOTICE PARTY & POC**
LOCKSLEY, JOHN
185 WEST END AVENUE UNIT 9A
NEW YORK, NY 10023-5543

**NOTICE PARTY**
LOOK-MAZZA, MONA
344 WEST REDS ROAD
ASPEN, CO 81611

**POC**
LUGANO DIAMONDS & JEWELRY
C/O CHRISTOPH PACHLER
620 NEWPORT CENTER DRIVE SUITE
100
NEWPORT BEACH, CA 92660

**POC**
LUGANO BUYER, INC.
C/O CHRISTOPH PACHLER
620 NEWPORT CENTER DRIVE SUITE
100
NEWPORT BEACH, CA 92660

**NOTICE PARTY**
LUGANO BUYER, INC.
301 RIVERSIDE AVENUE, SECOND
FLOOR
WESTPORT, CT 06880-4806

**NOTICE PARTY**
MCCALL, MARIANNE
188 LUDLOW STREET APT 21J
NEW YORK, NY 10002-1690

**NOTICE PARTY & POC**
MCHENRY, TROY
10917 EARTH HUES
LAS VEGAS, NV 89135-9132

**NOTICE PARTY**
MCMACKEN, RON
1660 SOUTH OCEAN BLVD
MANALAPAN, FL 33462-6210

**NOTICE PARTY**
MOENS, LAWRENCE
2335 S OCEAN BLVD
PALM BEACH, FL 33480-5368

**NOTICE PARTY**
MOLER, BILL
10342 MOHAWK ROAD
LEAWOOD, KS 66206-2587

**NOTICE PARTY**
N.B.S. DIAMONDS C/O GERALD L.
KROLL
KROLL LAW
970 W. BROADWAY, SUITE E-200
JACKSON, WY 83001-6402

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**NOTICE PARTY**
N.B.S. DIAMONDS C/O JOSEPH M.
KAR
LAW OFFICE OF JOSEPH M. KAR PC
15250 VENTURA BLVD SUITE PH-
1220
SHERMAN OAKS, CA 91403-3201

**POC**
N.B.S. DIAMONDS C/O SHARON
WEISS, BRYAN CAVE ET AL
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

**NOTICE PARTY**
OCONNELL, KEVIN
1714 STARLIGHT CIR
NEWPORT BEACH, CA 92660-4340

**NOTICE PARTY**
PERL, DANIEL C/O OMAR J. YASSIN
YASSIN LAW APC
1010 E. UNION STREET SUITE 201
PASADENA, CA 91106-1756

**NOTICE PARTY**
PHILLIPS, ANDY
2900 BRISTOL STREET
COSTA MESA, CA 92626-5981

**NOTICE PARTY**
PRESUTTI, DANA
424 PARK CIRCLE
ASPEN, CO 81611-3400

**NOTICE PARTY**
RUBERTI, LISA
C/O GOGO & MOORE LLC
505 E HYMAN AVENUE
ASPEN, CO 81611

**NOTICE PARTY**
RODAN, AMMON
21 ORINDA WAY, SUITE C-381
ORINDA, CA 94563-2530

**NOTICE PARTY**
ROTHSTEIN, ADAM
17 COVLEE DRIVE
WESTPORT, CT 06880-6407

**POC**
ROYAL T. DIAMONDS GROUP LTD
C/O ALI MOJDEHI, MOJDEHI GALVIN
2550 FIFTH AVENUE, SUITE 910
SAN DIEGO, CA 92103

**NOTICE PARTY**
SHELLY, DAMON
9881 RESEARCH DRIVE
IRVINE, CA 92618-4304

**NOTICE PARTY**
SHERWOOD, STEVE
54 GOLDEN EAGLE
IRVINE, CA 92603-0309

**NOTICE PARTY**
SIMON, RON
620 NEWPORT CENTER DRIVE
NEWPORT BEACH, CA 92660-6420

**NOTICE PARTY**
SIMON, SCOTT
641 ST JAMES ROAD
NEWPORT BEACH, CA 92663-5854

**NOTICE PARTY**
SIMON, VONDA & SCOTT
29230 PASEO CARMONA
SAN JUAN CAPISTRANO, CA 92675-
3654

**NOTICE PARTY & POC**
SMITH, MIKE
1585 ATTOKA ROAD
MARSHALL, VA 20115-3505

**NOTICE PARTY**
SONI, ASHISH
1908 N FREMONT STREET
CHICAGO, IL 60614-5017

**POC**
STACK, GEOFFREY & NANCY
C/O MATTHEW D. PHAM-ALLEN
MATKINS
865 S. FIGUEROA STREET, SUITE 2800
LOS ANGELES, CA 90017

**NOTICE PARTY**
STACK, JEFF
3501 JAMBOREE ROAD, SUITE 6000
NEWPORT BEACH, CA 92660-2960

**NOTICE PARTY**
STRAWBRIDGE, GEORGE
3801 KENNET PIKE
WILMINGTON, DE 19807-2300

**NOTICE PARTY**
SUMMERS, JIM
282 LOCHA DRIVE
JUPITER, FL 33458-7733

**PREFERRED ADDRESS**
SUTHERLAND, ANNE & GRANT
151 RANCH CREEK LANE
CARBONDALE, CO 91623

**NOTICE PARTY**
SYDNEY HOLDINGS LIMITED
C/O B. CAPITUMMINO - WOODS
OVIATT
1900 BAUSCH & LOMB PLACE
ROCHESTER, NY 14604-2714

**NOTICE PARTY**
SYDNEY HOLDINGS LIMITED C/O J
LEVIN
GLASER WEIL FINK HOWARD
JORDAN ET AL
10250 CONSTELLATION BLVD 19TH
FLOOR
LOS ANGELES, CA 90067-6219

**NOTICE PARTY & POC**
TEDORI, FRED
48 RITZ COVE DRIVE
DANA POINT, CA 92629-4228

**NOTICE PARTY**
TESTA, DARREN C/O M. SCHINDLER
FERGUSON SCHINDLER LAW FIRM
119 SOUTH SPRING STREET SUITE
201
ASPEN, CO 81611-2082

**NOTICE PARTY**
TESTA, DARREN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
1900 AVENUE OF THE STARS 19TH
FLOOR
LOS ANGELES, CA 90067-4410

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**NOTICE PARTY**
TESTA, DARREN C/O MARK ECKARD
RAINES FELDMAN LITTRELL LLP
824 N. MARKET STREET, SUITE 805
WILMINGTON, DE 19801-4918

**PREFERRED ADDRESS**
US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

**POC**
WHITE MOUNTAIN CAPITAL
3447 HIGH RIDGE ROAD
BOYNTON BEACH, FL 33426

**NOTICE PARTY**
WOLFE, BILL
525 S FLAGLER DRIVE PH2 C/D
WEST PALM BEACH, FL 33401-5922

**NOTICE PARTY**
RUBERTI, LISA
**UNDELIVERABLE - INCOMPLETE ADDRESS**

**NOTICE PARTY**
SUTHERLAND, ANNE & GRANT
61070 MINARET CIRCLE
BEND, OREGON 97702-1903
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**NOTICE PARTY**
TESTA, DARREN C/O TODD C
THEODORA & C. HARNEY
THEODORA ORINGHER PC
535 ANTON BLVD NINTH FLOOR
COSTA MESA, CA 92626-7109

**NOTICE PARTY**
WANG, ANGI
C/O GOGO & MOORE LLC
505 E HYMAN AVENUE
ASPEN, CO 81611

**NOTICE PARTY**
WINTERS, KRISTOPHER C/O S.
KATZMAN
BIENERT KATZMAN LITTRELL
WILLIAMS LLP
903 CALLE AMANECER STE 350
SAN CLEMENTE, CA 92673-6253

**NOTICE PARTY**
WANG, ANGI
**UNDELIVERABLE - INCOMPLETE ADDRESS**

**NOTICE PARTY**
HAZEN, CASSANDRA AND PAUL
C/O JOANNA MARIE MYERS
9465 WILSHIRE BLVD SUITE 300
BEVERLY HILLS, CA 90212-2624
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**POC**
TESTA, DARREN
C/O PAUL JASPER, PERKINS COIE
LLP
505 HOWARD STREET, SUITE 1000
SAN FRANCISCO, CA 94105

**NOTICE PARTY**
WAZANA, AVI C/O DARREN
ENENSTEIN
ENENSTEIN PHAM GLASS & RABBAT
8439 W SUNSET BLVD SUITE 300
LOS ANGELES, CA 90069-1925

**POC**
WINTERS, KRISTOFFER
C/O STEVEN KATZMAN
903 CALLE AMANECER STE 350
SAN CLEMENTE, CA 92673

**N/A**
SANTA ANA DIVISION
411 WEST FOURTH STREET, SUITE
2030,
SANTA ANA, CA 92701-4500
**N/A**

**NOTICE PARTY**
CAVE, DERYK
50 BIG SKY RESORT RD
BIG SKY, MT 59716
**UPDATED ADDRESS - PER CREDITOR REQUEST**

**NOTICE PARTY**
SHERLOCK, TINA & RUSS
1416 W MAIN STREET
CARMEL, IN 46032
**UNDELIVERABLE**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                              **F 9013-3.1.PROOF.SERVICE**