Gregory P. Campbell (CA SBN 281732)
gcampbell@aldridgepite.com
Todd S. Garan (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino Del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor: White Mountain
Capital Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC, *a Delaware limited liability company*,<br><br>Debtor(s). | Case No. 8:25-bk-12616-MH<br><br>Chapter 11<br><br>**WHITE MOUNTAIN CAPITAL INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR CONVERTED**<br><br>**Hearing:**<br><br>Date: May 26, 2026<br>Time: 1:30 pm<br>Place: Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701 |

White Mountain Capital Inc. ("WMCI") hereby files the following *Response to the Court's Order to Show Cause Why Case Should Not Be Dismissed Or Converted* ("Response") and ("OSC") [Dkt No. 299]. In support of the Response, WMCI respectfully represents as follows:

## I.  STATEMENT OF FACTS

### A.  THE SUBJECT LOAN

On or about March 10, 2025, Mordechai H. Ferder and Edit F. Ferder, individually and as Trustees of The Haim Family Trust U/D/T February 24, 2009 (collectively the "Borrowers"), delivered or are otherwise obligated with respect to a certain promissory note and loan agreement

-1-

in the original principal amount of $6,750,000.00 (the "Note"). (*See* Claim No. 6-1).

Pursuant to that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Borrowers under and with respect to the Note and Deed of Trust are secured by the real property located at 1220 Red Butte Drive, Aspen, CO, 81611 ("Property"). The Deed of Trust reflects that it was duly recorded. (*See* Claim No. 6-1).

Subsequently, the Borrowers commenced payments under the terms of the Note, but defaulted shortly thereafter. (*See* Claim No. 6-1).

On August 22, 2025, WMCI caused a Notice of Election and Demand for Sale by Public Trustee to be recorded in Pitkin County, Colorado, due to a default under the terms of the Note and Deed of Trust. The Notice of Election reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711315.

On September 11, 2025, a Special Warranty Deed was executed and recorded by the Borrowers purporting to transfer the Borrowers' interest in the Property to the Debtor. The Special Warranty Deed reflects that it was duly recorded in Pitkin County, Colorado, as Document No. 711806. (*See* Motion for Relief, Ex. 5).

**B. THE BANKRUPTCY CASE**

On September 16, 2025, Debtor commenced the instant Bankruptcy Case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). (*See* Dkt No. 1).

On September 30, 2025, WMCI filed its *Motion for Relief from the Automatic Stay*. ("Motion for Relief") (Dkt No. 39).

On October 20, 2025, WMCI filed a *Amended Motion For Approval Of Stipulation Resolving Creditors Motion For Relief From The Automatic Stay And Treatment Of Creditors Claim By And Between White Mountain Capital, Inc. And Debtor, Simba Il Holdings, LLC* ("Motion to Approve"). (Dkt No. 86).

On December 1, 2025, WMCI filed a *Supplemental and Amended Stipulation to Motion for Approval of Stipulation Resolving Creditor's Motion for Relief from the Automatic Stay By and*

*Between White Mountain Capital, Inc. and Debtor, Simba IL Holdings, LLC* (the "Amended Stipulation") (Dkt No. 150).

On December 16, 2025, the Court entered an Order Granting the Motion to Approve the [Amended] Stipulation ("WMCI Order") (Dkt. No. 194). Pursuant to the terms of the Amended Stipulation and Order thereon:

- The Subject Loan shall be paid in full pursuant to an updated payoff demand within one-hundred forty (140) calendar days from entry of a court order approving the Stipulation ("Sale Period"), via a sale, refinance, or cash payment (or by **May 5, 2026**). (*See* Amended Stipulation, ¶4).
- If the Property is sold, the Subject Loan shall be paid directly thorough an escrow company at the time of closing, based on an updated payoff demand submitted by WMCI pursuant to the terms of the Subject Loan. Expired payoff quotes may not be used to close escrow. (*See* Amended Stipulation, ¶5).
- In the event the Debtor accepts an offer to purchase the Property, which is sufficient to pay WMCI's claim in full, Debtor shall file and notice a Motion to Sell the Property pursuant to 11 U.S.C. §363. (*See* Amended Stipulation, ¶6).
- Upon the expiration of the Sale Period, if the Subject Loan has yet to be paid in full, the automatic stay of 11 U.S.C. §362 shall terminate, and WMCI shall be granted in rem relief from the automatic stay for a two (2) year period pursuant to 11 U.S.C. §362(d)(4). (*See* Amended Stipulation, ¶7).

On February 13, 2026, Debtor filed a proposed *Chapter 11 Plan* ("Plan"). (Dkt No. 229). The Plan lists WMCI's Claim in Class 1B. Pursuant to the Plan, WMCI's Claim shall be paid pursuant to the terms of the Amended Stipulation and Order entered at Docket. No. 194.

On April 30, 2026, the Court entered the OSC regarding dismissal or conversion of the case. (Dkt. No. 299).

On May 12, 2026, the Debtor filed a *Response to the OSC*. (Dkt. No. 309). In the Response, Debtor opposed dismissal or conversion of the Bankruptcy Case as Debtor intends to proceed with the Plan of liquidation, which may include the sale of the Property. The Debtor indicated they reduced the list price of the Property from $30,000,000 to $22,950,000. To date, the Debtor has received one (1) offer to purchase the Property, which the Debtor rejected. With respect to the allegations of fraud by Mr. Ferder allegedly involving WMCI, Debtor stated they do not intend to prosecute the alleged claims against WMCI.

## C.  LOAN STATUS

On May 5, 2026, the Sale Period expired, and the automatic stay of §362 terminated, permitting WMCI to proceed with in rem default rights as to the Property under applicable state

law.

As of April 30, 2026, the payoff on the senior lien on the Property totaled approximately $11,750,693.36.

As of May 6, 2026, the payoff owed to WMCI totaled approximately. $7,878,850.63. Further, WMCI paid the 2026 Property Taxes for the Property as the Debtor failed to do so.

## II.  RESPONSE

Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors.  It must decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and identify whether there are unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. *In re Adamo*, 2016 LEXIS 694, *27 (Bankr. E.D.N.Y. Mar. 4, 2016). When deciding between dismissal and conversion under section 1112(b), "a bankruptcy court must consider the best interest of the creditors and the estate." *In re Froman*, 566 B.R. 641, 651 (Bankr. S.D.N.Y 2017) (emphasis in original; internal quotes omitted) (citing *Bankr. Doc. 68 at 12:8-10)*. Thus a court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thereby indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf of. *In re Grego*, 2015 WL 3451559, at *8 (9th Cir. BAP May 29, 2015).

First, to the extent the court finds cause to dismiss or convert the case under §1112, WMCI prefers dismissal of the case over conversion to a Chapter 7.

Second, the primary asset of the estate consists of the Aspen Property. However, despite over eight (8) months on the market, Debtor has yet to sell the Property. The Debtor indicated they reduced the list price of the Property from $30,000,000 to $22,950,000. To date, the Debtor has received one (1) offer to purchase the Property, which the Debtor declined. As of April 30, 2026, the payoff on the senior lien on the Property totaled approximately $11,750,693.36. As of May 6,

-4-

2026, the payoff owed to WMCI totaled approximately. $7,878,850.63. Further, WMCI paid the 2026 Property Taxes for the Property as the Debtor failed to do so. Given the amount of the first and second position secured liens, even if the Property is sold for the proposed list price (which WMCI still believes is inflated), after the accumulation of additional interest, advances, and fees, together with the costs of sale, and broker commissions, there will be little to no equity remaining to pay other claims. Accordingly, even if the court were to convert the case to a Chapter 7, WMCI doubts a Trustee's attempts to sell the Property would prove successful. At a minimum, a Chapter 7 Trustee would need to retain a new broker to market and the list the Property for sale, causing further delay. Moreover, WMCI obtained relief from the automatic stay, and commenced a non-judicial foreclosure of the Property in Colorado. If WMCI forecloses on the Property, a Chapter 7 Trustee will have little to nothing distribute.

Third, while Debtor alleged a third party (Lugano) intends to investigate the alleged claims against WMCI, Lugano may do so outside of Bankruptcy, or in Lugano's own Bankruptcy proceeding filed in the District of Delaware. WMCI flatly denies any allegations of fraud. Indeed, WMCI is only a party to this Bankruptcy Case as result of the Debtor's unauthorized transfer of interest in the Property on the eve of the Bankruptcy filing to hinder or delay WMCI's rights under state law. Neither Simba or Lugano are parties to the loan documents. Nevertheless, to the extent Lugano believes they have a valid action against WMCI, they are free to file a lawsuit under applicable state law. However, the Court should not convert or further delay this Bankruptcy Case for purposes of entertaining a third party's baseless allegations of fraud against WMCI.

Finally, while Debtor alleged they have an interest in "alternative investments" it is unclear if the assets are currently funded, or would be available for liquidation by a trustee. Debtor asserts an investigation by a trustee into the Debtor's alternative assets would be duplicative of the Debtor's efforts, and waste additional estate resources. As stated in *Grego*, the court should dismiss a case when a debtor has almost no unencumbered nonexempt assets, thus indicating that there would be little or no chapter 7 estate to administer. Based on the foregoing, to the extent the court finds cause to dismiss or convert the case under §1112, WMCI respectfully requests that the court dismiss the case.

**WHEREFORE:** WMCI respectfully requests the Court enter an Order:

1.    Dismissing the Case (if the court finds cause to do so); and

2.    Any other relief the Court deems necessary and appropriate.

Respectfully,

**ALDRIDGE PITE, LLP**

Dated: May 19, 2026                          */s/ Gregory Campbell*
                                             Gregory P. Campbell (CA SBN 281732)
                                             Attorneys for Creditor:  White Mountain Capital,
                                             Inc.

-6-

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3333 Camino del Rio South, Suite 225, San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **WHITE MOUNTAIN CAPITAL INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR CONVERTED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____ May   19,   2026 _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.sa.ecf@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Max Casal - mcasal@shulmanbastian.com
Alan J Friedman- afriedman@shulmanbastian.com
Leonard M. Shulman- lshulman@shulmanbastian.com

**TRUSTEE:**
John-Patrick McGinnis Fritz - jpftrustee@lnbyg.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____ May 19, 2026 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:**
Simba IL Holdings, LLC,
610 Newport Center Drive Suite 950
Newport Beach, CA 92660

**Simba IL Holdings, LLC**
870 Roosevelt
Irvine, CA 92618

**DEBTOR'S ATTORNEY**
Max Casal
Alan J Friedman
Leonard M. Shulman
Shulman Bastian Friedman Bui &
O'Dea LLP
100 Spectrum Center Drive Ste 600
Irvine, CA 92618

**TRUSTEE**
**John-Patrick McGinnis Fritz (TR)**
2818 La Cienega Avenue
Los Angeles, CA 90034

**SR. LIENHOLDER:**
Citibank, N.A.
1000 Technology Drive
O'Fallon, MO 63368-2240

Citibank, N.A.
Mr. Sunil Garg, Director and CEO
388 Greenwich Street
New York, NY, 10013

**BORROWER:**
Mordechai Ferder and Edit Ferder
1501 Serenade Terrace
Corona del Mar, CA 92625-1753

**AGENT FOR SERVICE OF PROCESS
FOR SR. LIENHOLDER:**
Citibank, N.A.
Agent for Service of Process CT
Corporation System
28 Liberty St.
New York, NY 10005

**REQUEST FOR NOTICE RECIPIENTS:**
SQUIRE PATTON BOGGS (US) LLP
Karol K. Denniston
555 California Street, Suite 550
San Francisco, CA 94104

Peter R. Morrison
1000 Key Tower
127 Public Square
Cleveland, OH 44114

Stephen D. Lerner
Kyle F. Arendsen
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202

Tobias S. Keller
KELLER BENVENUTTI KIM LLP
Traci L. Shafroth Scott J. Friedman
101 Montgomery Street, Suite 1950
San Francisco, California 9410

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

**\*\*CREDITORS AND INTERESTED PARTIES SERVED ATTACHED\*\***

☐ Service information continued on

attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) May 19, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Mark D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 325
Riverside, CA 92501

☐ Service information continued on

attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 19, 2026 | Gregory Chu | /s/ Gregory Chu |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Creditors and Interested Parties Served:**

Arvielo, Rick
c/o Gabriel G Green - Buchalter APC
1000 Wilshire Blvd Suite 1500
Los Angeles, CA 90017-1730

Belgium New York LLC c/o
Patrick Papalia/Archer & Greiner PC
1211 Avenue of the Americas #2750
New York, NY 10036-8789

Bucksbaum, Glenn
303 Whitefish Hills Loop
Whitefish, MT 59937-2256

Cave, Deryk
50 Big Sky Resort Rd
Big Sky, MT 59716

Coyne, Karen
Karen Bedrosian Property Trust
2934 N Beverly Glen Circle #347
Los Angeles, CA 90077-1724

Emmes, David
655 Town Center Drive
Costa Mesa, CA 92626-1918

Flanders, Scott
1425 Santa Barbara Drive
Newport Beach, CA 92660-6373

Scheer Law Group, LLP, interested party
Scheer Law Group LLP
85 Argonaut
Suite 202
Aliso Viejo, CA 92656-4128

Anton, Duraid
1 Elk Grove Ln
Laguna Niguel, CA 92677-1012

Avina LLC
c/o D. Enenstein-Enensten Pham
3200 Bristol St Suite 500
Costa Mesa, CA 92626-1810

Benson, Julianne
389 South Lake Drive #4G
Palm Beach, FL 33480-4540

Campf, Anne and Darren
4428 Irish Heights Drive
Summersville, WV 26651-1971

Champion Force
c/o Leib M Lerner/Alston & Bird LLP
350 South Grand Ave 51st Floor
Los Angeles, CA 90071-3406

Cohen, Raymond
c/o Jonathan Hersey/K&L Gates
1 Park Plaza Twelfth Floor
Irvine, CA 92614-5910

Dacus, Debbie
5444 Candlewood Drive
Houston, TX 77056-1603

Ferder, Mordechai and Edit
1501 Serenade Ter
Corona del Mar, CA 92625-1753

Flanders, Scott
PO Box 7859
Avon, CO 81620-7859

Aronoff, Barry
c/o Lance N Jurich/Loeb & Loeb LLP
10100 Santa Monica Blvd Suite 2200
Los Angeles, CA 90067-4120

Baclet, Charles
1600 S Ocean Blvd Apt 2101
Pompano Beach, FL 33062-7710

Brandes, Adrienne
919 Gardenia Way
Corona Del Mar, CA 92625-1547

Cave, Deryk
1196 E Cooper Avenue
Aspen, CO 81611

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Channels, Cedric
402 Esther St
Costa Mesa, CA 92627-2323

Conway, Mark
1221 W Coast Hwy Apt 114
Newport Beach, CA 92663-5051

Diamonds & Jewelry Inc c/o A Khan
Brown, Neri, Smith & Khan LLP
11601 Wilshire Blvd Suite 2080
Los Angeles, CA 90025-0389

Ferry, Anthony
20 Pacifica Ste 1000
Irvine, CA 92618-7462

Freedman, James
11755 Wilshire Blvd
Los Angeles, CA 90025-1501

Gadol, Bryan c/o Mark Eckard
Raines Feldman Littrell LLP
1900 Avenue of the Stars 19th Floor
Los Angeles, CA 90067-4410

Gadol, Bryan-c/o Todd C Theodora
Theodora Oringher PC
535 Anton Blvd Ninth Floor
Costa Mesa, CA 92626-7109

Hoeven, Drew
3 Cape Andover
Newport Beach, CA 92660-8401

Kelsey, Kaci
110 Westminster Road
West Palm Beach, FL 33405-1649

Lee, Robert
BBD 2012 Gift Trust
72-2763 Uluweuweu Aksum Place
Kailua Kona, HI 96740

Locksley, John
185 West End Avenue Unit 9A
New York, NY 10023-5543

McCall, Marianne
188 Ludlow Street Apt 21J
New York, NY 10002-1690

Moens, Lawrence
2335 S Ocean Blvd
Palm Beach, FL 33480-5368
N.B.S. Diamonds c/o Joseph M. Kar
Law Office of Joseph M. Kar PC
15250 Ventura Blvd Suite PH-1220
Sherman Oaks, CA 91403-3201

Phillips, Andy
2900 Bristol Street
Costa Mesa, CA 92626-5981

Gadol, Bryan c/o Mark Eckard
Raines Feldman Littrell LLP
824 N Market Street Suite 805
Wilmington, DE 19801-4918

Goldstein, Alon
22287 Mulholland Hwy
Unit 254
Calabasas, CA 91302-5157

Holzer, Rusty - c/o B Capitummino
Woods Oviatt Gilman LLP
1900 Bausch & Lomb Place
Rochester, NY 14604-2714

Klein, Bill
60 Linda Isle
Newport Beach, CA 92660-7207

Levasque, Matt
5893 Lakeview
Yorba Linda, CA 92886-5367

Look-Mazza, Mona
344 West Reds Road
Aspen, CO 81611

McHenry, Troy
10917 Earth Hues
Las Vegas, NV 89135-9132

Moler, Bill
10342 Mohawk Road
Leawood, KS 66206-2587

OConnell, Kevin
1714 Starlight Cir
Newport Beach, CA 92660-4340

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

Presutti, Dana
424 Park Circle
Aspen, CO 81611-3400

Gadol, Bryan c/o Michelle Schindler
Ferguson Schindler Law Firm
119 South Spring Street Suite 201
Aspen, CO 81611-2082

Hazen, Cassandra and Paul
c/o Joanna Marie Myers
9465 Wilshire Blvd Suite 300
Beverly Hills, CA 90212-2624

Internal Revenue Service, CIO
2970 MARKET STREET
PHILADELPHIA, PA 19104-5002

Kraus, Ken c/o Jeff Augustini
Law Office of Jeff Augustini
100 Bayview Circle Suite 210
Newport Beach, CA 92660-8901

Li, Peter
19211 Croyden Ter
Irvine, CA 92603-3537

Lugano Buyer, Inc.
301 Riverside Avenue
Second Floor
Westport, CT 06880-4806

McMacken, Ron
1660 South Ocean Blvd
Manalapan, FL 33462-6210

N.B.S. Diamonds c/o Gerald L. Kroll
Kroll Law
970 W. Broadway, Suite E-200
Jackson, WY 83001-6402

Perl, Daniel c/o Omar J. Yassin
Yassin Law APC
1010 E. Union Street Suite 201
Pasadena, CA 91106-1756

Rodan, Ammon
21 Orinda Way
Suite C-381
Orinda, CA 94563-2530

Rothstein, Adam
17 Covlee Drive
Westport, CT 06880-6407

Sherlock, Tina & Russ
1416 W Main Street
Carmel, IN 46032

Simon, Scott
641 St James Road
Newport Beach, CA 92663-5854

Soni, Ashish
1908 N Fremont Street
Chicago, IL 60614-5017

Summers, Jim
282 Locha Drive
Jupiter, FL 33458-7733

Sydney Holdings Limited
c/o B. Capitummino - Woods Oviatt
1900 Bausch & Lomb Place
Rochester, NY 14604-2714

Testa, Darren c/o M. Schindler
Ferguson Schindler Law Firm
119 South Spring Street Suite 201
Aspen, CO 81611-2082

Testa, Darren c/o Todd C Theodora
Theodora Oringher PC
535 Anton Blvd Ninth Floor
Costa Mesa, CA 92626-7109

Wang, Angi
c/o Gogo & Morre LLC
505 E Hyman Avenue
Aspen, CO 81611-1921

Wolfe, Bill
525 S Flagler Drive PH2 C/D
West Palm Beach, FL 33401-5922

Ruberti, Lisa
c/o Gogo & Moore LLC
505 E Hyman Avenue
Aspen, CO 81611-1921

Sherwood, Steve
54 Golden Eagle
Irvine, CA 92603-0309

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Simon, Vonda & Scott
29230 Paseo Carmona
San Juan Capistrano, CA 92675-3654

Stack, Jeff
3501 Jamboree Road
Suite 6000
Newport Beach, CA 92660-2960

Sutherland, Anne & Grant
151 Ranch Creek Lane
Carbondale, CO 81623-8503

Sydney Holdings Limited c/o J Levin
Glaser Weil Fink Howard Jordan et al
10250 Constellation Blvd 19th Floor
Los Angeles, CA 90067-6219

Testa, Darren c/o Mark Eckard
Raines Feldman Littrell LLP
1900 Avenue of the Stars 19th Floor
Los Angeles, CA 90067-4410

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Wazana, Avi c/o Darren Enenstein
Enenstein Pham Glass & Rabbat
8439 W Sunset Blvd Suite 300
Los Angeles, CA 90069-1925

Shelly, Damon
9881 Research Drive
Irvine, CA 92618-4304

Simon, Ron
620 Newport Center Drive
Newport Beach, CA 92660-6420

Smith, Mike
1585 Attoka Road
Marshall, VA 20115-3505

Strawbridge, George
3801 Kennet Pike
Wilmington, DE 19807-2300

Sutherland, Anne & Grant
61070 Minaret Circle
Bend, Oregon 97702-1903

Tedori, Fred
48 Ritz Cove Drive
Dana Point, CA 92629-4228

Testa, Darren c/o Mark Eckard
Raines Feldman Littrell LLP
824 N. Market Street, Suite 805
Wilmington, DE 19801-4918

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Winters, Kristopher c/o S. Katzman
Bienert Katzman Littrell Williams LLP
903 Calle Amanecer Ste 350
San Clemente, CA 92673-6253

**Karol K Denniston**
Squire Patton Boggs (US)
475 Sansome Street, 16th Floor
San Francisco, CA 94111

**Anthony Bisconti**
Bienert Katzman Littrell Williams LLP
360 E. 2nd StreetSte 625
Los Angeles, CA 9001

**Christopher J Harney**
Theodora Oringher
535 Anton Blvd.
9th Floor
Costa Mesa, CA 92626

**George Gerro**
Attorney at Law
530 S. Glenoaks Blvd., Suite 200
Burbank, CA 91502

**Richard A Marshack**
Marshack Hays Wood LLP
 870 Roosevelt
Irvine, CA 92620

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**Steven J. Katzman**
Bienert Katzman Littrell Williams LLP
601 W 5th Street Ste 720
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.