**SQUIRE PATTON BOGGS (US) LLP**

Karol K. Denniston, CA Bar #141667
555 California Street, Suite 550
San Francisco, CA 94104
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
karol.denniston@squirepb.com

Scott A. Kane (admitted *pro hac vice*)
201 E. Fourth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
Facsimile: (513) 361-1201
scott.kane@squirepb.com

Peter R. Morrison (admitted *pro hac vice*)
1000 Key Tower 127 Public Square
Cleveland, Ohio 44114
Telephone:  (216) 479-8500
Facsimile:  (216) 479-8780
peter.morrison@squirepb.com

*Attorneys for: Compass Group Diversified*
*Holdings LLC*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:25-bk-12616-MH |
| **SIMBA IL HOLDINGS, LLC** | Chapter: 11 |
| Debtor. | **COMPASS GROUP DIVERSIFIED HOLDINGS LLC'S RESPONSE IN SUPPORT OF CONVERSION PURSUANT TO 11 U.S.C. § 1112(B)** |
| | **Hearing Date:**<br>Date:   May 26, 2026<br>Time:   1:30 p.m.<br>Place:   Courtroom 6C, 411 West Fourth St.<br>          Santa Ana, CA 92701 |

Compass Group Diversified Holdings LLC ("CODI"), by and through its undersigned counsel, hereby submits this response in support of conversion of the above-captioned bankruptcy case (the "Bankruptcy Case") pursuant to section 1112(b)(1) of the Bankruptcy Code.  For the reasons outlined in the Court's *Order to Show Cause Why Case Should Not Be Dismissed or Converted* [ECF No. 299] (the "Show Cause Order"), CODI respectfully requests that the Bankruptcy Case be converted to a case under chapter 7 but requests that it not be dismissed.  In support of this response, CODI states as follows:

## I.      **BACKGROUND**

On April 30, 2026, the Court entered the Show Cause Order, ordering the Debtor to show cause why the Bankruptcy Case should not be dismissed or converted to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(4).  In the Show Cause Order, the Court cited its concerns that, to date, the Debtor (1) had made no attempts to challenge liens or object to claims; (2) has no business operations, expenses, or revenue and has been working toward liquidation this entire time; (3) miscategorized key case deadlines as "hearings" and subsequently failed to timely file its Disclosure Statement or provide a clear path to confirmation; (4) has yet to investigate the alleged fraud underlying and potentially invalidating the transaction between Mordechai M. Ferder and White Mountain Capital Inc. ("WMCI"), which purportedly holds a secured interest in the Debtor's real property in Colorado and is one of the primary assets of the estate (the "Colorado Property"); and (5) has only filed a "bare-bones placeholder" plan of reorganization that is "patently unconfirmable."  *See* Show Cause Order.  On May 12, 2026, the Debtor filed a reply to the Show Cause Order [ECF No. 309] ("Debtor's Reply").

SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104

COMPASS GROUP DIVERSIFIED HOLDINGS LLC**'S** BRIEF IN SUPPORT OF CONVERSION
PURSUANT TO 11 U.S.C. **§** 1112(B)

## II. **ARGUMENT**

The Court should convert this Bankruptcy Case for all the reasons identified by the Court in the Show Cause Order. Section 1112 of the Bankruptcy Code provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). Interpreting this provision, the Ninth Circuit Court of Appeals has held that the relevant inquiries are "(1) whether cause exists for granting relief under Section 1112(b)(1); (2) whether granting relief is in the creditors and the estate's best interests; and (3) if so, which form of relief best serves the creditors' and the estate's interests." *In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022) (holding that bankruptcy courts have broad discretion in deciding whether to grant relief under section 1112(b)(1)).

### A. The Court Should Convert the Bankruptcy Case Under Section 1112(b)(4) of the Bankruptcy Code for Cause.

Section 1112(b)(4) lists multiple non-exhaustive grounds under which "cause" for conversion or dismissal of a chapter 11 case exists, including "failure to comply with an order of the court" and "failure to timely file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(E), (J). Courts have also found, however, that the enumerated grounds of section 1112(b) of the Bankruptcy Code should not be rigidly applied or analyzed in a way that considers one factor to the exclusion of other factors favoring conversion. *Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 515 n.2 (8th Cir. 2004). Indeed, courts have held that cause exists for conversion or dismissal "where there is no continuing revenue-generating activity in the best interests of creditors and the estate," *In re Greenfield Drive Storage Park*, 207 B.R. 913, 917 (B.A.P. 9th Cir. 1997), or where "the debtors were liquidating and therefore had no likelihood of rehabilitation." *Loop Corp.*, 379 F.3d at 515 (holding that a

SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104

3

debtor's inability to confirm a plan is also relevant to a court's consideration of whether conversion is appropriate).

As the Court aptly noted, the Debtor is a holding company with no operating business. The Debtor's intention since the inception of this case has been to present a plan of liquidation rather than one of reorganization. To date, however, the Debtor has not presented a meaningful plan of liquidation. The Court correctly observed that the Debtor did not timely file the Disclosure Statement, and, most critically, after *eight months* in bankruptcy, the Debtor has failed to investigate the circumstances of the fraud that underpins this entire proceeding. Each of these factors by themselves constitute appropriate and sufficient grounds to convert this case.

### B.     The Debtor Fails to Identify Curative Circumstances for Its Failures.

Section 1112(b) of the Bankruptcy Code invokes a "best interest of creditors" test that courts have used to apply exceptions to a finding of "cause" for conversion or dismissal. *See In re Warren*, No. 08-31697, 2015 WL 3407244, at \*4 (B.A.P. 9th Cir. May 28, 2015); *In re Mazzocone*, 183 B.R. 402, 413–14 (Bankr. E.D. Pa. 1995) Specifically, courts may abstain from converting or dismissing, even if there is cause to do so, if the debtor identifies "unusual circumstances" that make conversion or dismissal not in the best interest of creditors, and the debtor proves that the "cause" for conversion or dismissal was reasonably justified and "that the basis for conversion or dismissal can be cured within a reasonable time." *In re Warren*, No. 08-31697, 2015 WL 3407244 at \*4. Unusual circumstances "must be something beyond the inherent financial pressures and adversarial differences in a bankruptcy case" and demonstrate why proceeding in a chapter 11 meets the purpose of the chapter or is otherwise in the creditors' best interests. *In re Baroni*, 36 F.4th at 969.

SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104

4

In eighteen pages, the Debtor's Reply fails to articulate any reason the Court should abstain from entering a conversion order under section 1112 of the Bankruptcy Code.   The Debtor could not point to any circumstances that could be categorized as "unusual" for a chapter 11 case or that suggests that keeping this case under chapter 11 would be in the best interest of creditors.  *See generally* Debtor's Reply.  Instead, Debtor's Reply merely recites events known to this Court and does nothing to address the fundamental issues identified in the Court's Show Cause Order.

### C.    Conversion Is in the Best Interest of Creditors.

This case cries out for an independent fiduciary that creditors can reliably count on to investigate the role played in Mr. Ferder's fraudulent schemes, if any, by the Debtor and those with whom the Debtor conducted dealings.  The most fundamental example is WMCI's (or its principal's) apparent participation in activities that supported Mr. Ferder's fraud and now subsequent assertion of a secured interest in the Debtor's only readily accessible and meaningful asset, the Colorado Property.  Any investigation related to WMCI's alleged fraud and the validity of WMCI's lien will unquestionably determine the other creditors' recoveries in the Bankruptcy Case and therefore deserves careful attention from a neutral third-party, such as a chapter 7 trustee. Likewise, the Debtor is proposing a settlement with counterparties to Mr. Ferder's fraudulent off-balance sheet financing transactions.  *See* ECF No. 240.  The Debtor has conducted no meaningful investigation of these transactions.  Discovery that individually objecting creditors were forced to conduct has revealed significant irregularities and red flags regarding the transactions underlying the proposed settlement.  Conversion of the case to one under chapter 7 and appointment of a trustee to conduct an impartial investigation—particularly where no creditors' committee has been appointed—will serve the interests of justice and is in the best interests of creditors.  Conversely, dismissal could prejudice the creditors, some of whom are

SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104

5

victims of Mr. Ferder's fraud, and would frustrate an impartial evaluation of actions by the Debtor and counterparties.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, CODI respectfully requests that the Court convert this Bankruptcy Case to chapter 7 pursuant to section 1112(b) of the Bankruptcy Code.

DATED: May 19, 2026                                          SQUIRE PATTON BOGGS (US) LLP

By:
    */s/ Karol K. Dennison*

Karol K. Denniston
Scott A. Kane (admitted *pro hac vice*)
Peter R. Morrison (admitted *pro hac vice*)

*Attorneys for: Compass Group
Diversified Holdings LLC*

SQUIRE PATTON BOGGS (US) LLP
555 California Street, Suite 550
San Francisco, California 94104

COMPASS GROUP DIVERSIFIED HOLDINGS LLC**'S** BRIEF IN SUPPORT OF CONVERSION
PURSUANT TO 11 U.S.C. § 1112(B)