Jeffrey H. Reeves (SBN 156648)
jreeves@reevesandweiss.com
Daniel L. Weiss (SBN 242022)
dweiss@reevesandweiss.com
REEVES & WEISS LLP
3333 Michelson Drive, Suite 300
Irvine, CA 92612
Telephone: (949) 200-7790

FILED
OCT 15 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

Special Litigation Counsel
To Debtor and Debtor-in-Possession
Simba IL Holdings, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re

SIMBA IL HOLDINGS, LLC, a Delaware limited liability company,

Debtor and Debtor-in-Possession.

Case No. 8:25-bk-12616-MH

[Assigned to the Honorable Mark D. Houle]

Chapter 7

**FIRST AND FINAL FEE APPLICATION OF REEVES & WEISS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION**

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

Reeves & Weiss LLP ("RW" or the "Firm"), former special litigation counsel for Simba IL Holdings, LLC, the debtor and debtor in possession herein (the "Debtor"), hereby submits this First and Final Fee Application of Reeves & Weiss LLP for Allowance and Payment of Compensation (the "Application"). By this Application, the Firm seeks a total award of **$177,337.50** pursuant to 11 U.S.C. § 330 that encompasses services rendered from September 16, 2025, through and including November 17, 2025 ("Reporting Period").

## I. INTRODUCTION

1. This case commenced on September 16, 2025, pursuant to a voluntary petition filed under Chapter 11 of the Bankruptcy Code by the Debtor, Simba IL Holdings, LLC. On September 18, 2025, John-Patrick M. Fritz was appointed and qualified as the Chapter 11 Subchapter V Trustee.

2. On October 15, 2025, the Debtor filed its Application for Order Authorizing Employment of Reeves & Weiss LLP as Special Litigation Counsel Pursuant to 11 U.S.C. § 327(e) [Dkt. No. 73] ("Employment Application"), a true and correct copy is attached to the concurrently filed Declaration of Jeffrey H. Reeves ("Reeves Decl.") **Exhibit "A"**.

3. The Firm was employed as special litigation counsel to the debtor pursuant to 11 U.S.C. § 327(e), solely with respect to the completed services identified in the Supplement to Debtor's Application for Order Authorizing Employment of Reeves & Weiss LLP as Special Litigation Counsel pursuant to 11 U.S.C. § 327(e) [Dkt. No. 221] (the "Supplement"), a true and correct copy is attached to the Reeves Decl. as **Exhibit "B"**, as approved by the Court's order authorizing the employment of Reeves & Weiss LLP as Special Litigation Counsel filed and entered on March 13, 2026 [Dkt. No. 268] (the "Order"), a true and correct copy is attached to the Reeves

Decl. as **Exhibit "C"**. The Supplement modified and limited the scope of the Firm's proposed employment services to "(i) analyzing the possibility of settlement of the Prepetition Actions; (ii) participating in settlement negotiations related thereto; and (iii) seeking to expunge a lis pendens improperly recorded against the Real Property by Avina LLC and Global Innovations, LLC (collectively, the "Completed Services")." (Supplement, Ex. B at 4:07-11).

4. This case was converted to a Chapter 7 on May 27, 2026, and pursuant thereto, Jeffrey I. Golden was appointed and qualified as the Chapter 7 Trustee ("Trustee"). The case remains pending under Chapter 7.

5. On August 14, 2026, the Trustee filed a Motion for Order (1) Fixing Last Date for All Creditors with Unpaid Chapter 11 Administrative Claims to File a Request for Payment, and (2) Approving Form of Notice of Bar Date [Dkt No. 363]. The Court subsequently granted the motion, which was filed and entered on September 9, 2026 [Dkt No. 369].

6. The Firm asserts that its fees are reasonable and justified, limited to the Completed Services. The Firm requests that the Court approve its fees on a final basis.

7. The Firm has not previously requested or received any award of fees in this case.

## II. GENERAL DESCRIPTION OF SERVICES RENDERED

9. The Firm rendered professional services as special litigation counsel to the Debtor. A summary table of the timekeepers, rates, and hours during the Reporting Period for which the Firm seeks compensation is attached to the Reeves Decl. as **Exhibit "D"**.

10. The Firm's billing statements of attorney services rendered during the Reporting Period are attached to the Reeves Decl. as **Exhibit "E"**.

11. The Firm's services were performed pursuant to the Order and were limited to the Completed Services, as defined in the Supplement. The Firm has

reviewed the requirements of Local Bankruptcy Rule 2016-1 and submits that this Application complies with those requirements.

**A. Professional Backgrounds**

12. The Firm attorneys that rendered services are Founding Partner Jeffrey Reeves, Founding Partner Daniel Weiss, and Senior Associate Dana Martin.

13. Jeffrey Reeves practiced with the law firm of Gibson Dunn & Crutcher LLP for 26 years. He was a partner with that firm through the end of 2017. For eight years, he was the Partner-in-Charge of Gibson Dunn's Orange County office. From 2017 to 2023 he was a Senior Attorney in the law firm of Theodora Oringher P.C. He is now a Founding Partner at Reeves & Weiss LLP. His practice focuses on complex business disputes, and he has tried numerous cases and arbitrations to verdict and final award.

14. Daniel Weiss is also a Founding Partner at RW and has litigated numerous complex business disputes, including trying numerous cases and arbitrations to verdict and final award during his 20-year career.

15. Dana Martin is a Senior Associate at RW and has litigated numerous complex business disputes during her nine-year career.

**B. Services Rendered by Jeffrey Reeves ($117,180.00)**

16. Jeffrey Reeves prepared for and participated in settlement negotiations and conferences concerning Bryan Gadol, Darren Testa, and Kristoffer Winters and developed strategy concerning resolution of the related litigation. Mr. Reeves reviewed, analyzed, drafted, and revised settlement agreements and proposed terms. Mr. Reeves communicated extensively with the legal team concerning negotiations, revisions, and outstanding settlement issues.

17. Mr. Reeves analyzed claims and litigation strategy concerning Mr. Gadol, Mr. Testa, and Mr. Winters, including issues arising from the underlying actions and alleged default judgment. Mr. Reeves participated in conferences and communications regarding claims, litigation strategy, and the effect of those matters

on settlement negotiations.

18. Mr. Reeves reviewed and analyzed the Avina complaint, lis pendens, and applicable legal issues and developed strategy for obtaining withdrawal or expungement of the lis pendens. Mr. Reeves communicated legal strategies to Senior Associate Dana Martin. Mr. Reeves negotiated and communicated with Avina's counsel regarding the withdrawal of the lis pendens. Mr. Reeves prepared for and participated in a meet-and-confer with Avina counsel regarding the withdrawal of the lis pendens and Motion to Expunge.

19. Mr. Reeves reviewed and addressed matters relating to the approval of the proposed settlement, including the Rule 9019 settlement motion and issues raised concerning approval of the settlement. Mr. Reeves participated in communications and strategy discussions concerning presentation and approval of the proposed settlement.

20. Mr. Reeves participated in conferences and communications with the legal team and bankruptcy counsel concerning the Debtor's assets, liquidation efforts, bankruptcy strategies, deadlines, and next steps. Mr. Reeves analyzed potential claims and legal theories involving Compass Diversified Holdings LLC ("CODI"), Lugano Diamonds and Jewelry, Inc. ("Lugano"), and creditors.

21. Mr. Reeves reviewed and addressed the Motion for Relief from Stay issues arising from the bankruptcy case, including matters involving White Mountain Capital and relief sought in connection with the Avina litigation. Mr. Reeves reviewed and revised pleadings, prepared supporting materials, and communicated with bankruptcy counsel concerning strategy and deadlines.

22. Mr. Reeves addressed issues concerning Rule 2004 Examination and communicated with the bankruptcy team regarding the examination, related deadlines, and litigation strategy.

23. Mr. Reeves reviewed and revised the Firm's application for employment as special litigation counsel and supporting documents. Mr. Reeves communicated

with the bankruptcy counsel regarding the Firm's retention and related issues.

24. Mr. Reeves devoted a total of 86.8 hours to these services at a rate of $1,350.00, for total fees of $117,180.00.

**C. Services Rendered by Daniel Weiss ($42,000.00)**

25. Daniel Weiss reviewed and revised case filings, prepared a pleading asserting claims against Mr. Winters, Mr. Testa, and Mr. Gadol, and developed litigation strategy by identifying necessary next steps.

26. Mr. Weiss prepared for and participated in negotiations and strategy discussions concerning settlement with Mr. Gadol, Mr. Testa, and Mr. Winters. Mr. Weiss reviewed, drafted, and revised the proposed settlement agreement and related correspondence, analyzed proposed terms and revisions, and communicated with counsel regarding outstanding settlement issues and the documentation necessary to effectuate the proposed resolution.

27. Mr. Weiss analyzed parties' claims and defenses, the alleged Delaware default judgment and related legal issues, and litigation developments affecting the scope, terms, and feasibility of a negotiated resolution.

28. Mr. Weiss reviewed and analyzed issues concerning the lis pendens recorded by Avina LLC and Global Innovations, LLC. Mr. Weiss drafted and revised the petition and related pleadings seeking expungement of the lis pendens, addressing legal and procedural issues regarding withdrawal of the lis pendens.

29. Mr. Weiss prepared for and participated in meetings and strategy discussions with the bankruptcy team regarding the Firm's employment as special litigation counsel, bankruptcy issues, and settlement strategy. Mr. Weiss communicated with CODI's counsel regarding the Rule 2004 Examination and related meet-and-confer.

30. Mr. Weiss devoted a total of 40.0 hours to these services at a rate of $1,050.00, for total fees of $42,000.00.

**D. Services Rendered by Dana Martin ($18,157.50)**

33. Dana Martin prepared for and participated in team conferences concerning the settlement, lis pendens, outstanding issues and related litigation strategy. Ms. Martin attended meetings with creditors for this matter and private investigator, as well as communicated with the insurance counsel.

34. Ms. Martin conducted lis pendens research and analysis by reviewing the Avina litigation and lis pendens; researched issues relevant to withdrawal or expungement; evaluated the status of the litigation; and identified outstanding issues and necessary next steps. Ms. Martin drafted letters to Avina counsel regarding the service of process issue and request for withdrawal of lis pendens.

35. Ms. Martin conducted research on various topics related to next steps in pending cases, Notice of Removal, and 11 U.S.C. § 327.

36. Ms. Martin reviewed court dockets for pending cases, the 9019 Motion, communications regarding the bankruptcy filing, and contracts for attorneys' fees provisions.

37. Ms. Martin drafted multiple documents, such as: a Motion to Expunge Lis Pendens, a Protective Order, Motion to Quash, Document Preservation Letters, Notice of Removal. Ms. Martin revised the following documents: 2004 Letters to Lugano and CODI, Status Report, Motion for Relief from Stay, 9019 Motion, and Motion to Expunge Lis Pendens.

38. Ms. Martin devoted a total of 26.9 hours to these services at an hourly rate of $675.00, for total fees of $18,157.50.

**E. Total Services Rendered ($177,337.50)**

39. When combining all services rendered by Mr. Reeves, Mr. Weiss, and Ms. Martin, the total amount for all services rendered in this matter is **$177,337.50**.

## III. CONCLUSION

WHEREFORE, Applicant requests that the Court issue an order awarding fees for services rendered in this matter, during the period of September 16, 2025, through

and including November 17, 2025, in the amount of **$177,337.50**.

DATED: October 15, 2026

REEVES & WEISS LLP

By: ______________________________
Jeffrey H. Reeves
Daniel L. Weiss
Special Litigation Counsel
To Debtor Simba IL Holdings, LLC