Jeffrey N. Pomerantz (CA Bar No. 143717)
jpomerantz@pszjlaw.com
Jordan A. Kroop *(Pro Hac Vice)*
jkroop@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310-277-6910

*Attorneys for Official Committee of Creditors of Lugano Diamonds & Jewelry Inc.*



UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Simba IL Holdings, LLC<br><br>Debtor | Case No. 8:25-bk-12616-MH<br><br>Chapter 7<br><br>**JOINDER IN OBJECTION OF COMPASS GROUP DIVERSIFIED HOLDINGS LLC TO MOTION FOR ORDER APPROVING COMPROMISE**<br><br>Hearing: TBD |

The Lugano Liquidation Trust, the successor-in-interest to Lugano Diamonds & Jewelry Inc. and its affiliated Chapter 11 debtors (under a Chapter 11 plan of liquidation confirmed by the Bankruptcy Court for the District of Delaware, the "**Lugano Trust**") joins and adopts all factual representations and arguments contained in the *Objection* [Doc 393][1] filed by Compass Group Diversified Holdings LLC on October 23, 2026 (the "**CODI Objection**"), opposing the relief sought in the *Chapter 7 Trustee's Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019; Memorandum of Points and Authorities; and Declaration of Jeffrey I. Golden in Support* [Doc 373] (the "**Motion**").

The Lugano Trust cannot understand how Messrs. Gadol and Testa were able to charm the Chapter 7 Trustee into pursuing a settlement—for a third time—so manifestly against the interests of this Chapter 7 estate and its creditors. For the third time, these Claimants seek a gratuitously

[1] Capitalized terms used but not defined in this Joinder are used as defined in the CODI Objection.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
NEW YORK, NEW YORK

lopsided deal that would confer unwarranted benefits on these Claimants while depriving legitimate creditors of this estate of any value if and when the benighted Aspen Property ever sells. A few marginal terms of this would-be settlement's third iteration may have changed from the Claimants' last abortive attempt to gain approval of a settlement, but the essential affect on this estate remains unchanged: the Chapter 7 Trustee would surrender what little value may exist in the Aspen Property beyond the first two security interests in it (held by Citibank and White Mountain Capital) to the Claimants for no real consideration, with no apparent investigation, and for no good reason. Estate fiduciaries' poorly-considered attempts to settle with the Claimants should end here, for good, with the denial of the Motion.

The Lugano Trust need only repeat what the Lugano creditor's committee said in opposition to the second settlement attempt. The proposed settlement—now between the Chapter 7, who appears to have done no investigation of the merits of these Claimants' claims or the validity and enforceability of their putative liens, and two individuals who appear to have acted on advance knowledge other creditors lacked to win a footrace to the courthouse to obtain avoidable liens and who assert claims at least potentially susceptible to equitable subordination—cannot possibly be regarded as fair and equitable. The Chapter 7 has:

- failed to mention the suspicious circumstances under which these Claimants obtained their putative prepetition liens;
- failed to substantiate any coherent rationale for what appears to be a wholesale surrender of a position the Debtor took against the Claimants' claims and liens in a status report filed earlier in this case (in which the Debtor informed this Court that it believed those liens were avoidable and stated that it was "confident" that Messrs. Gadol's and Testa's claims "can be substantially reduced or disallowed in their entirety";[2]

[2] *Debtor's Status Report & Statement of Intentions* [Doc 17] at 5.

- failed to identify any persuasive reason to grant the Claimants allowed secured claims without ever requiring those would-be creditors to provide even a modest defense of the merits of those claims;
- failed to offer creditors of this estate or this Court a justification for why it is appropriate to deem the lien against the Aspen Property unavoidable without so much as a perfunctory investigation by a fiduciary of this estate;
- failed to include in the settlement agreement a common-sense provision that would give the Lugano estate a dollar-for-dollar credit against these Claimants' claims against Lugano for any recoveries on identical claims in this case;
- suggested that litigation of these issues would be fact-intensive, legally complex, and would likely require significant time and expense as a justification for a highly inequitable settlement (a) when all the facts and operative documents are already known and obtained; (b) when wrestling with complexity is why the Chapter 7 Trustee has engaged sophisticated counsel; and (c) when investigating the largest disputed claims and highly suspect liens against this estate—claims that could easily deprive unsecured creditors of this estate any recovery—is the *sine qua non* of this type of case; and
- in the face of abject administrative insolvency from the Chapter 11 portion of this case, waved the white flag of surrender without having investigated the subject matter of this proposed settlement.

Nothing about this is fair to the creditors of this estate, to say nothing of many, many more such creditors in the Lugano cases. It is a destructive giveaway that would deprive creditors of value and, by rewarding Messrs. Gadol and Testa's inequitable prepetition zeal, betray the Debtor's purpose in filing this case: "to halt a chaotic creditor race and ensure a fair outcome for everyone."[3]

[3] *Id.* at 2.

It is no wonder every significant creditor in this case has marched in lockstep to oppose the first two attempts at settling with the Claimants. Those same creditors may very well join CODI and the Lugano Trust in objecting again. The proposed settlement offends even basic notions of fairness, bestows an unwarranted gift to a duo of purported creditors led by the fraudster Ferder's long-time counsel, and epitomizes the type of cynical administrative shortcut that causes bankruptcy cases to disserve unsecured creditors.

The Lugano Trust joins CODI in requesting that the Motion be denied.

Dated: October 23, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By *_/s/ Jordan A. Kroop_*
Jeffrey N. Pomerantz
Jordan A. Kroop

Attorneys for the Lugano Liquidation Trust